## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                          **Bankruptcy Case. No. 03-32063-WRS**

**Terry Manufacturing Company, Inc.,**
**Debtor.**


**J. Lester Alexander, III,**
**Plaintiff,**


**v.**                                          **Adversary Proceeding No. 04-03135-WRS**

**Delong, Caldwell, Novotny & Bridgers, LLC;**
**Earnest H. DeLong, Jr.; Delong & Caldwell, LLC;**
**Delong Caldwell  Logue and Wisebram**
**Defendants**.

### TRANSMITTAL OF APPEAL

I do hereby certify that the documents herein comprise the items in the designation of contents related to the Notice of Appeal and Notice of Cross Appeal filed in the above referenced case.

**Transmittal Submitted On**:          **July 5, 2007**

**Notice of Appeal Filed:**             **June 8, 2007**

**Notice of Cross Appeal Filed:**       **June 15, 2007**


**Contents of Record**:
**Designated Items of Appellant(s)**:              **June 22, 2007**
**Designated Items of Appellee and Cross-Appellant:**   **July 2, 2007**

**Remarks**:
**Filing Fee Paid on June 19, 2007 Notice of Appeal : $255.00 Rec#6003860( AP docket #224)**
**Filing Fee Paid on June 20, 2007 Cross Appeal: $255.00 Rec#B2323215 (AP docket #226)**
**Transcripts  Filed:   June 25, 2007**


**PLEASE RETURN A "RECEIVED" STAMPED**
**COPY OF THIS SUBMISSION SHEET**


FROM:  /s/ Richard S. Oda, Clerk
          United States Bankruptcy Court


     /s/Yvonne B Pelham
     Deputy Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO.  03-32063-WRS** |
| **COMPANY, INC.** | ) | |
| | ) | **CHAPTER 7** |
| Debtor | ) | |
| | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CASE NO.  03-32213-WRS** |
| **TERRY UNIFORM** | ) | |
| **COMPANY, LLC,** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF TERRY** | ) | |
| **MANUFACTURING COMPANY, INC.** | ) | |
| **AND TERRY UNIFORM** | ) | |
| **COMPANY, LLC** | ) | **ADVERSARY PROCEEDING** |
| | ) | **NO.  04-03135** |
| **VERSUS** | ) | |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | |
| **& BRIDGERS, L.L.C. , DELONG** | ) | |
| **CALDWELL LOGUE & WISEBRAM,** | ) | |
| **DELONG & CALDWELL, L.L.C.** | ) | |
| **AND EARNEST H. DELONG, JR.** | ) | |

## NOTICE OF CROSS-APPEAL

J. Lester Alexander, III, Trustee of Terry Manufacturing Company, Inc. and Terry

Uniform Company, LLC and plaintiff in the above-captioned proceeding cross-appeals

under 28 U.S.C. § 158(a) from the judgment against Earnest H. DeLong, Jr., individually,

of the United States Bankruptcy Court for the Middle District of Alabama entered in this

adversary proceeding on the 29th day of May, 2007.

The names of all parties to the judgment appealed from and the names, addresses

and telephone numbers of their respective attorneys are as follows:

**J. Lester Alexander, III, Trustee of Terry Manufacturing Company, Inc. and Terry Uniform Company, LLC:**

Brent B. Barriere
Catherine E. Lasky
Phelps Dunbar LLP
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311

**DeLong, Caldwell, Novotny & Bridgers, LLC; DeLong, Caldwell, Logue & Wisebram; DeLong & Caldwell LLC; Earnest H. DeLong, Jr.:**

Earnest H. DeLong, Jr.
Charles R. Bridgers
Michael A. Caldwell
DeLong, Caldwell, Novotny & Bridgers LLC
Centennial Tower, Suite 3100
101 Marietta Street N.W.
Atlanta, GA 30303

Submitted this 15th day of June, 2007.

Respectfully submitted,


**PHELPS DUNBAR LLP**

By:    /s/      Catherine E. Lasky
       Brent B. Barriere, T.A.  (La. Bar No. 2818)
       Catherine E. Lasky (La. Bar No. 28652)
       365 Canal Street, Suite 2000
       New Orleans, Louisiana  70130-6534
       Telephone:  (504) 566-1311
       Facsimile:  (504) 568-9130

       ATTORNEYS FOR J. LESTER ALEXANDER,
       III, TRUSTEE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of June, 2007, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF system which will send a notice

of electronic filing to the following:  Earnest H. DeLong, Jr. and Charles Bridgers.  I

further certify that I sent a copy of the foregoing by U.S. Mail, postage prepaid to:

Jerry A. Buchanan
Post Office Box 2848
Columbus, GA 31902

   /s/ Catherine E. Lasky         

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

Case No. 03-32063-WRS

Chapter 7

TERRY MANUFACTURING
COMPANY, INC.,

        Debtor.


J. LESTER ALEXANDER, III,
TRUSTEE,

Adv. Pro. No. 04-3135-WRS

        Plaintiff,

  v.

DELONG, CALDWELL, NOVOTNY &
BRIDGERS, LLC;  DELONG,
CALDWELL, LOGUE & WISEBRAM;
DELONG & CALDWELL, LLC; and
EARNEST H. DELONG, JR.,

        Defendants.


## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for a four-day trial beginning on January 30, 2007.  Plaintiff J. Lester Alexander, III, was present in person and by counsel Brent B. Barriere, T.A. and Catherine E. Lasky.  Defendants were present by Earnest H. DeLong, Jr., Michael A. Caldwell, and Charles R. Bridgers.  At the conclusion of the trial, the Court took the matter under submission.  The parties, at the Court's request, have filed Proposed Findings of Fact and Conclusions of Law.  (Docs. 199, 200).

In this Adversary Proceeding, the Chapter 7 Trustee seeks to avoid payments totaling $476,233.67 made by the Debtor Terry Manufacturing to lawyers who represented it in a civil

action in Georgia.  The Trustee contends that the cash transfers are avoidable as fraudulent

conveyances alleging that the payments were constructively fraudulent in that Terry

Manufacturing did not receive reasonably equivalent value in exchange for the transfers.  The

Trustee also seeks to avoid the payments as preferential transfers.  The Trustee further alleges

that the Defendants committed malpractice by representing both Terry Manufacturing and

Rudolph Terry.  For the reasons set forth below, the Court enters judgment in favor of the

Trustee in the amount of $476,233.67 on the fraudulent conveyance claim.  As the malpractice

claim is not a core proceeding, the Court enters Proposed Findings of Fact and Conclusions of

Law by way of a separate document.  As a final matter, the preference claim is dismissed with

prejudice.


## I.  FINDINGS OF FACT

### A.  Background

Terry Manufacturing, Inc., filed a voluntary petition in bankruptcy pursuant to Chapter

11 of the Bankruptcy Code in this Court on July 7, 2003.  (Case No. 03-32063, Doc. 1).  J. Lester

Alexander, III, was appointed Trustee on July 11, 2003.  (Case No. 03-32063, Doc. 20).  The

case was converted to a case under Chapter 7 on May 13, 2004.  (Case No. 03-32063, Doc. 579).

The Trustee filed a complaint initiating this Adversary Proceeding on December 8, 2004.  (Doc.

1).[1]  The Trustee's complaint alleges claims for fraudulent conveyances, avoidable preferences,

and attorney malpractice.

---

[1]  Documents in this Adversary Proceeding, No. 04-3135, will be referred to by its
document number.  Documents in other files will be preceded by the case number of that file.

Terry Manufacturing was a textile business specializing in the manufacture of uniforms. Its two most notable contracts were with the United States Department of Defense for combat fatigues and McDonald's for its restaurant workers' uniforms. Terry Manufacturing has its main business and manufacturing location in Roanoke, Alabama and also had a facility in Atlanta, Georgia. By local standards, Terry Manufacturing was a large business employing more than 300 people in its heyday.

The principals of Terry Manufacturing were Roy Terry and Rudolph Terry, who are brothers. Both of Terry brothers have been convicted of crimes relating to their activities at Terry Manufacturing. Roy Terry plead guilty to thirteen counts of bank fraud, wire fraud and mail fraud and has been sentenced to prison for seventy-eight months. United States v. Roy Terry, in the United States District Court for the Middle District of Alabama, Criminal No. 3:05CR141-MEF. Rudolph Terry plead guilty to one count of conspiracy to defraud the United States and was sentenced to prison for forty-one months. United States v. Rudolph Terry, in the United States District Court for the Middle District of Alabama, Criminal No. 3:06CR52-MEF. In addition, Rudolph Terry plead guilty to criminal charges in the Northern District of Georgia for his fraud in connection with the Commercial Factors case.

Rudolph Terry was Vice President of Terry Manufacturing and owned 49% of the common stock. Rudolph Terry lived in Georgia at all times relevant to these proceedings. Moreover, Rudolph worked in the Atlanta, Georgia office. It appears that almost all of the cash transfers were by check written from the Georgia bank account. (Pl. Ex. 12). Moreover, DeLong's law office is in Atlanta, and the Commercial Factors litigation was in Gwinnett

County, Georgia.  While Terry Manufacturing was based in Roanoke, Alabama, it appears that

virtually all of the activities relating to the claims at issue here took place in Georgia.

  The activities of the Terry brothers has spawned a considerable amount of litigation, and

this Court has become familiar with the workings of Terry Manufacturing and the Terry brothers.

Both Rudolph and Roy Terry testified at the trial of this Adversary Proceeding.  While the loss to

creditors and shareholders has not yet been quantified, the plea agreement entered in Roy Terry's

criminal case estimates the loss at between $20 and $50 million, which appears to the

undersigned to be a reasonable estimation of the losses.  The Terry brothers engaged in a

massive fraud which took place over a number of years beginning in the late 1990's and

continuing to 2003, when Terry Manufacturing ceased doing business.  The fraudulent scheme

included the issuance of false financial statements, check kiting, and the massive diversion of

funds from Terry Manufacturing.

### B.  The Commercial Factors Litigation

  Rudolph Terry involved himself in a scheme to defraud Commercial Factors of Atlanta,

Inc.  Floodgates, LTD., had been a supplier of tee shirts to Terry Manufacturing during the 1996

Summer Olympic games, which were in Atlanta.  Jon L. Pouncey was the principal of

Floodgates, which factored its accounts receivable to Commercial Factors.  Floodgates entered

into a commercial borrowing arrangement whereby it would transfer its accounts receivable to

Commercial Factors in exchange for cash.  Pouncey and Rudolph Terry conspired to defraud

Commercial Factors by submitting fraudulent invoices which were issued by Floodgates to Terry

Manufacturing.  That is, Floodgates would issue invoices to Terry Manufacturing for product

which was never delivered.  Millions of dollars worth of fraudulent invoices were transferred to

Commercial Factors. Moreover, Rudolph Terry signed a certification for Commercial Factors, verifying receipt of the invoiced tee shirts, knowing that in reality no such tee shirts had been delivered. Rudolph Terry knew that his certification was false, and he knew that Commercial Factors was advancing money to Floodgates in reliance upon the legitimacy of the invoices.

In December of 1999, Commercial Factors brought a civil action against Terry Manufacturing, Floodgates, and Pouncey. (Pl. Ex. 31). Commercial Factors of Atlanta, Inc., v. Terry Manufacturing Co., et al., in the Superior Court of Gwinnett County, Georgia, Civil No. 99-A10650-5. Rudolph Terry retained Defendant Earnest DeLong, an Atlanta lawyer, to represent Terry Manufacturing, and later himself in the Commercial Factors litigation.[2] In his trial testimony, DeLong characterized the original complaint in the Commercial Factors suit as a garden variety collection dispute. On January 31, 2000, DeLong filed an Answer and Counterclaim on behalf of Terry Manufacturing in the Commercial Factors suit. (Pl. Ex. 32). In the original complaint, Commercial Factors alleged that Terry Manufacturing owed approximately $3.3 million on the Floodgate invoices. (Pl. Ex. 31). In the Answer and Counterclaim filed by DeLong on behalf of Terry Manufacturing, it was alleged that Terry Manufacturing owed approximately $2.1 million on the Floodgate invoices. (Pl. Ex. 32). It is significant in that Terry Manufacturing filed a pleading in court to the effect that it owed $2.1 million, when in fact it had never received the first tee shirt, and for that reason owed nothing.

---

[2] There is a great deal of confusion as to whether Earnest DeLong, an individual, was retained or whether it was the law firm. To further complicate matters, DeLong practiced under the name of DeLong & Caldwell, LLC, at the time he was retained. The firm has gone through several changes due to partners joining and leaving the firm at various times. For purposes of discussion, the Defendant will be referred to as DeLong. In Part I(D) below, the problem of the proper entity will be discussed in more detail.

As Terry Manufacturing in fact owed nothing on the invoices, the defense of the civil action should have been a relatively straightforward matter.

Commercial Factors undertook extensive discovery beginning in the spring of 2000. Rudolph Terry's deposition was first taken on April 28, 2000.  (Pl. Ex. 44A).  The deposition was continued and Rudolph Terry was further deposed on May 17, 2000, (Pl. Ex. 45), and again on October 31, 2000.  (Pl. Ex. 47).  Rudolph Terry's deposition was also taken on October 11, 2001.  (Pl. Ex. 48).  When Rudolph Terry's appeared for a scheduled deposition on April 28, 2000, he did not bring documents relating to the invoices, as requested by the lawyers representing Commercial Factors.  It is noteworthy that DeLong had filed a pleading alleging that Terry Manufacturing owed Floodgates $2,130,628.91 on the invoices in question.  (Pl. Ex. 32).  Such a precise figure implies that an accounting was undertaken to arrive at that figure. Rudolph Terry testified, on April 28, 2000, as follows:

> Q.  What search did you engage in to find documents responsive to request No. 2?
>
> A.  I have not – I have not had the opportunity to do any such search.
>
> Q.  And do you plan to make such search in the future?
>
> A.  I plan to consult with my attorney and make a decision as it relates to that.  I have not assessed any of these as it relates to relevancy, applicability.  So I just physically have gone beyond reason so to make myself available here.

(Pl. Ex. 44A, 11:3-11:14).  Thus, it appears that Rudolph Terry was stonewalling Commercial Factor's efforts to discover the facts relating to the invoices in question.[3]  Indeed, the record in

---

[3]  An exasperated Commercial Factors lawyer, Matthew Coles, complained at Rudolph Terry's April 28, 2000 deposition:

the Commercial Factors litigation is replete with stonewalling and obfuscation.

Commercial Factors took Rudolph Terry's deposition again on May 17, 2000, and Rudolph Terry did not produce any documents. (Pl. Ex. 45, 153:22-155:12). Following a ruling by the Court in Gwinnett County, Rudolph Terry produced eighteen boxes of documents at a deposition held October 31, 2000. (Pl. Ex. 47, 287:5-287:14). In Rudolph Terry's lengthy deposition testimony, it becomes clear that none of the documents in the eighteen boxes produced contained documents which related to the Commercial Factors invoices to Terry Manufacturing. The following deposition testimony is illustrative:

> Q. When Terry Manufacturing purchased goods or services from Floodgates, would Terry Manufacturing issue a purchase order?
>
> A. Probably not.
>
> Q. Never?
>
> A. Probably–I don't know that never, but probably not. I say that that was not the general process.
>
> Q. What document would Terry Manufacturing exchange with Floodgates concerning goods and services that Floodgates was to provide to Terry Manufacturing?
>
> A. Might not be any document.

---

> I don't understand what we're doing here. I mean, you know that we're going to have no choice but to go back in front of the Court. The Court has heard from us on this case multiple times and has made it abundantly clear that discovery is going to go forward, and now we're being absolutely stonewalled at this properly noticed deposition. Not a single document has been produced, and not we're being told that the most basic of questions are not going to be answered. I am dumbfounded by that, in light of the Judge's order.

(Pl. Ex. 44A, 59:11-60:1).

(Pl. Ex. 47, 300:10-300:22). Rudolph Terry was testifying falsely here as he was well aware that there were no documents. According to invoices previously certified by Rudolph Terry to Commercial Factors, Terry Manufacturing had received millions of dollars worth of tee shirts. (Pl. Ex. 70). Commercial Facts amended its complaint and added Rudolph Terry as a named party Defendant.

### C. Cash Transfers

DeLong represented Terry Manufacturing from January 2000 until July 2003, when Terry Manufacturing filed for bankruptcy. The parties have stipulated that Rudolph Terry paid DeLong $476,233.67 for the legal work DeLong performed in the Commercial Factors case. (Doc. 193, ¶ 2). The payments were made in forty transfers between January 18, 2000 and June 12, 2003.[4] DeLong sent regular bills to Rudolph, which Rudolph paid from checks written on Terry Manufacturing's accounts. The Court has reviewed these bills, which total 141 pages. (Pl. Ex. 13). It is undisputed that the bills were sent under the letter head of "DeLong & Caldwell, LLC."

---

[4] These forty cash transfers total $860,998.54. (Pl. Ex. 11). The parties have stipulated that the amount of the transfers subject to the Trustee's fraudulent transfer claim is $476,233.67. (Doc. 193). It appears that the difference is that amounts were transferred to DeLong in an effort to settle the Commercial Factors claim which are not actually DeLong's money. Thus, DeLong was a conduit to the extent of $384,764.87. The stipulation does not attempt to reconcile Plaintiff's Exhibit 11 with amount agreed up. As the Court has found that the transfers are avoidable under both old Georgia law and new Georgia law, the distinction is not material.

### D.  Identity of Defendants

The Court will next turn to the question of which Defendants are liable.  The "Second Amended and Restated Complaint," in this Adversary Proceeding named four Defendants: (1) DeLong, Caldwell, Novotny & Bridgers, LLC (DCNB); (2) DeLong, Caldwell, Logue & Wisebram, LLC (DCLW); (3) Earnest H. DeLong, Jr., an individual; and (4) DeLong & Caldwell, LLC.  (Doc. 161).

All of the billing and correspondence for DeLong's services for Rudolph Terry was done under the name "DeLong & Caldwell, LLC," on bills issued to Terry Manufacturing. (Pl. Exs. 10-13).  However, at no time relevant to these proceeding was such an entity in existence. DCLW filed a change of name with the Georgia Secretary of State's office on January 28, 2007, changing its name to "DeLong & Caldwell, LLC."  (Pl. Ex. 142).  Thus, DeLong & Caldwell, LLC, did not exist until two days before the trial.

On the other hand, Earnest H. DeLong, Jr., an individual, was involved at all relevant times.  The Defendants vigorously deny liability on both the fraudulent conveyance and professional liability counts.  Alternatively, they contend that if there is any liability, Earnest DeLong is the only liable party.  The Court finds that Earnest DeLong, an individual, is the only Defendant who should be held liable here.  The evidence does not establish that any other named Defendant had an interest in the transfers in question.

## II.  CONCLUSIONS OF LAW

### A.  Jurisdiction/Core Proceedings

This Court has subject matter jurisdiction over the claims brought here pursuant to 28 U.S.C. § 1334.  The fraudulent conveyance claims are core proceedings.  28 U.S.C. § 157(b)(2)(H).  The preference claims are also core proceedings.  28 U.S.C. § 157(b)(2)(I).  As the attorney malpractice claim could be prosecuted independent of the Bankruptcy filing, it is not a core proceeding.  See Whiting-Turner Contracting Co. v. Elec. Mach. Enters., Inc. (In re Electric Mach. Enters., Inc.), 479 F.3d 791 (11th Cir. 2007) (holding that a core proceedings is one that would only arise in bankruptcy).  For this reason, the Court will enter a final order on the fraudulent conveyance and preference claims, and it will make proposed findings of fact and conclusions of law on the attorney malpractice claim.

### B.  Conflict of Laws

In this Adversary Proceeding, the Trustee asserts state law claims for malpractice and fraudulent conveyances.  Both the Trustee and DeLong agree that Georgia substantive law applies to the malpractice claims.  (Doc. 199, p. 21; Doc. 200, p. 30).  However, the Trustee argues that Alabama substantive law applies to the fraudulent transfer, while DeLong asserts that Georgia substantive law is applicable.  (Id.).

The first step in deciding a conflict of law problem is to determine whether the substantive law of Georgia is different than that of Alabama on the legal issues presented.  Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006).  The inquiry here is complicated by the fact that the Georgia Legislature amended its fraudulent transfer statutes on July 1, 2002, which make some of the transfers here subject to the old law

and others subject to the new law.  See Hays v. Morgan Stanley DW, Inc. (In re Stewart Finance Co.), __ B.R. __, 2007 WL 1032263 (Bankr. M.D. Ga. Mar. 30, 2007) (applying the repealed Georgia fraudulent transfer act to conveyances that occurred prior to July 1, 2002 and applying the current Georgia act to transfers that occurred after July 1, 2002).  The former act was codified at GA. CODE. ANN.  § 18-2-22 (repealed 2002), while the new law is codified at GA. CODE ANN. § 18-2-70 et seq. (2002).  The Alabama Fraudulent Transfer Act is codified at ALA. CODE § 8-9A-1 et seq.  There is a conflict in the burden of proof applied under the Alabama act and the Georgia act.  Compare Pennington v. Bigham, 512 So.2d 1344, 1346 (Ala. 1987) (holding that under  ALA. CODE § 8-9A-4, the plaintiff bears the initial burden of proving that a transfer was made, and then the burden shifts to the defendant to prove that it was for reasonably equivalent value), with Ambase Int'l Corp. v. Bank South, N.A., 395 S.E.2d 904, 908 (Ga. Ct. App. 1990) (holding that under GA. CODE. ANN.  § 18-2-22, the plaintiff must prove each element by a preponderance of the evidence).

Finding a conflict between Alabama and Georgia law, this Court applies the conflict of law rule from the forum state–Alabama.  See JP Morgan Chase Bank, N.A. v. AVCO Corp. (In re Citation Corp.), 349 B.R. 290, 294 (Bankr. N.D. Ala. 2006) ("This Court is bound by the Erie Doctrine in this case and therefore will look to Alabama choice-of-law rules.").  This case presents a cause of action for fraudulent transfers, which are properly characterized as tort claims.  See Cox v. Hughes, 781 So.2d 197, 201 (Ala. 2000) (classifying fraudulent conveyances actions as tort claims).  For tort actions, Alabama applies the law of *lex loci delicti*, which requires application of the law of the state where the wrong occurred.  Fitzgerald v. Austin, 715 So.2d 795, 797 (Ala. Civ. App. 1997).

-11-

This case involves a series of payments made from Rudolph Terry to DeLong. At the time of these transfers, Rudolph Terry and Earnest DeLong were residents of the State of Georgia. Rudolph Terry made the transfers on checks written from Terry Manufacturing's Atlanta office to Earnest DeLong's Atlanta law practice. The checks were written on a Georgia bank account and were made in payment for legal work that DeLong purportedly performed on the Commercial Factors Litigation, which was in a Georgia state court. Under the law of *lex loci delicti*, it appears that the "wrong" occurred in Georgia. As such, this Court concludes that Georgia substantive law applies to both the state law claims for malpractice and fraudulent transfers.

### C.  Fraudulent Transfer Claims

As the Court has resolved the conflict of law question, concluding that Georgia law controls, the Court will next examine Georgia law. This is complicated by fact that the fraudulent transfer claim involves approximately forty cash transfers, the first one taking place on January 18, 2000, and the last one having occurred on June 12, 2003. These dates are significant in that the Georgia fraudulent transfer statutes were amended effective July 1, 2002. Thus, some of the transfers were made while the old law was in effect and the remainder were made while the new law was in effect. The transfers made prior to July 1, 2002 are analyzed under GA. CODE ANN. § 18-2-22 (old Georgia law), and the transfers made on or after July 1, 2002 are analyzed under GA. CODE ANN. §§ 18-2-70 to 18-2-80 (new Georgia law). See Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1081 (11th Cir. 2004) (concluding that causes of action existing prior to July 1, 2002, were not extinguished).

In this case, the Trustee seeks to stand in the shoes of a creditor of Terry Manufacturing. See 11 U.S.C. § 544(b) (allowing the Trustee to act on behalf of an unsecured creditor to avoid any transfer of an interest of the debtor in property that is voidable under applicable law). The parties have stipulated that there are at least eight unsecured creditors of Terry Manufacturing whose claims arose prior to the date of the transfers at issue here. (Doc. 193, ¶ 4).

### 1. Old Georgia Law

The former Georgia act on fraudulent conveyances, GA. CODE ANN. § 18-2-22 (repealed 2002), provided in pertinent part as follows:

> The following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void:
>
> * * *
>
> (3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance.

Id. The necessary elements under the constructive fraud provision are: (1) a bona fide creditor must exist at the time the transfer was made; (2) the transfer was made for inadequate consideration; and (3) the debtor was insolvent at the time of the transfer or was rendered insolvent as a result of the transfer. Ambase Int'l Corp., 395 S.E.2d at 908; Loeb v. Dante (In re Dante), 1 B.R. 547, 548 (Bankr. N.D. Ga. 1979). The Trustee bears the burden to prove each element by a preponderance of the evidence. See Carey v. U.S.A. (In re Carey), 1992 WL 12004363, at *5 (Bankr. S.D. Ga. May 14, 1992).

The first and third elements are not disputed by the parties. The parties have stipulated to the transfers. (Doc. 193, ¶ 2). The parties have also stipulated that Terry Manufacturing was insolvent on January 1, 2000 and at all times thereafter. (Doc. 193, ¶ 5). The Trustee's

-13-

fraudulent transfer claim turns on the question of whether Terry Manufacturing received

adequate consideration for its cash transfers to DeLong.  Georgia courts have held that  "valuable

consideration is founded on money or something convertible into money or having a value in

money."  <u>Lionheart Legend, Inc. v. Norwest Bank Minnesota National Assoc.</u>, 560 S.E.2d 120,

124 (Ga. Ct. App. 2002).

Terry Manufacturing paid $476,233.67 to DeLong for the legal work he performed in the

Commercial Factors case.  The sheer magnitude of the attorney's fees here is astonishing.  Terry

Manufacturing never received the first tee shirt.  This fact could have been easily established

with a modest amount of effort.  However, this fact could not be proven without also establishing

that Rudolph Terry had lied to Commercial Factors about the Floodgates invoices.  Thus, the

thrust of DeLong's efforts was not to defend Terry Manufacturing in the Commercial Factors

civil action.  Rather, it was to shield Rudolph Terry from criminal liability, using Terry

Manufacturing to fund the effort and refusing to produce Terry Manufacturing documents which

would have gotten it off the hook, while placing Rudolph Terry in jeopardy of a criminal

indictment.

The DeLong bills, spanning a period of time from January 2000, to June 2003, consist of

141 pages.  (Pl. Ex. 13).  As Terry Manufacturing did not receive the first tee shirt from

Commercial Factors (during the period covered by the invoices), there is no valid reason for the

defense to have taken such a massive effort.  Examination of the DeLong bills reveals that an

enormous amount of time was spent resisting the efforts of Commercial Factors to obtain

discovery from Terry Manufacturing and its accountant, Richard S. Rose.  The underlying

purpose of this massive effort to thwart Commercial Factor's discovery was to conceal the

criminal activities of Rudolph and Roy Terry and not to defend Terry Manufacturing. Rudolph

Terry was deeply involved in the fraudulent scheme with Jon Pouncey, and the materials sought

by Commercial Factors would have paved Rudolph Terry's path to prison. Moreover, the

accounting work papers of Rose, Terry Manufacturing's accountant, if they in fact did exist,

would have shown that Terry Manufacturing's financial statements were fraudulent.[5]

   Terry Manufacturing was named a Defendant in the Commercial Factors litigation where

millions of dollars in damages were sought. DeLong contends that the failure to successfully

defend Terry Manufacturing could have resulted in its ruin. DeLong contends that he vigorously

litigated the Commercial Factors case and that he used a high degree of skill. The problem is

that virtually all of DeLong's efforts were directed at protecting Rudolph Terry from criminal

prosecution, often to the detriment of Terry Manufacturing. For example, DeLong filed a

pleading which admitted that Terry Manufacturing had received approximately $2.1 million in

goods from Floodgate, when in fact it had not. (Pl. Ex. 32). Rather than aggressively work to

prove that Terry Manufacturing had received no tee shirts, which would have gotten Terry

---

[5]  Rose refused to produce documents or give testimony in the Commercial Factors case.
Following a court order compelling discovery, Rose prosecuted an appeal to the Georgia Court
of Appeals. Rose v. Commercial Factors of Atlanta, Inc., 586 S.E.2d 41 (Ga. Ct. App. 2003)
(holding that crime-fraud exception overrides a claim of privilege). Georgia law recognizes an
accountant-client privilege. However, the trial court found that the privilege did not apply in that
case because Rose acted in furtherance of a fraudulent scheme. The Georgia Court of Appeals
affirmed the trial court. Id. The evidence produced at trial established that Rose did not
subsequently produce his work papers. The Trustee testified at the trial of this Adversary
Proceeding that in all likelihood, no such work papers exist and that Rose probably certified
Terry Manufacturing's financial statements without conducting an audit. While this is an
inference and not direct evidence, the Court is of the view that the Trustee is correct. If the fact
that Terry Manufacturing's financial statements were fraudulent been established in the year
2000 or 2001, the unraveling of Terry Manufacturing would have taken place earlier. In other
words, DeLong's efforts stalled, for a year or two, the exposure of the massive fraud perpetrated
by the Terry brothers.

Manufacturing off the hook, DeLong undertook an extraordinarily time consuming effort to keep evidence which would have proved this fact from Commercial Factors. Having heard many hours of testimony and having considered voluminous documents concerning the Commercial Factors litigation, the Court finds that this was done not to benefit Terry Manufacturing; rather, it was done to protect Rudolph Terry. Indeed, these efforts were highly prejudicial to Terry Manufacturing.

DeLong argues that the claims made against Terry Manufacturing and Rudolph Terry were coextensive. This is true. However, DeLong ignores the fact that the defenses of Terry Manufacturing and Rudolph Terry were antagonistic. Terry Manufacturing's defense–no tee shirts–necessarily implies Rudolph Terry's fraud, as he had falsely certified the existence of the nonexistent tee shirts. Rather than defending Terry Manufacturing, DeLong placed Terry Manufacturing squarely between Commercial Factors and Rudolph Terry. That is, DeLong was defending Rudolph Terry at the expense of Terry Manufacturing.

The shortcomings in DeLong's defense is that he assumes that value provided to Rudolph Terry individually inured to the benefit of Terry Manufacturing. This is not correct. Terry Manufacturing did not benefit from DeLong's services in the Commercial Factors litigation. As Terry Manufacturing did not receive the tee shirts represented by the Commercial Factors invoices, it had a simple, straight-forward defense, which DeLong could not raise without also establishing that Rudolph Terry falsely certified the Commercial Factors invoices. DeLong argues that Terry Manufacturing not been defended, that judgment would have been taken and the corporation ultimately destroyed. To be sure, by filing any kind of answer and taking any

-16-

kind of position, judgment was staved off for a time.[6]  The proper comparison is not DeLong's services with no services, but rather the services rendered by DeLong with those of an  attorney not encumbered with the defense of Rudolph Terry.   Indeed, not only did Terry Manufacturing not benefit from DeLong's services, rather it was harmed because its defense was not established.

Buried deeply in the papers filed DeLong in the Commercial Factors litigation was an affidavit of Roy Terry, which was filed in the Gwinnett County case in support of a motion for summary judgment.  (Pl. Ex. 69).  In Paragraph 13 of that affidavit Roy Terry states that "if Rudolph Terry engaged in the inappropriate conduct alleged by the Plaintiff [Commercial Factors], that conduct was outside the scope of Rudolph Terry's employment at TMC, and it was not in furtherance of the business of TMC."  (Pl. Ex. 69).  As DeLong argues in his filings here, he raised every possible defense, none of which were credible because they were inconsistent with one another.  Indeed, he qualified Roy Terry's statement with the conditional "if."   One need look no farther than Roy Terry's affidavit to see that facts raised by the Defense were inconsistent with one another.

Rudolph Terry's defense to the fraud allegations was that the fraudulent invoices were part of a scheme to lend money to Jon Pouncey.  Roy Terry admits knowledge of the scheme at Paragraph 10 of his affidavit.  (Pl. Ex. 69).  It was alleged by Rudolph Terry that Tracy Eden (an employee of Commercial Factors) had knowledge of the lending arrangement and that as a result Commercial Factors was not misled.  (Pl. Ex. 64, Response to Interrogatory No. 5).  In sum, the

---

[6]  DeLong states in his Proposed Findings that "without a defense, it is exceeding likely that a judgment wold have ben entered against Terry Manufacturing."  (Doc. 200, p. 33).

Defense was that Rudolph Terry didn't do any thing wrong because Commercial Factors was in

on the arrangement, or in the alternative, if Rudolph Terry did anything wrong, Terry

Manufacturing did not have anything to do with it.  Not surprisingly, the motion for summary

judgment was denied.

One cannot sit down and stand up at the same time.  So it was with the inconsistent

defenses raised by DeLong on behalf of Terry Manufacturing and Rudolph Terry in the

Commercial Factors litigation.  Terry Manufacturing paid DeLong nearly half a million dollars

to effectively eviscerate its litigation position.  For this reason, Terry Manufacturing did not

receive adequate consideration for the cash transfers in suit, and therefore, this Court finds that

the transfers are voidable as constructively fraudulent.[7]

### 2.  New Georgia Law

The Uniform Fraudulent Transfer act (UFTA), found at GA. CODE ANN. § 18-2-70 et seq.

(2002), provides in § 18-2-74, as follows:

> (a) A transfer made or obligation incurred by a debtor is fraudulent
> as to a creditor, whether the creditor's claim arose before or after the
> transfer was made or the obligation was incurred, if the debtor made
> the transfer or incurred the obligation:
>
> * * *
>
> (2) Without receiving a reasonably equivalent value in
> exchange for the transfer or obligation, and the debtor:

---

[7] At trial, the Trustee offered evidence as to DeLong's liability under the "actual fraud" category of fraudulent transfer law.  However, the Trustee's complaint and second amended complaint only address theories under "constructive fraud."  Therefore, this Court will not address the "actual fraud" theories.  See Atlas Chem. Indus., Inc. v. Moraine Prods., 509 F.2d 1, 7-8 (6th Cir. 1974) (holding that the Court will not address causes of action introduced at trial but not included in the pleadings).

-18-

> (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> (B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

GA. CODE ANN. § 18-2-74 (2002). As discussed in Part II(C)(1) above, the Court concludes that the transfers in question are fraudulent transfers under old Georgia law. Having considered Georgia's new fraudulent transfer statute, the Court comes to the same conclusion - the cash transfers to DeLong were made for less than sufficient consideration.

### 3. Section 548 of the Bankruptcy Code

The Trustee has also sought to avoid the payments as fraudulent transfers under 11 U.S.C. § 548(a)(1)(B). At the time relevant to this Adversary Proceeding,[8] that section provided, in relevant part:

> The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily -
>
> * * *
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

---

[8] Section 548(a)(1)(B) was amended in 2005, pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23. The pre-BAPCPA version of the statute is applicable here as the underlying bankruptcy case was filed prior to the effective date of the Act.

11 U.S.C. § 548(a)(1)(B).  The Court finds that the Trustee has satisfied the elements of

fraudulent transfer under the Bankruptcy Code.  However, section 548 only provides for a one

year look back period for avoidance.  As the Court has already determined that the transfers in

issue here are avoidable as fraudulent transfers under Georgia law, it need not address the issue

avoidability under section 548.

### 4. Good Faith Defense

Georgia has codified a good faith defense at GA. CODE ANN. § 18-2-78, which provides,

in part, as follows:

> A transfer or obligation is not voidable under paragraph (1) of
> subsection (a) of Code Section 18-2-74 against a person who took
> in good faith and for a reasonably equivalent value or against any
> subsequent transferee or obligee.

GA. CODE ANN. § 18-2-78(a) (2002).  As the Court has determined that DeLong did not provide

reasonably equivalent value for the cash transfers in question, a defense predicated on § 18-2-78

fails.

### 5. Conduit Theory

DeLong raises a "conduit" defense, arguing that he was a mere conduit, at least to the

extent of fees paid to co-counsel Jerry Thomas.  (Doc. 200, pp. 58-64).  The United States Court

of Appeals for the Eleventh Circuit recognizes a "conduit theory."[9] IBT Int'l, Inc., v. Northern

(In re International Admin. Servs., Inc.), 408 F.3d 689, 705 (11th Cir. 2005); Nordberg v. Arab

Banking Corp. (In re Chase & Sandborn Corp.), 904 F.2d 588, 598 (11th Cir. 1990).  Moreover,

---

[9]  Presumably, the conduit defense is available regardless of whether it is raised in the
context of a suit brought pursuant to 11 U.S.C. § 548, or 11 U.S.C. § 544 and applicable state
law.

this Court has discussed the conduit defense in two recent decisions. <u>Alexander v. Horton (In re Terry Manufacturing Co.)</u>, 345 B.R. 377 (Bankr. M.D. Ala. 2006); <u>Alexander v. J. Martin & Assocs. (In re Terry Manufacturing Co.)</u>, __ BR __, 2007 WL 528067 (Bankr. M.D. Ala. Feb. 20, 2007).

The conduit theory provides that the first entity which receives a transfer from a debtor may be so controlled by the debtor that it cannot be said to be an initial transferee. This Court rejected a conduit theory argument similar to that made by DeLong in <u>J. Martin & Assoc.</u> In <u>Martin</u>, Brian Steele, a criminal defense lawyer, was hired to defend Rudolph Terry in the criminal proceeding which arose out of the Commercial Factors fraud. Steele in turn hired co-counsel Leeza Cherniak and J. Martin, an investigator. The Trustee argued there that Steele was a mere conduit for Cherniak and Martin. The Court rejected that argument, finding that the criminal defense lawyer was not so controlled by the Terry brothers so as to make him a mere conduit.

The facts in this Adversary Proceeding is similar to those in <u>J. Martin</u>. Rudolph Terry hired DeLong, who in turn associated Jerry Thomas. It was DeLong and not Rudolph Terry who made this decision, and it was DeLong who controlled the Commercial Factors litigation and the activities of Jerry Thomas. The Court heard lengthy testimony from both DeLong and Rudolph Terry. It was well established at trial that DeLong had substantial control and cannot be said to have been so controlled by Rudolph Terry so as to be a mere conduit between Terry Manufacturing and Jerry Thomas. Therefore, the Court finds that DeLong's conduit theory defense is without merit.

### D. The Preference Claim

A voidable preference is defined as follows:

> [T]he trustee may avoid any transfer of an interest of the debtor in property–
>
>> (1) to or for the benefit of a creditor;
>> (2) for or on account of an antecedent debtor owed by the debtor before such transfer was made.
>> (3) made while the debtor was insolvent;
>> (4) made
>>> (A) on or within 90 days before the date of the filing of the petition; and
>>
>> * * *
>> (5) that enables such creditor to receive more than such creditor would receive if–
>>> (A) the case were a case under chapter 7 of this title;
>>> (B) the transfer had not been made; and
>>> (C) such creditor received payment of such debt to
>
> the
>> extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Having considered the evidence, it appears that the elements of a voidable preference, within the meaning of 11 U.S.C. § 547(b), have been met.  However, the Trustee may not avoid a transfer made in the ordinary course of business.  See 11 U.S.C. § 547(c)(2).[10]  The evidence shows that DeLong billed Terry Manufacturing periodically, usually monthly, for services rendered.  The evidence further shows that DeLong's bills were paid promptly.  The Court finds

---

[10] Section 547(c)(2) was amended in 2005, pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23.  The pre-BAPCPA version of the statute is applicable here as the underlying bankruptcy case was filed prior to the effective date of the Act.

that the payments in question were made in the ordinary course of business; therefore, DeLong

has established this defense.  For this reason, the Trustee's preference claim is dismissed.

### E.  The Attorney Malpractice Claim

As the malpractice claim is not a core proceeding, the Court will file Proposed Findings

of Fact and Conclusions of Law with the District Court.

### F.  Rule 54(b) Certification

As this Court has determined that the malpractice claim is a noncore proceeding, it

necessarily follows that this Court cannot dispose of all pending claims by way of this decision.

When judgment on fewer than all claims is entered, that judgment is not a final judgment.  Rule

54(b), Fed. R. Civ. P., as made applicable by Rule 7054, Fed. R. Bankr. P.  However, if the

Court finds that "there is no just reason for delay" it may direct entry of a final judgment.  The

Court makes such a determination here.  The Clerk will enter a final judgment on all claims,

except for the attorney malpractice claim.  Specifically, the Court will, by way of a separate

document, enter final judgment in favor of the Plaintiff and against Defendant Earnest H.

DeLong, Jr., in the amount of $476,233.67.  Moreover, the claims against Defendants DeLong,

Caldwell, Novotny & Bridgers, LLC, DeLong, Caldwell, Logue & Wisebram; and DeLong &

Caldwell, LLC, are DISMISSED.  In addition, the preference claim is DISMISSED.

**<u>CONCLUSION</u>**

Having considered all of the evidence on this point, having heard the testimony of the witnesses, having considered voluminous documents, the Court finds that Terry Manufacturing not receive reasonably equivalent value for the money paid DeLong.  Therefore, this Court finds that the transfers were constructively fraudulent under Georgia Law.   Judgment will be entered by way of a separate document.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re

TERRY MANUFACTURING
COMPANY, INC.,

       Debtor.

J. LESTER ALEXANDER, III,
TRUSTEE,

       Plaintiff,

    v.

DELONG, CALDWELL, NOVOTNY &
BRIDGERS, LLC;  DELONG,
CALDWELL, LOGUE & WISEBRAM;
DELONG & CALDWELL, LLC; and
EARNEST H. DELONG, JR.,

       Defendants.

Case No. 03-32063-WRS
Chapter 7

Adv. Pro. No. 04-3135-WRS

## **FINAL JUDGMENT**

       Pursuant to this Court's Memorandum Decision of this date, judgment is entered in favor

of Plaintiff J. Lester Alexander, III, Trustee for Terry Manufacturing, Inc., and against Earnest

H. DeLong, Jr., in the amount of $476,233.67.  The claims against DeLong, Caldwell, Novotny

& Bridgers, LLC (DCNB), DeLong, Caldwell, Logue & Wisebram, LLC (DCLW), and DeLong

& Caldwell, LLC, are dismissed with prejudice, excluding the claim under Count I of the

complaint, which is before the District Court on this Court's Proposed Findings of Fact and

Conclusions of Law.

       Done this the 29th day of May, 2007.

                        /s/ William R. Sawyer
                        United States Bankruptcy Judge

JUDGMT, APPEAL

# U.S. Bankruptcy Court
# MIDDLE DISTRICT OF ALABAMA (Montgomery)
## Adversary Proceeding #: 04-03135
### Internal Use Only

*Assigned to:* William R. Sawyer                  *Date Filed:* 12/08/04
*Related BK Case:* 03-32063 (Associated Cases)
*Related BK Title:* Terry Manufacturing Company, Inc.
*Related BK Chapter:* 7
*Demand:* $353000
 *Nature[s] of Suit:* 454 Recover Money/Property

**Plaintiff**
-----------------------

| | | |
|---|---|---|
| **J. Lester Alexander, III**<br>Trustee for Terry Manufacturing Co.,<br>and Terry Uniform Co., LLC | represented by | **Brent B. Barriere**<br>Phelps Dunbar, LP<br>365 Canal Street, Ste 2000<br>One Canal Place<br>New Orleans, LA 70130<br>504-584-9210<br>Fax : 504-568-9130<br>Email: barrierb@phelps.com |

**Catherine E. Lasky**
Phelps Dunbar, LLP
365 Canal Street, Ste 2000
One Canal Place
New Orleans, LA 70130
504-584-9344
Fax : 504-568-9130
Email: laskyk@phelps.com

**David L. Patron**
Phelps Dunbar LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130
504-566-1311
Fax : 504-584-9130
Email: patrond@phelps.com

**Katherine M. Determan**
Phelps Dunbar
365 Canal Street
Suite 2000
New Orleans, LA 70130
504-566-1311
Fax : 504-568-9130

V.


**Defendant**

-----------------------

| | |
|---|---|
| **Delong, Caldwell, Novotny & Bridgers, L.L.C**<br>DeLong Caldwell Novotny & Bridges LLC<br>Centennial Tower Suite 3100<br>101 Marietta Street N.W.<br>Atlanta, GA 30303 | represented by **Charles D. Butler**<br>Shapiro Fussell<br>One Midtown Plaza<br>Ste 1200<br>1360 Peachtree St<br>Atlanta, GA 30309<br>404-870-2212<br>Fax : 404-870-2222<br>Email: dbutler@shapirofussell.com<br>*TERMINATED: 12/23/2005* |

> **Earnest H. DeLong**
> DeLong, Caldwell & Bridgers, LLC
> 3100 Centennial Tower
> 101 Marietta Street
> Atlanta, GA 30303
> (404)979-3150
> Fax : (404)979-3170
> Email: woodydelong@dcnblaw.com
> *LEAD ATTORNEY*

> **J. Flynn Mozingo**
> Melton Espy & Williams PC
> 301 Adams Ave
> Montgomery, AL 36104
> 334-263-6621
> Fax : 334-263-7252
> *TERMINATED: 04/11/2006*

> **James F. Mozingo**
> Melton,Espy & Williams, PC
> 301 Adams Avenue
> Montgomery, AL 36104
> 334-263-6621
> Fax : 334-263-7252
> Email: fmozingo@mewlegal.com
> *TERMINATED: 04/11/2006*

> **Joseph C. Espy , III**
> Melton Espy & Williams PC
> 301 Admas Avenue
> Montgomery, AL 36104
> 334-263-6621
> Fax : 334-263-7252
> *TERMINATED: 04/11/2006*

> **Robert F. Northcutt**
> Capell & Howard PC
> 150 S. Perry Street

Montgomery, AL 36104
334-241-8000
Fax : 334-241-8282
Email: rfn@chlaw.com
*TERMINATED: 12/23/2005*

**Earnest H. DeLong, Jr**                    represented by **Earnest H. DeLong**
                                             (See above for address)

                                             **J. Flynn Mozingo**
                                             (See above for address)
                                             *TERMINATED: 04/11/2006*

                                             **James F. Mozingo**
                                             (See above for address)
                                             *TERMINATED: 04/11/2006*

                                             **Joseph C. Espy , III**
                                             (See above for address)
                                             *TERMINATED: 04/11/2006*

                                             **Robert F. Northcutt**
                                             (See above for address)
                                             *TERMINATED: 12/23/2005*

**DeLong & Caldwell, LLC**                   represented by **Earnest H. DeLong**
                                             (See above for address)

**DeLongCaldwell Logue and Wisebram**        represented by **Earnest H. DeLong**
                                             (See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 12/08/2004 | 1 | 454 (Recover Money/Property): Complaint against Delong, Caldwell, Novotny & Bridgers, L.L.c.. Fee Amount $150. Filed by David L. Patron, Brent B. Barriere, Catherine E. Lasky, Katherine M. Determan, J. Lester Alexander III on behalf of J. Lester Alexander III. (Attachments: # 1 Exhibit A through D# 2 Summons# 3 Adversary Cover Sheet) (Barriere, Brent) (Entered: 12/08/2004) |
| 12/08/2004 | 2 | Receipt of Complaint(04-03135) [cmp,cmp] ( 150.00) filing fee. Receipt number 1203653, amount $ 150.00. (U.S. Treasury) (Entered: 12/08/2004) |
| 12/09/2004 | 3 | Summons Issued to Brent B. Barriere to serve on defendants Delong, Caldwell, Novotny & Bridgers, L.L.c. Date Issued 12/9/2004, Answer Due 1/10/2005. Execution of Summons to be done by 12/20/2004. (YP, ) (Entered: 12/09/2004) |
| 12/09/2004 |  | Flags Set-Reset (removed AwCAact21 flag), New Case Received and Reviewed for Accuracy. (YP, ) (Entered: 12/09/2004) |
| 12/10/2004 | 4 | Summons Service Executed on Delong, Caldwell, Novotny & Bridgers, L.L.c. 12/10/2004. (RE: related document(s)3 Summons Issued). (Barriere, Brent) (Entered: 12/10/2004) |

| 01/10/2005 | ●5 | Motion to Appear pro hac vice *(With Certificate of Good Standing/Charles David Butler)* Filed by Robert F. Northcutt on behalf of Charles David Butler. (DS, ) (Entered: 01/11/2005) |
| 01/10/2005 | ●6 | Motion of Respondent To Transfer Venue Filed by Robert F. Northcutt on behalf of Delong, Caldwell, Novotny & Bridgers, L.L.c.. (DS, ) Modified text on 1/11/2005 (DS, ). (Entered: 01/11/2005) |
| 01/10/2005 | ●7 | Memorandum of Law in Support of Motion of Respondent To Transfer Venue., Filed by Robert F. Northcutt on behalf of Delong, Caldwell, Novotny & Bridgers, L.L.c. (RE: related document(s)6 Motion to Transfer Case (Out of AL,M District) filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c.). (DS, ) (Entered: 01/11/2005) |
| 01/10/2005 | ●8 | Answer to Complaint Filed by Robert F. Northcutt on behalf of Delong, Caldwell, Novotny & Bridgers, L.L.c.. (DS, ) (Entered: 01/11/2005) |
| 01/11/2005 | ●9 | Clerk's Notice on the following Deficiency(s): (RE: related document(s)6 Motion to Transfer Case (Out of AL,M District) filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c.). Incomplete Filings due by 1/26/2005. THE CERTIFICATE OF SERVICE WAS NOT SIGNED. PLEASE RESUBMIT CERTIFICATE OF SERVICE WITH PROPER SIGNATURE(S). SUBMIT USING:BANKRUPTCY>FILINGS>MISCELLANEOUS/OTHER>CERTIFICATE OF SERVICE. (DS, ) Modified - MAILED COPY TO ROBERT F. NORTHSUTT -on 1/11/2005 (DS, ). (Entered: 01/11/2005) |
| 01/13/2005 | ●10 | Certificate of Service Filed by Robert F. Northcutt on behalf of Delong, Caldwell, Novotny & Bridgers, L.L.c. (RE: related document(s)6 Motion to Transfer Case (Out of AL,M District) filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c.). (DS, ) (Entered: 01/13/2005) |
| 01/13/2005 | | Flags Set-Reset, Deadlines terminated.Removed deficient flag and termed deadline re: doc#9 - satisfied. (DS, ) (Entered: 01/13/2005) |
| 01/25/2005 | ●11 | Response to *(Opposition to Defendants' Motion to Transfer Venue)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III (RE: related document(s)6 Motion to Transfer Case (Out of AL,M District) filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c.). (Determan, Katherine) (Entered: 01/25/2005) |
| 02/02/2005 | ●12 | Certificate of Service *of Trustee's First Set of Interrogatories and First Set of Request for Production of Documents* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 02/02/2005) |
| 02/08/2005 | ●13 | Memorandum Decision Entered On 2/8/2005. (DS, ) (Entered: 02/08/2005) |
| 02/08/2005 | ●14 | Order On Motion To Transfer Venue (DENIED) (Related Doc # 6) Entered On 2/8/2005. (DS, ) (Entered: 02/08/2005) |

| 02/08/2005 | | Flags Set-Reset. Removed TRANSOUT and AwCAact18 - RE: rel doc#6 DENIED (re: rel doc#14.) (DS, ) (Entered: 02/08/2005) |
|---|---|---|
| 02/08/2005 | 15 | Notice of Appearance and Request for Notice Filed by Charles D. Butler on behalf of Delong, Caldwell, Novotny & Bridgers, L.L.c.. (Butler, Charles) (Entered: 02/08/2005) |
| 02/10/2005 | 16 | BNC Certificate of Service - See Image Attached - (RE: related document(s)14 Order on Motion To Transfer Bankruptcy Case Out of District). No. of Notices: 5. Service Date 02/10/2005. (Admin.) (Entered: 02/11/2005) |
| 02/10/2005 | 17 | BNC Certificate of Service - See Image Attached - (RE: related document(s)13 Opinion). No. of Notices: 5. Service Date 02/10/2005. (Admin.) (Entered: 02/11/2005) |
| 02/11/2005 | 18 | Order Granting Motion To Appear pro hac vice (Butler) (Related Doc # 5) Entered On 2/11/2005. (Sawyer, William) (Entered: 02/11/2005) |
| 02/13/2005 | 19 | BNC Certificate of Service - See Image Attached - (RE: related document(s)18 Order on Motion to Appear pro hac vice). No. of Notices: 1. Service Date 02/13/2005. (Admin.) (Entered: 02/14/2005) |
| 02/13/2005 | 20 | BNC Certificate of Service - See Image Attached - (RE: related document(s)18 Order on Motion to Appear pro hac vice). No. of Notices: 7. Service Date 02/13/2005. (Admin.) (Entered: 02/14/2005) |
| 02/14/2005 | 21 | Order Setting Scheduling Conference., Entered On 2/14/2005. Scheduling Conference set for 3/8/2005 at 09:00 AM at Telephone Hearing. (DS, ) (Entered: 02/14/2005) |
| 02/16/2005 | 22 | BNC Certificate of Service - See Image Attached - (RE: related document(s)21 Scheduling Order). No. of Notices: 2. Service Date 02/16/2005. (Admin.) (Entered: 02/17/2005) |
| 03/07/2005 | 23 | Motion *for Leave to File Amended Complaint* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Attachments: # 1 Exhibit A- Amended Complaint) (Lasky, Catherine) (Entered: 03/07/2005) |
| 03/08/2005 | | Matter Under Advisement Re: (RE: related document(s)23 Motion). Matter Under Advisement Due by 4/15/2005. (Sawyer, William) (Entered: 03/08/2005) |
| 03/14/2005 | 24 | Order Granting Motion To Amend Complaint (Related Doc # 23) Entered On 3/14/2005. (DS, ) (Entered: 03/14/2005) |
| 03/14/2005 | 25 | Order Setting Trial Date/Scheduling Order Entered On 3/14/2005. Dispositive Pretrial Motions due by 7/29/2005. Responses due by 8/31/2005. Pretrial Disclosures due by 9/23/2005. List Disclosing Objections To The Use of |

| | | Depositions or Admissibility of Exhibits due by 9/30/2005. Joint Pre-Trial Statement due by 9/30/2005. Discovery due by 6/30/2005. Pre-Trial Conference set for 10/4/2005 at 01:30 PM at Telephone Hearing. The trial is "deep set" with several other adversaries beginning Tuesday, October 17, 2005. (DS, ) (Entered: 03/14/2005) |
|---|---|---|
| 03/16/2005 | 26 | BNC Certificate of Service - See Image Attached - (RE: related document(s)24 Order). No. of Notices: 2. Service Date 03/16/2005. (Admin.) (Entered: 03/17/2005) |
| 03/16/2005 | 27 | BNC Certificate of Service - See Image Attached - (RE: related document(s)25 Scheduling Order, , ). No. of Notices: 6. Service Date 03/16/2005. (Admin.) (Entered: 03/17/2005) |
| 03/18/2005 | 28 | Amended Order On Plaintiff's Motion to Amend Complaint Entered On 3/18/2005 (RE: related document(s)23 Motion filed by Plaintiff J. Lester Alexander, 24 Order). (YP, ) (Entered: 03/18/2005) |
| 03/20/2005 | 29 | BNC Certificate of Service - See Image Attached - (RE: related document(s)28 Amended Order). No. of Notices: 2. Service Date 03/20/2005. (Admin.) (Entered: 03/21/2005) |
| 03/25/2005 | 30 | Objection to *Motion For Leave To File First Amended and Restated Complaint* Filed by Robert F. Northcutt on behalf of Delong, Caldwell, Novotny & Bridgers, L.L.c. (RE: related document(s)23 Motion filed by Plaintiff J. Lester Alexander). (DS, ) (Entered: 03/28/2005) |
| 03/25/2005 | 31 | Brief Filed by Robert F. Northcutt on behalf of Delong, Caldwell, Novotny & Bridgers, L.L.c. (RE: related document(s)30 Objection, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c.). (DS, ) (Entered: 03/28/2005) |
| 04/11/2005 | 32 | Reply to *DeLong, Caldwell, Novotny & Bridgers Objection to Trustee's Motion for Leave to File First Amended and Supplemental Complaint* Filed by Brent B. Barriere on behalf of J. Lester Alexander III (RE: related document(s)30 Objection . Modified text on 4/14/2005 (DS, ). (Entered: 04/11/2005) |
| 04/14/2005 | 33 | Memorandum Decision Entered On 4/14/2005 (DS, ) Modified text on 4/14/2005 (DS, ). (Entered: 04/14/2005) |
| 04/14/2005 | 34 | Order On Motion For Leave To File First Amended and Supplemental Complaint (Related Doc # 23) Entered On 4/14/2005. (DS, ) (Entered: 04/14/2005) |
| 04/15/2005 | 35 | Summons Issued to Brent B. Barriere to be served on: Earnest H. DeLong Jr Date Issued 4/15/2005, Answer Due 5/16/2005; Delong, Caldwell, Novotny & Bridgers, L.L.c. Date Issued 4/15/2005, Answer Due 5/16/2005. Execution of Summons to be done by 4/25/2005. (Related document(s) 23, 33, 34.) (DS, ) (Entered: 04/15/2005) |
| 04/15/2005 | | Matter Under Advisement Complete (RE: related document(s) Set Matter Under |

| | | Advisement Deadline). (Sawyer, William) (Entered: 04/15/2005) |
|---|---|---|
| 04/16/2005 | 36 | BNC Certificate of Service - See Image Attached - (RE: related document(s)33 Opinion). No. of Notices: 2. Service Date 04/16/2005. (Admin.) (Entered: 04/17/2005) |
| 04/16/2005 | 37 | BNC Certificate of Service - See Image Attached - (RE: related document(s)34 Order). No. of Notices: 2. Service Date 04/16/2005. (Admin.) (Entered: 04/17/2005) |
| 04/17/2005 | 38 | BNC Certificate of Service - See Image Attached - (RE: related document(s)35 Summons Issued, ). No. of Notices: 4. Service Date 04/17/2005. (Admin.) (Entered: 04/18/2005) |
| 04/19/2005 | 39 | Notice of Appearance as Co-Counsel and Request for Notice Filed by J. Flynn Mozingo on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c.. (DS, ) Modified on 4/19/2005 (DS, ). (Entered: 04/19/2005) |
| 04/19/2005 | 40 | Summons Service Executed on J. Flynn Mozingo/Earnest H. DeLong Jr. 4/19/2005. (RE: related document(s)35 Summons Issued, ). (Barriere, Brent) Modified text on 4/20/2005 (DS, ). (Entered: 04/19/2005) |
| 05/04/2005 | 41 | Certificate of Service *of First Set of Request for Production of Documents Propounded to Earnest H. DeLong, Jr.* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 05/04/2005) |
| 05/16/2005 | 42 | Motion to Dismiss Case *or in the Alternative Transfer Venue or Abstain on State Law Claims* Filed by Von G. Memory on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c.. (Memory, Von) (Entered: 05/16/2005) |
| 05/16/2005 | 43 | Supporting Brief *and Memorandum of Law of Joint Motion to Dismiss* Filed by Von G. Memory on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c.. (RE: related document(s)42 Motion to Dismiss Case filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c., Defendant Earnest H. DeLong). (Memory, Von) (Entered: 05/16/2005) |
| 05/17/2005 | | Matter Under Advisement Re: (RE: related document(s)42 Motion to Dismiss Case). Matter Under Advisement Due by 6/30/2005. (Sawyer, William) (Entered: 05/17/2005) |
| 05/18/2005 | 44 | Order (Plaintiff response not later than June 15, 2005; defendants rely not later than June 30, 2005. RE: related document(s) 42 43) Entered On 5/18/2005. (DS, ) (Entered: 05/18/2005) |
| 05/20/2005 | 45 | BNC Certificate of Service - See Image Attached - (RE: related document(s)44 Scheduling Order). No. of Notices: 2. Service Date 05/20/2005. (Admin.) (Entered: 05/21/2005) |

| 05/26/2005 | 46 | Trustee's Motion *for Leave to File Second Amended and Restated Complaint and to Extend Discovery Deadline* Filed by Brent B. Barriere on behalf of J. Lester Alexander III. (Attachments: # 1 Exhibit A) (Barriere, Brent) (Entered: 05/26/2005) |
| --- | --- | --- |
| 05/27/2005 | 47 | Notice of Submission Error requiring refiling. Please refile using the correct ECF docket event or corrected document within 7 days or your pleading may be dismissed. (RE: related document(s)46 Motion). Incomplete Filings due by 6/3/2005. RESUBMIT USING THE FOLLOWING EVENTS:ADVERSARY>FILINGS>MOTIONS>AMEND. (DS, ) (Entered: 05/27/2005) |
| 05/27/2005 | 48 | Motion to Amend *Unopposed Motion for Leave to File Second Amended and Restated Complaint and to Extend Discovery Deadline* Filed by Brent B. Barriere on behalf of J. Lester Alexander III. (Attachments: # 1 Exhibit A) (Barriere, Brent) (Entered: 05/27/2005) |
| 05/27/2005 | 161 | Amended Complaint by Brent B. Barriere Plaintiff J. Lester Alexander III, Defendants Earnest H. DeLong Jr, DeLong & Caldwell, LLC, DeLongCaldwell Logue and Wisebram, Delong, Caldwell, Novotny & Bridgers, L.L.C against Earnest H. DeLong Jr, DeLong & Caldwell, LLC, DeLongCaldwell Logue and Wisebram, Delong, Caldwell, Novotny & Bridgers, L.L.C. (RE: related document(s)1 Complaint, filed by Plaintiff J. Lester Alexander). (DAW, ) (Entered: 10/30/2006) |
| 06/03/2005 | 49 | Discovery Response Filed by James F. Mozingo on behalf of Earnest H. DeLong Jr. (Mozingo, James) (Entered: 06/03/2005) |
| 06/06/2005 | | Deadlines terminated - rel doc#47. Satisfied. (DS, ) (Entered: 06/06/2005) |
| 06/13/2005 | 50 | Affidavit Re: *Supplement Earnest H. DeLong, Jr.* Filed by James F. Mozingo on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c. (RE: related document(s)42 Motion to Dismiss Case filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c., Defendant Earnest H. DeLong). (Attachments: # 1 Exhibit) (Mozingo, James) (Entered: 06/13/2005) |
| 06/15/2005 | 51 | First Discovery Request for Filed by James F. Mozingo on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c.. (Mozingo, James) (Entered: 06/15/2005) |
| 06/15/2005 | 52 | Trustee's Objection to *Motion to Dismiss* Filed by Brent B. Barriere on behalf of J. Lester Alexander III (RE: related document(s)42 Motion to Dismiss Case filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c., Defendant Earnest H. DeLong). (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I) (Barriere, Brent) (Entered: 06/15/2005) |
| 06/16/2005 | 53 | Exhibit *E related to document 52* Filed by Brent B. Barriere on behalf of J. Lester Alexander III (RE: related document(s)42 Motion to Dismiss Case filed by |

| | | Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c., Defendant Earnest H. DeLong). (Barriere, Brent) (Entered: 06/16/2005) |
|---|---|---|
| 06/23/2005 | ●54 | Submission of Documents: *(Trial Conflicts)* Filed by J. Flynn Mozingo. (DS, ) (Entered: 06/23/2005) |
| 06/29/2005 | ●55 | Trustee's Motion *to Strike Affidavits of Earnest H. DeLong, Jr. and Michael Caldwell* Filed by Brent B. Barriere on behalf of J. Lester Alexander III (RE: related document(s)50 Affidavit, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c., Defendant Earnest H. DeLong, 43 Brief, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c., Defendant Earnest H. DeLong). (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F) (Barriere, Brent) (Entered: 06/29/2005) |
| 06/30/2005 | ●56 | Submission of Documents: *Letter* Filed by J. Flynn Mozingo. (DS, ) (Entered: 06/30/2005) |
| 06/30/2005 | ●57 | Response to *Trustee's Opposition to Motion to Dismiss, Transfer Venue or Abstain on State Law Claims* Filed by James F. Mozingo on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c. (RE: related document(s)42 Motion to Dismiss Case filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c., Defendant Earnest H. DeLong. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit) (Mozingo, James) (Entered: 06/30/2005) |
| 07/01/2005 | ●58 | Order Denying Plaintiff's Motion To Strike (Related Doc # 55) Entered On 7/1/2005. (RK, ) (Entered: 07/01/2005) |
| 07/03/2005 | ●59 | BNC Certificate of Service - See Image Attached - (RE: related document(s)58 Order). No. of Notices: 3. Service Date 07/03/2005. (Admin.) (Entered: 07/04/2005) |
| 07/06/2005 | ●60 | Notice of Deposition *of Arkansas Economic Development District* Filed by Brent B. Barriere on behalf of J. Lester Alexander III. (Barriere, Brent) (Entered: 07/06/2005) |
| 07/06/2005 | ●61 | Notice of Deposition *of ASHERS* Filed by Brent B. Barriere on behalf of J. Lester Alexander III. (Barriere, Brent) (Entered: 07/06/2005) |
| 07/07/2005 | ●62 | Notice of Deposition *(HLC Industries)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III. (Determan, Katherine) (Entered: 07/07/2005) |
| 07/07/2005 | ●63 | Notice of Deposition *(American Express Travel Related Services Co., Inc.)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III. (Determan, Katherine) (Entered: 07/07/2005) |
| 07/07/2005 | ●64 | Notice of Deposition *(Carlcraft Knit Sales, Inc.)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III. (Determan, Katherine) (Entered: 07/07/2005) |

| | | |
|---|---|---|
| 07/07/2005 | 65 | Notice *of Issuance of Subpoena (CIT Group/Commercial Services, Inc.)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III. (Determan, Katherine) (Entered: 07/07/2005) |
| 07/08/2005 | 66 | Certificate of Service *of Trustee's Second Set of Requests for Production of Documents Propounded to DeLong, Caldwell, Novotny & Bridgers, LLC and Earnest H. DeLong, Jr.* Filed by Brent B. Barriere on behalf of J. Lester Alexander III. (Barriere, Brent) (Entered: 07/08/2005) |
| 07/08/2005 | 67 | Notice *of Issuance of Subpoena (Milliken & Company)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III. (Determan, Katherine) (Entered: 07/08/2005) |
| 07/08/2005 | 68 | Notice *of Issuance of Subpoena (American & Efird)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III. (Determan, Katherine) (Entered: 07/08/2005) |
| 07/08/2005 | 69 | Notice *of Issuance of Subpoena (Darwood Manufacturing Company)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III. (Determan, Katherine) (Entered: 07/08/2005) |
| 07/08/2005 | 70 | Notice *of Issuance of Subpoena (Milberg Factors, Inc.)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III. (Determan, Katherine) (Entered: 07/08/2005) |
| 07/08/2005 | 71 | Notice *of Issuance of Subpoena (Atlantic Thread & Supply Co.)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III. (Determan, Katherine) (Entered: 07/08/2005) |
| 07/08/2005 | 72 | Notice *of Issuance of Subpoena (Mark A. Cabral, Alamac Knit Fabrics, Inc.)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III. (Determan, Katherine) (Entered: 07/08/2005) |
| 07/08/2005 | 73 | Notice *of Issuance of Subpoena (United Parcel Service)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III. (Determan, Katherine) (Entered: 07/08/2005) |
| 07/11/2005 | 74 | Notice of Deposition *(Carlcraft Knit Sales, Inc.)(Renotice)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III. (Determan, Katherine) (Entered: 07/11/2005) |
| 07/19/2005 | 75 | Notice of Deposition *(Darwood Manufacturing Co.)(Renotice)* Filed by Katherine M. Determan on behalf of J. Lester Alexander III. (Determan, Katherine) (Entered: 07/19/2005) |
| 07/25/2005 | 76 | Memorandum Decision Entered On 7/25/2005. (DS, ) (Entered: 07/25/2005) |

| 07/25/2005 | ●77 | Order Denying Motion to Transfer (Related Doc # 42) Entered On 7/25/2005. (DS, ) (Entered: 07/25/2005) |
| 07/25/2005 | ●78 | Order Granting Motion To Amend Complaint Entered On 7/25/2005. (Related documnet(s) # 48). (Further ORDERED: Pre-Trial Conference set for 8/9/2005 at 01:30 PM at Telephone Hearing.) (DS, ) (Entered: 07/25/2005) |
| 07/25/2005 | | Motion terminated. (RE: related document(s)46 Motion, 48 Motion to Amend). Rel doc# 78 terms #46 & #48. (DS, ) (Entered: 07/25/2005) |
| 07/25/2005 | | Matter Under Advisement Complete (RE: related document(s) Set Matter Under Advisement Deadline). (Sawyer, William) (Entered: 07/25/2005) |
| 07/27/2005 | ●79 | BNC Certificate of Service - See Image Attached - (RE: related document(s)76 Opinion). No. of Notices: 3. Service Date 07/27/2005. (Admin.) (Entered: 07/28/2005) |
| 07/27/2005 | ●80 | BNC Certificate of Service - See Image Attached - (RE: related document(s)77 Order on Motion to Dismiss Case). No. of Notices: 3. Service Date 07/27/2005. (Admin.) (Entered: 07/28/2005) |
| 07/27/2005 | ●81 | BNC Certificate of Service - See Image Attached - (RE: related document(s)78 Scheduling Order). No. of Notices: 3. Service Date 07/27/2005. (Admin.) (Entered: 07/28/2005) |
| 08/04/2005 | ●82 | Response to */Defendants' Answer to the Second Amended and Restated Complaint of J. Lester Alexander, III, Trustee* Filed by James F. Mozingo on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c. (RE: related document(s)46 Motion filed by Plaintiff J. Lester Alexander, 48 Motion to Amend filed by Plaintiff J. Lester Alexander). (Mozingo, James) (Entered: 08/04/2005) |
| 08/04/2005 | ●83 | Motion/Request for Jury Trial Filed by Charles D. Butler, Robert F. Northcutt, James F. Mozingo on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c.. (Mozingo, James) Modified text on 8/5/2005 (DS, ). (Entered: 08/04/2005) |
| 08/08/2005 | ●84 | Discovery Response *to Plaintiff's Second Request for Production* Filed by James F. Mozingo on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c.. (Mozingo, James) (Entered: 08/08/2005) |
| 08/15/2005 | ●85 | Scheduling Order Entered On 8/15/2005. Dispositive Motions due by 1/31/2006. Responses due by 2/28/2006. Discovery due by 12/30/2005. (DS, ) (Entered: 08/15/2005) |
| 08/16/2005 | ●86 | Order On Consolidation For Purposes Of Discovery and Scheduling Order (Consolidation of AP# 05-3033 and Ap#04-3135 FOR DISCOVERY PURPOSES ONLY.) Entered On 8/16/2005. (DS, ) (Entered: 08/16/2005) |

| 08/17/2005 | ●87 | BNC Certificate of Service - See Image Attached - (RE: related document(s)85 Scheduling Order). No. of Notices: 4. Service Date 08/17/2005. (Admin.) (Entered: 08/18/2005) |
| 08/18/2005 | ●88 | BNC Certificate of Service - See Image Attached - (RE: related document(s)86 Scheduling Order). No. of Notices: 3. Service Date 08/18/2005. (Admin.) (Entered: 08/19/2005) |
| 08/23/2005 | ●89 | Trustee's Motion to Compel *Production of Documents Improperly Withheld as Privileged and Incorporated Memorandum in Support* Filed by Brent B. Barriere on behalf of J. Lester Alexander III. (Attachments: # 1 Exhibit A through D) (Barriere, Brent) (Entered: 08/23/2005) |
| 08/26/2005 | ●90 | Notice of Hearing Set (RE: related document(s)89 Plaintiff's Motion to Compel, ). Hearing scheduled for 9/20/2005 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (JPC, ) (Entered: 08/26/2005) |
| 08/28/2005 | ●91 | BNC Certificate of Service - Hearing - (RE: related document(s)90 Hearing (Bk)). No. of Notices: 4. Service Date 08/28/2005. (Admin.) (Entered: 08/29/2005) |
| 09/16/2005 | ●92 | Order On September 20 Hearing Entered On 9/16/2005 (RE: related document(s)89 Motion to Compel, filed by Plaintiff J. Lester Alexander, 90 Hearing (Bk)). Hearing scheduled for 9/20/2005 at 09:00 AM at TELEPHONE Hearing. (DS, ) (Entered: 09/16/2005) |
| 09/18/2005 | ●93 | BNC Certificate of Service - See Image Attached - (RE: related document(s)92 Order on Motion To Set Hearing). No. of Notices: 5. Service Date 09/18/2005. (Admin.) (Entered: 09/19/2005) |
| 09/20/2005 | | Matter Under Advisement Re: (RE: related document(s)85 Scheduling Order). Matter Under Advisement Due by 3/17/2006. (Sawyer, William) (Entered: 09/20/2005) |
| 09/20/2005 | | Matter Under Advisement Re: (RE: related document(s)89 Motion to Compel, ). Matter Under Advisement Due by 9/20/2005. (Sawyer, William) (Entered: 09/20/2005) |
| 10/03/2005 | ●94 | Memorandum Decision Entered On 10/3/2005 (RE: related document(s)89 Motion to Compel, filed by Plaintiff J. Lester Alexander). (DS, ) (Entered: 10/03/2005) |
| 10/03/2005 | ●95 | Order On Motion To Compel Production Of Documents (Related Doc # 89) Entered On 10/3/2005. (DS, ) (Entered: 10/03/2005) |
| 10/05/2005 | ●96 | BNC Certificate of Service - See Image Attached - (RE: related document(s)94 Opinion). No. of Notices: 3. Service Date 10/05/2005. (Admin.) (Entered: 10/06/2005) |

| | | |
|---|---|---|
| 10/05/2005 | ⊙97 | BNC Certificate of Service - See Image Attached - (RE: related document(s)95 Order on Motion to Compel). No. of Notices: 3. Service Date 10/05/2005. (Admin.) (Entered: 10/06/2005) |
| 10/11/2005 | | Matter Under Advisement Complete (RE: related document(s) Set Matter Under Advisement Deadline). (Sawyer, William) (Entered: 10/11/2005) |
| 10/18/2005 | ⊙98 | Notice *of Complaince (RE: related doc # 95)* Filed by J. Flynn Mozingo on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c.. (DS, ) (Entered: 10/18/2005) |
| 11/09/2005 | ⊙99 | Notice of Deposition *of Earnest H. DeLong, Jr.* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 11/09/2005) |
| 11/09/2005 | ⊙100 | Notice of Deposition *of DeLong & Caldwell, L.L.C.* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 11/09/2005) |
| 11/09/2005 | ⊙101 | Notice of Deposition *of DeLong, Caldwell, Novotny & Bridgers, L.L.C.* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 11/09/2005) |
| 11/09/2005 | ⊙102 | Notice of Deposition *of DeLong, Caldwell, Logue & Wisebram* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 11/09/2005) |
| 12/01/2005 | ⊙103 | NOTED SUBMISSION ERROR - INCORRECT PDF - SEE REL DOC# 105 FOR CORRECT ENTRY Motion to Withdraw as Attorney *for Ernest DeLong, Jr. and DeLong Caldwell Novotny & Bridgers, LLC* Filed by Charles D. Butler on behalf of Charles David Butler. (Butler, Charles) Modified on 12/1/2005 (DS, ). (Entered: 12/01/2005) |
| 12/01/2005 | ⊙104 | Notice of Electronic Submission Error (Non-Image Entry) (RE: related document(s)103 Motion to Withdraw as Attorney). Entered in (PDF error) per attorney will resubmit correct entry. (DS, ) (Entered: 12/01/2005) |
| 12/01/2005 | | Motion terminated. (RE: related document(s)103 Motion to Withdraw as Attorney). Attorney will resubmit. (DS, ) (Entered: 12/01/2005) |
| 12/01/2005 | ⊙105 | Motion to Withdraw as Attorney *for Ernest DeLong, Jr. and DeLong Caldwell Novotny & Bridgers, LLC* Filed by Charles D. Butler on behalf of Charles David Butler. (Butler, Charles) (Entered: 12/01/2005) |
| 12/01/2005 | ⊙106 | Motion to Withdraw as Attorney Filed by Robert F. Northcutt on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c.. (Northcutt, Robert) (Entered: 12/01/2005) |

| | | |
|---|---|---|
| 12/23/2005 | 107 | Order Granting Motions To Withdraw (Related Doc # 105), (Related Doc # 106) Entered On 12/23/2005. (DS, ) (Entered: 12/23/2005) |
| 12/29/2005 | 108 | Motion to Extend Time *for Deadline for Completion of Discovery and for Filing of Dispositive Motions* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III (RE: related document(s)85 Scheduling Order, 86 Scheduling Order). (Lasky, Catherine) (Entered: 12/29/2005) |
| 12/30/2005 | 109 | Notice *of Issuance of Subpoena to Jerry Thomas, Jr.* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Attachments: # 1 Exhibit "A" Copy of Subpoena) (Lasky, Catherine) (Entered: 12/30/2005) |
| 01/03/2006 | 110 | Motion to Withdraw as Attorney Filed by James F. Mozingo on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c.. (Mozingo, James) (Entered: 01/03/2006) |
| 01/09/2006 | 111 | Order For Hearing Entered On 1/9/2006 (RE: related document(s)110 Motion to Withdraw as Attorney filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c., Defendant Earnest H. DeLong). Hearing scheduled for 2/7/2006 at 09:00 AM, (Central Standard Time) at Telephone Hearing. (JC, ) (Entered: 01/09/2006) |
| 01/11/2006 | 112 | BNC Certificate of Service - See Image Attached - (RE: related document(s)111 Order on Motion To Set Hearing, ). No. of Notices: 2. Service Date 01/11/2006. (Admin.) (Entered: 01/12/2006) |
| 02/02/2006 | 113 | Trustee's Objection to *Defendants' Counsel's Motion to Withdraw* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III (RE: related document(s)110 Motion to Withdraw as Attorney filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c., Defendant Earnest H. DeLong). (Lasky, Catherine) (Entered: 02/02/2006) |
| 02/07/2006 | | Matter Under Advisement Re:. Matter Under Advisement Due by 2/7/2006. (Sawyer, William) (Entered: 02/07/2006) |
| 02/13/2006 | 114 | ORDER (re: briefs)(RE: related document(s)111) Entered On 2/13/2006. (DS, ) (Entered: 02/13/2006) |
| 02/15/2006 | 115 | BNC Certificate of Service - See Image Attached - (RE: related document(s)114 Scheduling Order). No. of Notices: 1. Service Date 02/15/2006. (Admin.) (Entered: 02/16/2006) |
| 02/16/2006 | | Matter Under Advisement Re: (RE: related document(s) Set Matter Under Advisement Deadline, Set Matter Under Advisement Deadline). Matter Under Advisement Due by 3/23/2006. (Sawyer, William) (Entered: 02/16/2006) |

| | | |
|---|---|---|
| 04/10/2006 | 116 | Notice of Telephone Hearing Set (RE: related document(s)1 Complaint, Scheduling Conference). Hearing scheduled for 4/25/2006 at 01:30 PM at Telephone Hearing. (RS, ) (Entered: 04/10/2006) |
| 04/11/2006 | 117 | Order Granting Motion To Withdraw (Related Doc # 110) Entered On 4/11/2006. (DS, ) (Entered: 04/11/2006) |
| 04/11/2006 | 118 | Order Granting Motion Of Melton Espy To Withdraw Entered On 4/11/2006 (RE: related document(s)113 Objection, filed by Plaintiff J. Lester Alexander, 114 Scheduling Order, 110 Motion to Withdraw as Attorney filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c., Defendant Earnest H. DeLong. (DS, ) (Entered: 04/11/2006) |
| 04/12/2006 | 119 | BNC Certificate of Service - Telephone Hearing - (RE: related document(s)116 Telephone Hearing). No. of Notices: 5. Service Date 04/12/2006. (Admin.) (Entered: 04/13/2006) |
| 04/13/2006 | 120 | BNC Certificate of Service - See Image Attached - (RE: related document(s)118 Order, ). No. of Notices: 1. Service Date 04/13/2006. (Admin.) (Entered: 04/14/2006) |
| 04/14/2006 | | Matter Under Advisement Complete (RE: related document(s) Set Matter Under Advisement Deadline). (Sawyer, William) (Entered: 04/14/2006) |
| 06/22/2006 | 121 | Trustee's Brief *Regarding Waiver of Defendants' Request for Trial by Jury* Filed by Brent B. Barriere on behalf of J. Lester Alexander III. (Barriere, Brent) (Entered: 06/22/2006) |
| 06/23/2006 | 122 | Order Regarding Defendants' Request For Trial By Jury Entered On 6/23/2006 (RE: related document(s)83 Motion for Jury Trial filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.c., Defendant Earnest H. DeLong, 121 Brief filed by Plaintiff J. Lester Alexander), Defendants Shall file their response not later than July 10, 2006 and Plaintiff may file a reply not later than July 20, 2006. (DW, ) (Entered: 06/23/2006) |
| 06/25/2006 | 123 | BNC Certificate of Service - See Image Attached - (RE: related document(s)122 Order, ). No. of Notices: 8. Service Date 06/25/2006. (Admin.) (Entered: 06/26/2006) |
| 06/27/2006 | | Matter Under Advisement Re: (RE: related document(s)122 Order, ). Matter Under Advisement Due by 7/20/2006. (Sawyer, William) (Entered: 06/27/2006) |
| 06/30/2006 | 124 | Motion For Extension Of Time To File Defendants' Summary Judgment Motion and Memorandum Of Law In Support Thereof Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.C.. (DS, ) Modified text on 6/30/2006 (DS, ). (Entered: 06/30/2006) |

| 07/06/2006 | ⬤125 | Defendants'Motion For Summary Judgment Filed by Earnest H. DeLong on behalf of Delong, Caldwell, Novotny & Bridgers, L.L.C. (CBM, ) Modified text on 7/6/2006 (CBM, ). Modified on 11/7/2006 to terminate motion (Young, Douglas). (Entered: 07/06/2006) |
| 07/06/2006 | ⬤126 | *Defendants' Memorandum In Support Of Their Motion For Summary Judgement* Filed by Earnest H. DeLong on behalf of Delong, Caldwell, Novotny & Bridgers, L.L.C (RE: related document(s)125 Motion for Summary Judgment filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C). (CBM, ) Modified text on 7/6/2006 (CBM, ). (Entered: 07/06/2006) |
| 07/06/2006 | ⬤127 | *Defendants' Statement Of Undisputed Facts* Filed by Earnest H. DeLong on behalf of Delong, Caldwell, Novotny & Bridgers, L.L.C (RE: related document(s)125 Motion for Summary Judgment filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C). (CBM, ) Modified text on 7/6/2006 (CBM, ). (Entered: 07/06/2006) |
| 07/06/2006 | ⬤128 | Declaration Of Earnest H. DeLong, Jr. Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr. (CBM, ) (Entered: 07/06/2006) |
| 07/06/2006 | ⬤129 | Declaration Of Roy Terry Filed by Roy Terry. (CBM, ) Modified on 7/6/2006 (CBM, ). (Entered: 07/06/2006) |
| 07/06/2006 | ⬤130 | Declaration Of Rudolph Terry Filed by Rudolph Terry. (CBM, ) (Entered: 07/06/2006) |
| 07/06/2006 | ⬤131 | Affidavit Of William G. Ross Filed by William G. Ross. (CBM, ) Modified text on 7/6/2006 (CBM, ). (Entered: 07/06/2006) |
| 07/06/2006 | ⬤132 | Certificate of Service Filed by Earnest H. DeLong on behalf of Delong, Caldwell, Novotny & Bridgers, L.L.C (RE: related document(s)125 Motion for Summary Judgment filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C, 126 Brief, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C, 127 Brief, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C, 128 Declaration filed by Defendant Earnest H. DeLong, 129 Declaration, 130 Declaration, 131 Affidavit). (CBM, ) (Entered: 07/06/2006) |
| 07/06/2006 | ⬤133 | Certificate of Service Dated AUGUST 1ST, 2006 Filed by Earnest H. DeLong on behalf of Delong, Caldwell, Novotny & Bridgers, L.L.C. (CBM, ) (Entered: 07/06/2006) |
| 07/11/2006 | ⬤134 | Response to *Trustee's Memorandum Of Law Regarding Defendant's Alleged Waiver Of Jury Demand* Filed by Earnest H. DeLong on behalf of Delong, Caldwell, Novotny & Bridgers, L.L.C (RE: related document(s)121 Brief filed by Plaintiff J. Lester Alexander). (CBM, ) (Entered: 07/11/2006) |

| 07/17/2006 | | Matter Under Advisement Re: (RE: related document(s)125 Motion for Summary Judgment, Set Matter Under Advisement Deadline). Matter Under Advisement Due by 8/25/2006. (Sawyer, William) (Entered: 07/17/2006) |
|---|---|---|
| 07/18/2006 | 135 | ORDER on Entered On 7/18/2006 (RE: related document(s)133 Certificate of Service filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C, 125 Motion for Summary Judgment filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C, 130 Declaration, 131 Affidavit, 132 Certificate of Service,, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C, 126 Brief, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C, 127 Brief, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C, 128 Declaration filed by Defendant Earnest H. DeLong, 129 Declaration). (CBM, ) (Entered: 07/18/2006) |
| 07/20/2006 | 136 | Response to *Defendants' Response to Trustee's Brief Regarding Waiver of Defendants' Request for Trial by Jury* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III (RE: related document(s)134 Response, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C.). (Attachments: # 1 Exhibit A) (Lasky, Catherine) (Entered: 07/20/2006) |
| 07/20/2006 | 137 | BNC Certificate of Service - See Image Attached - (RE: related document(s)135 Order, , ). No. of Notices: 1. Service Date 07/20/2006. (Admin.) (Entered: 07/21/2006) |
| 07/27/2006 | 138 | Notice of Deposition *of Roy Terry* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 07/27/2006) |
| 07/27/2006 | 139 | Notice *of Issuance of Subpoena to Roy Terry* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Attachments: # 1 Exhibit 1) (Lasky, Catherine) (Entered: 07/27/2006) |
| 07/27/2006 | 140 | Notice of Deposition *of William G. Ross* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 07/27/2006) |
| 08/02/2006 | 141 | Notice *of Re-Notice of Deposition of Williams G. Ross* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 08/02/2006) |
| 08/02/2006 | 142 | Notice *of Re-Notice of Deposition of Roy Terry* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 08/02/2006) |
| 08/07/2006 | 143 | Trustee's Motion to Extend Time *for Filing of Trustee's Opposition and Defendants' Reply to Opposition to Defendants' Motion for Summary Judgment* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III (RE: related document(s)125 Motion for Summary Judgment filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C.). (Lasky, Catherine) (Entered: 08/07/2006) |

| 08/08/2006 | 144 | Trustee's Motion *for Order Directing Parties to Participate in Mediation* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 08/08/2006) |
|---|---|---|
| 08/11/2006 | 145 | Order Granting Motion to Extend Time to respond to Defendants' Motion for Summary Judgment to September 15, 2006. (Related Doc # 143) Entered On 8/11/2006. (Sawyer, William) (Entered: 08/11/2006) |
| 08/11/2006 | 146 | Notice of Deposition *Re-Notice of Roy Terry Deposition* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 08/11/2006) |
| 08/14/2006 | 147 | NOTED SUBMISSION ERROR - NO PDF ATTACHED; REPLACED WITH DE #149 - REMOVED FROM THE GENERATE BNC NOTICES QUE - Notice of Telephone Hearing Set (RE: related document(s)144 Trustee's Motion for Order Directing Parties to Participate in Mediation ). Hearing scheduled for 9/12/2006 at 09:00 AM at Telephone Hearing. (JPC, ) Modified on 8/15/2006 (YP, ). (Entered: 08/14/2006) |
| 08/14/2006 | 148 | NOTED SUBMISSION ERROR - NO PDF ATTACHED; REPLACED WITH DE #149 - REMOVED FROM THE GENERATE BNC NOTICES QUE - Notice of Telephone Hearing Set (RE: related document(s)144 Trustee's Motion for Order Directing Parties to Participate in Mediation). Hearing scheduled for 9/12/2006 at 09:00 AM at Telephone Hearing. (JPC, ) Modified on 8/15/2006 (YP, ). (Entered: 08/14/2006) |
| 08/14/2006 | 149 | Notice of Telephone Hearing Set (RE: related document(s)144 Trustee's Motion for Order Directing Parties to Participate in Mediation). Hearing scheduled for 9/12/2006 at 09:00 AM at Telephone Hearing. (JPC, ) (Entered: 08/14/2006) |
| 08/15/2006 | 150 | Administrative Error (Non-Image Entry) (**NO PDF IMAGE ATTACHED; REPLACED WITH DE #149**) (RE: related document(s)[148] Telephone Hearing, [147] Telephone Hearing). (YP, ) (Entered: 08/15/2006) |
| 08/16/2006 | 151 | BNC Certificate of Service - Hearing - (RE: related document(s)149 Telephone Hearing). No. of Notices: 2. Service Date 08/16/2006. (Admin.) (Entered: 08/17/2006) |
| 08/21/2006 | 152 | Georgia Lawyers Insurance Company's Objection to *Trustee's Motion For Order Directing Parties To Participate In Mediation* Filed by Jerry A. Buchanan (RE: related document(s)144 Motion filed by Plaintiff J. Lester Alexander). (CBM, ) Modified on 8/22/2006 (CBM, ). (Entered: 08/22/2006) |
| 08/29/2006 | 153 | Trustee's Certificate of Service *of Third Set of Requests for Production of Documents Propounded to Delong, Caldwell, Novotny & Bridges, LLC; Delong, Caldwell, Logue & Wisebram; Delong & Caldwell, LLC and Earnest H. Delong, Jr.* Filed by Catherine E. Lasky on behalf of J. Lester |

| | | Alexander III. (Lasky, Catherine) (Entered: 08/29/2006) |
|---|---|---|
| 08/29/2006 | 🔵154 | Response to *Trustee's Motion For Order Directing Parties To Participate In Mediation* Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.C (RE: related document(s)144 Motion filed by Plaintiff J. Lester Alexander). (CBM, ) Modified (to correct filing date) on 8/30/2006 (CBM, ). (Entered: 08/30/2006) |
| 09/11/2006 | 🔵155 | Trustee's Motion *to Strike the Affidavit of William G. Ross and to Bar His Testimony at Trial* Filed by Brent B. Barriere on behalf of J. Lester Alexander III (RE: related document(s)125 Motion for Summary Judgment filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C). (Attachments: # 1 Exhibit A) (Barriere, Brent) (Entered: 09/11/2006) |
| 09/15/2006 | 🔵156 | Submission of Documents: *Trustee's Opposition to Defendants' Motion for Summary Judgment* Filed by Brent B. Barriere on behalf of J. Lester Alexander III (RE: related document(s)125 Motion for Summary Judgment filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C). (Attachments: # 1 Supplement Statement of Undisputed Material Facts) (Barriere, Brent) (Entered: 09/15/2006) |
| 09/18/2006 | 🔵157 | Exhibit *Exhibits 1 through 10 attached to Trustee's Opposition to Defendants' Motion for Summary Judgment* Filed by Brent B. Barriere on behalf of J. Lester Alexander III (RE: related document(s)156 Submission of Documents, filed by Plaintiff J. Lester Alexander). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Declaration re: Electronic Filing of Petitions and Schedules # 4 Exhibit # 5 Exhibit) (Barriere, Brent) (Entered: 09/18/2006) |
| 09/18/2006 | | Matter Under Advisement Re: (RE: related document(s) Set Matter Under Advisement Deadline). Matter Under Advisement Due by 10/2/2006. (Sawyer, William) (Entered: 09/18/2006) |
| 09/20/2006 | 🔵158 | Order For Joint Mediation (Related Doc # 144) Entered On 9/20/2006. (CBM, ) (Entered: 09/20/2006) |
| 09/22/2006 | 🔵159 | BNC Certificate of Service - See Image Attached - (RE: related document(s)158 Order). No. of Notices: 2. Service Date 09/22/2006. (Admin.) (Entered: 09/23/2006) |
| 10/25/2006 | 🔵160 | Trustee's Motion *for Status Conference Setting Trial Dates and Related Deadlines* Filed by Brent B. Barriere on behalf of J. Lester Alexander III. (Barriere, Brent) (Entered: 10/25/2006) |
| 11/02/2006 | 🔵162 | Order Denying Motion for Summary Judgment (RE: related document(s) number 125 Motion For Summary Judgment). Entered On 11/2/2006. (RHP) Modified to add related doc #125 on 11/2/2006 (DS, ). (Entered: 11/02/2006) |

| | | |
|---|---|---|
| 11/02/2006 | | Matter Under Advisement Re: (RE: related document(s) Set Matter Under Advisement Deadline). Matter Under Advisement Due by 11/2/2006. (Sawyer, William) (Entered: 11/02/2006) |
| 11/02/2006 | 163 | MEMORANDUM DECISION/OPINION - Authored by Judge William Sawyer. Entered On 11/2/2006 (RE: related document(s)162 Summary Judgment, 125 Motion for Summary Judgment filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C.) (Young, Douglas) (Entered: 11/07/2006) |
| 11/03/2006 | 164 | Order Setting Status Conference Entered On 11/3/2006 (RE: related document(s)1 Complaint, filed by Plaintiff J. Lester Alexander). Status hearing to be held on 11/14/2006 at 01:30 PM at Telephone Hearing. **(EACH PARTY DESIRING TO BE HEARD MUST CALL TOLL FREE AT 1-800-347-3350 AT LEAST 5 MINUTES PRIOR TO COMMENCEMENT OF COURT - THE CHAIRPERSON IS WILLIAM LIVINGSTON)** (CBM, ) Modified (to add relations) on 11/3/2006 (CBM, ). Modified to correct rel docs on 11/6/2006 (DS, ). (Entered: 11/03/2006) |
| 11/03/2006 | | Motion terminated(rel doc #160). Status Hearing set (rel doc #164). (CBM, ) (Entered: 11/03/2006) |
| 11/04/2006 | 165 | BNC Certificate of Service - See Image Attached - (RE: related document(s)162 Summary Judgment). No. of Notices: 3. Service Date 11/04/2006. (Admin.) (Entered: 11/04/2006) |
| 11/04/2006 | 166 | BNC Certificate of Service - See Image Attached - (RE: related document(s)163 Order on Motion For Summary Judgment). No. of Notices: 3. Service Date 11/04/2006. (Admin.) (Entered: 11/04/2006) |
| 11/05/2006 | 167 | BNC Certificate of Service - See Image Attached - (RE: related document(s)164 Order on Motion To Set Hearing, , ). No. of Notices: 1. Service Date 11/05/2006. (Admin.) (Entered: 11/05/2006) |
| 11/15/2006 | | Matter Under Advisement Re: (RE: related document(s)155 Motion,, Set Matter Under Advisement Deadline). Matter Under Advisement Due by 11/28/2006. (Sawyer, William) (Entered: 11/15/2006) |
| 11/21/2006 | 168 | Order Setting Trial Date/Scheduling Order Entered On 11/21/2006 (RE: related document(s)1 Complaint, filed by Plaintiff J. Lester Alexander). Pretrial Disclosures due by 12/1/2006. Pre-Trial Conference set for 1/9/2007 at 01:30 PM at Telephone Hearing. EACH PARTY DESIRING TO BE HEARD MUST CALL TOLL FREE AT 1-800-347-3350 AT LEAST FIVE MINUTES PRIOR TO THE COMMENCEMENT OF COURT. THE CHAIRPERSON IS WILLIAM LIVINGSTON. Trial date set for 1/30/2007 at 09:30 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (DS, ) (Entered: 11/21/2006) |

| 11/23/2006 | 169 | BNC Certificate of Service - See Image Attached - (RE: related document(s)168 Scheduling Order, , ). No. of Notices: 9. Service Date 11/23/2006. (Admin.) (Entered: 11/24/2006) |
| 12/01/2006 | 170 | Submission of Pretrial Documents *Trustee's Pretrial Disclosures Pursuant to Rule 7026(a)(3)* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III (RE: related document(s)25 Scheduling Order,,, 1 Complaint, filed by Plaintiff J. Lester Alexander). (Lasky, Catherine) (Entered: 12/01/2006) |
| 12/01/2006 | 171 | Discovery Response *Defendants' Supplemental Disclosures* Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E) (DeLong, Earnest) (Entered: 12/01/2006) |
| 12/01/2006 | 172 | Discovery Response *Defendants' Amended Supplemental Disclosures* Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F) (DeLong, Earnest) (Entered: 12/01/2006) |
| 12/01/2006 | 173 | Submission of Pretrial Documents *Defendants' Pretrial Disclosures Pursuant to Rule 7026(a)(3) of the Federal Rules of Bankruptcy Procedure* Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr. (DeLong, Earnest) (Entered: 12/01/2006) |
| 12/01/2006 | 174 | Motion to Strike *Defendants' Response to Motion to strike the Affidavit of William G. Ross and to Bar His Testimony at Trial* Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr. (DeLong, Earnest) (Entered: 12/01/2006) |
| 12/04/2006 | 175 | Discovery Request for *Defendants' Request for Filing of Original Discovery* Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr. (DeLong, Earnest) (Entered: 12/04/2006) |
| 12/14/2006 | 176 | Order (Related Doc # 83, # 155, # 174) Entered On 12/14/2006. (Pugh, Rebekah) (Entered: 12/14/2006) |
| 12/14/2006 | 177 | MEMORANDUM DECISION/OPINION - Authored by Judge William Sawyer. Entered On 12/14/2006. (Pugh, Rebekah) (Entered: 12/14/2006) |
| 12/14/2006 | | Matter Under Advisement Complete (RE: related document(s) Set Matter Under Advisement Deadline). (Sawyer, William) (Entered: 12/14/2006) |
| 12/16/2006 | 178 | BNC Certificate of Service - See Image Attached - (RE: related document(s)176 Order on Motion for Jury Trial, , Order on Motion to Strike). No. of Notices: 1. Service Date 12/16/2006. (Admin.) (Entered: 12/17/2006) |

| 12/16/2006 | 🌐179 | BNC Certificate of Service - See Image Attached - (RE: related document(s)177 Opinion). No. of Notices: 1. Service Date 12/16/2006. (Admin.) (Entered: 12/17/2006) |
| 12/19/2006 | 🌐180 | Motion *in Limine and Memorandum of Law in Support Thereof* Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr. (DeLong, Earnest) (Entered: 12/19/2006) |
| 01/03/2007 | 🌐181 | Trustee's Objection to *Defendants' Motion in Limine* Filed by Brent B. Barriere on behalf of J. Lester Alexander III (RE: related document(s)180 Motion filed by Defendant Earnest H. DeLong). (Barriere, Brent) (Entered: 01/03/2007) |
| 01/11/2007 | 🌐182 | Motion *to Produce Certain Witnesses* Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr. (DeLong, Earnest) (Entered: 01/11/2007) |
| 01/12/2007 | 🌐183 | Submission of Pretrial Documents *Amended Pretrial Disclosures* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 01/12/2007) |
| 01/12/2007 | 🌐184 | Submission of Pretrial Documents *Addition to Trustee's Amended Pretrial Disclosures* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 01/12/2007) |
| 01/16/2007 | 🌐185 | Submission of Documents: *Summary of Trustee's Contentions Disclosures Pursuant to Rule 7026(a)(3) of the Federal Rules of Bankruptcy Procedure* Filed by Brent B. Barriere on behalf of J. Lester Alexander III. (Barriere, Brent) (Entered: 01/16/2007) |
| 01/17/2007 | 🌐186 | Pre-Trial Scheduling Order and Order Denying Motion In Limine (rel doc #180) Entered On 1/17/2007 (RE: related document(s)1 Complaint, filed by Plaintiff J. Lester Alexander). Trial date set for 1/30/2007 at 09:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (CBM, ) (Entered: 01/17/2007) |
| 01/17/2007 | | Motion terminated (RE: related document(s)180 Motion). Order entered Denying Motion (rel doc #186) (CBM, ) (Entered: 01/17/2007) |
| 01/17/2007 | 🌐187 | Notice of Telephone Hearing Set (RE: related document(s)182 Defendants' Motion to Produce Certain Witnesses). Hearing scheduled for 1/18/2007 at 11:30 AM at Telephone Hearing. (JPC, ) (Entered: 01/17/2007) |
| 01/18/2007 | 🌐188 | Writ of Habeas Corpus Ad Prosequendum (Roy Terry) on Entered On 1/18/2007 (RE: related document(s)182 Motion filed by Defendant Earnest H. DeLong). (RK, ) (Entered: 01/18/2007) |
| 01/18/2007 | 🌐189 | Writ of Habeas Corpus Ad Prosequendum (Rudolph Terry) on Entered On 1/18/2007 (RE: related document(s)182 Motion filed by Defendant Earnest |

|  |  | H. DeLong). (RK, ) (Entered: 01/18/2007) |
|---|---|---|
| 01/23/2007 | ◯190 | Submission of Documents: *Second Addition to Trustee's Amended Pretrial Disclosures Pursuant to Rule 7026(a)(3) of the Federal Rules of Bankruptcy Procedure* Filed by Brent B. Barriere on behalf of J. Lester Alexander III (RE: related document(s)183 Submission of Pretrial Documents filed by Plaintiff J. Lester Alexander, 184 Submission of Pretrial Documents filed by Plaintiff J. Lester Alexander). (Barriere, Brent) (Entered: 01/23/2007) |
| 01/23/2007 | ◯191 | Submission of Documents: *Trustee's Amended Contentions Pursuant to Rule 7026(a)(3) of the Federal Rules of Bankruptcy Procedure* Filed by Brent B. Barriere on behalf of J. Lester Alexander III (RE: related document(s)185 Submission of Documents filed by Plaintiff J. Lester Alexander). (Barriere, Brent) (Entered: 01/23/2007) |
| 01/24/2007 | ◯192 | Submission of Documents: *Summary of Defendants' Contentions Disclosures Pursuant to Rule 7026(a)(3) of the Federal Rules of Bankruptcy Procedure* Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr (RE: related document(s)191 Submission of Documents, filed by Plaintiff J. Lester Alexander). (Attachments: # 1 Exhibit 1) (DeLong, Earnest) (Entered: 01/24/2007) |
| 01/26/2007 | ◯193 | Submission of Documents: *Joint Stipulations* Filed by Brent B. Barriere on behalf of J. Lester Alexander III. (Barriere, Brent) (Entered: 01/26/2007) |
| 02/02/2007 | ◯194 | Order Setting Scheduling Conference Entered On 2/2/2007. Conference scheduled for 2/8/2007 at 10:00 AM at Telephone Hearing. (JPC, ) (Entered: 02/02/2007) |
| 02/04/2007 | ◯195 | BNC Certificate of Service - See Image Attached - (RE: related document(s)194 Order on Motion To Set Hearing). No. of Notices: 1. Service Date 02/04/2007. (Admin.) (Entered: 02/04/2007) |
| 02/12/2007 |  | Matter Under Advisement Re:. Matter Under Advisement Due by 3/15/2007. (Sawyer, William) (Entered: 02/12/2007) |
| 02/14/2007 | ◯196 | Scheduling Order Entered On 2/14/2007 (RE: related document(s)1 Complaint, filed by Plaintiff J. Lester Alexander). The Parties shall file their respective findings of facts and conclusions of law no later than March 15, 2007. (CBM, ) (Entered: 02/14/2007) |
| 02/27/2007 | ◯197 | Motion to Extend Time *for Filing of Proposed Findings of Fact and Proposed Conclusions of Law* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) (Entered: 02/27/2007) |
| 03/06/2007 | ◯198 | Order Granting Motion to Extend Time to File Proposed Findings of Fact and Conclusions of Law to April 2, 2007. (Related Doc # 197) Entered On 3/6/2007. (Sawyer, William) (Entered: 03/06/2007) |

| 03/09/2007 | | Matter Under Advisement Re: (RE: related document(s) Set Matter Under Advisement Deadline). Matter Under Advisement Due by 4/2/2007. (Sawyer, William) (Entered: 03/09/2007) |
|---|---|---|
| 04/02/2007 | 199 | Trustee's Proposed Findings of Fact and Conclusions of Law Filed by Brent B. Barriere on behalf of J. Lester Alexander III. (Barriere, Brent) (Entered: 04/02/2007) |
| 04/02/2007 | 200 | Proposed Findings of Fact and Conclusions of Law Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr. (DeLong, Earnest) (Entered: 04/02/2007) |
| 05/29/2007 | 201 | MEMORANDUM DECISION/OPINION - Authored by Judge William Sawyer. Entered On 5/29/2007. (Pugh, Rebekah) (Entered: 05/29/2007) |
| 05/29/2007 | 202 | Judgment Entered On 5/29/2007. (Pugh, Rebekah) (Entered: 05/29/2007) |
| 05/29/2007 | | Matter Under Advisement Re: (RE: related document(s) Set Matter Under Advisement Deadline). Matter Under Advisement Due by 6/11/2007. (Sawyer, William) (Entered: 05/29/2007) |
| 05/29/2007 | 203 | Proposed Findings of Fact and Conclusions of Law Submitted by Bankruptcy Judge William R. Sawyer to the District Court. (YP, ) (Entered: 05/29/2007) |
| 05/29/2007 | 204 | Order Directing Parties to File Any Objections to Proposed Findings of Fact and Conclusions of Law On or Before June 8, 2007. Entered On 5/29/2007 (RE: related document(s)203 Findings of Fact and Conclusions of Law)(YP, ). Modified on 5/30/2007 to add deadline to docket text (Young, Douglas). (Entered: 05/29/2007) |
| 05/29/2007 | 205 | Proposed Findings of Fact and Conclusions of Law - Authored by Judge William Sawyer. (YP, ) (Entered: 05/29/2007) |
| 05/31/2007 | 206 | BNC Certificate of Service - See Image Attached - (RE: related document(s)204 Order, ). No. of Notices: 9. Service Date 05/31/2007. (Admin.) (Entered: 06/01/2007) |
| 06/08/2007 | 207 | *Trustee's Objection to Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law Pursuant to 28 USC Sec. 157(C)(1) and Bankruptcy Rule 9033* Filed by Brent B. Barriere on behalf of J. Lester Alexander III (RE: related document(s)203 Findings of Fact and Conclusions of Law). (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Barriere, Brent) (Entered: 06/08/2007) |
| 06/08/2007 | 208 | *Request for Oral Argument on Trustee's Objection to Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law* Filed by Brent B. Barriere on behalf of J. Lester Alexander III (RE: related document(s)207 Objection, filed by Plaintiff J. Lester Alexander). (Barriere, Brent) . (Entered: |

| | | 06/08/2007) |
|---|---|---|
| 06/08/2007 | 209 | NOTED SUBMISSION ERROR - INCORRECT DOCKET EVENT - RESUBMITTED IN DE #210 - Submission of Documents: *NOTICE OF APPEAL* Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr. (DeLong, Earnest) Modified on 6/12/2007 (YP, ). (Entered: 06/08/2007) |
| 06/08/2007 | 210 | Notice of Appeal . Fee Amount $255. **RECEIPT OF FILING FEE ON 6/19/2007, RECEIPT NUMBER 6003860, FEE AMOUNT $255.00.** Filed by Charles R Bridgers on behalf of Earnest H. DeLong Jr, DeLong & Caldwell, LLC, DeLongCaldwell Logue and Wisebram, Delong, Caldwell, Novotny & Bridgers, L.L.C (RE: related document(s)201 Opinion, 202 Judgment). Appellant Designation due by 6/18/2007. Transmission of Designation Due by 6/28/2007. (YP, ) . Modified TEXT TO REFLECT PAYMENT OF FILING FEE on 6/20/2007 (LB, ). Modified receipt on 6/26/2007 (JGC, ). (Entered: 06/12/2007) |
| 06/12/2007 | 211 | Notice of Electronic Submission Error (Non-Image Entry) (RE: related document(s)209 Submission of Documents). (YP, ) (Entered: 06/12/2007) |
| 06/12/2007 | 212 | Notice */Clerk's Notice of Deficiency and Deadline to File Designation of Record* Filed by (RE: related document(s)210 Notice of Appeal, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C, Defendant Earnest H. DeLong, Defendant DeLong & Caldwell, LLC, Defendant DeLongCaldwell Logue and Wisebram). (YP, ) . Additional attachment(s) added on 6/12/2007 (YP, ). (Entered: 06/12/2007) |
| 06/12/2007 | 213 | Notice Service of Notice of Appeal. Civil Action Number: Filed by (RE: related document(s)210 Notice of Appeal, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C, Defendant Earnest H. DeLong, Defendant DeLong & Caldwell, LLC, Defendant DeLongCaldwell Logue and Wisebram). (Attachments: # 1 Instructions for appellant)(DS, ) (Entered: 06/12/2007) |
| 06/14/2007 | 214 | BNC Certificate of Service - See Image Attached - (RE: related document(s)210 Notice of Appeal, ). No. of Notices: 9. Service Date 06/14/2007. (Admin.) (Entered: 06/15/2007) |
| 06/14/2007 | 215 | BNC Certificate of Service - See Image Attached - (RE: related document(s)212 Notice, ). No. of Notices: 2. Service Date 06/14/2007. (Admin.) (Entered: 06/15/2007) |
| 06/14/2007 | 216 | BNC Certificate of Service - See Image Attached - (RE: related document(s)213 Notice Service of Notice of Appeal, ). No. of Notices: 1. Service Date 06/14/2007. (Admin.) (Entered: 06/15/2007) |
| 06/15/2007 | 217 | NOTED SUBMISSION ERROR - INCORRECT DOCKET EVENT USED - REPLACED WITH DE #218 - Submission of Documents: *Notice of* |

| | | |
|---|---|---|
| | | *Cross-Appeal* Filed by Catherine E. Lasky on behalf of J. Lester Alexander III. (Lasky, Catherine) Modified on 6/19/2007 (YP, ). (Entered: 06/15/2007) |
| 06/15/2007 | 218 | Cross Appeal . Fee Amount $255. **FEE PAID 6/20/2007, RECEIPT #B2323215, FEE AMOUNT 255.00**. Filed by Catherine E. Lasky on behalf of J. Lester Alexander III (RE: related document(s)201 Opinion, 202 Judgment, 210 Notice of Appeal, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C, Defendant Earnest H. DeLong, Defendant DeLong & Caldwell, LLC, Defendant DeLongCaldwell Logue and Wisebram). Cross-Appellant Designation due 6/25/2007. Transmission of Designation Due 7/5/2007. (YP, ) . Modified TO REFLECT FEE PAID ON 6/20/2007 (LB, ). Modified receipt on 6/26/2007 (JGC, ). (Entered: 06/18/2007) |
| 06/16/2007 | | Matter Under Advisement Complete (RE: related document(s) Set Matter Under Advisement Deadline). (Sawyer, William) (Entered: 06/16/2007) |
| 06/18/2007 | | Flags: FeeDueOTH flag(s) set (Filing Fees for 210 Notice of Appeal; 218 Cross Appeal). (YP, ) (Entered: 06/18/2007) |
| 06/18/2007 | 219 | Response to *Trustee's Objections to Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law Pursuant to 28 USC 157(C)(1) and Bankruptcy Rule 9033* Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr, DeLong & Caldwell, LLC, DeLongCaldwell Logue and Wisebram, Delong, Caldwell, Novotny & Bridgers, L.L.C (RE: related document(s)207 Submission of Documents, filed by Plaintiff J. Lester Alexander). (DeLong, Earnest) (Entered: 06/18/2007) |
| 06/19/2007 | 220 | Notice of Electronic Submission Error (Non-Image Entry) (RE: related document(s)217 Submission of Documents). (YP, ) (Entered: 06/19/2007) |
| 06/19/2007 | | Deadlines terminated - Appellant Designation Due 06/18/2007 (rel doc #210). Appellant Designation not filed. (DS, ) (Entered: 06/19/2007) |
| 06/19/2007 | 221 | Notice */Clerk's Notice of Deficiency and Deadline to File Designation of Record* Filed by (RE: related document(s)218 Cross Appeal, filed by Plaintiff J. Lester Alexander). (YP, ) (Entered: 06/19/2007) |
| 06/19/2007 | 222 | Clerk's Notice of Filing Fees Due in the Amount of $ 255 for Cross Appeal (RE: related document(s)218 Cross Appeal,221 Notice /Clerk's Notice of Deficiency and Deadline to File Designation of Record ). Filing Fee on Cross Appeal due by 6/25/2007. (YP, ) . Additional attachment(s) added on 6/19/2007 (YP, ). (Entered: 06/19/2007) |
| 06/19/2007 | 223 | Clerk's Notice of Filing Fees Due in the Amount of $ 255 for Notice of Appeal (RE: related document(s)210 Notice of Appeal,, 212 Notice/Clerk's Notice of Deficiency and Deadline to File Designation of Record ). Filing Fee on Notice of Appeal due by 6/25/2007. (YP, ) Additional attachment(s) |

| | | added on 6/19/2007 (YP, ). (Entered: 06/19/2007) |
|---|---|---|
| 06/19/2007 | 224 | Receipt of Appeal Filing Fee - $255.00 by JI. **Paid by Delong, Caldwell, Receipt Number 06003860, Amount $255.00. (admin) Modified text to reflect payment on 6/20/2007 (LB, ). (Entered: 06/20/2007)** |
| 06/20/2007 | | Deadlines terminated. **In Re: Docket Entry #210 - Notice of Appeal filing fee has been paid. Receipt Number 6003860, Amount $255.00. (LB, ) (Entered: 06/20/2007)** |
| 06/20/2007 | 225 | Payment of fee amount $255 for Clerk's Notice of Fees Due for Notice of Appeal and/or Cross Appeal Filed by Brent B. Barriere on behalf of J. Lester Alexander III (RE: related document(s)217 Submission of Documents filed by Plaintiff J. Lester Alexander). (Barriere, Brent) (Entered: 06/20/2007) |
| 06/20/2007 | 226 | Receipt of Payment on Clerk's Notice of Fees Due for Notice of Appeal and/or Cross Appeal(04-03135) [misc,mfeedue] ( 255.00) filing fee. Receipt number 2323215, amount $ 255.00. (U.S. Treasury) (Entered: 06/20/2007) |
| 06/20/2007 | | Deadlines terminated. **In Re: Docket Entries #218 & #222 - Filing Fee on Cross Appeal Paid. Receipt Number B2323215, Fee Amount $255.00, Receipt Date 6/20/2007. (LB, ) (Entered: 06/20/2007)** |
| 06/20/2007 | | Flags: FeeDueOTH; FEEDUE flag(s) removed (Filing Fees for both the Notice of Appeal and Cross Appeal have been paid). (YP, ) (Entered: 06/20/2007) |
| 06/22/2007 | 227 | Defendants' Designation of Contents for Inclusion in Record and Statement of Issues on Appeal Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr, DeLong & Caldwell, LLC, DeLongCaldwell Logue and Wisebram, Delong, Caldwell, Novotny & Bridgers, L.L.C (RE: related document(s)210 Notice of Appeal filed by Defendant Earnest H. DeLong). ( Modified to correct designation of records on 6/25/2007 (YP, ). (Entered: 06/22/2007) |
| 06/22/2007 | 228 | Submission of Documents: *Transcript Order Form* Filed by Earnest H. DeLong on behalf of Earnest H. DeLong Jr, DeLong & Caldwell, LLC, DeLongCaldwell Logue and Wisebram, Delong, Caldwell, Novotny & Bridgers, L.L.C. (DeLong, Earnest) (Entered: 06/22/2007) |
| 06/25/2007 | 229 | Transcript Of January 30th, 2007 Proceedings Filed - will be held from public until Redaction Deadlines have passed. (LB, ) (Entered: 06/25/2007) |
| 06/25/2007 | 230 | Transcript of January 31, 2007 Proceedings Filed - will be held from public until Redaction Deadlines have passed. (LB, ) (Entered: 06/25/2007) |
| 06/25/2007 | 231 | Transcript of February 1, 2007 Proceedings Filed - will be held from public |

|  |  | until Redaction Deadlines have passed. (LB, ) (Entered: 06/25/2007) |
| --- | --- | --- |
| 06/25/2007 | 232 | Transcript of February 2, 2007 Proceedings Filed - will be held from public until Redaction Deadlines have passed. (LB, ) (Entered: 06/25/2007) |
| 06/25/2007 | 233 | A transcript has been filed for the hearing held on January 30, 31, 2007, February 1, 2, 2007. Pursuant to the Judicial Conference Policy on Privacy, access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a Request for Redaction of any social security numbers, financial account data, names of minor-age children, dates of birth, and home addresses. If redaction is requested, the filing party has 21 calendar days from the date the transcript was filed to file a list of items to be redacted indicating the location of the identifiers within the transcript with the court and to provide the list to the transcriber. If no request is filed, the transcript will be made electronically available to the general public. You may view a copy of the transcript by visiting the Office of the Clerk of Court at One Church Street, Montgomery, AL or you may purchase a copy by calling the Clerk of Court at 334-954-3800.. Request for Redaction must be filed by 7/2/2007. List of Items to be Redacted must be filed by 7/16/2007. (LB, ) (Entered: 06/25/2007) |
| 06/26/2007 | 234 | **Transmittal of Proposed Findings of Fact and Conclusions of Law to U.S. District Court. (2:07-cv-00585-MEF) (emailed to District Court/Intake).** Filed by (RE: related document(s)219 Response, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C, Defendant Earnest H. DeLong, Defendant DeLong & Caldwell, LLC, Defendant DeLongCaldwell Logue and Wisebram, 204 Order,, 207 Submission of Documents, filed by Plaintiff J. Lester Alexander, 208 Submission of Documents, filed by Plaintiff J. Lester Alexander, 203 Findings of Fact and Conclusions of Law). (DS, ) Modified text and added case # on 6/26/2007 (DS, ). (Entered: 06/26/2007) |
| 06/27/2007 | 235 | BNC Certificate of Service - See Image Attached - (RE: related document(s)233 Notice of Transcript Filed, , , ). No. of Notices: 4. Service Date 06/27/2007. (Admin.) (Entered: 06/28/2007) |
| 06/28/2007 |  | Appeal Deadlines Updated (RE: related document(s)210 Notice of Appeal,, ). Transmission of Designation Due by 7/5/2007. (DS, ) Rel doc #210 Notice of Appeal and Rel doc #218 Cross Appeal will be transmitted together to District Court. (Entered: 06/28/2007) |
| 07/02/2007 | 236 | Appellee Designation of Contents for Inclusion in Record and Issues On Appeal Filed by Catherine E. Lasky on behalf of J. Lester Alexander III (RE: related document(s)218 Cross Appeal,, filed by Plaintiff J. Lester Alexander, 210 Notice of Appeal,, filed by Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C, Defendant Earnest H. DeLong, Defendant DeLong & Caldwell, LLC, Defendant DeLongCaldwell Logue and Wisebram). (Lasky, Catherine) (Entered: 07/02/2007) |