## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In Re

TERRY MANUFACTURING          In re Case No. 03-32063-WRS
COMPANY, INC.,                 Chapter 7

         Debtor.


J. LESTER ALEXANDER, III,         Adv. Pro. No. 04-3135-WRS
TRUSTEE,

         Plaintiff,

v.

DELONG, CALDWELL, NOVOTNY &
BRIDGERS, LLC; DELONG,
CALDWELL, LOGUE & WISEBRAM;
DELONG & CALDWELL, LLC; and
EARNEST H. DELONG, JR.,

         Defendants.

### DEFENDANT'S DESIGNATION OF CONTENTS FOR INCLUSION IN RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL

     The defendants herein pursuant to Bankruptcy Rule 8006, file this

Designation of Contents for Inclusion in the Record on Appeal and Statement of

Issues on Appeal:

     *The following shall be included in the record on appeal:*

     1.     Plaintiff's Complaint, dated 12/08/2004; (AP Docket #1)

2.    Motion to Transfer Venue, dated 1/10/05; (Docket #6)

3.    Memorandum of Law in Support of Motion to Transfer Venue, dated 01/10/05; (Docket #7)

4.    Defendant's Answer, dated 01/10/05; (Docket #8)

5.    Response to Defendant's Motion to Transfer Venue, dated 01/25/05; (Doc #11)

6.    Memorandum Decision, dated 02/08/05; (Docket #13)

7.    Order on Motion to Transfer Venue, dated 02/08/05; (Docket #14)

8.    Motion for Leave to File Amended Complaint, dated 03/07/05; (Docket #23)

9.    Order Granting Motion to Amend Complaint, dated 03/14/05; (Docket #24)

10.    Amended Order on Plaintiff's Motion to Amend Complaint, dated 03/18/05; (Docket # 28)

11.    Objection to Motion for Leave to File First Amended and Restated Complaint, dated 03/25/05; (Docket #30)

12.    Brief, dated 03/25/05; (Docket #31)

13.    Reply to Objection to Trustee's Motion for Leave to File First Amended and Supplemental Complaint, dated 04/11/05; (Docket #32)

14.    Memorandum Decision, dated 04/14/05; (Docket #33)

15.    Order on Motion for Leave to File First Amended and Supplemental Complaint, dated 04/14/05; (Docket #34)

2

16.  Motion to Dismiss Case or in the Alternative Transfer Venue or Abstain on State Law Claims, dated 05/16/05;  (Docket #42)

17.  Supporting Brief and Memorandum of Law of Joint Motion to Dismiss, dated 05/16/05;  (Docket #43)

18.  Amended Complaint, dated 05/27/05;  (Docket #161)

19.  Trustee's Objections to Motion to Dismiss, dated 06/15/05;  (Docket #52)

20.  Response to Trustee's Opposition to Motion to Dismiss, Transfer Venue or Abstain, dated 06/30/05;  (Docket #57)

21.  Memorandum Decision; dated 07/25/05;  (Docket #76)

22.  Order Denying Motion to Transfer, dated 07/25/05;  (Docket #77)

23.  Order Granting Motion to Amend Complaint, dated 07/25/05;  (Docket #78)

24.  Defendants' Answer to the Second Amended and Restated Complaint, dated 08/04/05;  (Docket #82)

25.  Memorandum Decision/Opinion, dated 05/29/07;  (Docket #201)

26.  Judgment, dated 05/29/07;  (Docket #202)

27.  Defendant's Notice of Appeal, dated 06/08/07;

28.  This Designation of Contents and Statement of Issues, dated 06/22/07;

29.  Trial Transcript.

***Statement of Issues:***

1.  Whether the payments which Terry Manufacturing Company made to Earnest H. DeLong were fraudulent conveyances or fraudulent transfers

3

pursuant to O.C.G.A. § 2-2-22 or O.C.G.A.§2-2-70 to 2-2-80;

2.  Whether the payments Terry Manufacturing Company made to Mr. DeLong were fraudulent conveyances pursuant to 11 U.S.C. § 548(a)(1)(B);

3.  Whether Mr. DeLong received the payments made by Terry Manufacturing in good faith and for reasonably equivalent value;

4.  Whether, if Mr. DeLong is liable to the Trustee for any amounts of payments he received from Terry Manufacturing Company, he served as a mere conduit for those portions of the payments which were made to Terry Manufacturing Company's co-Counsel, Jerry Thomas, Esq. for work Mr. Thomas performed in the defense of the Company, for which payments Mr. DeLong should not be held liable;

5.  Whether the Court improperly denied Defendant's Motion to Transfer Venue.

6.  Whether the Court improperly denied Defendant's Motion to Dismiss the Complaint.

Submitted this 22nd day of June, 2007.

s/ Charles R. Bridgers
Earnest H. DeLong, Jr.
Georgia Bar No. 217300
Michael A. Caldwell
Georgia Bar No. 102775
Charles R. Bridgers
Georgia Bar No. 080791
*Attorneys for Defendants*

DeLong, Caldwell & Bridgers, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
404/979-3150
404/979-3170 Facsimile

4

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In Re

TERRY MANUFACTURING     In re Case No. 03-32063-WRS
COMPANY, INC.,        Chapter 7

    Debtor.


J. LESTER ALEXANDER, III,    Adv. Pro. No. 04-3135-WRS
TRUSTEE,

    Plaintiff,

v.

DELONG, CALDWELL, NOVOTNY &
BRIDGERS, LLC; DELONG,
CALDWELL, LOGUE & WISEBRAM;
DELONG & CALDWELL, LLC; and
EARNEST H. DELONG, JR.,

    Defendants.

### CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2007, I electronically filed the

foregoing **Defendant's Designation of Contents for Inclusion in Record on**

**Appeal and Statement of Issues on Appeal** with the Clerk of Court by using the

CM/ECF system which will send a notice of electronic filing to the following:

   Brent B. Barrier, T.A.
   Catherine E. Lasky
   Phelps Dunbar, LLP
   One Canal Place

365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534

I further certify that I sent a copy of the foregoing by U.S. Mail, postage prepaid

to:

Jerry A. Buchanan
Buchanan & Land, LLP
Post Office Box 2848
Columbus, Georgia 31902

Submitted this 22nd day of June, 2007.

s/ Charles R. Bridgers
Earnest H. DeLong, Jr.
Georgia Bar No. 217300
Michael A. Caldwell
Georgia Bar No. 102775
Charles R. Bridgers
Georgia Bar No. 080791
*Attorneys for Defendants*

DeLong, Caldwell & Bridgers, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
404/979-3150
404/979-3170 Facsimile

6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO.  03-32063-WRS** |
| **COMPANY, INC.** | ) | |
| | ) | **CHAPTER 7** |
| **Debtor** | ) | |
| | ) | |

_____

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **CASE NO.  03-32213-WRS** |
| **TERRY UNIFORM** | ) | |
| **COMPANY, LLC,** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |

_____

| | | |
|---|---|---|
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF** | ) | |
| **TERRY MANUFACTURING** | ) | |
| **COMPANY, INC. AND** | ) | **ADVERSARY PROCEEDING** |
| **TERRY UNIFORM COMPANY, LLC** | ) | |
| | ) | **NO.  04-_____** |
| **VERSUS** | ) | |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | |
| **& BRIDGERS, L.L.C.** | ) | |

**<u>COMPLAINT</u>**

NOW INTO COURT, through undersigned counsel, comes J. Lester Alexander, III, the duly appointed and acting Chapter 7 trustee (the "Trustee") of Terry Manufacturing Company, Inc. ("Terry Manufacturing") and Terry Uniform Company, LLC, ("Terry Uniform"), and for his Complaint against Delong, Caldwell, Novotny & Bridgers L.L.C., seeking recovery of fraudulent conveyances and/or preferential payments made by Terry Manufacturing to Delong, Caldwell, Novotny & Bridgers L.L.C., respectfully represents:

I.

Pursuant to Order of this Court dated May 13, 2004, Mr. Alexander is the duly appointed and acting Trustee of Terry Manufacturing and Terry Uniform.

II.

Delong, Caldwell, Novotny & Bridgers L.L.C.(hereinafter the "Firm") purports to be a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business in the City of Atlanta, State of Georgia.

III.

This action is a core proceeding within the meaning of 28 U.S.C. § 157(b).  It falls under this Court's jurisdiction pursuant to 28 U.S.C. § 1334 and the standard order of reference of core proceedings to this Court by the United States District Court for the Middle District of Alabama.

IV.

Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## **INTRODUCTION**

V.

This is an action seeking recovery of approximately $352,718.44 which, upon information and belief, was paid by Terry Manufacturing to the Firm during the period commencing July 19, 2001 and ending July 7, 2003.  During that period, Terry Manufacturing made multiple payments to the Firm.  Upon information and belief, all or a substantial portion of the payments were in consideration of legal services rendered by the Firm to Roy and Rudolph Terry, individually, or to other entities controlled by them.

VI.

The Trustee has repeatedly requested that the Firm produce written evidence that it provided any legal services to Terry Manufacturing.  The Firm has refused to do so.

**<u>GROUNDS FOR RELIEF</u>**

VII.

Terry Manufacturing filed a Voluntary Petition for Reorganization under Chapter 11 of the United States Bankruptcy Code on July 7, 2003.  Mr. Alexander was appointed as its Chapter 11 Trustee on July 11, 2003.  Terry Uniform filed a voluntary Chapter 11 petition on July 22, 2003.

VIII.

Upon information and belief, Terry Manufacturing made the following payments to the Firm:

| | | | |
|---|---|---|---|
| 7/19/2001 | $15,800.00 | 8/22/2001 | $3,418.44 |
| 8/24/2001 | $7,000.00 | 9/25/2001 | $6,000.00 |
| 10/12/2001 | $15,000.00 | 11/7/2001 | $15,000.00 |
| 11/21/2001 | $25,000.00 | 1/1/2002 | $10,500.00 |

| | | | |
|---|---|---|---|
| 2/7/2002 | $10,000.00 | 3/5/2002 | $12,000.00 |
| 4/8/2002 | $15,000.00 | 5/15/2002 | $15,000.00 |
| 6/19/2002 | $15,000.00 | 7/17/2002 | $20,000.00 |
| 8/31/2002 | $20,000.00 | 10/8/2002 | $20,000.00 |
| 11/7/2002 | $15,000.00 | 12/3/2002 | $15,000.00 |
| 12/28/2002 | $13,000.00 | 1/21/2003 | $15,000.00 |
| 2/7/2003 | $15,000.00 | 3/27/2003 | $10,000.00 |
| 4/5/2003 | $10,000.00 | 5/23/2003 | $15,000.00 |
| 6/4/2003 | $10,000.00 | 6/12/2003 | $10,000.00 |

IX.

On July 30, 2004, Special Litigation Counsel for the Trustee sent a letter to the Firm requesting any records related to the Firm's representation of Terry Manufacturing. A copy of that letter is attached hereto as Exhibit "A". Counsel never received an answer to that letter.

X.

Special Litigation Counsel sent another letter to the Firm reiterating the Trustee's request for information related to the Firm's purported representation of Terry Manufacturing on October 12, 2004. A copy of that letter is attached hereto as Exhibit "B". The Firm responded to that letter on November 1, 2004 and agreed to forward the requested information to the Trustee "within the next few days." A copy of that letter is attached hereto as Exhibit "C".

XI.

-4-

On November 22, 2004, after failing to receive any materials from the Firm, Special Litigation Counsel sent another letter to the Firm informing the Firm that the Trustee would file suit against the Firm if the information was not received by November 30, 2004. A copy of that letter is attached hereto as Exhibit "D". To this date, neither the Trustee nor Special Litigation Counsel has received any documents, files or information regarding the alleged representation of Terry Manufacturing from the Firm other than a one page letter in which the Firm asserts that it has acted as counsel for Terry Manufacturing, its officers, directors and shareholders.

## XII.

Upon information and belief, the Firm represented Rudolph Terry and Terry Manufacturing in civil litigation in which the plaintiff asserted that Rudolph Terry participated in a factoring fraud scheme. In view of the Firm's refusal to provide time and billing records to the Trustee, he is unable to determine what portion, if any, of the fees paid by Terry Manufacturing are in consideration of legal services provided to Terry Manufacturing rather than Rudolph Terry.

## XIII.

Further upon information and belief, Rudolph Terry was convicted of criminal charges arising from the same factoring fraud scheme. Following conviction, Terry was sentenced to incarceration in federal prison in Montgomery, Alabama.

## XIV.

At the time of the payments by Terry Manufacturing to the Firm, Terry Manufacturing did not have adequate assets to finance the business that had been conducted, or anticipated it would conduct. At all times, Terry Manufacturing had unreasonably small capital.

XV.

At the time of the payments to the Firm, Terry Manufacturing was insolvent in that the fair value of its assets was less than the amount of its liabilities.

XVI.

Terry Manufacturing received no value for its payments to the Firm. Upon information and belief, all payments made by Terry Manufacturing to the Firm were in consideration for legal services performed for Rudolph Terry, Roy Terry or other entities controlled by them. In the alternative, the Firm provided some legal services to Terry Manufacturing in addition to those services it provided to Rudolph Terry, Roy Terry or other entities controlled by them, but the value of the services provided to Terry Manufacturing was substantially less than the sum of payments to the Firm.

## COUNT ONE

**FOR FRAUDULENT CONVEYANCES PURSUANT
TO THE ALABAMA FRAUDULENT TRANSFER ACT,
ALABAMA CODE 1975, TITLE 8, CHAPTER 9A
AND THE GEORGIA FRAUDULENT TRANSFER ACT,
GEORGIA CODE, TITLE 18, CHAPTER 2, ARTICLE 4**

XVII.

Trustee incorporates by reference paragraphs I through XVI above, as if fully set forth herein.

XVIII.

Pursuant to 11 U.S.C. § 544(b), the Trustee enjoys the rights and powers of an unsecured creditor. Included among these is the right to assert any claims, demands or causes of action an unsecured creditor would enjoy under the Bankruptcy Code or state law.

### XIX.

The payments made by Terry Manufacturing to the Firm constitute fraudulent transfers within the meaning of the Alabama and Georgia Fraudulent Transfer Acts. Terry Manufacturing received either no value for the transfers or substantially less value than the amount of the payments to the Firm. All of the transfers were made at a time when Terry Manufacturing had unreasonably small assets in relation to its business and was unable to pay its debts as they became due. Also, the payments occurred at a time when Terry Manufacturing was insolvent.

### XX.

Terry Manufacturing either received no value for its payments to the Firm, or received value which was not reasonably equivalent to the payments.

### XXI.

The Trustee is entitled to judgment against the Firm avoiding the payments made by Terry Manufacturing to the Firm. At this time, the Trustee believes those payments to total $352,718.44, but reserves the right to amend his complaint should discovery reveal payments by Terry Manufacturing to the Firm in a different amount.

### **COUNT TWO**

### **AVOIDANCE OF FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. § 548**

### XXII.

The Trustee incorporates by reference paragraphs I through XXI above, as if fully set forth herein.

### XXIII.

The payments by Terry Manufacturing to the Firm constitute fraudulent transfers and obligations within the meaning of 11 U.S.C. § 548. Terry Manufacturing did not receive reasonably equivalent value

for the payments, and the payments were made at a time when Terry Manufacturing had unreasonably small capital within the meaning of 11 U.S.C. § 548(a)(B)(2). All or certain of the payments occurred at a time when Terry Manufacturing was insolvent.

## COUNT THREE

## AVOIDANCE OF PREFERENCES PURSUANT TO 11 U.S.C. § 547

### XXIV.

The Trustee incorporates by reference paragraphs I through XXIII above, as if fully set forth herein.

### XXV.

To the extent Terry Manufacturing received any value for the payments to the Firm (which is specifically denied by the Trustee) the payments made during the one year prior to the filing of Terry Manufacturing's Chapter 11 petition are still avoidable as preferences. The payments were on account of an antecedent debt and permitted the Firm to receive substantially more property than it would have received in a case under Chapter 7.

### XXVI.

All of the payments made within one (1) year of the filing of the petition are subject to avoidance. Rudolph Terry, Roy Terry and/or other entities controlled by them are insiders within the meaning of 11

U.S.C. § 101(31), and as the payments were for their benefit, the Firm should also be deemed to be an insider.

WHEREFORE, after due proceedings had, J. Lester Alexander, III, the duly acting and appointed Trustee of Terry Manufacturing and Terry Uniform respectfully requests that there be judgment in his favor and against Delong, Caldwell, Novotny & Bridgers L.L.C. in the amount of $352,718.44 or such other amount as discovery may reveal to be paid by Terry Manufacturing to the

Firm, together with attorneys fees, interest, costs and such other relief as to which he may be entitled.

Respectfully submitted this 8th day of December, 2004.

Respectfully submitted,

By:     /s/   Brent B. Barriere
        Brent B. Barriere, T.A.  (La. Bar No. 2818)
        David L. Patrón (La. Bar No. 22566)
        Katherine M. Determan (La. Bar No. 25381)
        Catherine E. Lasky (La. Bar No. 28652)
        **PHELPS DUNBAR LLP**
        One Canal Place
        365 Canal Street • Suite 2000
        New Orleans, Louisiana  70130-6534
        Telephone:  (504) 566-1311
        Facsimile:  (504) 568-9130

        **ATTORNEYS FOR J. LESTER ALEXANDER, III, TRUSTEE**

# PHELPS DUNBAR LLP
### — COUNSELORS AT LAW —

New Orleans, LA

Baton Rouge, LA

Houston, TX

London, England

Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana  70130-6534
(504) 566-1311
Fax (504) 568-9130

Jackson, MS

Tupelo, MS

Gulfport, MS

Tampa, FL

BRENT B. BARRIERE
Partner
New Orleans Office
Admitted in Louisiana and Texas
(504) 584-9210
barriereb@phelps.com

www.phelpsdunbar.com

July 30, 2004

20745-1

Mr. Earnest H. DeLong, Jr.
DeLong, Caldwell, Novotny & Bridgers LLC
Centennial Tower, Suite 3100
101 Marietta Street N.W.
Atlanta, GA 30303

Re:    Terry Manufacturing, Inc. and Terry Uniform, LLC

Dear Mr. DeLong:

I am writing to you on behalf of J. Lester Alexander, the duly-appointed and acting Trustee of Terry Manufacturing, Inc. and Terry Uniform LLC.  My firm and I have been engaged as Special Litigation Counsel by Mr. Alexander.

A review of the books and records of Terry Manufacturing and Terry Uniform uncovered numerous references to services you may have provided to Terry Manufacturing and its principals on behalf of Mr. Alexander.  We request that you provide the following information:

•    All bills, invoices or other forms of statements issued to Terry Manufacturing or Terry Uniform from July 7, 1999 through July 7, 2003;

•    Any engagement letters between your firm and Terry Manufacturing or Terry Uniform;

•    Any payments made to your firm by Terry Manufacturing or Terry Uniform;

•    Please also advise of any files that you maintain pertaining to Terry Manufacturing or Terry Uniform.

Your prompt response to this request is greatly appreciated.  If you have any questions, please contact me.

NO:99471070.1

EXHIBIT

A

Mr. Earnest H. DeLong, Jr.
July 30, 2004
Page 2

With kindest personal regards, I am

Sincerely yours,

Brent B. Barriere

BBB/dob
cc:    J. Lester Alexander

NO:99471070.1



# PHELPS DUNBAR LLP
### COUNSELORS AT LAW

New Orleans, LA

Baton Rouge, LA

Houston, TX

London, England

Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana  70130-6534
(504) 566-1311
Fax (504) 568-9130

Jackson, MS

Tupelo, MS

Gulfport, MS

Tampa, FL

BRENT B. BARRIERE
Partner
New Orleans Office
Admitted in Louisiana and Texas
(504) 584-9210
barrierb@phelps.com

www.phelpsdunbar.com

October 12, 2004

20745-1

**VIA FACSIMILE AND U.S. MAIL**

Mr. Earnest H. DeLong, Jr.
DeLong, Caldwell, Novotny & Bridgers LLC
Centennial Tower, Suite 3100
101 Marietta Street N.W.
Atlanta, GA 30303

  Re: Terry Manufacturing, Inc. and Terry Uniform, LLC

Dear Mr. DeLong:

  On July 30, 2004, I sent you a letter on behalf of J. Lester Alexander, the duly-appointed and acting Trustee of Terry Manufacturing, Inc. and Terry Uniform LLC, requesting the following information:

- All bills, invoices or other forms of statements issued to Terry Manufacturing or Terry Uniform from July 7, 1999 through July 7, 2003;

- Any engagement letters between your firm and Terry Manufacturing or Terry Uniform;

- Any payments made to your firm by Terry Manufacturing or Terry Uniform;

- Please also advise of any files that you maintain pertaining to Terry Manufacturing or Terry Uniform.

  I have not yet received a response to that letter.  If Terry Manufacturing and/or Terry Uniform were in fact clients of your firm, the information requested belongs to Terry Manufacturing and/or Terry Uniform and the Trustee is entitled to receive these documents promptly.  If we do not receive those documents we will assume neither Terry Manufacturing nor Terry Uniform were clients of your firm.

NO:99483365.1



EXHIBIT

*B*

Mr. Earnest H. DeLong, Jr.
October 12, 2004
Page 2

With kindest personal regards, I am

Sincerely yours,

Brent B. Barriere

BBB/dob

cc:     J. Lester Alexander (via fascimile)

NO:99483365.1

# DeLong, Caldwell, Novotny & Bridgers, L.L.C.
### Attorneys At Law

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303

404/979-3150
FAX 404/979-3170

arnest H. DeLong

Direct Dial: 404/979-3155

November 1, 2004

Brent B. Barriere
Phelps Dunbar LLP
Canal Place
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

Re:     Terry Manufacturing Company, Inc.

Dear Mr. Barriere:

While I have no doubt that you wrote me on July 30, 2004 requesting certain information, the first contact that I received from you was your letter dated October 12, 2004. As you know, I, along with Jerry Thomas, represented Terry Manufacturing Company in the litigation brought by Commercial Factors of Atlanta, Inc. The case has been concluded, and the file has been closed. Within the next few days I will attempt to identify the records that I have that are responsive to your request and will forward them to you.

Sincerely,

Woody DeLong

Earnest H. DeLong

EXHIBIT

C

# PHELPS DUNBAR LLP
### — COUNSELORS AT LAW —

New Orleans, LA

Baton Rouge, LA

Houston, TX

London, England

Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana  70130-6534
(504) 566-1311
Fax (504) 568-9130

Jackson, MS

Tupelo, MS

Gulfport, MS

Tampa, FL

BRENT B. BARRIERE
Partner
New Orleans Office
Admitted in Louisiana and Texas
(504) 584-9210
barrierb@phelps.com

www.phelpsdunbar.com

November 22, 2004

20745-1

**VIA FACSIMILE**

Mr. Earnest H. DeLong, Jr.
DeLong, Caldwell, Novotny & Bridgers LLC
Centennial Tower, Suite 3100
101 Marietta Street N.W.
Atlanta, GA 30303

     Re:   Terry Manufacturing, Inc. and Terry Uniform, LLC

Dear Mr. DeLong:

     In your letter dated November 1, 2004, you wrote that you would identify and forward the files from your firm's representation of Terry Manufacturing Company within the next few days. I still have not received those materials. Please send those files to me by 5:00 p.m. CST on November 30, 2004, or we will institute litigation against your firm.

     With kindest personal regards, I am

                  Sincerely yours,

                  Brent B. Barriere

BBB/dob
cc:   J. Lester Alexander

NO:99497231.1


EXHIBIT
D

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

FILED

JAN 1 0 2005

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO. 03-32063-WRS** |
| **COMPANY, INC.** | ) | |
| | ) | **CHAPTER 7** |
| Debtor | ) | |
| | ) | |
| | | |
| IN RE: | ) | |
| | ) | **CASE NO. 03-32213-WRS** |
| **TERRY UNIFORM** | ) | |
| **COMPANY, LLC** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |
| | | |
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF** | ) | |
| **TERRY MANUFACTURING** | ) | |
| **COMPANY, INC. AND** | ) | **ADVERSARY PROCEEDING** |
| **TERRY UNIFORM COMPANY, LLC** | ) | |
| | ) | **NO. 04-03135** |
| **VERSUS** | ) | |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | |
| **& BRIDGERS, L.L.C.** | ) | |

### MOTION OF RESPONDENT TO TRANSFER VENUE

**COMES NOW** DELONG, CALDWELL, NOVOTNY & BRIDGERS, LLC, Respondent in the within matter, by and through undersigned counsel, and pursuant to 11 U.S.C. 1412 and Bankruptcy Rule 7087 move the Court to transfer this adversary proceeding to the United States Bankruptcy Court for the Northern District of Georgia.

In support of this Motion, Respondent relies upon its Memorandum of Law filed contemporaneously herewith.

Respectfully submitted this _____ day of January, 2005.

Robert F. Northcutt

**Of Counsel**

Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing MOTION OF DEFENDANTS TO TRANSFER

VENUE on the individuals listed below by depositing a copy of same in the United States Mail,

proper postage affixed:

> Brent B. Barriere, T.A.
> Phelps Dunbar LLP
> One Canal Place
> 365 Canal Street
> Suite 2000
> New Orleans, Louisiana 70130-6534

Respectfully submitted this _____ day of January, 2005.


_____

Robert F. Northcutt

**Of Counsel**

Capell & Howard
P.O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

FILED

JAN 1 0 2005

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING | ) | CASE NO. 03-32063-WRS |
| COMPANY, INC. | ) | |
| | ) | CHAPTER 7 |
| Debtor | ) | |
| | ) | |
| | | |
| IN RE: | ) | |
| | ) | CASE NO. 03-32213-WRS |
| TERRY UNIFORM | ) | |
| COMPANY, LLC | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | | |
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF | ) | |
| TERRY MANUFACTURING | ) | |
| COMPANY, INC. AND | ) | ADVERSARY PROCEEDING |
| TERRY UNIFORM COMPANY, LLC | ) | |
| | ) | NO. 04-03135 |
| VERSUS | ) | |
| | ) | |
| DELONG, CALDWELL, NOVOTNY, | ) | |
| & BRIDGERS, L.L.C. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RESPONDENT**

**TO TRANSFER VENUE**

**Statement of Case**

Debtor, Terry Manufacturing Company, Inc. ("Terry Manufacturing") filed a voluntary

Chapter 11 case in this Court on July 7, 2003. Plaintiff-Trustee was appointed Trustee on July 11,

2003. The case was subsequently converted to a case under Chapter 7.

This adversary proceeding was instituted by the Plaintiff-Trustee on or about December 10,

2004. Plaintiff-Trustee seeks recovery of $352,718.44.00 from Respondent, DeLong, Caldwell,

Novotny & Bridgers, LLC ("DCNB"), alleging that Terry Manufacturing made a fraudulent conveyance to DCNB under 11 U.S.C. 548 and under the Alabama and Georgia fraudulent conveyance statutes.

The transfers were made by Terry Manufacturing to pay legal fees incurred by Terry Manufacturing in the defense of a civil case brought in the Superior Court of Gwinnett County, Georgia, styled Commercial Factors of Atlanta, Inc. v. Terry Manufacturing Company, Inc., Floodgates, Ltd., and Jon L. Pouncey. The litigation pertained solely to issues associated with the operation of Terry Manufacturing Company in the State of Georgia. The legal services that were provided to Terry Manufacturing Company were reasonable, necessary and within keeping of the scope of the litigation that the Company was forced to defend. The work was performed in Georgia. The fees were charged in Georgia, to a Georgia entity. The fee payments were made in Georgia by a Georgia entity. The fees charged to Terry Manufacturing were within and below the prevailing market rate for such litigation conducted in the Atlanta, Georgia area.

As shown more specifically below, DCNB is located in Atlanta, Georgia. Moreover, all witnesses and documents regarding the transfer and the services provided are located in Atlanta, Georgia. The transfer took place in Atlanta, Georgia. Thus, DCNB respectfully requests that the court transfer this adversary proceeding to the Northern District of Georgia.

An Answer has been filed by DCNB.

## Argument and Citation of Authority

Bankruptcy Rule 7087 provides in pertinent part:

"On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. 1412, except as provided in Rule 7019(2)."

28 U.S.C. ' 1412, entitled AChange of Venue, provides:

"A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

28 U.S.C. 1409(c) provides in pertinent part:

". . . . a trustee . . . . may commence a proceeding . . . . in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor . . . . may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced."

The preponderance of the evidence supports the transfer of venue to the Northern District of Georgia (Atlanta Division). See <u>McLemore v. Thomasson (In re Thomasson)</u>, 60 B.R. 629, 632 (Bankr. M.D. Tenn. 1986); see generally <u>Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.)</u>, 896 F.2d 1384, 1390 (2nd Cir. 1990); <u>In re Harnischfeger Ind., Inc.</u>, 246 B.R. 421, 435 (Bankr. N.D. Ala. 2000). The decision to grant or deny a motion to transfer venue in a core proceeding is within the sound discretion of the court and should be analyzed on a case-by-case basis taking into consideration convenience and fairness to the parties. See <u>Gulf States</u>, 396 F.2d at 1391; <u>Harnischfeger</u>, 246 B.R. at 435.

Factors which the Court can consider are: 1) plaintiff's choice of forum; 2) defendant's preference of forum; 3) whether the claim arose elsewhere; 4) the location of the physical evidence; 5) convenience and relative means of the parties; 6) convenience of the witnesses; 7) availability of the of process to compel the attendance of witnesses; 8) expense of obtaining witnesses; 9) the enforceability of the judgment; 10) ability to receive a fair trial; 11) the relative familiarity of the court with the applicable law; 12) practical considerations that could make the trial easy, expeditious, or inexpensive; 13) the local interest in deciding local controversies at home; 14) public policies of

the fora; 15) economies of estate administration; and 16) the interests of justice. See Official Committee of Asbestos Claimants of G-I Holdings, Inc. v. Heyman, 306 B.R. 746, 749-750 (S.D.N.Y. 2004); Harnishchfeger, 246 B.R. at 435- 437; Larami Ltd. v. Yes! Entertainment Corp., 244 B.R. 56, 61 (D. N.J. 2000); Continental Airlines, Inc. v. Chrysler (In the Matter of Continental Airlines, Inc.), 133 B.R. 585, 587-588 (Bankr. D. Del. 1991).

In applying such factors, the court in Thomasson, granted the motion to transfer venue. Thomasson, 60 B.R. at 632. The debtor had brought an adversary proceeding to determine the dischargeability of certain debts, arising from R.I.C.O. claims made against the debtor in the Northern District of Illinois. See id. at 630. The creditors moved to transfer venue of the adversary proceeding from the Middle District of Tennessee to the Northern District of Illinois. See id. at 629. The bankruptcy court granted the motion because the underlying litigation that gave rise to the claim, the transactions, and the witnesses were all within the state of Illinois. See id. at 632. The court stated that the retention of the case in the Middle District of Tennessee would cause a hardship to the real parties in interest, the witnesses, and to the trustee. See id. Further, there would be additional delay if the case were retained, due to the distance of the witnesses and the evidence. See id.

The court in Jahraus v. Armburst (In re Armburst), 274 B.R. 461 (W.D. Ky. 2001), upheld the bankruptcy court's order to transfer the venue of an adversary proceeding, under 28 U.S.C. 1412, due to the circumstances of that case. Jahraus, 274 B.R. at 464. In Jaharus, the debtors moved to Kentucky from North Dakota and shortly thereafter filed for bankruptcy protection. Id. The creditors, Mr. & Mrs. Jahraus, lived in North Dakota and initiated an adversary proceeding against the debtors in Western District of Kentucky Bankruptcy Court. Id. at 463-464. The Jahrauses moved to transfer the venue of the adversary proceeding to the District of North Dakota. Id. The bankruptcy court granted the motion and the debtors appealed. Id. The factors the district court addressed in

upholding the bankruptcy court's order included: 1) the plaintiffs/creditors were located in North Dakota; 2) the witnesses relevant to the plaintiffs/creditors' claims were located in North Dakota; 3) the actions which formed the basis for the adversary proceeding occurred in North Dakota; 4) the debtors lived in North Dakota until a short time before they filed bankruptcy; 5) the subject matter of the adversary proceeding to a certain extent had been previously litigated in the state court located in North Dakota. Id. at 464. The district court held that the factors weighed in favor of the transfer. Id. Therefore, the district court held that the bankruptcy court correctly applied 28 U.S.C. 1412 to the undisputed facts of the case. See id.; see also Greene v. Creative Equity Corp. (In re Hoffman Advertising Group), 62 B.R. 823 (Bankr. S.D.N.Y. 1986)(trustee pursued a group of clients of the debtor's for payment of outstanding accounts receivable in an action for turnover; defendants/clients moved for transfer of venue; court granted the request because all of the defendants resided in Colorado, the advertising materials which were created in New York were created specifically for use in Colorado, a majority of the potential witnesses resided in Colorado, as well as much of the evidence was located in Colorado); Wander v. Steinhardt Partners (In re Sheridan Associates), 20 B.R. 759, 765-766 (Bankr. N.D. Ill. 1982)(in an action to recover an alleged preferential transfer, the court applied 28 U.S.C. 1475, the predecessor to 28 U.S.C. 1412, using a personal jurisdiction-like inquiry into the defendant's contacts with the forum; the court found that the defendant lacked minimum contacts; thus a venue transfer was appropriate; "the absence of 'minimum contacts' and the related factors are of sufficient weight to tip the scale in favor of Movant and necessitate transfer of the adversary proceeding from the Plaintiff's chosen forum").

Applying the appropriate factors to the issue before the Court, the result favors venue transfer. The claim between Respondent and Terry Manufacturing arose in the metropolitan Atlanta area. In fact, all of the contacts between Respondent and Terry Manufacturing occurred in the

metropolitan Atlanta area. The only contact with the Middle District of Alabama is that the bankruptcy was filed in that District. All of the witnesses live or are present within the Northern District of Georgia. Thus, all witnesses are beyond the subpoena power of the Middle District of Alabama. Therefore, the Court does not have the power to compel any of the witnesses to attend proceedings in the Middle District of Alabama. Even if the Court could compel the witnesses' appearances, the distance would only add to the expenses for both parties. Further, the evidence is located in the Northern District of Georgia.

Finally, because Defendant, which is a resident of Georgia, has been sued in the Middle District of Alabama, it will necessarily incur substantial travel and local counsel expenses associated with defending in this Court rather than in a bankruptcy court located in the Atlanta area. Conversely, Defendant notes that counsel for Plaintiff-Trustee practice in Louisiana. Accordingly, it is just as convenient for them to travel to Atlanta as it is for them to travel to Montgomery. Moreover, it consumes much less time (and therefore less cost to the estate) to travel to Atlanta from New Orleans. Thus, a transfer of venue will effect an economy of the estate administration and resources. In sum, an analysis and a balancing of the factors which the case law indicates are relevant weigh in favor of a transfer of venue.

WHEREFORE, Respondent respectfully requests that this Court GRANT Respondent's Motion to Transfer Venue and transfer this case to the Northern District of Georgia (Atlanta Division).

Respectfully submitted this _____ day of January, 2005.

Robert F. Northcutt

**Of Counsel**

Capell & Howard
P.O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Memorandum of Law in Support of Motion of Respondent to Transfer Venue on the individuals listed below by depositing a copy of same in the United States Mail, proper postage affixed:

> Brent B. Barriere, T.A.
> Phelps Dunbar LLP
> One Canal Place
> 365 Canal Street
> Suite 2000
> New Orleans, Louisiana 70130-6534

Respectfully submitted this _____ day of January, 2005.

Robert F. Northcutt

**Of Counsel**

Capell & Howard
P.O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

FILED

JAN 10 2005

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO. 03-32063-WRS** |
| **COMPANY, INC.** | ) | |
| | ) | **CHAPTER 7** |
| Debtor | ) | |
| | ) | |
| | | |
| IN RE: | ) | |
| | ) | **CASE NO. 03-32213-WRS** |
| **TERRY UNIFORM** | ) | |
| **COMPANY, LLC** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |
| | | |
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF** | ) | |
| **TERRY MANUFACTURING** | ) | |
| **COMPANY, INC. AND** | ) | **ADVERSARY PROCEEDING** |
| **TERRY UNIFORM COMPANY, LLC** | ) | |
| | ) | **NO. 04-03135** |
| **VERSUS** | ) | |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | |
| **& BRIDGERS, L.L.C.** | ) | |

## ANSWER

Comes now DeLong, Caldwell, Novotny & Bridgers, L.L.C. by and through its counsel and responds to the allegations of Plaintiff's Complaint as follows:

### DEMAND FOR JURY TRIAL

Respondent demands a trial by jury.

### FIRST DEFENSE

For its First Defense Respondent shows that the Complaint fails to state a claim against Respondent upon which the relief sought, or any part thereof, may be based.

## SECOND DEFENSE

For its Second Defense Respondent answers the claims asserted in Count One of the Complaint by showing that all of the subject transactions occurred within the State of Georgia and therefore the Alabama Fraudulent Transfer Act does not apply.

## THIRD DEFENSE

For its Third Defense Respondent asserts the defense provided for in 11 U.S.C. 550 (c) as answer to the allegations contained in Count Three of the Complaint, inasmuch as Respondent is not an insider.

## FOURTH DEFENSE

For its Fourth Defense, Respondent shows that value was rendered in exchange for the sums paid by Terry Manufacturing Company.

## FIFTH DEFENSE

For its Fifth Defense, Respondent shows that the Court lacks jurisdiction over the person of this Defendant.

## SIXTH DEFENSE

For its Sixth Defense, Respondent shows that venue in this matter is not properly laid in this Court.

## SEVENTH DEFENSE

For its Seventh Defense, Respondent answers the allegations of the Complaint as follows:

1.

Respondent is without knowledge or information sufficient to enable it to either admit or deny the allegations contained in Paragraph I.

2.

Answering the allegations contained in Paragraph II, Respondent does not "purport" anything. Respondent is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business in Atlanta, Fulton County, Georgia.

3.

Responding to the allegations of Paragraph III, Respondent admits that this action is a core proceeding within the meaning of 28 U.S.C. 157(b). The remaining allegations of the said Paragraph are denied.

4.

The allegations contained in Paragraph IV are denied.

5.

Answering the allegations contained in Paragraph V Respondent shows no response is required concerning the nature of this action. The remaining allegations of the said Paragraph are denied.

6.

The allegations contained in Paragraph VI are denied.

7.

Respondent is without knowledge or information sufficient to enable it to respond to the allegations contained in Paragraph VII of the Complaint.

8.

Respondent is without knowledge or information sufficient to enable it to respond to the allegations contained in Paragraph VIII of the Complaint.

9.

The allegations contained in Paragraph IX are denied.

10.

Answering the allegations of Paragraph X Respondent admits that counsel for Plaintiff sent the letter attached to the Complaint as Exhibit "B". Further, Respondent admits that the letter attached to the Complaint as Exhibit "C" was sent. Both letter speak for themselves, and no further answer to the allegations of the said Paragraph is required of Respondent.

11.

Answering the allegations of Paragraph XI Respondent admits that counsel for Plaintiff sent the letter attached to the Complaint as Exhibit "D". The remaining allegations of the said Paragraph are denied.

12.

The allegations contained in Paragraph XII are denied.

13.

The allegations contained in Paragraph XIII are admitted.

14.

The allegations contained in Paragraph XIV are denied.

15.

The allegations contained in Paragraph XV are denied.

16.

The allegations contained in Paragraph XVI are denied.

17.

For its answer to the allegations contained in Paragraph XVII Respondent reasserts its

answers to Paragraphs I through XVI as though each was fully set forth herein.

18.

Respondent is without knowledge or information sufficient to enable it to respond to the allegations contained in Paragraph XVIII of the Complaint.

19.

The allegations contained in Paragraph XIX are denied.

20.

The allegations contained in Paragraph XX are denied.

21.

The allegations contained in Paragraph XXI are denied.

22.

For its answer to the allegations contained in Paragraph XXII Respondent reasserts its answers to Paragraphs I through XXI as though each was fully set forth herein.

23.

The allegations contained in Paragraph XXIII are denied.

24.

For its answer to the allegations contained in Paragraph XXIV Respondent reasserts its answers to Paragraphs I through XXIII as though each was fully set forth herein.

25.

The allegations contained in Paragraph XXV are denied.

26.

The allegations contained in Paragraph XXVI are denied.

WHEREFORE, having fully responded to the allegations contained in the Complaint, Respondent prays that it be discharged with the costs of this proceeding cast upon Plaintiff.

Respectfully submitted,

Robert F. Northcutt

**Of Counsel**
Capell & Howard
P.O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

## **CERTIFICATE OF SERVICE**

I certify that I have this date served opposing counsel with a copy of the foregoing Answer by depositing a copy of same in the U.S. Mail with adequate postage affixed thereto and addressed as follows:

> Brent B. Barrier
> Phelps Dunbar LLP
> One Canal Place
> 365 Canal Street
> Suite 2000
> New Orleans, Louisiana 70130-6534

This _____ day of January, 2005.

Robert F. Northcutt

**Of Counsel**
Capell & Howard
P.O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING | ) | CASE NO.  03-32063-WRS |
| COMPANY, INC. | ) | |
| | ) | CHAPTER 7 |
| Debtor | ) | |
| | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.  03-32213-WRS |
| TERRY UNIFORM | ) | |
| COMPANY, LLC, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF | ) | |
| TERRY MANUFACTURING | ) | |
| COMPANY, INC. AND | ) | ADVERSARY PROCEEDING |
| TERRY UNIFORM COMPANY, LLC | ) | |
| | ) | NO.  04-3135 |
| VERSUS | ) | |
| | ) | |
| DELONG, CALDWELL, NOVOTNY, | ) | |
| & BRIDGERS, L.L.C. | | |

## TRUSTEE'S OPPOSITION TO DEFENDANTS'
## MOTION TO TRANSFER VENUE

Defendant DeLong, Caldwell, Novotny, & Bridgers, L.L.C. (the "Defendant") has requested

that venue of this straightforward fraudulent conveyance action be transferred to the Northern

District of Georgia.  This adversary proceeding is one of thirty adversary proceedings filed by the

Trustee in this Court; the underlying Chapter 7 proceedings are also pending before this Court.  The

NO:99508046.1

Defendant must meet a "heavy burden of proof"[1] to overcome "the strong presumption in favor of maintaining venue [of an adversary proceeding] where the bankruptcy proceeding is pending."[2] The Defendant's unsubstantiated claims that unidentified documents are located in Atlanta, that unidentified witnesses are only subject to subpoena there and that the Defendant is faced with increased costs which should properly be borne by the estate, fall well short of satisfying its heavy burden of proof. The Defendant's motion should be denied.

## I. INTRODUCTION

In this adversary proceeding, the Trustee seeks to recover $352,718.44 paid by Terry Manufacturing to the Defendant. The Trustee has alleged that the payments were for fees and expenses incurred in the representation of Rudolph Terry, a former senior officer and shareholder of Terry Manufacturing, in a civil lawsuit arising out of a factoring fraud scheme and styled *Commercial Factors of Atlanta, Inc. v. Terry Manufacturing Company, Inc., et al,* Case No. 99-A-10650-5, pending in Gwinnett Judicial Circuit Superior Court in Gwinnett County, Georgia. Both Rudolph Terry and Terry Manufacturing are named parties in that action.

The Defendant has refused to produce its relevant files and billing records despite repeated requests by the Trustee. Accordingly, at this time the Trustee is unable to determine whether any portion of the fees and expenses charged by the Defendant involved the representation of Terry Manufacturing. The Trustee is aware that Rudolph Terry was convicted in a federal prosecution arising out of the same transactions that were at issue in *Commercial Factors* civil litigation.

This is not a complicated case; it will involve minimal discovery. It is one of thirty adversary

---

[1]    *See, in re Sudbury*, 149 B.R. 489, 493 (Bankr. N.D. Ohio 1993) and discussion *infra*.

[2]    *See, In re Leco Enterprises*, 125 B.R. 385, 392 (Bankr. S.D.N.Y. 1991) and discussion *infra*.

proceedings involving preference or fraudulent conveyance claims now before the Court. In twenty of these proceedings, the Court has ordered that pre-trial conferences be conducted on April 5, 2005 and that trials be conducted during the week of April 18, 2005. The Trustee anticipates that he will present many of the same witnesses and documents at all of the adversary proceedings, including the instant case.

## II. THE LEGAL STANDARD

A motion to transfer a case or proceeding under Title 11 is governed by 28 U.S.C. §1412 which authorizes the transfer of "a case or proceeding under Title 11 to a district court for another district in the interest of justices or for the convenience of the parties." A motion to transfer is a core proceeding in which this Court may enter a final judgment. *See, In re Brizzolara*, 158 B.R. 761, 767 (Bankr. N.D. Ill. 1993) and cases cited therein. The party seeking the transfer has the burden of proof. *See, e.g. In re Bruno's Inc.*, 227 B.R. 311, 324 (Bankr. N.D. Al. 1998); *In re Thomasson*, 59 B.R. 997, 1000 (N.D. Al. 1986) ("[T]he burden of proving appropriateness of transfer of venue of a bankruptcy case is on the party moving for the transfer"). *In re Excelite Corporation*, 49 B.R. 923, 925 (Bankr. N.D. Ga. 1985) ("The burden of proving that a transfer of venue is appropriate pursuant to 28 U.S.C. §1412 falls upon the moving party").

The courts have consistently recognized that the burden to demonstrate the propriety of transfer is particularly heavy when, as here, the movant seeks to transfer an adversary proceeding from the district in which the underlying Title 11 case is pending. In enacting the bankruptcy venue provision, Congress anticipated that all proceedings relating to the Title 11 case would be resolved in a single forum. *See, In re Continental Airlines, Inc.*, 133 B.R. 585, 587 (Bankr. D. De. 1991). That presumption can only be overcome by a compelling showing that the proposed transfer weighs

heavily in the interests of justice or the convenience of the parties. *See, e.g., In re Coleman*, 6 B.R. 915, 917 (Bankr. D. Colo. 1980) (Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed); *In re Windsor Communications Group, Inc.*, 53 B.R. 293, 296 (E.D. Pa. Bankr. 1985) ("[T]here is a strong presumption in favor of maintaining venue where the bankruptcy case is pending"); *In re Continental Airlines, Inc.*, 133 B.R. 585, 587 (Bankr. D. Del. 1991) ("[T]here is a strong presumption of maintaining venue where the bankruptcy case is pending. Accordingly, the party seeking a chance of venue bears the burden of proof to overcome this presumption") and *In re Nixon Machinery*, 27 B.R. 871, 873 (Bankr. E.D. Tn. 1983) in which the court explained:

> In a bankruptcy case, a paramount consideration is speedy and economic administration of the bankruptcy case. This consideration underlies the general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within this court's jurisdiction.

The Defendant does not contest that this Court has proper venue of their adversary proceeding. Accordingly, it is the Defendant's burden to demonstrate that the proposed transfer is in the "interest of justice" or that transfer is "for the convenience of the parties."[3] The Defendant has not satisfied either standard.

## III.    THE INTEREST OF JUSTICE STANDARD.

In evaluating whether a proposed transfer is in the interest of justice, courts have considered the following factors:

---

[3]    Courts in the 11th Circuit have noted that Congress used the disjunctive and that transfer is permitted on either basis. *See, e.g., In re Harnischfeger Industries, Inc.*, 246 B.R. 421, 433 (N.D. Al. 2000) ("Because the criteria under § 1412 is phrased in the disjunctive, the bankruptcy case or proceeding is transferrable upon a sufficient showing of either the interest of justice or for the convenience of the parties").

    1. Economics of estate administration;

    2. Presumption in favor of the "home court;"

    3. Judicial efficiency;

    4. The ability to receive a fair trial;

    5. The estate's interest in having local controversies decided within its borders, by those familiar with its laws;

    6. The enforceability of any judgment rendered, and;

    7. The plaintiff's original choice of forum.

*See, In re Bruno's*, 225 B.R. 311, 315-16 (Bankr. N.D. Al. 1998); *In re Harnischfeger Industries, Inc.*, 246 B.R. 421, 433-35 (Bankr. N.D. Al. 2000).

    The Trustee acknowledges that certain of these factors do not apply here. For example, the Trustee accepts that his ability to obtain a fair trial will be the same whether the case is tried in this Court or the Northern District of Georgia. Likewise, a judgment by either Court should be equally enforceable. The remaining factors, including that which the courts have identified as of paramount importance – economics of estate administration – argue strongly against transfer.

**(A)**        **Economics of Estate Administration.**

    A number of courts have recognized that in evaluating a proposed transfer the dominant factor is whether a change of venue will favor or impair efficient and cost effective administration of the estate. *See, e.g., In re Cole Associates, Inc.*, 7 B.R. 154, 157 (Bankr. D. Utah 1980) ("If one factor be singled out as having the most logical importance, it would be whether a transfer would promote the efficient and economic administration of the estate"); *Thomasson v. AmSouth Bank, N.A.*, 59 B.R. 97, 100 (N.D. Al. 1986) ("The most important factor is whether the transfer of the proceeding would promote the economic and efficient administration of the estate"); and *In re Southwinds Associates, Ltd.*, 15 B.R. 857, 861 (Bankr. W.D. Pa. 1990) (Emphasizing that the court should give greatest weight to potential increases in litigation expenses to estate and that forcing the

debtor to litigate in a venue other than where underlying bankruptcy is pending "will increase administrative expenses, lower the amount available for distribution under the confirmed plan and sap temporal and financial resources of the Debtor").

A transfer of this adversary proceeding will significantly increase the expenses to the estate and thereby reduce the net recovery value. This action is one of thirty actions filed by the Trustee seeking recoveries of avoidable preferences or fraudulent conveyances. In twenty of those cases, the Court has directed that final pre-trial conference be conducted on April 5, 2005 and that trial be conducted during the week of April 18, 2005. This case, like the other pending adversary proceedings which are not currently set for trial, will likely be tried jointly, in a manner similar to those set in April, provided the motion to transfer is denied.

Regardless of when this claim is tried, the Trustee will likely call the same expert and fact witnesses in each of the trials. Permitting those witnesses to appear in the same City, and on consecutive days rather than on multiple, separate trial dates should significantly reduce the fees and expenses payable to those witnesses. Likewise, the Trustee will likely employ many of the same documents at each of its trials. Marshaling those documents once for serial trials rather than on multiple occasions for different trial dates should significantly reduce both labor and copying costs.[4]

The Trustee's principal witnesses, whether in the present adversary proceeding or the many others scheduled for trial in April, will be employees of the AEA Group and the Trustee. All are headquartered in Birmingham, and travel to this Court on a routine basis, and at minimal expense. In contrast, a single trial in Atlanta will cause the estate to incur significant travel expenses.[5]

---

[4]    *See*, Affidavit of J. Lester Alexander (hereafter "Alexander Affidavit") at ¶ 5.

[5]    Alexander Affidavit at ¶ 6.

Transfer of this case will also likely result in a significant increase in the attorney's fees incurred by the estate. Counsel for the Trustee has been engaged under a contingency arrangement. The Trustee's counsel is not admitted to practice in the Northern District of Georgia, and should the case be transferred, the Trustee will be required to engage either substitute or local counsel. Because alternate or substitute counsel will not be able to recognize the efficiencies of prosecuting multiple adversary proceedings on behalf of the Trustee, additional or substitute counsel may require compensation on an hourly basis.[6]

The Trustee is aware that the Defendant asserts that its witnesses will be required to travel at significant expense from Atlanta to Montgomery. Notably, the Defendant Firm has failed to identify those witnesses. Indeed, in seeking transfer, the Defendant has provided nothing more than the wholly unsubstantiated and conclusory assertions that "[a]ll of the witnesses live or are present within the Northern District of Georgia" - a representation which is plainly inaccurate; that witness will be beyond this Court's subpoena power; and the "evidence," - none of which has been identified - "is located in the Northern District of Georgia."[7] The Trustee will not speculate on the identity of Defendant's witnesses, why they will not appear voluntarily in this Court or what "evidence" can only be obtained in Atlanta. What is certain is that transfer to Atlanta will increase the cost to the

---

[6]    Alexander Affidavit at ¶ 9.

[7]    As noted, the Defendant bears a heavy burden to demonstrate why separating venue of an adversary proceeding from the underlying Chapter 7 cases is in the interests of justice or serves the convenience of the parties. The Trustee submits that the bald assertion that unidentified witnesses and other evidence are more accessible in the proposed transferee court is per se insufficient to meet the movants burden. Likewise, the availability of the subpoena power cannot be a factor unless the movant identifies both those witnesses who will only appear in response to a subpoena and why their testimony is critical to establishing a material defense and explains why the witnesses are not under their control and will only testify in response to a subpoena.

Trustee. Merely shifting expense from the Defendant to the estate will not serve the interest of justice.

Finally, transfer of this case to Atlanta will significantly impair the efficiencies this Court has recognized by scheduling trial of multiple adversary proceedings. Defendants have given no indication of the status of the docket of the Northern District of Georgia or what is a realistic trial date should this matter be transferred.

**(B)    The Home Court Presumption.**

Closely tied to the economies of estate administration is the so-called "home court presumption" that adversary proceedings should be heard in the same court in which the underlying Title 11 proceeding is pending. *See, e.g. In re Sudbury*, 149 B.R. 49, 493 (Bankr. N.D. Ohio 1983); *NBA International Banking Corp. v. Kersting*, 85 B.R. 61, 63 (Bankr. S.D. Ohio 1988); ("[T]here is a strong policy that adversary proceedings should be conducted in the same court as that in which the debtor's case is pending,") and *In re GEX Kentucky, Inc.*, 85 B.R. 431, 435 (Bankr. N.D. Ohio 1987) in which the court concluded that "of all of the considerations . . . the most important one is whether the transfer would promote the economic and efficient administration of the estate . . . This consideration underlies the general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction."

The underlying Chapter 11 cases of Terry Uniform and Terry Manufacturing are pending in this court, and the Trustee is entitled to the home court presumption.

**(C)    Judicial Efficiency.**

This Court is familiar with the underlying proceedings of Terry Manufacturing and Terry Uniform. It has conducted status conferences in twenty-five adversary proceedings which present

theories similar to that in this case; it will conduct status conferences in twenty of those cases on April 5 and serial trials on April 15. Plainly, significant judicial efficiencies have been recognized in this Court. Transfer of this single adversary proceeding to the Northern District of Georgia will not be in the interest of judicial efficiency.

### (D)    Plaintiff's Original Choice of Forum.

The Trustee chose this forum for all of the Terry Manufacturing related adversary proceedings because the underlying Title 11 case is pending here. He strongly opposes transfer of this single proceeding.

### (E)    Public Policy Concerns

Several courts have also considered the public policy implications of transfer. At least one has noted that transfer on facts similar to those presented by the Defendant would logically lead to wholesale transfers resulting in significantly increased costs to the estate and reduced revenues for creditors. *See, In re Hechinger Investment Company of Delaware, Inc.* 296 B.R. 323, 327 (Bankr. D.De.2003), in which the Court concluded:

> "If Defendant were successful in having this case transferred to the Houston Division, it would establish a basis for transferring hundreds, if not thousands, of preference actions away from the forum of the debtor's Chapter 11 case, resulting in considerable additional cost to the estate or causing the debtor (or trustee) to forgo pursuit of preference actions, thereby undermining the intended effect of 11 U.S.C. §547 of equalizing distributions to creditors."

Like reasoning applies here.

## IV.    CONVENIENCE OF THE PARTIES.

A number of courts have concluded that a motion to transfer must be denied if transfer will undermine the economic and efficient administration of the estate. *See, generally, In re Butcher* and cases cited therein, 46 B.R. 109, 112 (Bankr. N.D. Ga. 1985). Plainly, transfer of this case will be

costly to the estate, will likely significantly delay trial and will result in a loss of efficiency. That conclusion is bolstered by the fact that transfer of the case will not serve the convenience of the parties.

### (A)    The Location of the Plaintiff and Defendant.

The estate is lodged in this District. The Trustee is headquartered in Birmingham, but appears in Montgomery routinely. The Defendant is located in Atlanta. In support of its motion to transfer venue, the Defendant states that "fees were charged in Georgia, to a Georgia entity," and that "fee payments were made in Georgia, by a Georgia entity." *See* Defendant's Memorandum of Law in Support of Motion to Transfer Venue (the "Memorandum") at 2. This is simply incorrect. Terry Manufacturing was an Alabama corporation and its corporate offices were in Roanoke, Alabama.

### (B)    The Ease of Access to Necessary Proof.

The Defendant asserts that all related documents or evidence are located in Atlanta. *See,* Defendant's Memorandum at 2. The Trustee is at something of a disadvantage in responding to that claim because the Defendant has not identified any of the documents referenced in its Memorandum. Indeed, prior to filing this suit, the Trustee requested that he be provided with the files of the Defendant; files to which the Trustee was clearly entitled if Terry Manufacturing was ever a client of the Defendant. The Defendant refused to produce its files or billing records.

The estate's records are maintained in Birmingham. The few records pertaining to the Defendant which the Trustee has been able to locate are kept at his office in Birmingham, but can be easily reproduced and sent to Defendant's counsel. Further, the Defendant's answer suggests it will contest the insolvency of Terry Manufacturing. All of the many potentially relevant documents are located among the more than 135 boxes stored at the offices of AEA.

**(C)    The Convenience of Witnesses.**

The Trustee's witnesses are all located in Birmingham, and Montgomery is plainly both more convenient and less costly than Atlanta. The Defendant has not identified its potential witnesses, and the Trustee cannot address what will be most convenient for them.

**(D)    Availability of Subpoena Power.**

The Trustee believes that the witnesses who may have factual information relevant to this adversary proceeding are Roy Terry, Rudolph Terry, Cotina Terry and Sidney Johnson. All of them are Defendants in other litigation brought by the Trustee, and the Trustee very much doubts they will appear voluntarily. Each is subject to subpoena in Alabama; at least at this time, none is subject to subpoena in Georgia. Defendant asserts certain witnesses may only be subpoenaed in Atlanta. It has refused to identify those witnesses or provide any explanation why they will only testify under subpoena.

**(E)    Expenses Related to Obtaining Witnesses.**

The expenses of obtaining the witnesses for the Trustee, all of whom are headquartered in Birmingham, will be significantly less if this case is tried in Montgomery rather than Atlanta. The Trustee cannot address the expense of obtaining the Defendant's unidentified witnesses.

**V.    THE DEFENDANTS' AUTHORITIES DO NOT APPLY TO THIS ADVERSARY PROCEEDING.**

In requesting transfer, the Defendant relies principally upon *In re Armbrust*, 274 B.R. 461 (W.D. Ky. 2001) and *In re Thomasson*, 60 B.R. 629 (Bankr. M.D. Tn. 1986). In both cases, the courts were plainly concerned with forum shopping. The *Armburst* debtors filed for Title 11 relief in the Western District of Kentucky having only recently relocated from North Dakota. They left

behind all of their creditors as well as the adverse parties in the litigation sought to be transferred. The debtor in *Thomasson* "deflected the Chicago lawsuit by filing a Chapter 7 petition in the Middle District of Tennessee on June 7, 1985. The debtor listed only two creditors in Tennessee and sixty-nine creditors with claims in excess of $2.9 million in the Chicago area." Obviously, forum shopping is not an issue here. Terry Manufacturing and Terry Uniform are headquartered in Roanoke, Alabama, and this district is the proper venue for their Chapter 11 and Chapter 7 proceedings. The initial Chapter 11 filing occurred well over a year prior to the filing of this adversary proceeding. Also, in both cases cited by the Defendants, the litigation between the parties was pending prior to the filing of the bankruptcy. The transferor court was simply asked to return the proceeding to a court which had already made a significant investment in the case. That also is not the situation here.

## VI. CONCLUSION

The Defendant has presented the conclusory claims that transfer of this case will serve convenience because it will ease access to unidentified witnesses and documents. Those claims fall far short of meeting the Defendant's heavy burden to overcome the presumption that this Court should maintain all proceedings arising out of the *Terry Manufacturing* and *Terry Uniform* cases. The Trustee respectfully requests that the Defendant's Motion for Transfer be denied.

Respectfully submitted, this 25th day of January, 2005.

12

**PHELPS DUNBAR LLP**

By:      /s/  Brent B. Barriere
         Brent B. Barriere, T.A. (La. Bar No. 2818)
         David L. Patrón (La. Bar No. 22566)
         Katherine M. Determan (La. Bar No. 25381)
         Catherine E. Lasky (La. Bar No. 28652)
         One Canal Place
         365 Canal Street • Suite 2000
         New Orleans, Louisiana  70130-6534
         Telephone:  (504) 566-1311
         Facsimile:  (504) 568-9130 or 9007

**COUNSEL FOR J. LESTER ALEXANDER, III,
TRUSTEE FOR TERRY MANUFACTURING
COMPANY, INC. AND TERRY UNIFORM
COMPANY, LLC**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served on the following listed

persons by first class mail, properly addressed and postage prepaid, this 25th day of January,

2005.


                               /s/  Brent B. Barriere

**J. Lester Alexander v. DeLong, Caldwell, Novotny & Bridgers, LLC**

### 04-03135 - Mailing Matrix

Teresa R. Jacobs
U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

Terrie S. Biggs
PO Box 5019
Montgomery, AL 36103-5019

Patrick Flynn
Moore Clarke DuVall & Rodgers
PC
PO Drawer 71727
Albany, GA 31708-1727

Britt B. Griggs
PO Box 2189
Montgomery, AL 36102

Ring's Forklift & Battery Service,
Inc.
James H. Rollins
Holland & Knight LLP
One Atlantic Center Ste 2000
1201 West Peachtree St
Atlanta, GA 30309-3400

Barry E. Teague
P. O. Box 586
Montgomery, AL 36101

Jesse S. Vogtle, Jr.
P. O. Box 306
Birmingham, AL 35201

J. Lester Alexander
AEA Group, LLC
2 20th Street North, Suite 1400
Birmingham, AL 35203

Earnest H. DeLong
3100 Centennial Tower
101 Marietta St
Atlanta, GA 30303

T. Charles Fry
Johnston Barton Proctor & Powell
LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Ave North
Birmingham, AL 35203-2618

Jeremy J. O. Harwood
Healy & Baillie, LLP
61 Broadway,
32nd Floor
New York, NY 10006-2701

Romaine S. Scott
Garrison Scott Gamble & Rosenthal
PC
2224 1st Ave North
Birmingham, AL 35203

Frank Velocci
500 Campus Drive
Florham Park, NJ 07932

Richard P. Carmody
Adams & Reese
2100 3rd avenue North
Suite 1100
Birmingham, AL 35203

Justin S. Belair
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110

Vincent DePascale
786 Northwest Boulevard
Grandview Heights, OH 43212

Michael E. Gabel
3620 Hacks Cross Road
Building B Third Floor
Memphis, TN 38125

David A. Norris
P.O. Drawer 22949
Jackson, MS 39225

Martha E. Solarsh
81 Main Street Suite 205
White Plains, NY 10601

William D Schilling
1032 26th Street South
Birmingham, AL 35255

W. Clark Watson
P. O. box 306
Birmingham, AL 35201-306

Eric J. Breithaupt
Christian & Small LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL 35203

Thomas H. Castelli
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, GA 30309-3996

Henry J. Thomas
Yvonne Thomas
1793 Kanawha Trail
Stone Mountain, GA 30087

Roy Terry
P. O. Box 1304
Roanoke, AL 36247

Rudolph Terry
P. O. Box 16629
Atlanta, GA 30321

Anthony Robinson and
Yvonne Robinson
8134 Scotts Level Road
Pikesville, MD 21208

Arkansas State Highway Employee
Retirement System
Highway Department Building
P. O. Box 2261
Little Rock, AR 72203

Stanford Stoddard
29600 Southfield Road
Southfield, MI 48016

Cintas Corporation
6800 Cintas Blvd.
Mason, OH 45040

Harold Warren Moon
c/o Mark Griege
Robertson, Griege and Thoele
14755 Preston Road, Suite 830
Dallas, TX 75254

Wholesale Distributors
P. O. Box 4230
Eatonton, GA 31024

Southern Mills
6501 Mall Boulevard
Union City, GA 30291

HLC Industries, Inc.
4 East Montgomery Ave.
Bala Cynwyd, PA 19004

Actrade Capital, Inc.
200 Cottontail Lane
Vantage Court South
Somerset, NJ 08873

Milliken & Company
1045 Sixth Avenue
New York, NY 10018

ND Horton, Jr.
Horton Homes, Inc.
101 Industrial Blvd.
Eatonton, GA 31024

Internal Revenue Service
Memphis Service Center
Memphis, TN 37501

ECD Investments, LLC
222 N. President Street, #200
Jackson, MS 39201-1914
Attn: Alan Bronson

Roosevelt McCorvey, M.D.
3088 Rosa Parks Avenue
Montgomery, AL 36105

John Barnard
40701 Woodward Ave.,
Suite 200
Bloomfield Hills, MI 48304

O'Neil Swanson
806 East Grand Blvd. At Mack
Detroit, MI 48207

Michigan Trust Bank, Custodian of
S.C. Stoddard, Self Directed IRA
29610 Southfield Road,
Suite 260
Southfield, MI 48076

William Fabrizio
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022

Gus H. Small, Esq.
Cohen Pollock Merlin Axelrod &
Small, P.C.
Suite 1600, 3350 Riverwood
Parkway
Atlanta, Georgia 30339

T. M. Goggans, Esq.
20309 2nd Street
Montgomery, AL 36106

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO. 03-32063-WRS** |
| **COMPANY, INC.** | ) | |
| | ) | **CHAPTER 7** |
| Debtor | ) | |
| | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CASE NO. 03-32213-WRS** |
| **TERRY UNIFORM** | ) | |
| **COMPANY, LLC,** | | **CHAPTER 7** |
| Debtor. | | |

| | | |
|---|---|---|
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF** | ) | |
| **TERRY MANUFACTURING** | | |
| **COMPANY, INC. AND** | ) | **ADVERSARY PROCEEDING** |
| **TERRY UNIFORM COMPANY, LLC** | | |
| | ) | **NO. 04-3135** |
| **VERSUS** | ) | |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | |
| **& BRIDGERS, L.L.C.** | | |

## AFFIDAVIT OF J. LESTER ALEXANDER, III

STATE OF ALABAMA

COUNTY OF JEFFERSON

Before me, Notary Public, came and appeared J. Lester Alexander, III, who, after being duly

sworn, did depose and declare as follows:

:99510770-

1      He is the duly appointed and acting Chapter 11 Trustee of Terry Manufacturing Company,

       Inc. and Terry Uniform, LLC ("Terry Manufacturing"). He makes this affidavit upon personal

       knowledge and information, and would so testify if called upon to do so in a court of law.

2      He is the plaintiff in that certain adversary proceeding styled *J. Lester Alexander, III, Trustee*

       *of Terry Manufacturing, Inc. and Terry Uniform, LLC v. DeLong, Caldwell, Novotny &*

       *Bridgers, L.L.C.*, Adversary Proceeding No. 04-03135 pending before the United States

       Bankruptcy Court of the Middle District of Alabama (hereinafter the "DeLong Adversary").

3.     In the DeLong Adversary, the Trustee seeks to avoid payments totaling $352,718.44 made by

       Terry Manufacturing to DeLong, Caldwell, Novotny & Bridgers, L.L.C. (the "Firm").

4.     The DeLong Adversary is one of thirty adversary proceedings he has filed seeking recoveries

       for the estates of Terry Manufacturing or Terry Uniform for causes of action under 11 U.S.C.

       §§547 and 548 and under the fraudulent conveyance statutes of Alabama and Georgia

       (collectively the "Avoidance Actions"). To date, the Court has conducted status conferences

       in twenty-six of the Avoidance Actions. In twenty-one of the other Avoidance Actions, the

       Court has directed that the final pre-trial conference be conducted on April 5, 2005 and that

       trial be conducted during the week of April 18, 2005.

5      The Court's order to conduct the pre-trial conferences in the vast majority of the Avoidance

       Actions on April 5, and to conduct trial in those cases during the week of April 18 has

       significantly reduced costs of the estate. If the DeLong Adversary is not tried on this date,

       then the Trustee anticipates that it will be tried jointly with other adversary proceedings on a

       later date. The Trustee anticipates he will produce the same expert and fact witnesses in each

:99510770-1                          2

of the Avoidance Actions, and permitting many of those witnesses to appear on consecutive days rather than on multiple, separate trial dates should significantly reduce the fees and expenses payable to those witnesses. Likewise, the Trustee anticipates that many of the same documents will be introduced at each of the trials of the Avoidance Actions. Marshaling those documents once for serial trials in this Court rather than on multiple occasions for trial in other venues should significantly reduce labor and copying costs.

6. As Trustee, he anticipates the witnesses presented at the trial of the DeLong Adversary will principally be representatives of AEA Group and himself, all of whom are knowledgeable with respect to the transfers made to the Firm, the engagement between Mr. Rudolph Terry and the Firm, and the solvency of Terry Manufacturing. He and other members of the AEA Group are located in Birmingham, and the time and expense of traveling from Birmingham to Montgomery is significantly less than the time and expense of traveling to Atlanta. Other witnesses who may have factual information relevant to the Avoidance Actions and, in particular, the subject matter of the DeLong Adversary are Roy Terry, Rudolph Terry and Sidney Johnson, former comptroller of Terry Manufacturing. To date, each of those individuals has refused to testify citing his privilege under the Fifth Amendment. In the event one or more should elect not to exercise his privilege, he will be subject to the subpoena power of the United States Bankruptcy Court for the Middle District of Alabama (hereafter the "Alabama Court"). None is currently subject to the subpoena power of the United States Bankruptcy Court for the Northern District of Georgia (hereafter the "Georgia

Court"). All three are defendants in litigation filed by the Trustee, and the Trustee doubts any will appear voluntarily.

7.   All of the Trustee's documents relevant to the DeLong Adversary are located at the offices of AEA Group in Birmingham.

8.   In addition to the documents which are directly relevant to the DeLong Adversary, the Trustee has collected approximately 135 banker-size boxes of documents pertaining to Terry Manufacturing. All of these are stored at the offices of AEA Group. The Trustee understands that the defendant in the DeLong Adversary will contest whether Terry Manufacturing was insolvent at the time of delivery of the several payments made by Terry Manufacturing to the Firm. All documents bearing on the solvency of Terry Manufacturing are located at the offices of AEA.

9.   The transfer of the DeLong Adversary to the Northern District of Georgia will significantly reduce the net value of the case from the perspective of the estate. Plainly, the significant cost efficiencies arising from serial pre-trial conferences and trials of Avoidance Actions before this Court will be lost, and the estate will be required to fund expenses for witnesses to travel to Atlanta. Also, it is likely that the estate will be required to incur additional expert fees, particularly if the defendants are serious in challenging the insolvency of Terry Manufacturing. Also, counsel for the Trustee is not admitted in the Georgia Court, and transfer will likely require the Trustee to enroll substitute or additional counsel. The Trustee anticipates that, at a bare minimum, he will be required to engage local counsel to assist Phelps Dunbar which is representing the Trustee in all of the Avoidance Actions. Indeed,

:99510770-1                                   4

Local Rule 2090-2 of the Georgia Court requires involvement of an attorney admitted to practice in that Court. Pursuant to a prior order of this Court, Phelps Dunbar is representing the Trustee under a contingency arrangement under which fees are payable to the firm if, and only if, there is a recovery from the DeLong Adversary. Because alternate or substitute counsel will not be able to recognize the efficiencies of prosecuting multiple Avoidance Actions, the Trustee is concerned that additional or substitute counsel may require compensation on an hourly basis, thereby significantly increasing expenses of the estate.

10.     The foregoing information is known to me personally and I would so testify if called upon to do so in a court of law.

J. LESTER ALEXANDER III

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS 25ᵗʰ DAY OF
January _____, 2005.

NOTARY PUBLIC

My Commission expires on:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

:99510770-1                                    5

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:                                          Case No. 03-32063

TERRY MANUFACTURING
COMPANY INC.,

     Debtor.


In re:                                          Case No. 03-32213

TERRY UNIFORM
COMPANY, LLC,


     Debtor.

J. LESTER ALEXANDER III,                         Adv. Pro. No. 04-3135
TRUSTEE OF TERRY
MANUFACTURING COMPANY, INC.
AND TERRY UNIFORM COMPANY,
LLC

     Plaintiff,

v.

DELONG, CALDWELL, NOVOTNY,
& BRIDGERS, LLC,

     Defendants.

## <u>MEMORANDUM DECISION</u>

     This Adversary Proceeding is before the Court upon the motion of Defendant

Delong, Caldwell, Novotny, & Bridgers, LLC ("Defendant") to transfer venue of this

Adversary Proceeding from this Court to the Northern District of Georgia.  (Docs. 6, 7).

The Plaintiff opposes the motion.  (Doc. 11).  For the reasons set forth below, the motion is DENIED.

## I.  FACTS

The Trustee has initiated this Adversary Proceeding seeking $352,718.44 paid by Terry Manufacturing Company Inc. ("Terry Manufacturing") to the Defendant.[1] (Doc. 1).  The Trustee alleges that these payments constituted fraudulent conveyances within the meaning of 11 U.S.C. § 548 and under the Alabama and Georgia Fraudulent Transfer Acts.  (Doc. 1).  The Defendant asserts that a change of venue is appropriate because the Defendant is located in Atlanta, Georgia, the claims between Terry Manufacturing and the Defendant arose in the metropolitan Atlanta area, its witnesses and documentary evidence reside there, and because it will incur substantial travel expenses if this Adversary Proceeding is not changed to another venue.  The Court notes that the present Adversary Proceeding is one of twenty-nine Adversary Proceedings filed by the Trustee, all relating to the Terry Manufacturing or Terry Uniform bankruptcy cases.

## I.  CONCLUSIONS OF LAW

The parties involved in this Adversary Proceeding do not dispute that venue is proper in this district.  See 11 U.S.C. § 1409(a).  Section 1409(a) permits the Trustee to bring suit in the district in which the underlying bankruptcy case is pending, unless

---

[1] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No. 03-32063, Doc. 1). Terry Uniform filed a voluntary Chapter 11 petition on July 22, 2003. (Case. No. 03-32213, Doc. 1).  Both cases have subsequently converted to a case under Chapter 7.

the amount is less than $1,000.00  As the amount in suit here is approximately $352,718.44 venue is proper in this Court.  The sole issue here is whether transfer to another venue is appropriate under the circumstances.  This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(F).  See In re AP Industries, 117 B.R. 789, 798 (Bankr. S.D. N.Y. 1990); In re Oceanquest Feeder Service, Inc., 56 B.R. 715, 718-20 (Bankr. D. Conn. 1986);   A majority of courts consider 28 U.S.C. § 1412 to be the "appropriate authority for transfer of bankruptcy proceedings." In re Bruno's, Inc., 227 B.R. 311, 323 (Bankr. N.D. Ala. 1998).  Section 1412 authorizes a court to "transfer a case or proceeding under title 11 to a district court for another district, *in the interest of justice* or *for the convenience of the parties*."  28 U.S.C. § 1412 (emphasis added); see also Fed. R. Bankr.P. 7087.  The power to transfer a case should be exercised cautiously.  See In re Enron Corp., 317 B.R. 629, 638 (Bankr. S.D. N.Y. 2004) (citing In re Toxic Control Tech., Inc., 84 B.R. 140, 143 (Bankr. N.D. Ind. 1988)); In re A.R.E. Manufacturing Company, Inc., 124 B.R. 912, 914 (Bankr. M.D. Fla. 1991) (citations omitted).  A motion to transfer venue of a case or a proceeding lies within the sound discretion of a bankruptcy court based upon an "individualized, case by case analysis of convenience and fairness." Id.  (citations omitted); see also In re Steeley, 243 B.R. 421, 439 (Bankr. N.D. Ala. 1999) (noting that transfer of venue under § 1412 requires a case-by-case analysis that is subject to broad court discretion).  The burden of proof is on the moving party to establish by a preponderance of the evidence that transfer is appropriate.  Furthermore, there is a strong presumption in favor of maintaining venue where the bankruptcy case is pending.  See Matter of Holmes, 306 B.R. 11, 14 (Bankr. M.D. Ga. 2004); In re

Uslar, 131 B.R. 22, 23 (Bankr. E.D. Pa. 1991) (stating, "unless the balance is strongly

in favor of transferring venue, the debtor's choice of forum should rarely be

disturbed"); In re Grogg, 295 B.R. 297, 306 (citing Matter of Continental Airlines,

Inc., 133 B.R. 585 (Bankr. D. Del. 1991). This presumption exists mainly to foster

the speedy and economic administration of the bankruptcy case. See In re Windsor

Communications Group, Inc., 53 B.R. 293, 296 (Bankr. E.D. Pa. 1985) (noting that

speed and efficiency is a "paramount consideration"). Because § 1412 is phrased in

the disjunctive, transfer may be based upon either the interest of justice or the

convenience of the parties. In re Harnischfeger Industries, 246 B.R. 421, 435 (Bankr.

N.D. Ala. 2000); see also In re Toxic Control Tech., Inc., 84 B.R. at 143 (noting that

the tests to change venue is discrete).

In determining the propriety of granting a motion to transfer the venue of an

Adversary Proceeding, the Court will consider the following § 1412 "interest of

justice" factors: (a) the economics of estate administration; (b) the presumption in

favor of the "home court"; (c) judicial efficiency; (d) the ability to receive a fair trial;

(e) the state's interest in having local controversies decided within its borders, by

those familiar with its laws; (f) the enforceability of any judgment rendered, and; (g)

the plaintiff's original choice of forum; In re Bruno's, Inc., 227 B.R. 311, 324-26

(Bankr. N.D. Ala. 1998). With respect to the second prong of § 1412, "convenience

of the parties," the Court will consider the following factors: (a) the location of the

plaintiff and defendant; (b) the ease of access to necessary proof; (c) the convenience

of witnesses; (d) the availability of subpoena power for the unwilling witnesses, and; (e) the expenses related to obtaining witnesses.  Id.[2]

Applying the relevant factors to this case, the Court finds that this Adversary Proceeding will be more efficiently and expeditiously resolved in the venue chosen by the Trustee.  The Court first notes that this Adversary Proceeding is one of more than two dozen Adversary Proceedings that have been filed in this Court which relate to the Terry Manufacturing or Terry Uniform bankruptcy cases.  In a majority of these Adversary Proceedings, the Court has already scheduled final-pretrial conferences during the month of April and has set aside a trial week during that month as well.  See In re Butcher, 46 B.R. 109, 112 (Bankr. N.D. Ga. 1985) (stating that "the most important factor is whether the transfer of the proceeding would promote the economic and efficient administration of the estate); see also In re Cole Associates, Inc., 7 B.R. 154, 157 (Bankr. Utah 1980) (noting that "[i]f one factor could be singled out as having the most logical importance, it would be whether a transfer would promote the efficient and economic administration of an estate").  The scheduling of multiple Adversary Proceedings during a one-month period will significantly reduce costs and promote an efficient administration of the bankruptcy estate.

Furthermore, as the Court has, and will continue to become even more familiar with the business dealings of the Debtor corporations, the interest in judicial economy would be best served if one court, rather than two dozen different courts, rule on these Adversary Proceedings.  Issues such as the insolvency of the Debtor and its ordinary

---

[2]  The Court notes that several of the factors listed are not applicable in this particular case.  There is no dispute that the Trustee will be able to receive a fair trial irrespective of the forum selected.  Moreover, there is no reason why a judgment received by the Trustee in either Court would not be enforceable against the Defendant.

course of business are likely to be tried several times, using the same witnesses and the same documents.  The interest of judicial economy would favor trial in the Middle District of Alabama, saving the investment of time and resources of a court in another district having to take a completely fresh look at a new case.  In addition, from the Trustee's point of view, it would be more efficient for him to try all of his cases, in one forum rather than two dozen or more different fora scattered about the United States.

    With respect to the convenience factors, the Trustee has asserted that its principal witnesses are located in Birmingham and travel to this Court routinely.  The Defendant however contends that additional expenses will be incurred if their witnesses are required to travel to the Middle District of Alabama and that all witnesses are beyond the subpoena power of this Court.  However, the Defendant has not specified at all who these witnesses are or what their testimony will cover.  See Matter of Holmes, 306 B.R. at 15 (stating "[i]f a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be the application for transfer will be denied")  (quoting 15 C. Wright, A. Miller, & Cooper, Federal Practice and Procedure §§ 3851 and 3853 (2nd ed. 1986 & Supp. 2003)); see also In re Hayes Lemmerz International Inc., 312 B.R. 44, 47 (Bankr. Del. 2004) (explaining that the convenience of the witnesses is only a factor "to the extent that the witnesses may actually be unavailable for trial in one of the fora").  The Defendant has made no showing to the Court as to who these witnesses are, what their testimony will be, and further there has been no showing of any unavailability.  Similarly, with respect to documentary evidence, the Trustee asserts that records of the bankruptcy estate are located in Birmingham.  However, the Defendant contends that most if not all of the

pertinent evidence is located in the Northern District of Georgia.  However, the Court has

difficulty accepting this contention, as all of the records of the estate are located at the

Trustee's office in Birmingham and can easily be transported to the Defendant.

Furthermore, the Defendant has put forth mere general allegations, failing to show the

"[precise] location and the importance of the documents in question" that allegedly reside

in the Northern District of Georgia.  Matter of Holmes, 306 B.R. at 16 (quoting 15 C.

Wright, A. Miller, & Cooper, Federal Practice and Procedure §§ 3851 and 3853 (2nd ed.

1986 & Supp. 2003)).  Lastly, the Court finds that two policy considerations, in

conjunction with the aforementioned factors, strongly warrant the denial of this motion to

transfer venue.  First, the plaintiff's choice of forum is entitled to great deference and

analysis of the factors listed above does not weigh in favor of disturbing that forum

selection.  In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).  Second, as discussed in

In re Hechinger Investment Company of Delaware, Inc., 296 B.R. 323, 327 (Bankr. D.

Del. 2003), transferring a routine case such as this would set an unwanted precedent.  The

court there stated the following:

> If Defendant were successful in having this case transferred to the Houston Division,
> it would establish a basis for transferring hundreds, if not thousands, of preference
> actions away from the forum of the debtor's chapter 11 case, resulting in considerable
> additional cost to the estate or causing the debtor (or trustee) to forgo pursuit of
> preference actions, thereby undermining the intended effect of 11 U.S.C. § 547 of
> equalizing distribution to creditors.

In re Hechinger Investment Company of Delaware, Inc., 296 B.R. 323, 327 (Bankr. D.

Del. 2003).[3]  Like the court in Hechinger, this Court is reluctant to establish such a basis.

Having considered all of the applicable § 1412 factors and the relevant policy

---

[3] The Court recognizes that the facts of Hechinger involved a preference action pursuant to 11 U.S.C. §
547, while this case involves a fraudulent conveyance action within the meaning of 11 U.S.C. § 548 and the
Alabama and Georgia Fraudulent Transfer Acts.  Despite this distinction, the policy considerations engaged
in by that court are just as applicable to the facts of the present case.

considerations, the Court finds that the most efficient disposition of the present

Adversary Proceeding can be made in the forum chosen by the Plaintiff.  For the reasons

stated above, the Defendant's motion to transfer venue is DENIED.

Done this 8th day of February, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c:  Brent B.Barriere
    Catherine E. Lasky, Attorneys for Plaintiff
    Robert F. Northcutt, Attorney for Defendant
    Trustee
    Debtors
    Teresa Jacobs, Bankruptcy Administrator

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:                                        Case No. 03-32063

TERRY MANUFACTURING
COMPANY INC.,

     Debtor.


In re:                                        Case No. 03-32213

TERRY UNIFORM
COMPANY, LLC,

     Debtor.

J. LESTER ALEXANDER III,                       Adv. Pro. No. 04-3135
TRUSTEE OF TERRY
MANUFACTURING COMPANY, INC.
AND TERRY UNIFORM COMPANY,
LLC

     Plaintiff,

v.

DELONG, CALDWELL, NOVOTNY,
& BRIDGERS, LLC,

     Defendants.

## <u>ORDER ON MOTION TO TRANSFER VENUE</u>

For the reasons set forth in the Court's Memorandum Decision of this date, the

Defendant's Motion to Transfer Venue is DENIED.


Done this 8th day of February, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c:  Brent B.Barriere
    Catherine E. Lasky, Attorneys for Plaintiff
    Robert F. Northcutt, Attorney for Defendant
    Trustee
    Debtors
    Teresa Jacobs, Bankruptcy Administrator

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING | ) | CASE NO.  03-32063-WRS |
| COMPANY, INC. | ) | |
| | ) | CHAPTER 7 |
| Debtor | ) | |
| | ) | |

———————————————————

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.  03-32213-WRS |
| TERRY UNIFORM | ) | |
| COMPANY, LLC, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |

———————————————————

| | | |
|---|---|---|
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF | ) | |
| TERRY MANUFACTURING | ) | |
| COMPANY, INC. AND | ) | ADVERSARY PROCEEDING |
| TERRY UNIFORM COMPANY, LLC | ) | |
| | ) | |
| VERSUS | ) | NO.  04-03135 |
| | ) | |
| DELONG, CALDWELL, NOVOTNY, | ) | |
| & BRIDGERS, L.L.C. | ) | |

**TRUSTEE'S MOTION FOR LEAVE TO FILE FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes J. Lester Alexander, III, the duly

appointed and acting Chapter 7 trustee (the "Trustee") of Terry Manufacturing Company, Inc.

("Terry Manufacturing") and Terry Uniform Company, LLC, ("Terry Uniform") who respectfully

moves for leave of Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and

incorporated by reference in Rule 7015 of the Federal Bankruptcy Rules, to file his First Amended

and Restated Complaint.  In support of his motion, the Trustee respectfully represents the following:

I.

The Trustee's initial complaint against DeLong, Caldwell, Novotny & Bridgers, L.L.C. (the "Firm") sought to recover of payments made by Terry Manufacturing to the Bank pursuant to the Alabama and Georgia fraudulent transfer statutes, 11 U.S.C. § 548 and 11 U.S.C. § 547.  Beginning in July, 2004, counsel for the Trustee made repeated requests to Mr. DeLong and the Firm to obtain the records related to the representation of Terry Manufacturing in the litigation styled *Commercial Factors of Atlanta v. Terry Manufacturing, et al*, Case No. 99-A-10650-5, Gwinett Judicial Circuit Superior Court, State of Georgia (the "Commercial Factors Litigation").  To date, DeLong and the Firm have failed to provide those files.

II.

The Commercial Factors Litigation arose out of a factoring fraud scheme involving Rudolph Terry's generation of bogus Terry Manufacturing invoices.  Rudolph Terry was indicted and pled guilty in a federal criminal action based on the same transactions and conduct which served as the basis of the Commercial Factors Litigation.

III.

The Firm and DeLong represented both Terry Manufacturing and Rudolph Terry in the Commerical Factors Litigation although their interests were in direct conflict.  For example, Terry Manufacturing had many defenses available to it that were at odds with the interests of Rudolph Terry.  Upon information and belief, the Firm and DeLong did not disclose or discuss the conflict nor obtain a written waiver from Terry Manufacturing.

IV.

Furthermore, all payments made to the Firm and DeLong related to the Commercial

Factors Litigation were made by Terry Manufacturing.  Upon the Trustee's reconstruction of the

records of Terry Manufacturing,  he discovered over $860,000.00 in payments made by Terry

Manufacturing to the Firm and Mr. DeLong.

V.

The additional causes of action asserted in the Trustee's First Amended and Restated

Complaint, legal malpractice under Georgia law and the Alabama Legal Services Liability Act,

arise from the failure of the Firm and DeLong to disclose the existence of the conflict of interest

between Terry Manufacturing and Rudolph Terry.  Earnest H. DeLong, Jr. ("DeLong"), a partner

and principal in the Firm and the attorney responsible for the representation of Terry

Manufacturing has been added as a defendant because the Trustee discovered checks from Terry

Manufacturing made payable to him individually.

VI.

Counsel for the Firm did not agree to the Trustee's request for written consent to  file his

First Amended and Restated Complaint.

VII.

Because the Firm already filed an answer in this proceeding, the Trustee seeks leave of

court to file his Amended and Restated Complaint.  FED. R. CIV. P. 15(a).  Rule 15(a) provides

that "leave shall be freely given when justice so requires."

VIII.

According to the Supreme Court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

IX.

The Eleventh Circuit agrees that Rule 15(a) mandates that leave to amend shall be given absent a "substantial reason."  *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). "[A] district court's discretion to dismiss a complaint without leave to amend is 'severely restrict[ed]' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'  *Id*. (citing *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir.1981). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."  *Id*. (citing *Dussouy*, 660 F.2d at 598).

X.

There is no substantial reason to deny the Trustee leave to amend his complaint in this case.  The Trustee has not previously amended his complaint nor is there evidence of undue delay, bad faith or a dilatory motive on behalf of the Trustee.  Despite repeated requests, the Firm has not provided Trustee's counsel with the files and records belonging to Terry Manufacturing.

In addition, the Trustee is filing this motion for leave very early in this litigation, prior to the scheduling conference for this matter to be held on March 8, 2005. The amendment of the Trustee's complaint need not delay the trial nor affect any of the deadlines to be set by this Court. Based upon the obvious conflict of interest between Terry Manufacturing and Rudolph Terry in the Commercial Factors Litigation and the hundreds of thousands of dollars in fees paid by Terry Manufacturing, neither the Firm nor DeLong can argue that the Trustee's proposed amendments would be futile. Further, to the extent the payments made by Terry Manufacturing to the Firm and DeLong were unnecessary, those payments certainly harmed the company's creditors and shareholders because they were made at a time that Terry Manufacturing was insolvent or nearly insolvent.

WHEREFORE, J. Lester Alexander, III, the duly acting and appointed Trustee of Terry Manufacturing and Terry Uniform respectfully requests that this Court grant his motion for leave to file his Amended and Restated Complaint.

Respectfully submitted this 7th day of March, 2005.

Respectfully submitted,


By:    /s/   Brent B. Barriere
      Brent B. Barriere, T.A.  (La. Bar No. 2818)
      David L. Patrón (La. Bar No. 22566)
      Katherine M. Determan (La. Bar No. 25381)
      Catherine E. Lasky (La. Bar No. 28652)
      **PHELPS DUNBAR LLP**
      Canal Place
      365 Canal Street • Suite 2000
      New Orleans, Louisiana  70130-6534
      Telephone:  (504) 566-1311
      Facsimile:  (504) 568-9130

**ATTORNEYS FOR J. LESTER ALEXANDER, III, TRUSTEE**


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served on the party listed below by facsimile and First Class Mail this 7th day of March, 2005:

C. David Butler, Esq.
Shapiro Fussell Wedge
  Smotherman Martin & Price, LLP
1360 Peachtree Street
One Midtown Plaza, Suite 1200
Atlanta, GA 30309-3214

Robert Northcutt, Esq.
Cappel & Howard
P. O. Box 2069
Montgomery, AL  36102

        /s/ Brent B. Barriere

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO.  03-32063-WRS** |
| **COMPANY, INC.** | ) | |
| | ) | **CHAPTER 7** |
| **Debtor** | ) | |
| | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CASE NO.  03-32213-WRS** |
| **TERRY UNIFORM** | ) | |
| **COMPANY, LLC,** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |

| | | |
|---|---|---|
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF** | ) | |
| **TERRY MANUFACTURING** | ) | |
| **COMPANY, INC. AND** | ) | **ADVERSARY PROCEEDING** |
| **TERRY UNIFORM COMPANY, LLC** | ) | |
| | ) | **NO.  04-3135** |
| **VERSUS** | ) | |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | |
| **& BRIDGERS, L.L.C. AND** | ) | |
| **EARNEST H. DELONG, JR.** | ) | |

## FIRST AMENDED AND RESTATED COMPLAINT
## OF J. LESTER ALEXANDER, III, TRUSTEE

NOW INTO COURT, through undersigned counsel, comes J. Lester Alexander, III, the duly appointed and acting Chapter 7 trustee (the "Trustee") of Terry Manufacturing Company, Inc. ("Terry Manufacturing") and Terry Uniform Company, LLC, ("Terry Uniform"), and for his First Amended and Restated Complaint against Defendants, Earnest H. DeLong, Jr. and DeLong, Caldwell, Novotny & Bridgers L.L.C. respectfully represents:

## I.   <u>INTRODUCTION</u>

This is an action seeking recovery of damages and disgorgement of professional fees estimated to exceed $860,000.00 arising from acts of professional malpractice and fraudulent conveyances involving defendants Earnest DeLong and DeLong, Caldwell, Novotny & Bridgers L.L.C. (hereinafter the "Firm").

1.

The Trustee was originally appointed Chapter 11 Trustee of Terry Manufacturing. Following conversion of the Chapter 11 case to a Chapter 7 case, he was appointed Chapter 7 trustee of both Terry Manufacturing and Terry Uniform. At the time of his original appointment, the Trustee determined that extensive records of Terry Manufacturing were missing, and those which remained were in disarray. As a result, the Trustee has been required to spend thousands of man hours organizing and recreating records for Terry Manufacturing. As part of that process, the Trustee has requested, beginning in July, 2004, that DeLong and the Firm provide the Trustee with any files in their possession relating to their representation of Terry Manufacturing. To date, they have refused to do so. Nonetheless, based upon the records which are available to the Trustee, he is now in a position to make the following allegations on information and belief.

2.

Commencing in January, 2000 and continuing until the eve of the Chapter 11 filing of Terry Manufacturing, DeLong and the Firm represented Rudolph Terry and Terry Manufacturing in litigation styled *Commercial Factors of Atlanta, Inc. v. Terry Manufacturing, et al*, Case No. 99-A-10650-5, Gwinett Judicial Circuit Superior Court, State of Georgia (the "Commercial Factors Litigation").

3.

That Commercial Factors Litigation arose out of a factoring fraud scheme in which Rudolph Terry was alleged to have generated bogus invoices purporting to show Terry Manufacturing acquiring millions of dollars of product. Rudolph Terry and other individuals not associated with Terry Manufacturing were alleged to have conspired to sell these bogus invoices to Commercial Factors. Commercial Factors was unable to collect upon the bogus invoices and allegedly lost millions of dollars as a result of the fraudulent scheme.

4.

Rudolph Terry was indicted in a federal criminal action based on the same transactions and conduct which served as the basis of the Commercial Factors Litigation. Specifically, a federal criminal action styled *USA v. Pouncey, et al*, District Court Northern District of Georgia (Atlanta) Criminal Docket Case No: 1:03-cr-00055 (the "Federal Prosecution") asserted nineteen separate counts of criminal conduct arising from Rudolph Terry's dealings with Commercial Factors. He ultimately pled guilty.

5.

The legal interests of Terry Manufacturing and Rudolph Terry with respect to the Commercial Factors Litigation were in direct conflict. Defenses available to Terry Manufacturing, including, in particular, that it was not a party to the creation or sale of the bogus invoices were at odds with the interests of Rudolph Terry. Accordingly, consistent with the Rules of Professional Conduct applicable to attorneys in both Alabama and Georgia, Terry Manufacturing and Rudolph Terry could not be represented by single counsel. Nonetheless, Mr. DeLong and the Firm represented both Rudolph Terry and Terry Manufacturing, and apparently did so without disclosing the existence of the conflict or obtaining any written waiver.

6.

The simultaneous representation of Terry Manufacturing and Rudolph Terry when their interests were in direct conflict constitutes a breach of the duty of care owed by DeLong and the Firm to Terry Manufacturing and constitutes professional malpractice under the laws of both the State of Alabama and Georgia. Terry Manufacturing has been injured as a result, and is entitled to an award of appropriate damages, including, in particular, the forfeiture and disgorgement of all fees paid to DeLong and the Firm. In the alternative, Terry Manufacturing paid legal fees and expenses of Rudolph Terry for which Terry Manufacturing had no liability and for which it received no benefit. Those payments were made at a time when Terry Manufacturing was insolvent and had inadequate capital with which to conduct its business. Accordingly, the payments are avoidable as fraudulent conveyances under the United States Bankruptcy Code and applicable laws of the States of Alabama and Georgia. The Trustee is entitled to a judgment avoiding all payments of fees and expenses made

-4-

by Terry Manufacturing to DeLong and the Firm and directing that those payments be returned to the Trustee.

II.     **STATEMENT OF THE PARTIES, THE COURT'S JURISDICTION AND VENUE.**

7.

Pursuant to an Order of this Court dated May 13, 2004, J. Lester Alexander is the duly appointed and acting trustee of Terry Manufacturing and Terry Uniform.

8.

Earnest DeLong is an individual of the age of majority and resident of the State of Georgia.

9.

DeLong, Caldwell, Novotny & Bridgers, LLC purports to be a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business in the City of Atlanta, State of Georgia.

10.

This action is a core proceeding within the meaning of 28 U.S.C. § 157(b). Alternatively, this action asserts claims which are both core and non-core. It falls within this Court's jurisdiction pursuant to 28 U.S.C. § 1334 and the standard order of reference of proceedings arising under or related to Title 11 of the United States Code made to this Court by the United States District Court for the Middle District of Alabama.

11.

Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) as this is the same district in which the Chapter 7 cases of Terry Manufacturing and Terry Uniform are pending.

### III.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

12.

Upon information and belief, Mr. DeLong and the Firm were initially contacted concerning a potential legal dispute involving Rudolph Terry, Terry Manufacturing and Commercial Factors some time in January, 2000. Following filing of the complaint by Commercial Factors, DeLong and the Firm appeared as counsel of record for both Rudolph Terry and Terry Manufacturing. DeLong and the Firm continued to act as counsel of record for Rudolph Terry and Terry Manufacturing up until the time Terry Manufacturing filed for relief under Chapter 11 of the Bankruptcy Code on July 7, 2003.

13.

In the Commercial Factors Litigation, plaintiff Commercial Factors alleged, *inter alia*, that it was in the business of purchasing accounts receivable at a discount and then collecting on those receivables. Defendants John Pouncey or Rudolph Terry, Commercial Factors alleged, generated millions of dollars of invoices reflecting purchases of various fabric and other raw materials by Terry Manufacturing. In fact, Terry Manufacturing never purchased any of the product, and the invoices were wholly bogus. The fraudulent invoices were then sold to Commercial Factors. Commercial Factors could not collect on the invoices and, as a result, incurred losses of millions of dollars.

14.

DeLong and the Firm knew or should have known that there was a direct conflict of interest between Rudolph Terry and Terry Manufacturing. For example, Terry Manufacturing was entitled to counsel solely devoted to its interest who would have advised Terry Manufacturing that it had no duty to indemnity Rudolph Terry for the defense of claims involving criminal or quasi-criminal

conduct. That advice, however, ran counter to the interest of both Rudolph Terry, DeLong and the Firm, all of whom were motivated to insure Terry Manufacturing paid all costs of defense.

15.

Likewise, Terry Manufacturing required counsel solely devoted to protecting its interest to raise various defenses available to Terry Manufacturing which were in conflict with the interests of Rudolph Terry. By way of illustration, if Terry Manufacturing had separate counsel, that counsel could have raised the defense that Rudolph Terry acted outside the scope and course of his employment, and that he alone was responsible for the conduct at issue. Likewise, counsel solely representing the interest of Terry Manufacturing could have raised the defense that Terry Manufacturing had played no role in the generation of the bogus invoices, that creation of the bogus invoices was not done by or at the request of Terry Manufacturing, that Terry Manufacturing did not condone or support generation of the invoices, that it did not share in the payments by Commercial Factors, and that the generation of the invoices was at direct odds with the policy and procedures of Terry Manufacturing.

16.

As the Firm and DeLong represented both Rudolph Terry and Terry Manufacturing, it was not in a position to raise defenses of the type identified above as those defenses ran directly counter to the interests of Rudolph Terry.

17.

Following a grand jury investigation, Rudolph Terry was indicted in the Federal prosecution for the same conduct and transactions which formed the basis of the Commercial Factors Litigation. On October 2, 2003, Rudolph Terry pled guilty to several counts of the indictment. Thereafter, he was incarcerated in a federal prison in Montgomery, Alabama.

18.

Terry Manufacturing was insolvent throughout the period during which payments were made to DeLong and the Firm.  The fair value of the assets of Terry Manufacturing was significantly less than the amount of its liabilities.  Likewise, Terry Manufacturing was unable to pay its obligations timely and was routinely in default of multiple obligations.  Also, Terry Manufacturing had inadequate capital to sustain its business.

19.

Between January, 2000 and June, 2003, Terry Manufacturing made payments to DeLong and the Firm totaling $860,998.54 and consisting of the following:

| Check Clear Date | Payee | Amount |
|---|---|---|
| 01/20/2000 | Earnest H. DeLong, Jr. | 5,000.00 |
| 07/07/2000 | DeLong & Caldwell | 100,000.00 |
| 03/29/2000 | DeLong & Caldwell | 7,100.00 |
| 06/07/2000 | DeLong & Caldwell, LLC | 8,620.00 |
| 06/29/2000 | DeLong & Caldwell LLC | 8,030.00 |
| 04/20/2001 | Earnest DeLong | 8,000.00 |
| 09/01/2000 | DeLong & Caldwell | 8,534.05 |
| 09/01/2000 | Earnest DeLong | 100,000.00 |
| 09/29/2000 | DeLong & Caldwell | 8,500.00 |
| 09/26/2000 | DeLong and Caldwell | 100,000.00 |
| 10/19/2000 | Earnest DeLong & Associates | 100,000.00 |
| 10/31/2000 | DeLong & Caldwell | 13,749.56 |
| 01/31/2001 | DeLong & Caldwell | 15,000.00 |
| 03/12/2001 | Earnest DeLong | 15,000.00 |
| 05/21/2001 | DeLong & Caldwell | 10,746.49 |
| 07/24/2001 | DeLong & Caldwell | 15,800.00 |
| 08/23/2001 | Earnest DeLong | 3,418.44 |
| 08/27/2001 | Earnest DeLong | 7,000.00 |
| 09/28/2001 | DeLong & Caldwell | 6,000.00 |
| 10/17/2001 | DeLong & Caldwell | 15,000.00 |
| 11/13/2001 | DeLong & Caldwell | 15,000.00 |
| 11/27/2001 | DeLong & Caldwell | 25,000.00 |
| 01/07/2002 | DeLong & Caldwell | 10,500.00 |
| 02/12/2002 | DeLong & Caldwell | 10,000.00 |
| 03/07/2002 | DeLong & Caldwell | 12,000.00 |
| 04/12/2002 | DeLong &Caldwell | 15,000.00 |
| 05/16/2002 | DeLong & Caldwell | 15,000.00 |
| 06/21/2002 | DeLong & Caldwell | 15,000.00 |
| 07/19/2002 | DeLong & Caldwell | 20,000.00 |
| Unknown | DeLong & Caldwell | 20,000.00 |
| 10/04/2002 | DeLong & Caldwell | 20,000.00 |
| 11/07/2002 | DeLong & Caldwell | 15,000.00 |
| 12/05/2002 | DeLong & Caldwell | 15,000.00 |
| 12/31/2002 | DeLong & Caldwell | 13,000.00 |
| 01/22/2003 | Earnest DeLong | 15,000.00 |
| 02/10/2003 | Earnest DeLong | 15,000.00 |
| Unknown | DeLong & Caldwell | 10,000.00 |
| 04/09/2003 | DeLong & Caldwell | 10,000.00 |
| Unknown | DeLong & Caldwell | 15,000.00 |
| 06/05/2003 | DeLong & Caldwell | 10,000.00 |
| 06/17/2003 | DeLong & Caldwell | 10,000.00 |

860,998.54

## COUNT I

**FOR LEGAL MALPRACTICE UNDER GEORGIA LAW
AND THE ALABAMA LEGAL SERVICES LIABILITY ACT,
ALABAMA CODE 1975 § 6-570, ET SEQ.**

20.

The Trustee has reviewed all the records of Terry Manufacturing pertaining to the Commercial Factors Litigation and the Company's representation by DeLong and the DeLong Firm. The Trustee can find no indication that DeLong and the Firm ever advised Terry Manufacturing of the existence of a conflict of interest between the interests of Terry Manufacturing and those of Rudolph Terry.  Likewise, the records contain no indication that Terry Manufacturing executed a waiver of any conflict.

21.

DeLong and the Firm's failure to disclose the existence of the conflict between the interests of Terry Manufacturing and Rudolph Terry constitutes a breach of the duty of care, skill, loyalty and diligence owed by attorneys practicing both in the State of Alabama and the State of Georgia.

22.

The Trustee has attempted to obtain the file(s) of Mr. DeLong and the Firm relating to their representation of Terry Manufacturing and Rudolph Terry since July, 2003.  Despite repeated written demands tendered both before and following the filing of this suit, DeLong and the Firm have refused to release the file(s).  Based upon the limited information available to the Trustee and derived from the incomplete files of Terry Manufacturing, it appears DeLong and the Firm failed to satisfy the duties of care, skill, loyalty and diligence required by attorneys practicing in both the States of Alabama and Georgia in at least the following respects:

(A)    DeLong and the Firm failed to provide necessary written disclosures to Terry Manufacturing that a conflict would likely arise, and, in fact, did arise between the interests of Terry Manufacturing and Rudolph Terry;

(B)    DeLong and the Firm did not discuss with Terry Manufacturing the need for a written waiver of the conflict or, indeed, whether the conflict of interest could be waived consistent with the applicable Rules of Professional Conduct of the State of Alabama and Georgia.

(C)    DeLong and the Firm did not advise Terry Manufacturing of whether it had any obligation to indemnify Rudolph Terry for fees and expenses incurred by him in the Commercial Factors Litigation, or whether indemnity was permissible in view of the financial condition of Terry Manufacturing and the allegations of criminal and quasi-criminal conduct asserted against Rudolph Terry in the Commercial Factors Litigation and which formed the basis for his indictment and conviction in the Federal Prosecution.

(D)    As all of the fees and expenses incurred in the Commercial Factor Litigation totaling more than $866,000 were paid by Terry Manufacturing, and at a time when it was insolvent and unable to pay its other obligations.  DeLong and the Firm had a disincentive to advise Terry Manufacturing that it had no obligation to indemnify Rudolph Terry or that it had certain dispositive defenses.  Likewise, DeLong and the Firm had a disincentive to pursue, and, in fact, did not pursue those dispositive defenses.

(E)    Mr. DeLong and the Firm did not pursue dispositive defenses on behalf of Terry Manufacturing because those defenses were counter to the interests of Rudolph Terry.

23.

As a result of the breach by DeLong and the Firm of the duties of care, skill, loyalty and diligence, Terry Manufacturing suffered damages, the amount of which will be proven at the trial of this matter. At a minimum, those damages should include the forfeiture and disgorgement of all fees and expenses paid by Terry Manufacturing to DeLong and the Firm.

## COUNT II

### FOR FRAUDULENT CONVEYANCE PURSUANT TO THE ALABAMA FRAUDULENT TRANSFER ACT, ALABAMA CODE 1975, TITLE 8, CHAPTER 9-A AND THE GEORGIA FRAUDULENT TRANSFER ACT, GEORGIA CODE, TITLE 18, CHAPTER 2 ARTICLE 4

24.

Pursuant to 11 U.S.C. § 544(b), the Trustee enjoys the rights and powers of unsecured creditor. Included among these are the right to assert any claim, demand and cause of action an unsecured creditor would enjoy under the Bankruptcy Code or state law.

25.

The payments made by Terry Manufacturing to the Firm and DeLong constitute fraudulent transfers within the meaning of the Alabama and Georgia Fraudulent Transfer Acts. Terry Manufacturing received either no value for the transfers or substantially less value than the amount of the payments. All of the payments were made at a time when Terry Manufacturing was insolvent and at a time Terry Manufacturing had unreasonably small assets in relation to its business and was unable to pay its debts as they became due.

26.

Terry Manufacturing received no value for its payments to DeLong and the Firm, or received value which was not reasonably equivalent to the payments.

27.

The Trustee is entitled to judgment against the Firm and DeLong avoiding the payments made by Terry Manufacturing. At this time, the Trustee believes those payments to total $860,998.54 but reserves the right to amend the complaint should discovery reveal payments by Terry Manufacturing to DeLong and the Firm in a different amount.

## COUNT III

### AVOIDANCE OF FRAUDULENT CONVEYANCES
### PURSUANT TO 11 U.S.C. § 548

28.

The payments by Terry Manufacturing to the Firm and DeLong constitute fraudulent transfers and obligations under 11 U.S.C. § 548. Terry Manufacturing did not receive reasonably equivalent value for the payments and the payments were made at a time when Terry Manufacturing had unreasonably small capital within the meaning of 11 U.S.C. § 548(a)(B)(2). In addition, all payments incurred at a time when Terry Manufacturing was insolvent.

## COUNT IV

### AVOIDANCE OF PREFERENCES PURSUANT TO 11 U.S.C. § 547

29.

To the extent Terry Manufacturing received any value for the payments to the Firm and DeLong (which is specifically denied by the Trustee), the payments were made during the one year period prior to the filing of Terry Manufacturing's Chapter 11 petition and constitute avoidable preferences. The payments were on account of an antecedent debt and permitted the Firm and DeLong to receive substantially more property than they would have received had the Terry Manufacturing Chapter 11 case initially been filed as a Chapter 7.

30.

All of the payments made within one year of the filing of the Terry Manufacturing Chapter 11 petition are subject to avoidance. Rudolph Terry is an insider within the meaning of 11 U.S.C. § 101(3). All of the payments by Terry Manufacturing to DeLong and the Firm were for the benefit of Rudolph Terry. Accordingly, for purposes of § 547, DeLong and the Firm should be deemed to be an insider and subject to the one year reach back period.

WHEREFORE, after due proceedings had, J. Lester Alexander, III, the duly appointed and acting Trustee of Terry Manufacturing and Terry Uniform respectfully requested that there be judgment in his favor and against Earnest DeLong and DeLong, Caldwell, Novotny & Bridgers, LLC, and that he be awarded damages in am amount to be proved at the trial of this matter, but which at a minimum should include a disgorgement and forfeiture of all fees and expenses paid by Terry Manufacturing to Earnest DeLong and DeLong, Caldwell, Novotny & Bridgers, LLC, and that the Trustee be provided such other and further relief as may be just and equitable.

Respectfully submitted this 7th day of March, 2005

<div style="margin-left:40%">

Respectfully submitted,

By:    /s/  Brent B. Barriere
Brent B. Barriere, T.A. (La. Bar No. 2818)
David L. Patrón (La. Bar No. 22566)
Katherine M. Determan (La. Bar No. 25381)
Catherine E. Lasky (La. Bar No. 28652)
**PHELPS DUNBAR LLP**
One Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130

**ATTORNEYS FOR J. LESTER ALEXANDER, III, TRUSTEE**

</div>

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                         Case No. 03-32063-WRS
                                              Chapter 7

TERRY MANUFACTURING
COMPANY INC.,

            Debtor.

J. LESTER ALEXANDER III, TRUSTEE

            Plaintiff,

                                              Adv. Pro. No. 04-3135-WRS

    v.

DELONG, CALDWELL, NOVOTNY
& BRIDGERS LLC.,

            Defendants.

### ORDER GRANTING MOTION TO AMEND COMPLAINT

        For the reasons set forth on the record on March 8, 2005, on the plaintiff's motion
to amend the complaint (Doc. 23), it is

        ORDERED that the motion is GRANTED.   Responses to the motion may be filed
no later than **March 25, 2005.**   Replies may be filed no later than **April 11, 2005.**

        Done this 11th day of March, 2005.

                              /s/ William R. Sawyer
                              United States Bankruptcy Judge


c: Brent B. Barriere, Attorney for Plaintiff
   Charles D. Butler, Attorney for Defendant

orders.8

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                         Case No. 03-32063-WRS
                                              Chapter 7

TERRY MANUFACTURING
COMPANY INC.,

      Debtor

J. LESTER ALEXANDER III, TRUSTEE,

      Plaintiff                       Adv. Pro. No. 04-3135-WRS

  v.

DELONG, CALDWELL, NOVOTNEY
& BRIDGERS LLC.,

      Defendant

### AMENDED ORDER ON PLAINTIFF'S MOTION
### TO AMEND COMPLAINT

On March 7, 2005, the Plaintiff moved for leave to amend his complaint. (Doc. 23). The Court had intended to permit the Defendant until March 25, 2005, to file its response and further to permit the Plaintiff until April 11, 2005, to file his reply. This Court's Order of March 11, 2005, erroneously states that the Plaintiff's motion to amend is granted. (Doc. 24). It is

ORDERED, that the Court's March 11, 2005, Order is VACATED, to the extent that it purports to grant the Plaintiff's motion to amend. It is further

ORDERED, that the briefing schedule on the Plaintiff's motion to amend its complaint remains in effect.

Done this 18th day of March, 2005.

                         /s/ William R. Sawyer
                         United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiff
  Charles D. Butler, Attorney for Defendants

**FILED**

MAR 2 5 2005

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **TERRY MANUFACTURING** ) | **CASE NO. 03-32063-WRS** |
| **COMPANY, INC.** ) | |
| ) | **CHAPTER 7** |
| **Debtor** ) | |
| ) | |
| | |
| IN RE: ) | |
| ) | **CASE NO. 03-32213-WRS** |
| **TERRY UNIFORM** ) | |
| **COMPANY, LLC** ) | **CHAPTER 7** |
| ) | |
| **Debtor.** ) | |
| | |
| **J. LESTER ALEXANDER, III,** ) | |
| **TRUSTEE OF** ) | |
| **TERRY MANUFACTURING** ) | |
| **COMPANY, INC. AND** ) | **ADVERSARY PROCEEDING** |
| **TERRY UNIFORM COMPANY, LLC** ) | |
| ) | **NO. 04-03135** |
| **VERSUS** ) | |
| ) | |
| **DELONG, CALDWELL, NOVOTNY,** ) | |
| **& BRIDGERS, L.L.C.** ) | |

### OBJECTION TO MOTION FOR LEAVE TO FILE FIRST AMENDED AND
### RESTATED COMPLAINT OF J. LESTER ALEXANDER, III, TRUSTEE

**COMES NOW** Ernest H. Delong, Jr., and the law firm of Delong, Caldwell, Novotny &

Bridgers, L.L.C. (hereinafter collectively referred to as "Delong") and objects to the Trustee's motion

to file its First Amended and Restated Complaint and as grounds therefore, states as follows:

      1.     The malpractice claim set forth in the Trustee's proposed Amended Complaint fails to

state a claim against Delong upon which relief may be granted. The claim specifically fails to assert

a claim against the law firm of Delong, Caldwell, Novotny and Bridgers, L.L.C. because that firm

never performed legal services to Terry Manufacturing. Delong has filed herewith a brief in support of this objection.

2.      The proposed Amended Complaint improperly seeks to add a claim for legal malpractice based upon an alleged violation of the Rules of Professional Conduct, even though the Comments to the Rules and overwhelming case law make it clear that any alleged violation does not give rise to a private cause of action.

3.      Trustee's proposed Amended Complaint improperly attempts to assert a cause of action under "The Alabama Legal Services Liability Act" (the "Alabama Act") based upon an alleged violation of the Alabama Rules of Professional Conduct, even though the legal services at issue were provided in the State of Georgia by a Georgia law firm in litigation filed in Georgia.

4.      Trustee's proposed Amended Complaint is barred by Alabama Code § 6-5-572(2) because Delong was not licensed by the State of Alabama or engaged in the practice of law within the State of Alabama during the requisite time period and therefore is not a "legal service provider," as defined under Alabama law.

5.      Trustee's proposed Amended Complaint seeks to impose liability under the Alabama Act based upon an alleged violation of the Rules of Professional Conduct but such claims are barred by Alabama Code § 6-5-578 (b).

6.      A majority of the fees at issue in Trustee's proposed Amended Complaint were, according to the proposed Amended Complaint, allegedly paid outside the requisite limitations period and are barred by Ala. Code § 6-5-574 and O.C.G.A. § 9-3-33.

7.      Even if the Trustee could assert a claim against Delong under the Alabama Act, Ala. Code § 6-5-573 would require an election of remedies before proceeding further against Delong.

2

8.    Trustee's proposed Amended Complaint is barred by principles of waiver and estoppel. Terry Manufacturing failed to list a claim against Delong in its bankruptcy schedules.

Respectfully submitted this the _25th_ day of March, 2005.

_____

**ROBERT F. NORTHCUTT (NOR015)**
*Attorney for Defendant Delong, Caldwell, Novotny & Bridgers, L.L.C.*

**OF COUNSEL:**
**CAPELL & HOWARD, P.C.**
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Telecopier: (334) 241-8282

C. David Butler, Esq.
Shapiro, Fussell, Wedge, Smotherman
    Martin & Price, LLP
One Midtown Plaza, Suite 1200
1360 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 870-2212
Telecopier: (404) 870-2222

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record listed hereinbelow, by electronic mail and by placing a copy of same in the United States mail, postage prepaid and properly addressed, this the 25th day of March, 2005:

<div align="center">

Brent B. Barriere, T.A.
Phelps Dunbar LLP
One Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534

</div>

**OF COUNSEL**

FILED

MAR 2 5 2005

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO. 03-32063-WRS** |
| **COMPANY, INC.** | ) | |
| | ) | **CHAPTER 7** |
| **Debtor** | ) | |
| | ) | |
| | | |
| **IN RE:** | ) | |
| | ) | **CASE NO. 03-32213-WRS** |
| **TERRY UNIFORM** | ) | |
| **COMPANY, LLC** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |
| | | |
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF** | ) | |
| **TERRY MANUFACTURING** | ) | |
| **COMPANY, INC. AND** | ) | **ADVERSARY PROCEEDING** |
| **TERRY UNIFORM COMPANY, LLC** | ) | |
| | ) | **NO. 04-03135** |
| **VERSUS** | ) | |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | |
| **& BRIDGERS, L.L.C.** | ) | |

## BRIEF IN SUPPORT OF OPPOSITION TO TRUSTEE'S MOTION FOR
## LEAVE TO FILE FIRST AMENDED AND RESTATED COMPLAINT

**COME NOW** Ernest H. Delong, Jr., ("Delong") and the law firm of Delong, Caldwell,

Novotny & Bridgers, L.L.C. (hereinafter referred to as "Delong's Current Firm") and file this brief in

support of their objection to the Trustee's Motion for Leave to File Amended and Restated

Complaint.

### I.     STATEMENT OF THE CASE

This adversary proceeding commenced on December 8, 2004 against Delong's Current Firm,

seeking to recover payments allegedly made by Terry Manufacturing pursuant to the Alabama and

Georgia fraudulent transfer statues and under the Federal Fraudulent Conveyance Statute, 11 U.S.C. § 548. The Trustee also alleged a voidable preference under 11 U.S.C. § 547 and sought the recovery of approximately $352,718.44 Terry Manufacturing allegedly paid to the former law firm to which Mr. Delong belonged, Delong & Caldwell ("Delong's Previous Firm"), during the period between July 19, 2001 through July 7, 2003. At no time were services provided to Terry Manufacturing or its principals by Delong's Current Firm, nor were any monies paid by or on behalf of Terry Manufacturing to Delong's Current Firm. Attached as Exhibit 1 is the engagement letter Delong's Previous Firm sent to Rudolph Terry to memorialize the representation of Terry Manufacturing Company, Inc., and its officers, directors and shareholders in the Commercial Factors litigation filed in Georgia.

On February 11, 2004, the Court entered an Order setting a scheduling conference in this case. On March 7, 2005, the day before the scheduling conference, the Trustee filed a Motion for Leave to file its First Amended and Supplemental Complaint (Proposed Amended and Restated Complaint). According to the Trustee's Motion for Leave to File First Amended and Supplemental Complaint:

> "The additional causes of action asserted in the Trustee's First Amended and Restated Complaint, legal malpractice under Georgia law and the Alabama Legal Services Liability Act, arise from the failure of the Firm [Delong's Current Firm] and Delong to disclose the existence of the conflict of interest between Terry Manufacturing and Rudolph Terry. Ernest H. Delong, Jr., ("Delong"), a partner and principal in the Firm [Delong's Current Firm] and the attorney responsible for the representation of Terry Manufacturing has been added as a defendant because the Trustee discovered checks from Terry Manufacturing made payable to him individually."

(¶ V. at p. 3).

2

According to the Trustee's proposed Amended Complaint, the Trustee bases its malpractice and conflict of interest allegations **on alleged violations of the Rules of Professional Conduct** applicable to attorneys in both Alabama and Georgia. (¶ 5 at p. 4 of proposed Amended Complaint; see also ¶ 22(b) at page 11 of proposed Amended Complaint).

Counsel for Delong advised the Court during the scheduling conference that the Trustee sued the wrong law firm. The legal services at issue in this case were provided by Delong's Previous Firm and not by Delong's Current Firm. The legal services for which Terry Manufacturing made payments that are at issue in this adversary proceeding, were rendered in defense of a major suit filed in the Georgia courts that was defended by Debtor's Georgia lawyer, a member of a Georgia law firm.

**II.    NEITHER DELONG NOR HIS CURRENT OR FORMER FIRM CAN BE LIABLE UNDER THE ALABAMA LEGAL SERVICES LIABILITY ACT FOR SERVICES RENDERED IN GEORGIA AND HIS GEORGIA MALPRACTICE CLAIM IS ALSO BARRED**

The Trustee's motion to amend to assert a claim under The Alabama Legal Services Liability Act (the "Alabama Act") codified at Ala. Code § 6-5-571 to 6-5-581 should be denied because the proposed Amended Complaint fails to state a claim upon which relief may be granted. Because the legal services at issue in this case were provided in the State of Georgia by a Georgia lawyer and his law firm in defense of a major lawsuit filed against the Debtor in Georgia, the Trustee has asserted no legal basis to suggest that Alabama law would apply in this case. Moreover, the proper forum governing negligence claims should be the State where predominately all the alleged negligent acts occurred.

3

Alabama Code § 6-5-572(2) makes it clear that the Alabama Act applies to "legal service providers" which by statutory definition includes only attorneys who are either licensed to practice law in Alabama or to lawyers engaged in the practice of law within the State of Alabama. Delong was not licensed to practice law in Alabama and the services provided were actually rendered in the State of Georgia. Also, Ala. Code § 6-5-572(3) states that in determining the standard of care applicable to a legal services provider, one must consider the "level of such reasonable, care, skill and diligence as other[s] . . .in the same general locality . . .." The Alabama Act clearly does not apply to this case. Also, there is no affidavit attached to the Amended Complaint setting forth facts and opinions of an expert competent in the Georgia law of attorney negligence to testify to the alleged malpractice, as required by the O.C.G.A. § 9-11-9.1. Accordingly, Trustee's proposed Amended Complaint fails to properly allege a claim under Georgia law for malpractice.

### III.    THE TRUSTEE MAY NOT BASE A MALPRACTICE CLAIM ON AN ALLEGED VIOLATION OF THE RULES OF PROFESSIONAL CONDUCT

It is clear from the Trustee's Motion and proposed Amended Complaint that the underlying basis for the malpractice claim the Trustee attempts to add to this adversary proceeding is an alleged conflict of interest, which in turn is based on an alleged violation of the Rules of Professional Conduct. Other than general assertions that Delong has therefore violated the applicable standard care, the Trustee does not articulate any standard of care violated, other than the alleged conflict of interest. Significantly, there is no prohibition against lawyers engaging in conflicts of interest under Alabama or Georgia law except as prohibited by the Rules of Professional Conduct and nowhere else does the law impose a legal duty upon lawyers to avoid conflicts of interest.

4

It is clear from the Rules of Professional Conduct and overwhelming case law that any such alleged violation of the Rules does not give rise to a private cause of action. Absent the violation of a **legal duty**, as opposed to an **ethical duty**, there is no liability under the Alabama Act. According to the Comments to the Alabama Rules of Professional Conduct,

> Violation of a Rule should not give rise to a cause of action, nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a rule.

See also Georgia's Rule of Professional Conduct Number 18:

> [18]    The purposes of these Rules is not to give rise to a cause of action nor to create a presumption that a legal duty has been breached. These Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purposes of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is just a basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Accordingly, nothing should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

Neither Alabama nor Georgia law recognize malpractice claims against lawyers such as claims under the Alabama Act when they are based on alleged violations of the Rules of Professional Conduct. In *Terry Cove North, Inc. v. Marr & Friedlander, P.C.,* 521 So. 2d 22 (Ala. 1988), the Alabama Supreme Court held that a violation of the rules of conduct do not serve as a legal basis for a private civil action for monetary damages. The Supreme Court of Georgia has ruled likewise in

5

*Davis v. Findley*, 422 S.E. 2d 859 (Ga. 1992). Also, U.S. District Judge U.W. Clemon upheld a bankruptcy court determination that the alleged violation of the Rules of Professional Conduct by an attorney do not give rise to an independent cause of action. In fact, Ala. Code § 6-5-578(b) expressly states,

> Neither evidence of a charge of a violation of the Rules of Professional Conduct against a legal service provider nor evidence of any action taken in response to such a charge shall be admissible in a legal services liability action and **the fact that a legal service provider violated any provision of the Rules of Professional Conduct shall not give rise to an independent cause of action or otherwise be used in support of recovery in a legal services liability action.** (emphasis added).

Also, there can be no liability for act or omissions by an attorney in the conduct of litigation which are based upon an honest exercise of professional judgment. *Woodruff v. Tomlin*, 616 F.2d 924, 930, cert. denied; 449 U.S. 888 (1980). The Trustee's new claim is also barred by the doctrine of judicial immunity. There is offered no allegation of the results obtained for the benefit of the Debtor, nor any causation arising from a breach of recognized legal duty on part of the lawyer. The breach of a legal duty must also be connected to damages which are consequent to the negligence. Here the Trustee simply calls for a return of the fees paid the Georgia law firm without any measure of the value of what the law firm achieved for the client. The Trustee fails to mention the engagement letter in his lawyers file or allege any breach of that contract which permits the representation of both the debtor and its individual officer joined to the suit as guarantor. (See Exh. 1).

**IV.    ACCORDING TO THE PROPOSED AMENDED COMPLAINT, MOST OF THE TRUSTEE'S CLAIMS WOULD BE BARRED BY ALA. CODE § 6-5-574(A) AND O.C.G.A. § 9-3-33**

Even if the Alabama Act did apply, the Trustee's motion seeks to add specific claims that would fall outside the permissible period of limitations allowed under the Alabama Act. Alabama Code § 6-5-574(a) makes it clear that "All Legal Service Liability actions against a legal service provider must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards; provided that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would have reasonably led to such discovery, whichever is earlier; provided, further, that in no event may the action be commenced more than four years after such act or omission or failure . . .." Even if the Trustee argues that the filing of the bankruptcy petition prevented the running of any time period prescribed in Ala. Code § 6-5-574 and/or any applicable statute of limitations, most of the claims identified in the proposed Amended Complaint were barred prior to the filing of the bankruptcy petition. Nor can the Trustee claim that the limitations period was tolled by the Trustee's lack of knowledge. There can be no question but that Terry Manufacturing had knowledge of facts which would have revealed the alleged conflict at all times during the representation. (See Exh. 1).

The Trustee's initial Complaint sought the recovery of $352,718.44 for the period commencing July 19, 2001 and ending July 7, 2003. The proposed Amended Complaint however seeks to recover $860,000.00 for the period commencing July 20, 2000 and ending June 17, 2003. The bankruptcy petition in this case was filed on July 7, 2003 so any protection provided under bankruptcy law against the running of periods of limitation would not be applicable to claims which

7

were time barred as of the filing of the bankruptcy petition. Accordingly, any payments for services that were made prior to July 7, 2001 would have been time barred before the petition were filed and cannot provide the basis for a claim under the Alabama Act or O.C.G.A. § 9-3-33. According to the face of the proposed Amended Complaint therefore, over half of the claims made the basis of the proposed Amended Complaint would be time barred in any malpractice action brought under Alabama or Georgia law. Those claims would likewise be time barred under the other causes of action previously asserted by the Trustee.

## V.    ANY ORDER GRANTING TRUSTEE'S MOTION TO AMEND SHOULD REQUIRE AN ELECTION OF REMEDIES BY TRUSTEE

Alabama Code § 6-5-573 expressly provides that the Alabama Act created a single form of action against legal service providers and all other actions are barred by statute. Alabama Code § 6-5-572(1) states that "A legal service liability action embraces all claims . . . [and] any form of action in which a litigant may seek legal redress for a wrong or injury and every legal theory of recovery . . ." Accordingly, claims based on alleged violation of the rules of conduct, breach of a fiduciary duty, negligence, suppression, etc., are subsumed into claims under the Alabama Act and cannot be pursued as separate causes of action. *Borden v. Clement*, 261 B.R. 275 (N.D. Ala. 2001); *Sessions v. Espy*, 2002 WL 31224433 (Ala. 2002). Accordingly, if the Trustee's motion were granted, the claims previously asserted by Trustee should be dismissed or Trustee should be required to elect among remedies and dismiss his remaining claims.

## VI.    TRUSTEE'S PROPOSED MALPRACTICE CLAIMS ARE BARRED BY PRICIPLES OF WAIVER AND ESTOPPEL

According to the bankruptcy schedules filed on behalf of Terry Manufacturing, the debtor failed to list any claim against Delong, Delong's Previous Firm or Delong's Current Firm.

8

Furthermore, it affirmatively appears that Terry Manufacturing clearly knew of the representation of company and Rudolph Terry and never objected to same. There is nothing before the Court to suggest that Terry Manufacturing was not well represented or that it did not benefit by the representation. The Fifth Circuit has held that judicial estoppel barred as a matter of law the personal injury claims of a lawsuit which were not scheduled by the Debtors in their Chapter 13 proceeding when their subsequent Chapter 7 Trustee sought to be substituted as Plaintiff in the Debtor's Civil Action. *Superior Crewboats, Inc. v. Primary P&I Underwriters*, 374 F.3d 330 (5th Cir. 2004); *see also Southmark Corp. v. Trotter, Smith and Jacobs*, 212 Ga. App. 454, 442 S.E. 2d 265 (Ga. App., Mar 04, 1994). The Trustee's proposed malpractice claims should therefore be barred by principles of waiver and estoppel.

Respectfully submitted this the _25th_ day of March, 2005.

_____
**ROBERT F. NORTHCUTT (NOR015)**
*Attorney for Defendant Delong, Caldwell, Novotny*
*& Bridgers, L.L.C.*

**OF COUNSEL:**
**CAPELL & HOWARD, P.C.**
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Telecopier: (334) 241-8282

C. David Butler, Esq.
Shapiro, Fussell, Wedge, Smotherman
    Martin & Price, LLP
One Midtown Plaza, Suite 1200
1360 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 870-2212
Telecopier: (404) 870-2222

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record

listed hereinbelow, by electronic mail and by placing a copy of same in the United States mail,

postage prepaid and properly addressed, this the $25$ day of March, 2005:

Brent B. Barriere, T.A.
Phelps Dunbar LLP
One Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534

**OF COUNSEL**

**DeLong & Caldwell, L.L.C.**
ATTORNEYS AT LAW

1770 Resurgens Plaza
945 East Paces Ferry Road
Atlanta, Georgia 30326

404.842.0555
Facsimile: 404.842.0565

Earnest H. DeLong, Jr.

Direct Dial: 404.842.0540

January 3, 2000

Mr. Rudolph Terry
Terry Manufacturing Company, Inc.
3725 Zip Industrial Boulevard
Atlanta, GA 30354

  Re: Commercial Factors of Atlanta, Inc. v. Terry
     Manufacturing Company, Inc., et. al., Gwinnett Superior
     Court File NO. 99-A-10650-5

Dear Mr. Terry:

  This letter is intended to memorialize the understanding we
have reached. Jerry Thomas and I have been engaged to represent
the interests of Terry Manufacturing Company, Inc., its officers,
directors and shareholders in the defense of the above-referenced
matter. Terry Manufacturing Company will be billed at the end of
each month for time and expenses incurred during the month.
Attorney time will be billed at the rate of $250.00 per hour and
expenses will be billed as incurred.

  We look forward to working with you on behalf of the Company.

        Sincerely,

        Earnest H. DeLong, Jr.

EHD/jj
cc: J. Thomas

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO.  03-32063-WRS** |
| **COMPANY, INC.** | ) | |
| | ) | **CHAPTER 7** |
| Debtor | ) | |
| | ) | |

_____

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CASE NO.  03-32213-WRS** |
| **TERRY UNIFORM** | ) | |
| **COMPANY, LLC,** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |

_____

| | | |
|---|---|---|
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF** | ) | |
| **TERRY MANUFACTURING** | ) | |
| **COMPANY, INC. AND** | ) | **ADVERSARY PROCEEDING** |
| **TERRY UNIFORM COMPANY, LLC** | ) | |
| | ) | |
| **VERSUS** | ) | **NO.  04-03135** |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | |
| **& BRIDGERS, L.L.C.** | ) | |

## TRUSTEE'S REPLY TO DELONG, CALDWELL, NOVOTNY, & BRIDGERS, L.L.C.'S OBJECTION TO TRUSTEE'S MOTION FOR LEAVE TO FILE <u>FIRST AMENDED AND SUPPLEMENTAL COMPLAINT</u>

J. Lester Alexander, III, the duly appointed and acting Chapter 7 trustee (the "Trustee") of Terry Manufacturing Company, Inc. ("Terry Manufacturing") and Terry Uniform Company, LLC, ("Terry Uniform") respectfully submits that his Motion for Leave to File Second Amended and Supplemental Complaint should be granted.  The Objection and Supporting Memorandum filed by Earnest DeLong ("DeLong"), DeLong, Caldwell, Novotny & Bridgers, L.L.C. (the "Firm") does not present any credible

grounds for overriding the express purpose of Rule 15 of the Federal Rules of Civil Procedure, incorporated in this proceeding by Bankruptcy Rule 7015 that leave to amend "shall be freely given when justice so requires." Indeed, DeLong and the Firm do not suggest that they will be in any way prejudiced by the proposed amendment. Rather, they appear to argue that the Trustee's additional legal malpractice claim will fail as a matter of law. But the Trustee need not show that he will ultimately prevail on the merits nor even that he could defeat a motion for summary judgment. Rather, the Trustee need only show that, accepting all of his factual allegations as true, he has set forth some basis for possible relief. The Trustee's proposed amendment plainly satisfies that low threshold.

## BACKGROUND

The Trustee was appointed on May 13, 2004 and was authorized to engage Phelps Dunbar, LLP as his Special Litigation Counsel. Analysis performed by the Trustee and Phelps Dunbar revealed significant payments made by Terry Manufacturing to persons identified on Terry Manufacturing checks as Earnest H. DeLong or DeLong & Caldwell.

On July 30, 2004, Special Litigation Counsel sent a letter to the Firm requesting any records relating to its representation of Terry Manufacturing. Special Litigation Counsel never received any response. On October 12, 2004, Special Litigation Counsel sent yet another letter reiterating the Trustee's request for information related to the Firm's representation of Terry Manufacturing. Specifically, Special Litigation Counsel sought confirmation that the Firm had acted as counsel for Terry Manufacturing and requested copies of all bills, engagement letters and other documents in file(s) maintained by the Firm for Terry Manufacturing. The Firm responded three weeks later and agreed to forward the requested

information "within the next few days."  In fact, no documents were provided, and on November 22nd Special Litigation Counsel yet again wrote to the Firm and stated that the Trustee would be required to file suit if the Firm continued with its refusal to cooperate.  No information was provided, and on December 8th, the Trustee filed his initial complaint which asserted fraudulent conveyance claims under both Alabama and Georgia law and the United States Bankruptcy Code and demanded damages of $352,718.44.[1]

The Firm has never produced any documents despite repeated demands over the past eight months.  Nonetheless, the Trustee has continued to review Terry Manufacturing's records as well as those available from third parties.  Based upon those materials, the Trustee has determined that Mr. DeLong and the Firm simultaneously represented Rudolph Terry and Terry Manufacturing, that there was a significant conflicts of interest between Terry Manufacturing and Mr. Terry, that there was never a written waiver of those conflicts, that the Firm and Mr. DeLong breached the duty of care owed by attorneys by simultaneously representing Terry Manufacturing and Rudolph Terry and that Terry Manufacturing was damaged as a result.  Those claims are detailed in the proposed amendment.

## 1.    The Firm's Shell Game.

All of the correspondence issued by Special Litigation Counsel was sent to Earnest H. DeLong and the Firm.  On November 1, 2004, Mr. DeLong responded in correspondence which read in relevant part "as you know, I, along with Jerry Thomas, represent Terry Manufacturing Company in litigation brought by Commercial Factors of Atlanta, Inc.  The case has been concluded, and the file has been closed.  Within

---

[1]    The Trustee's repeated and frustrated efforts to obtain access to the Firm's files are detailed in paragraphs IX-XI of the Trustee's original complaint.

the next few days, I will attempt to identify the records that I have that are responsive to your request and will forward them to you." That correspondence was on the letterhead of the Firm. There was no suggestion that the Firm was not involved in the Terry Manufacturing/Rudolph Terry engagement, nor the Trustee needed to make demand on some entity other than the Firm.

Following filing of the suit, the Firm sought to transfer venue of this litigation to the Northern District of Georgia. Pleadings filed by the Firm asserted that it had represented Terry Manufacturing, that all of its activities occurred in Georgia, and that the case should properly be heard in that state. Notably, neither that pleading nor the answer filed at the same time by the Firm remotely suggested that the Trustee had not named the proper party and that the Trustee should have properly named DeLong & Caldwell, LLC rather than the Firm. In this regard, the Firm's memorandum in support of its motion to transfer venue provided in relevant part:

> This adversary proceeding was instituted by the Plaintiff/Trustee on or about December 10, 2004. Plaintiff/Trustee seeks recovery of $352,718.44 from Respondent, DeLong, Caldwell, Novotny & Bridgers, LLC ("DCNB") alleging that Terry Manufacturing made a fraudulent conveyance to DCNB under 11 U.S.C. § 548 and under the Alabama and Georgia fraudulent conveyance statutes.
>
> The transfers were made by Terry Manufacturing to pay legal fees incurred by Terry Manufacturing in the defense of a civil case brought in the Superior Court of Gwinnett County, Georgia, styled *Commercial Factors of Atlanta, Inc. v. Terry Manufacturing Company, Inc., Flood Gates, Ltd. and John L. Pouncey*. The litigation pertains solely to issues associated with the operation of Terry Manufacturing Company in the State of Georgia. The legal services that were provided to Terry Manufacturing Company were reasonable, necessary and within keeping of the scope of the litigation that the Company was forced to defend. The work was performed in Georgia. The fees were charged in Georgia, to a Georgia entity. The fee payments were made in Georgia by a Georgia entity. The fees charged to Terry Manufacturing were within and below

the prevailing market rate for such litigation conducted in the Atlanta, Georgia area.

As shown more specifically below, DCNB is located in Atlanta, Georgia. Moreover, all witnesses and documents regarding the transfer and the services provided are located in Atlanta, Georgia. The transfer took place in Atlanta, Georgia. Thus, DCNB respectfully request that the court transfer this adversary proceeding to the Northern District of Georgia".[2]

Special Litigation Counsel has been advised by counsel for the Firm that it is now the Firm's position that, notwithstanding the representations in its venue memorandum, it was an unrelated entity, DeLong & Caldwell, LLC, rather than the Firm that rendered services to Terry Manufacturing, received payments from Terry Manufacturing and has any potential exposure for malpractice. Presumably, this is also why that after the passage of more than eight months since Special Litigation Counsel first requested access to any files pertaining to Terry Manufacturing, the Firm's response consists of nothing more than:

Respondent has no documents or records that are responsive to the request for production of documents. However, it is informed and believes that Mr. DeLong has agreed to make available to plaintiffs fifteen or so boxes of files and records that are now under his control at a time and place to be agreed upon.

At this time, the Trustee has no substantive basis on which to judge the respective exposures of the Firm and DeLong & Caldwell, LLC. Indeed, the Firm has yet to affirmatively and plainly state its position in this regard simply noting that "at no time were services provided to Terry Manufacturing or its principals by DeLong's current Firm, nor were any monies paid by or on behalf of Terry Manufacturing to DeLong's current firm."[3]

---

[2]    See, the Firm's Memorandum of Law in Support of Motion of Respondent to Transfer Venue at pages 1-2.

[3]    Brief of DeLong and the Firm at page 2.

Given the Firm's failure to produce documents and its recent reversal of position, the Trustee cannot respond to the merits (if any) of this newly raised defense.  Obviously, he will take appropriate discovery to determine the status of the Firm and DeLong & Caldwell, the relationship between the two and their respective roles in the representation of Terry Manufacturing.  For present purposes, the Trustee proposes that the Court permit the filing of a modified version of the Trustee's First Amended and Restated Complaint which names both the Firm and DeLong & Caldwell as defendants.  That proposed First Amended and Restated Complaint is attached as Exhibit "A."  This will resolve the Firm's principal objection.  Its other points are addressed below.

## THE LEGAL STANDARD

Rule 15(a)'s declaration that leave to amend "shall be freely given when justice so requires" is a mandate "to be heeded."  As the Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given."  *Foman v. Davis*, 371 U.S. 178, 182, 82 S.Ct. 227, 230, 9 L.Ed 222 (1962).  Consistent with that approach, the Eleventh Circuit "follows a liberal practice permitting amendments to pleadings" *see, Phototech International Corp. v. Polaroid Corp.*, 889 F.Supp. 1518, 1521 (N.D. Ga. 1995) citing *Motorcity of Jacksonville, Ltd. v. Southeast Bank*, 39 F.3d 292, 297 (11th Cir. 1994); *see also, Hall v. United Insurance Company of America*, 367 F.2d 1255, 1262 (11th Cir. 2004).

In evaluating a proposed amendment, the courts in this Circuit consider both procedural issues and substantive ones. Notwithstanding the liberal language of Rule 15, an amendment may be denied if it will result in undue prejudice to the opposing party such as delaying trial or undermining the value of discovery which has been concluded. Also, amendment may be denied if it appears that the party seeking the amendment has acted in bad faith or with undue delay. Alternatively, the amendment may be denied if the proposal would be "futile" as a matter of law. The issue of futility is not whether the proponent will ultimately prevail on the merits, or even survive a motion for summary judgment, but whether it is obvious that the proponent's new pleading cannot survive a challenge under Rule 12(b)(6). *See, e.g., Florida Power & Light Co. v. Alis Chambers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996); *Halliburton & Associates v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985).

The Firm and DeLong do not claim that the Trustee's proposed amendment will prejudice them in any way, or that the Trustee has acted with undue delay or in bad faith. Rather, it appears that they are asserting that the proposed amendment is futile because the Trustee's proposed complaint will not pass muster under Rule 12(b)(6). Under the law of this Circuit, DeLong and the Firm carry a "very high burden of showing that [the Trustee] cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche,* 114 F.3d 732 (11th Cir. 1998). The Court "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff," and cannot conclude that the proposal is futile "unless it appears beyond doubt that [the Trustee] can prove no set of facts in support of his claim." *Beck, supra* at 735 citing *St. Joseph's Hospital, Inc. v. Hospital Corporation of America*, 795 F.2d 948, 954 (11th Cir. 1986). The Firm and DeLong fall well short of this exacting standard.

## **ARGUMENT**

1.    **The various defenses raised by DeLong and the Firm will not defeat the Trustee's claims on the merits. In any event, none of those defense supports a showing of futility.**

In opposing the amendment, DeLong and the Firm have set forth in summary fashion a laundry list of affirmative defenses which they assert will ultimately defeat the Trustee's claims. Most of these will require extensive discovery; several appear wholly inapplicable to the Trustee's case. In any event, none is such a definitive bar to recovery as to preclude amendment.

(A)    **The Trustee is suing for breach of duty, not breach of one of the state Rules of Professional Responsibility.**

Much of the opposition is devoted to the notion that the Trustee is seeking to hold DeLong and the Firm liable for nothing more than the breach of one of Georgia or Alabama's Rules of Professional Responsibility. That is not the case. In fact, the principal theme of the Trustee's complaint is that DeLong and the Firm could not simultaneously represent Terry Manufacturing and Rudolph Terry as there was a fundamental and unwaiveable of conflict between their interests. DeLong and the Firm apparently never disclosed the existence of that conflict; much less obtained a written waiver. As detailed in the proposed amendment, Terry Manufacturing was injured, but because it was not provided with independent counsel who would have advised it with respect to dispositive affirmative defenses and its duties with respect to indemnity. DeLong and the Firm could not provide that necessary advice because to have done so would have undermined the interests of Rudolph Terry and DeLong and the Firm's own economic interests. This constituted a breach of the duty of care and amounts to legal malpractice.

Both Alabama and Georgia courts have recognized legal malpractice claims of the type asserted by the Trustee finding that under appropriate facts a conflict of interest can amount to malpractice. *See, e.g., Paul v. Smith, Gambrell & Russell*, 599 Se.2d 206 (Ga. Ct. App. 2004); *Peters v. Hyatt Legal*

*Services,* 469 Se.2d. 481 (Ga. Ct. App. 1996); *Haring v. Parkman*, 631 So.2d 996 (Ala. 1994).  The

Trustee's detailed claim is sufficient to satisfy Rule 12(b)(6).

> **(B)    At this stage, it is impossible to determine whether Georgia or Alabama law applies and there is no factual basis for holding DeLong and the Firm cannot be liable under Alabama law.**

DeLong and the Firm assert that neither provided services in Alabama, and therefore neither can

be found liable under Alabama's Legal Services Liability Act, Ala. Code § 6-6-571 to 6-5-581.  DeLong

and the Firm acknowledge that the Act applies to attorneys both licensed to practice law in Alabama and

those who actually render services within the state.  The Trustee has alleged they provided legal services

in both Alabama and Georgia, and for purposes of the present motion, that allegation must be taken as true.

Plainly, where the legal services were performed and where the legal duties were breached are factual

issues which will be developed through discovery.  Issues which can only be disposed of following factual

discovery are not subject to dismissal under Rule 12(b)(6).

> **(C)    There is no requirement of an affidavit to support the Trustee's complaint.**

Turning to the Georgia statute, DeLong and the Firm claim that the Trustee's proposed amendment

is fatally deficient as he has not provided an affidavit of an expert competent to testify with respect to the

alleged malpractice as required by O.C.G.A. §9-11-9.1.  But what DeLong and the Firm fail to

acknowledge is that the affidavit requirement has repeatedly been held to be inapplicable to actions brought

in federal court.  Indeed, the federal courts have uniformly held that the affidavit requirement is one of state

procedure, does not trump either Rule 8 or Rule 11 of the Federal Rules of Civil Procedure, and need not

be filed with a federal complaint asserting legal malpractice.  *See, e.g., Baird v. Celis*, 41 F.Supp.2d 1358

(N.D. Ga. 1999); *Boone v. Knight*, 131 F.R.D. 609 (S.D. Ga. 1990) and *Brown v. Nichols*, 8 F.3d 770

(11th Cir. 1993).

> **(D)   The Trustee's claim is not time-barred.**

While asserting that the Trustee's claims cannot be governed by Alabama law, DeLong and the

Firm then reverse field and assert the claims are barred by Alabama's two-year statute of limitation.   By

their calculation, any claim arising prior to July, 2001 has been lost.   However, the applicable statute

permits an action to be brought within four years of the act of malpractice so long as the suit is filed within

six months of the date of discovery.   Any claim against DeLong and the Firm arose some time after January

1, 2000 when they were initially engaged by Rudolph Terry and Terry Manufacturing.   Four years had not

passed as of the filing of the Terry Manufacturing Chapter 11 Petition in July, 2003, and the filing of that

Petition extended the statute of limitations by an additional two years at a minimum.   Accordingly, it appears

that any possible claim against DeLong and the Firm remain viable.   In any event, resolution of this issue

prior to discovery is premature.

> **(E)   DeLong and the Firm cannot assert judicial estoppel or waiver.**

The Trustee readily acknowledges that under certain very limited circumstances, the courts have

held that a debtor waives a lawsuit by not timely listing it on his schedules of assets and liabilities or making

express reference to it in either his disclosure statement or plan of reorganization.   Those cases have been

limited to instances where there was a showing that the debtor intentionally avoided disclosure so that

insiders could profit from the litigation, or withheld disclosure in order to obtain concessions from the

creditor.   *See, e.g., In re Superior Crewboats, Inc.*, cited by DeLong and the Firm, in which the Fifth

Circuit applied judicial waiver to bar suit upon concluding that the debtor had knowingly failed to list a

personal injury claim on its bankruptcy schedule in order to shield any possible recovery from creditors. The waiver/estoppel cases have no application here. The Trustee has not secured any concession from DeLong or the Firm. He has not, nor will he seek their consent to a plan of reorganization, nor has he secured their waiver of any other rights. Notwithstanding the Firm's repeated refusal to produce any documents to the representative of its former client, the Trustee has been able to investigate possible claims against the Firm and DeLong and has promptly asserted those claims. That DeLong and the Firm now claim that they are entitled to be relieved of liability because they refused to cooperate makes a mockery of the theory of waiver and estoppel.

<u>**CONCLUSION**</u>

DeLong and the Firm do not assert, nor can they assert that the Trustee has acted in a tardy fashion or that they will be prejudiced by the proposed amendment. The Trustee's proposed Amended Complaint states viable and detailed claims for relief, and the Trustee respectfully requests that he be granted leave to file his First, Amended, and Restated and Modified Complaint in the form attached as Exhibit "A."

Respectfully submitted this 11th day of April, 2005.

<div style="margin-left:40%">

Respectfully submitted,


By:       /s/   Brent B. Barriere
            Brent B. Barriere, T.A.  (La. Bar No. 2818)
            David L. Patrón (La. Bar No. 22566)
            Katherine M. Determan (La. Bar No. 25381)
            Catherine E. Lasky (La. Bar No. 28652)
            **PHELPS DUNBAR LLP**
            One Canal Place
            365 Canal Street • Suite 2000
            New Orleans, Louisiana  70130-6534
            Telephone:  (504) 566-1311
            Facsimile:  (504) 568-9130


            **ATTORNEYS FOR J. LESTER ALEXANDER, III, TRUSTEE**

</div>

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served on the party listed below by facsimile

and First Class Mail this 11th day of April, 2005:

C. David Butler, Esq.
Shapiro Fussell Wedge
  Smotherman Martin & Price, LLP
1360 Peachtree Street
One Midtown Plaza, Suite 1200
Atlanta, GA 30309-3214

| | |
|---|---|
| Robert Northcutt, Esq. | J. Flynn Mozingo |
| Capel & Howard | Melton, Espy & Williams, P.C. |
| P. O. Box 2069 | 301 Adams Avenue |
| Montgomery, AL  36102 | Montgomery, AL 36104 |

/s/ Brent B. Barriere

-13-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO. 03-32063-WRS** |
| **COMPANY, INC.** | ) | |
| | ) | **CHAPTER 7** |
| **Debtor** | ) | |
| | ) | |

_____

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **CASE NO. 03-32213-WRS** |
| **TERRY UNIFORM** | ) | |
| **COMPANY, LLC,** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |

_____

| | | |
|---|---|---|
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF** | ) | |
| **TERRY MANUFACTURING** | ) | |
| **COMPANY, INC. AND** | ) | **ADVERSARY PROCEEDING** |
| **TERRY UNIFORM COMPANY, LLC** | ) | |
| | ) | **NO. 04-3135** |
| **VERSUS** | ) | |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | |
| **& BRIDGERS, L.L.C. ,** | ) | |
| **DELONG & CALDWELL, L.L.C.** | ) | |
| **AND EARNEST H. DELONG, JR.** | ) | |

### FIRST AMENDED, RESTATED AND MODIFIED COMPLAINT
### OF J. LESTER ALEXANDER, III, TRUSTEE

NOW INTO COURT, through undersigned counsel, comes J. Lester Alexander, III, the duly appointed and acting Chapter 7 trustee (the "Trustee") of Terry Manufacturing Company, Inc. ("Terry Manufacturing") and Terry Uniform Company, LLC, ("Terry Uniform"), and for his First Amended and Restated Complaint against Defendants, Earnest H. DeLong, Jr., DeLong & Caldwell, L.L.C. and DeLong, Caldwell, Novotny & Bridgers L.L.C. respectfully represents:

## I.  <u>INTRODUCTION</u>

This is an action seeking recovery of damages and disgorgement of professional fees estimated to exceed $860,000.00 arising from acts of professional malpractice and fraudulent conveyances involving defendants Earnest DeLong, DeLong & Caldwell, L.L.C. and DeLong, Caldwell, Novotny & Bridgers L.L.C. (DeLong & Caldwell, L.L.C. and DeLong, Caldwell, Novotny & Bridgers L.L.C. hereinafter the "Firm").

1.

The Trustee was originally appointed Chapter 11 Trustee of Terry Manufacturing. Following conversion of the Chapter 11 case to a Chapter 7 case, he was appointed Chapter 7 trustee of both Terry Manufacturing and Terry Uniform. At the time of his original appointment, the Trustee determined that extensive records of Terry Manufacturing were missing, and those which remained were in disarray. As a result, the Trustee has been required to spend thousands of man hours organizing and recreating records for Terry Manufacturing. As part of that process, the Trustee has requested, beginning in July, 2004, that DeLong and the Firm provide the Trustee with any files in their possession relating to their representation of Terry Manufacturing. To date, they have refused to do so. Nonetheless, based upon the records which

-2-

are available to the Trustee, he is now in a position to make the following allegations on information and belief.

2.

Commencing in January, 2000 and continuing until the eve of the Chapter 11 filing of Terry Manufacturing, DeLong and the Firm represented Rudolph Terry and Terry Manufacturing in litigation styled *Commercial Factors of Atlanta, Inc. v. Terry Manufacturing, et al*, Case No. 99-A-10650-5, Gwinett Judicial Circuit Superior Court, State of Georgia (the "Commercial Factors Litigation").

3.

That Commercial Factors Litigation arose out of a factoring fraud scheme in which Rudolph Terry was alleged to have generated bogus invoices purporting to show Terry Manufacturing acquiring millions of dollars of product. Rudolph Terry and other individuals not associated with Terry Manufacturing were alleged to have conspired to sell these bogus invoices to Commercial Factors. Commercial Factors was unable to collect upon the bogus invoices and allegedly lost millions of dollars as a result of the fraudulent scheme.

4.

Rudolph Terry was indicted in a federal criminal action based on the same transactions and conduct which served as the basis of the Commercial Factors Litigation. Specifically, a federal criminal action styled *USA v. Pouncey, et al,* District Court Northern District of Georgia (Atlanta) Criminal Docket Case No: 1:03-cr-00055 (the "Federal Prosecution") asserted nineteen separate counts of criminal conduct arising from Rudolph Terry's dealings with Commercial Factors. He ultimately pled guilty.

5.

The legal interests of Terry Manufacturing and Rudolph Terry with respect to the Commercial Factors Litigation were in direct conflict. Defenses available to Terry Manufacturing, including, in particular, that it was not a party to the creation or sale of the bogus invoices were at odds with the interests of Rudolph Terry. Accordingly, consistent with the Rules of Professional Conduct applicable to attorneys in both Alabama and Georgia, Terry Manufacturing and Rudolph Terry could not be represented by single counsel. Nonetheless, Mr. DeLong and the Firm represented both Rudolph Terry and Terry Manufacturing, and apparently did so without disclosing the existence of the conflict or obtaining any written waiver.

6.

The simultaneous representation of Terry Manufacturing and Rudolph Terry when their interests were in direct conflict constitutes a breach of the duty of care owed by DeLong and the Firm to Terry Manufacturing and constitutes professional malpractice under the laws of both the State of Alabama and Georgia. Terry Manufacturing has been injured as a result, and is entitled to an award of appropriate damages, including, in particular, the forfeiture and disgorgement of all fees paid to DeLong and the Firm. In the alternative, Terry Manufacturing paid legal fees and expenses of Rudolph Terry for which Terry Manufacturing had no liability and for which it received no benefit. Those payments were made at a time when Terry Manufacturing was insolvent and had inadequate capital with which to conduct its business. Accordingly, the payments are avoidable as fraudulent conveyances under the United States Bankruptcy Code and applicable laws of the States of Alabama and Georgia. The Trustee is entitled to a judgment

-4-

avoiding all payments of fees and expenses made by Terry Manufacturing to DeLong and the Firm and directing that those payments be returned to the Trustee.

## II.    STATEMENT OF THE PARTIES, THE COURT'S JURISDICTION AND VENUE.

7.

Pursuant to an Order of this Court dated May 13, 2004, J. Lester Alexander is the duly appointed and acting trustee of Terry Manufacturing and Terry Uniform.

8.

Earnest DeLong is an individual of the age of majority and resident of the State of Georgia.

9.

DeLong, Caldwell, Novotny & Bridgers, LLC purports to be a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business in the City of Atlanta, State of Georgia.  DeLong & Caldwell, L.L.C. also purports to be a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business in the City of Atlanta, State of Georgia.

10.

This action is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Alternatively, this action asserts claims which are both core and non-core.  It falls within this Court's jurisdiction pursuant to 28 U.S.C. § 1334 and the standard order of reference of proceedings arising under or related to Title 11 of the United States Code made to this Court by the United States District Court for the Middle District of Alabama.

11.

Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) as this is the same district in which the Chapter 7 cases of Terry Manufacturing and Terry Uniform are pending.

## III.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

12.

Upon information and belief, Mr. DeLong and the Firm were initially contacted concerning a potential legal dispute involving Rudolph Terry, Terry Manufacturing and Commercial Factors some time in January, 2000. Following filing of the complaint by Commercial Factors, DeLong and the Firm appeared as counsel of record for both Rudolph Terry and Terry Manufacturing. DeLong and the Firm continued to act as counsel of record for Rudolph Terry and Terry Manufacturing up until the time Terry Manufacturing filed for relief under Chapter 11 of the Bankruptcy Code on July 7, 2003.

13.

In the Commercial Factors Litigation, plaintiff Commercial Factors alleged, *inter alia*, that it was in the business of purchasing accounts receivable at a discount and then collecting on those receivables. Defendants John Pouncey or Rudolph Terry, Commercial Factors alleged, generated millions of dollars of invoices reflecting purchases of various fabric and other raw materials by Terry Manufacturing. In fact, Terry Manufacturing never purchased any of the product, and the invoices were wholly bogus. The fraudulent invoices were then sold to Commercial Factors. Commercial Factors could not collect on the invoices and, as a result, incurred losses of millions of dollars.

14.

DeLong and the Firm knew or should have known that there was a direct conflict of interest between Rudolph Terry and Terry Manufacturing. For example, Terry Manufacturing was entitled to counsel solely devoted to its interest who would have advised Terry Manufacturing that it had no duty to indemnity Rudolph Terry for the defense of claims involving criminal or quasi-criminal conduct. That advice, however, ran counter to the interest of both Rudolph Terry, DeLong and the Firm, all of whom were motivated to insure Terry Manufacturing paid all costs of defense.

15.

Likewise, Terry Manufacturing required counsel solely devoted to protecting its interest to raise various defenses available to Terry Manufacturing which were in conflict with the interests of Rudolph Terry. By way of illustration, if Terry Manufacturing had separate counsel, that counsel could have raised the defense that Rudolph Terry acted outside the scope and course of his employment, and that he alone was responsible for the conduct at issue. Likewise, counsel solely representing the interest of Terry Manufacturing could have raised the defense that Terry Manufacturing had played no role in the generation of the bogus invoices, that creation of the bogus invoices was not done by or at the request of Terry Manufacturing, that Terry Manufacturing did not condone or support generation of the invoices, that it did not share in the payments by Commercial Factors, and that the generation of the invoices was at direct odds with the policy and procedures of Terry Manufacturing.

16.

As the Firm and DeLong represented both Rudolph Terry and Terry Manufacturing, it was not in a position to raise defenses of the type identified above as those defenses ran directly counter to the interests of Rudolph Terry.

17.

Following a grand jury investigation, Rudolph Terry was indicted in the Federal prosecution for the same conduct and transactions which formed the basis of the Commercial Factors Litigation. On October 2, 2003, Rudolph Terry pled guilty to several counts of the indictment. Thereafter, he was incarcerated in a federal prison in Montgomery, Alabama.

18.

Terry Manufacturing was insolvent throughout the period during which payments were made to DeLong and the Firm. The fair value of the assets of Terry Manufacturing was significantly less than the amount of its liabilities. Likewise, Terry Manufacturing was unable to pay its obligations timely and was routinely in default of multiple obligations. Also, Terry Manufacturing had inadequate capital to sustain its business.

19.

Between January, 2000 and June, 2003, Terry Manufacturing made payments to DeLong and the Firm totaling $860,998.54 and consisting of the following:

| **Check Clear Date** | **Payee** | **Amount** |
|---|---|---|
| 01/20/2000 | Earnest H. DeLong, Jr. | 5,000.00 |
| 07/07/2000 | DeLong & Caldwell | 100,000.00 |
| 03/29/2000 | DeLong & Caldwell | 7,100.00 |
| 06/07/2000 | DeLong & Caldwell, LLC | 8,620.00 |
| 06/29/2000 | DeLong & Caldwell LLC | 8,030.00 |
| 04/20/2001 | Earnest DeLong | 8,000.00 |
| 09/01/2000 | DeLong & Caldwell | 8,534.05 |
| 09/01/2000 | Earnest DeLong | 100,000.00 |
| 09/29/2000 | DeLong & Caldwell | 8,500.00 |
| 09/26/2000 | DeLong and Caldwell | 100,000.00 |
| 10/19/2000 | Earnest DeLong & Associates | 100,000.00 |
| 10/31/2000 | DeLong & Caldwell | 13,749.56 |
| 01/31/2001 | DeLong & Caldwell | 15,000.00 |
| 03/12/2001 | Earnest DeLong | 15,000.00 |
| 05/21/2001 | DeLong & Caldwell | 10,746.49 |
| 07/24/2001 | DeLong & Caldwell | 15,800.00 |
| 08/23/2001 | Earnest DeLong | 3,418.44 |
| 08/27/2001 | Earnest DeLong | 7,000.00 |
| 09/28/2001 | DeLong & Caldwell | 6,000.00 |
| 10/17/2001 | DeLong & Caldwell | 15,000.00 |
| 11/13/2001 | DeLong & Caldwell | 15,000.00 |
| 11/27/2001 | DeLong & Caldwell | 25,000.00 |
| 01/07/2002 | DeLong & Caldwell | 10,500.00 |
| 02/12/2002 | DeLong & Caldwell | 10,000.00 |
| 03/07/2002 | DeLong & Caldwell | 12,000.00 |
| 04/12/2002 | DeLong &Caldwell | 15,000.00 |
| 05/16/2002 | DeLong & Caldwell | 15,000.00 |
| 06/21/2002 | DeLong & Caldwell | 15,000.00 |
| 07/19/2002 | DeLong & Caldwell | 20,000.00 |
| Unknown | DeLong & Caldwell | 20,000.00 |
| 10/04/2002 | DeLong & Caldwell | 20,000.00 |
| 11/07/2002 | DeLong & Caldwell | 15,000.00 |
| 12/05/2002 | DeLong & Caldwell | 15,000.00 |
| 12/31/2002 | DeLong & Caldwell | 13,000.00 |
| 01/22/2003 | Earnest DeLong | 15,000.00 |
| 02/10/2003 | Earnest DeLong | 15,000.00 |
| Unknown | DeLong & Caldwell | 10,000.00 |
| 04/09/2003 | DeLong & Caldwell | 10,000.00 |
| Unknown | DeLong & Caldwell | 15,000.00 |
| 06/05/2003 | DeLong & Caldwell | 10,000.00 |
| 06/17/2003 | DeLong & Caldwell | 10,000.00 |

860,998.54

## COUNT I

**FOR LEGAL MALPRACTICE UNDER GEORGIA LAW
AND THE ALABAMA LEGAL SERVICES LIABILITY ACT,
ALABAMA CODE 1975 § 6-570, ET SEQ.**

20.

The Trustee has reviewed all the records of Terry Manufacturing pertaining to the Commercial Factors Litigation and the Company's representation by DeLong and the DeLong Firm.  The Trustee can find no indication that DeLong and the Firm ever advised Terry Manufacturing of the existence of a conflict of interest between the interests of Terry Manufacturing and those of Rudolph Terry.  Likewise, the records contain no indication that Terry Manufacturing executed a waiver of any conflict.

21.

DeLong and the Firm's failure to disclose the existence of the conflict between the interests of Terry Manufacturing and Rudolph Terry constitutes a breach of the duty of care, skill, loyalty and diligence owed by attorneys practicing both in the State of Alabama and the State of Georgia.

22.

The Trustee has attempted to obtain the file(s) of Mr. DeLong and the Firm relating to their representation of Terry Manufacturing and Rudolph Terry since July, 2003.  Despite repeated written demands tendered both before and following the filing of this suit, DeLong and the Firm have refused to release the file(s).  Based upon the limited information available to the Trustee and derived from the incomplete files of Terry Manufacturing, it appears DeLong and the Firm failed to satisfy the duties of care, skill, loyalty and diligence required by attorneys practicing in both the States of Alabama and Georgia in at least the following respects:

(A)     DeLong and the Firm failed to provide necessary written disclosures to Terry Manufacturing that a conflict would likely arise, and, in fact, did arise between the interests of Terry Manufacturing and Rudolph Terry;

(B)     DeLong and the Firm did not discuss with Terry Manufacturing the need for a written waiver of the conflict or, indeed, whether the conflict of interest could be waived consistent with the applicable Rules of Professional Conduct of the State of Alabama and Georgia.

(C)     DeLong and the Firm did not advise Terry Manufacturing of whether it had any obligation to indemnify Rudolph Terry for fees and expenses incurred by him in the Commercial Factors Litigation, or whether indemnity was permissible in view of the financial condition of Terry Manufacturing and the allegations of criminal and quasi-criminal conduct asserted against Rudolph Terry in the Commercial Factors Litigation and which formed the basis for his indictment and conviction in the Federal Prosecution.

(D)     As all of the fees and expenses incurred in the Commercial Factor Litigation totaling more than $866,000 were paid by Terry Manufacturing, and at a time when it was insolvent and unable to pay its other obligations.  DeLong and the Firm had a disincentive to advise Terry Manufacturing that it had no obligation to indemnify Rudolph Terry or that it had certain dispositive defenses.  Likewise, DeLong and the Firm had a disincentive to pursue, and, in fact, did not pursue those dispositive defenses.

(E)     Mr. DeLong and the Firm did not pursue dispositive defenses on behalf of Terry Manufacturing because those defenses were counter to the interests of Rudolph Terry.

23.

NO:99527885.1

As a result of the breach by DeLong and the Firm of the duties of care, skill, loyalty and diligence, Terry Manufacturing suffered damages, the amount of which will be proven at the trial of this matter.  At a minimum, those damages should  include the forfeiture and disgorgement of all fees and expenses paid by Terry Manufacturing to DeLong and the Firm.

<div style="text-align:center">

**COUNT II**

**FOR FRAUDULENT CONVEYANCE PURSUANT
TO THE ALABAMA FRAUDULENT TRANSFER ACT,
ALABAMA CODE 1975, TITLE 8, CHAPTER 9-A AND
THE GEORGIA FRAUDULENT TRANSFER ACT,
GEORGIA CODE, TITLE 18, CHAPTER 2 ARTICLE 4**

24.

</div>

Pursuant to 11 U.S.C. § 544(b), the Trustee enjoys the rights and powers of unsecured creditor. Included among these are the right to assert any claim, demand and cause of action an unsecured creditor would enjoy under the Bankruptcy Code or state law.

<div style="text-align:center">

25.

</div>

The payments made by Terry Manufacturing to the Firm and DeLong constitute fraudulent transfers within the meaning of the Alabama and Georgia Fraudulent Transfer Acts.  Terry Manufacturing received either no value for the transfers or substantially less value than the amount of the payments.  All of the payments were made at a time when Terry Manufacturing was insolvent and at a time Terry Manufacturing had unreasonably small assets in relation to its business and was unable to pay its debts as they became due.

<div style="text-align:center">

26.

</div>

Terry Manufacturing received no value for its payments to DeLong and the Firm, or received value which was not reasonably equivalent to the payments.

27.

The Trustee is entitled to judgment against the Firm and DeLong avoiding the payments made by Terry Manufacturing. At this time, the Trustee believes those payments to total $860,998.54 but reserves the right to amend the complaint should discovery reveal payments by Terry Manufacturing to DeLong and the Firm in a different amount.

## COUNT III

## AVOIDANCE OF FRAUDULENT CONVEYANCES PURSUANT TO 11 U.S.C. § 548

28.

The payments by Terry Manufacturing to the Firm and DeLong constitute fraudulent transfers and obligations under 11 U.S.C. § 548. Terry Manufacturing did not receive reasonably equivalent value for the payments and the payments were made at a time when Terry Manufacturing had unreasonably small capital within the meaning of 11 U.S.C. § 548(a)(B)(2). In addition, all payments incurred at a time when Terry Manufacturing was insolvent.

## COUNT IV

## AVOIDANCE OF PREFERENCES PURSUANT TO 11 U.S.C. § 547

29.

To the extent Terry Manufacturing received any value for the payments to the Firm and DeLong (which is specifically denied by the Trustee), the payments were made during the one year period prior to the filing of Terry Manufacturing's Chapter 11 petition and constitute avoidable preferences. The payments were on account of an antecedent debt and permitted the Firm and DeLong to receive substantially more

property than they would have received had the Terry Manufacturing Chapter 11 case initially been filed as a Chapter 7.

30.

All of the payments made within one year of the filing of the Terry Manufacturing Chapter 11 petition are subject to avoidance. Rudolph Terry is an insider within the meaning of 11 U.S.C. § 101(3). All of the payments by Terry Manufacturing to DeLong and the Firm were for the benefit of Rudolph Terry. Accordingly, for purposes of § 547, DeLong and the Firm should be deemed to be an insider and subject to the one year reach back period.

WHEREFORE, after due proceedings had, J. Lester Alexander, III, the duly appointed and acting Trustee of Terry Manufacturing and Terry Uniform respectfully requested that there be judgment in his favor and against Earnest DeLong, DeLong & Caldwell, L.L.C. and DeLong, Caldwell, Novotny & Bridgers, L.L.C., jointly and severally, and that he be awarded damages in am amount to be proved at the trial of this matter, but which at a minimum should include a disgorgement and forfeiture of all fees and expenses paid by Terry Manufacturing to Earnest DeLong, DeLong & Caldwell, L.L.C. and DeLong, Caldwell, Novotny & Bridgers, LLC, and that the Trustee be provided such other and further relief as may be just and equitable.

Respectfully submitted this 11th day of April, 2005

Respectfully submitted,

By:     /s/   Brent B. Barriere
        Brent B. Barriere, T.A.  (La. Bar No. 2818)
        David L. Patrón (La. Bar No. 22566)
        Katherine M. Determan (La. Bar No. 25381)

Catherine E. Lasky (La. Bar No. 28652)
**PHELPS DUNBAR LLP**
One Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

**ATTORNEYS FOR J. LESTER ALEXANDER, III, TRUSTEE**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re:                                                                    Case No. 03-32063-WRS
                                                                          Chapter 7

TERRY MANUFACTURING
COMPANY, INC.,

      Debtor,

In re:
TERRY UNIFORM
COMPANY, LLC.,

      Debtor,                                                      Case No. 03-32213-WRS
                                                                          Chapter 7

J. LESTER ALEXANDER, III,
TRUSTEE OF TERRY
MANUFACTURING COMPANY, INC.,
AND TERRY UNIFORM COMPANY, LLC.

      Plaintiff,                                                  Adv.Pro.No. 04-3135

v.

DELONG, CALDWELL, NOVOTNY
& BRIDGERS, LLC.,

      Defendant.

**<u>MEMORANDUM DECISION</u>**

This Adversary Proceeding is before the Court upon the Plaintiff's Motion for

Leave to File First Amended and Supplemental Complaint.  (Doc. 23, Ex. A).  The

Defendant opposes the motion.  (Docs. 30, 31,32).  The Court has considered the briefs

and memoranda submitted by both parties and for the reasons discussed below, the Plaintiff's Motion is GRANTED.

The Plaintiff has initiated this Adversary Proceeding seeking $352,718.44 paid by Terry Manufacturing Company Inc., ("Terry Manufacturing") to the Defendant.[1] (Doc. 1).  The Plaintiff alleges that these payments constituted fraudulent conveyances within the meaning of 11 U.S.C. § 548 and under the Alabama and Georgia Fraudulent Transfer Act.  (Doc. 1).  The Plaintiff is seeking to amend and restate his complaint, pursuant to FED. R. CIV. P. 15(a), made applicable to Adversary Proceedings pursuant to Rule 7015, FED.R.BANK. P.  The Plaintiff is seeking to amend his complaint by asserting the additional cause of action of legal malpractice under Georgia law and the Alabama Legal Services Liability Act.  (Doc. 23).  Also, Earnest H. DeLong, Jr., partner and principal in the Defendant law firm has been added as a Defendant.  (Doc. 23).  The Defendant contends that the Plaintiff's motion should not be granted because of the following: 1) the Plaintiff fails to state a claim against the Defendant firm because that firm never performed services on behalf of Terry Manufacturing; 2) the Rules of Professional Conduct do not give rise to a private cause of action; 3) the Alabama Legal Services Liability Act is not applicable because the legal services at issue were provided in the State of Georgia by a Georgia law firm in litigation filed in Georgia; 4) the Plaintiff's claims are barred by Alabama Code § 6-5-572(2) as the Defendant firm was not a "legal services provider" as defined under Alabama law; 5) the Plaintiff's claims are barred by Alabama Code § 6-5-578(b); 6) a majority of the fees at issue fall outside the period of time limitations allowed by Alabama Code § 6-5-574(a); 7) Alabama Code § 6-5-573

---

[1] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No.03-32063, Doc. 1).  Terry Uniform filed a voluntary Chapter 11 petition on July 22, 2003.  (Case No. 03-32213, Doc. 1).  Both cases have subsequently converted to a case under Chapter 7.

requires an election of remedies by the Plaintiff; 8) the Plaintiff's claims are barred by principals of waiver and estoppel.

Despite a flurry of contentions put forth by the Defendant challenging the merits of the Plaintiff's claims, the specific rule that now commands this Court's attention is FED. R. CIV. P. 15(a). Rule 15(a) states that "leave shall be freely given when justice so requires." This rule is to be construed liberally and absent such elements as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. –the leave should, as the rules require, be 'freely given.'" (citation omitted). McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999); Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001); Smith v. Duff and Phelps, Inc., 5 F.3d 488, 493 (11th Cir. 1993); Thomas v. Davie, 847 F.2d 771, 773 (11th Cir. 1988); Czeremcha v. International Association of Machinists, 724 F.2d 1552, 1554 (11th Cir. 1984); Hall v. United Insurance Company of America, 367 F.2d 1255, 1262 (11th Cir. 2004).

Contrary to the multifaceted argument presented by the Defendant, the Court is not convinced that allowing the Plaintiff to amend his complaint would unduly prejudice the Plaintiff in any way. The Court notes that this is the Plaintiff's first motion to amend. Furthermore, of all the contentions put forth by the Defendant, there was no allegation of bad faith on the party of the movant, nor was their any assertion that the Defendant would be unduly prejudiced were the Plaintiff allowed to his amend his complaint. Accordingly, the Court finds that such factors are absent in this case. The Plaintiff in his reply brief

vigorously rebuts many of the merit based objections raised by the Defendant. (Doc. 32). However, given the context and spirit of liberality in which Rule 15(a) is to be interpreted, the Plaintiff need not reach that far. Whether or not the Plaintiff ultimately will succeed on the merits of his claims is a question for another day. Furthermore, such a question has little bearing upon whether the Plaintiff should be allowed the opportunity to test his claims in a trial setting. For these reasons, the Plaintiff's motion is due to be GRANTED.

Done this 14th day of April, 2005.


c:  Brent Barriere, Attorney for Plaintiff
    Robert F. Northcutt, Attorney Defendant
    Debtors
    J.Lester Alexander, Trustee
    Teresa Jacobs, Bankruptcy Administrator


/s/ William R. Sawyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:                                              Case No. 03-32063-WRS
                                                    Chapter 7

TERRY MANUFACTURING
COMPANY, INC.,

      Debtor,

In re:
TERRY UNIFORM
COMPANY, LLC.,

      Debtor,                                 Case No. 03-32213-WRS
                                                    Chapter 7

J. LESTER ALEXANDER, III,
TRUSTEE OF TERRY
MANUFACTURING COMPANY, INC.,
AND TERRY UNIFORM COMPANY, LLC.

      Plaintiff,                             Adv.Pro.No. 04-3135

v.

DELONG, CALDWELL, NOVOTNY
& BRIDGERS, LLC.,

      Defendant.


## ORDER ON MOTION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

      For the reasons set forth in the Court's Memorandum of this date, the Plaintiff's

Motion for Leave to File First Amended and Supplemental Complaint is GRANTED.

Done this 14th day of April, 2005.


c:  Brent Barriere, Attorney for Plaintiff
    Robert F. Northcutt, Attorney Defendant
    Debtors
    J.Lester Alexander, Trustee
    Teresa Jacobs, Bankruptcy Administrator


                                    /s/ William R. Sawyer
                                United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO. 03-32063-WRS** |
| **COMPANY, INC.,** | ) | |
| | ) | **CHAPTER 7** |
| Debtor. | ) | |
| | | |
| **IN RE:** | ) | |
| | ) | |
| **TERRY UNIFORM COMPANY,** | ) | **CASE NO. 03-32213-WRS** |
| **LLC.** | ) | |
| | ) | **CHAPTER 7** |
| Debtor. | ) | |
| | | |
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF TERRY** | ) | |
| **MANUFACTURING COMPANY,** | ) | |
| **INC. AND TERRY UNIFORM** | ) | **ADVERSARY PROCEEDING** |
| **COMPANY, LLC.** | ) | |
| | ) | **NO. 04-03135** |
| **v.** | ) | |
| | ) | |
| **DeLONG, CALDWELL,** | ) | |
| **NOVOTNY & BRIDGERS, LLC.** | ) | |
| **AND EARNEST H. DeLONG, JR.** | ) | |

### JOINT MOTION TO DISMISS OR, IN THE ALTERNATIVE,
### TRANSFER VENUE OR ABSTAIN ON STATE LAW CLAIMS

**COME NOW** the Respondents, Earnest H. DeLong, Jr., and the law firm,

DeLong, Caldwell, Novotny & Bridgers, LLC, and move this Court to dismiss the

First Amended Complaint or, in the alternative, transfer venue or abstain on state

law claims on the following grounds:

1

1.    Lack of jurisdiction over the subject matter;

2.    Lack of jurisdiction over the person;

3.    Improper venue;

4.    Failure to state a claim upon which relief can be granted.

In support hereof, Respondents have contemporaneously filed their joint

memorandum of law.

Respectfully submitted this the 16th day of May, 2005.

/s/ J. Flynn Mozingo
J. Flynn Mozingo (MOZ/003)
Joseph C. Espy, III (ESP002)
Attorneys for **Earnest H. "Woody"**
**DeLong, Jr. and DeLong, Caldwell,**
**Novotny & Bridgers, LLC**
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL  36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
fmozingo@mewlegal.com

OF COUNSEL:

Robert F. Northcutt
Attorney for DeLong, Caldwell,
Novotny & Bridgers, LLC
Capell & Howard
P.O. Box 2069
Montgomery, AL 36102
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
rfn@chlaw.com

Charles D. Butler
Attorney for DeLong, Caldwell,
Novotny & Bridgers, LLC

2

Shapiro Fussell
One Midtown Plaza
Suite 1200
1360 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 870-2212
Facsimile: (404) 870-2222
dbutler@shapirofussel.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of May, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

Brent B. Barriere
Phelps Dunbar, LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

Teresa R. Jacobs
US Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

/s/ J. Flynn Mozingo
J. Flynn Mozingo (MOZ/003)
Joseph C. Espy, III (ESP002)
Attorneys for **Earnest H. "Woody" DeLong, Jr. and DeLong, Caldwell, Novotny & Bridgers, LLC**
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL 36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
fmozingo@mewlegal.com

3