### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF ALABAMA

In Re

TERRY MANUFACTURING              In re Case No. 03-32063-WRS
COMPANY, INC.,                    Chapter 7

        Debtor.


J. LESTER ALEXANDER, III,        Adv. Pro. No. 04-3135-WRS
TRUSTEE,

        Plaintiff,

v.

DELONG, CALDWELL, NOVOTNY &
BRIDGERS, LLC; DELONG,
CALDWELL, LOGUE & WISEBRAM;
DELONG & CALDWELL, LLC; and
EARNEST H. DELONG, JR.,

        Defendants.

### DEFENDANT'S DESIGNATION OF CONTENTS FOR INCLUSION IN RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL

The defendants herein pursuant to Bankruptcy Rule 8006, file this Designation of Contents for Inclusion in the Record on Appeal and Statement of Issues on Appeal:

***The following shall be included in the record on appeal:***

1.    Plaintiff's Complaint, dated 12/08/2004; (AP Docket #1)

1

2.    Motion to Transfer Venue, dated 1/10/05; (Docket #6)

3.    Memorandum of Law in Support of Motion to Transfer Venue, dated 01/10/05; (Docket #7)

4.    Defendant's Answer, dated 01/10/05; (Docket #8)

5.    Response to Defendant's Motion to Transfer Venue, dated 01/25/05; (Doc #11)

6.    Memorandum Decision, dated 02/08/05; (Docket #13)

7.    Order on Motion to Transfer Venue, dated 02/08/05; (Docket #14)

8.    Motion for Leave to File Amended Complaint, dated 03/07/05; (Docket #23)

9.    Order Granting Motion to Amend Complaint, dated 03/14/05; (Docket #24)

10.   Amended Order on Plaintiff's Motion to Amend Complaint, dated 03/18/05; (Docket # 28)

11.   Objection to Motion for Leave to File First Amended and Restated Complaint, dated 03/25/05; (Docket #30)

12.   Brief, dated 03/25/05; (Docket #31)

13.   Reply to Objection to Trustee's Motion for Leave to File First Amended and Supplemental Complaint, dated 04/11/05; (Docket #32)

14.   Memorandum Decision, dated 04/14/05; (Docket #33)

15.   Order on Motion for Leave to File First Amended and Supplemental Complaint, dated 04/14/05; (Docket #34)

16. Motion to Dismiss Case or in the Alternative Transfer Venue or Abstain on State Law Claims, dated 05/16/05;  (Docket #42)

17. Supporting Brief and Memorandum of Law of Joint Motion to Dismiss, dated 05/16/05;  (Docket #43)

18. Amended Complaint, dated 05/27/05;  (Docket #161)

19. Trustee's Objections to Motion to Dismiss, dated 06/15/05;  (Docket #52)

20. Response to Trustee's Opposition to Motion to Dismiss, Transfer Venue or Abstain, dated 06/30/05;  (Docket #57)

21. Memorandum Decision; dated 07/25/05;  (Docket #76)

22. Order Denying Motion to Transfer, dated 07/25/05;  (Docket #77)

23. Order Granting Motion to Amend Complaint, dated 07/25/05;  (Docket #78)

24. Defendants' Answer to the Second Amended and Restated Complaint, dated 08/04/05;  (Docket #82)

25. Memorandum Decision/Opinion, dated 05/29/07;  (Docket #201)

26. Judgment, dated 05/29/07;  (Docket #202)

27. Defendant's Notice of Appeal, dated 06/08/07;

28. This Designation of Contents and Statement of Issues, dated 06/22/07;

29. Trial Transcript.

### *Statement of Issues:*

1. Whether the payments which Terry Manufacturing Company made to Earnest H. DeLong were fraudulent conveyances or fraudulent transfers

pursuant to O.C.G.A. § 2-2-22 or O.C.G.A.§2-2-70 to 2-2-80;

2.    Whether the payments Terry Manufacturing Company made to Mr. DeLong were fraudulent conveyances pursuant to 11 U.S.C. § 548(a)(1)(B);

3.    Whether Mr. DeLong received the payments made by Terry Manufacturing in good faith and for reasonably equivalent value;

4.    Whether, if Mr. DeLong is liable to the Trustee for any amounts of payments he received from Terry Manufacturing Company, he served as a mere conduit for those portions of the payments which were made to Terry Manufacturing Company's co-Counsel, Jerry Thomas, Esq. for work Mr. Thomas performed in the defense of the Company, for which payments Mr. DeLong should not be held liable;

5.    Whether the Court improperly denied Defendant's Motion to Transfer Venue.

6.    Whether the Court improperly denied Defendant's Motion to Dismiss the Complaint.

Submitted this 22nd day of June, 2007.

                                        s/ Charles R. Bridgers
                                        Earnest H. DeLong, Jr.
                                        Georgia Bar No. 217300
                                        Michael A. Caldwell
                                        Georgia Bar No. 102775
                                        Charles R. Bridgers
                                        Georgia Bar No. 080791
                                        *Attorneys for Defendants*

DeLong, Caldwell & Bridgers, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
404/979-3150
404/979-3170 Facsimile

4

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In Re

TERRY MANUFACTURING                     In re Case No. 03-32063-WRS
COMPANY, INC.,                          Chapter 7

        Debtor.


J. LESTER ALEXANDER, III,               Adv. Pro. No. 04-3135-WRS
TRUSTEE,

        Plaintiff,

v.

DELONG, CALDWELL, NOVOTNY &
BRIDGERS, LLC; DELONG,
CALDWELL, LOGUE & WISEBRAM;
DELONG & CALDWELL, LLC; and
EARNEST H. DELONG, JR.,

        Defendants.

### CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2007, I electronically filed the foregoing **Defendant's Designation of Contents for Inclusion in Record on Appeal and Statement of Issues on Appeal** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Brent B. Barrier, T.A.
    Catherine E. Lasky
    Phelps Dunbar, LLP
    One Canal Place

365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534

I further certify that I sent a copy of the foregoing by U.S. Mail, postage prepaid

to:

Jerry A. Buchanan
Buchanan & Land, LLP
Post Office Box 2848
Columbus, Georgia 31902

Submitted this 22nd day of June, 2007.

s/ Charles R. Bridgers
Earnest H. DeLong, Jr.
Georgia Bar No. 217300
Michael A. Caldwell
Georgia Bar No. 102775
Charles R. Bridgers
Georgia Bar No. 080791
*Attorneys for Defendants*

DeLong, Caldwell & Bridgers, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
404/979-3150
404/979-3170 Facsimile

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING COMPANY, INC., | ) | CASE NO. 03-32063-WRS |
| | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | | |
| IN RE: | ) | |
| | ) | |
| TERRY UNIFORM COMPANY, LLC. | ) | CASE NO. 03-32213-WRS |
| | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | | |
| J. LESTER ALEXANDER, III, TRUSTEE OF TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC. | ) ) ) ) ) | ADVERSARY PROCEEDING |
| | ) | NO. 04-03135 |
| v. | ) | |
| | ) | |
| DeLONG, CALDWELL, NOVOTNY & BRIDGERS, LLC. AND EARNEST H. DeLONG, JR. | ) ) ) | |

<u>RESPONDENTS' MEMORANDUM OF LAW IN SUPPORT
OF JOINT MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TRANSFER VENUE OR ABSTAIN ON STATE LAW CLAIMS</u>

**COME NOW** the Respondents, Earnest H. DeLong, Jr., and the law firm,

DeLong, Caldwell, Novotny & Bridgers, LLC, and in support of their previously

filed Joint Motion to Dismiss or, in the Alternative, Transfer Venue or Abstain on

State Law Claims, submits this memorandum brief.

1

## Statement of Proceedings

The debtor, Terry Manufacturing Company, Inc., filed its Petition in Bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code on or about July 7, 2003. Shortly thereafter, a related company, Terry Uniform Company, LLC, also filed its Chapter 11 Bankruptcy Petition with the court and, on October 3, 2003, the administration of both cases was combined. On May 13, 2004, the Trustee, J. Lester Alexander, III, was appointed on behalf of the estates.

On or about December 8, 2004, the Trustee initiated a related Adversary Proceeding by filing a Compliant against the law firm, DeLong, Caldwell, Novotny & Bridgers, LLC ("Law Firm"). The Complaint sought the recovery of approximately $352,718.44 from Law Firm to recoup legal fees and expenses paid by Terry Manufacturing to Law Firm for litigation services in a law suit filed against Terry Manufacturing in the Superior Court of Gwinnett County, Georgia, styled Commercial Factors of Atlanta v. Terry Manufacturing, Civil Action No. 99-A-10650-5. The Trustee sought relief pursuant to the Alabama and Georgia fraudulent transfer acts and 11 U.S.C. § 548 (avoidance of fraudulent conveyance) and 11 U.S.C. § 547 (avoidance of preference).

On or about January 10, 2005, Law Firm filed a Motion to Transfer Venue and supporting memorandum of law which sought to remove this proceeding to the United States District Court for the Northern District of Georgia. Law Firm's

2

motion was opposed by the Trustee and, on February 8, 2005, the Court entered its memorandum decision denying Law Firm's motion primarily on the ground it was unsupported by evidentiary submissions.

On or about April 18, 2005, the Trustee filed his First Amended Complaint adding as a defendant Law Firm's senior member, Earnest Delong. In his Amended Complaint, Trustee alleges that the <u>Commercial Factors</u> litigation in Gwinnett County, Georgia arose out of a fraudulent scheme in which the president of Terry Manufacturing, Rudolph Terry, was personally involved. The Trustee further alleges that the legal interest of Terry Manufacturing and Rudolph Terry litigation were in direct conflict but, nonetheless, Law Firm and DeLong jointly represented both in <u>Commercial Factors</u> in violation of the rules of professional conduct for attorneys in Alabama and in Georgia. In other words, Trustee accuses Delong and Law Firm of legal malpractice and has added a cause of action against them for legal malpractice under Georgia and Alabama law. The Trustee also continues to seek relief pursuant to the Alabama and Georgia fraudulent transfer acts, as well as avoidance of fraudulent conveyance pursuant to 11 U.S.C. § 548 and avoidance of preference pursuant to 11 U.S.C. § 547. DeLong and Law Firm have filed their Joint Motion to Dismiss or, In the Alternative, Transfer Venue or Abstain on State Law Claims within thirty (30) days of issuance of the summons as provided by law.

3

**Statement of Facts**

In support of this motion, respondents rely on the Affidavits of Earnest H.

DeLong, Jr., Michael Caldwell and Charlene Schieferstein, attached hereto as

Exhibits 1, 2, and 3. These Affidavits provide as follows:

## AFFIDAVIT OF EARNEST H. DELONG, JR.

Before me, the undersigned authority, a Notary Public in and
for the State of Georgia at Large, personally appeared EARNEST H.
DELONG, JR., who being known to me and, who being first duly
sworn deposeth and says as follows:

1.      My name is Earnest H. "Woody" DeLong, Jr. I am a
citizen and resident of the State of Georgia. I reside at 2365
Craighead Drive, Atlanta, Georgia. I was born in Georgia and have
lived in Georgia my entire life.

2.      I am a practicing attorney licensed with the State Bar of
Georgia since 1970. I am a member of the law firm DeLong,
Caldwell, Novotny & Bridgers, LLC, which is located at Centennial
Tower, Suite 3100, 101 Marietta Street NW, Atlanta, Georgia, 30303.
I am knowledgeable of the rules of professional conduct and ethics
for lawyers in the State of Georgia.

3.      I am a graduate of Emory University in Atlanta, having
received a Bachelor of Arts degree in 1966 and a Juris Doctorate
degree in 1970.

4.      I am not licensed to practice law in the State of Alabama
nor any state besides Georgia. I have never sought to be licensed
with the Alabama State Bar and I have never practiced law in the
State of Alabama. I am not familiar with the Alabama Rules of
Professional Conduct nor am I familiar with Alabama law, including
the Alabama Uniform Fraudulent Transfer Act. I am familiar,
however, with the Georgia fraudulent transfer law.

5.      I do not have an office in the State of Alabama nor have
I ever had an office in the State of Alabama.

4

6.    I have no employees in the State of Alabama nor have I ever had any employees in the State of Alabama.

7.    I maintain no records in the State of Alabama nor have I ever maintained any records in the State of Alabama.

8.    Prior to this lawsuit, I have never been a litigant in the courts of Alabama.

9.    I have never received any benefits of any kind from the State of Alabama.

10.    I have never resided in the State of Alabama nor have I ever been in Alabama for a prolonged period. I do not own any property in Alabama nor any interest in any Alabama companies. I do not have any family or relatives in Alabama.

11.    I lease no property in the State of Alabama nor have I ever leased any property in the State of Alabama.

12.    I have no accounts, financial or otherwise, in the State of Alabama nor have I ever had any such accounts.

13.    In December 1999, I was contacted by another lawyer in Atlanta about possibly representing Terry Manufacturing Company, Inc. in a lawsuit filed against it in the Superior Court of Gwinnett County, Georgia, styled, Commercial Factors of Atlanta, Inc. v. Terry Manufacturing Company, et al., In the Superior Court of Gwinnett County, Georgia, Civil Action No. 99-A10650-5. (Exhibit A.) Thereafter, I met with the Vice President of Terry Manufacturing, Rudolph Terry, in my office in Atlanta and agreed to represent Terry Manufacturing in the Gwinnett County proceedings.

14.    In December 1999, I was a member of the law firm Delong & Caldwell, LLC. Delong & Caldwell was organized in the State of Georgia and comprised of two attorneys, Michael Caldwell and myself. Michael Caldwell is also licensed to practice law with the State Bar of Georgia. The office of Delong & Caldwell, LLC was located at 1770 Resurgens Plaza, 945 East Paces Ferry Road, N.E., Atlanta, Georgia 30326.

15.    When I met Rudolph Terry he was residing at 1785 Loch Lomond Trail, Atlanta, Georgia 30331, where he still resides today. Rudolph Terry was the operations director for Terry Manufacturing's Georgia operations located at 3725 Zip Industrial Blvd., Atlanta, Georgia 30354. (Exhibit B, Business Card of Rudolph Terry.)

16.    The lawsuit against Terry Manufacturing in Gwinnett County was filed by Commercial Factors of Atlanta, Inc., a Georgia company, and asserted a claim under Georgia state law, for account stated. In the course of the lawsuit, the complaint was amended multiple times to add claims for fraud, conspiracy, conversion, bad faith, deception and theft. All of the claims were based on Georgia state law, and all the alleged acts and omissions of Terry Manufacturing allegedly occurred in the State of Georgia. In addition, Rudolph Terry was later added as a defendant to the Georgia state law claims.

17.    On or about January 3, 2000, I mailed an engagement letter to Terry Manufacturing at Terry Manufacturing's Atlanta address. (Exhibit C.) The letter confirmed the terms of my representation of Terry Manufacturing and the fact that Terry Manufacturing had employed me to represent its interests, as well as the interests of its "officers, directors and shareholders in the defense of the [Commercial Factors litigation]." (Exhibit D.) The letter further confirmed that Terry Manufacturing was also employing Jerry Thomas, a lawyer in Atlanta, Georgia, to jointly represent its interest.

18.    I never provided any legal services whatsoever to Terry Manufacturing Company or Rudolph Terry in the State of Alabama in the Commercial Factors litigation. I never had any meetings with Rudolph Terry or any officers, shareholders or representatives of Terry Manufacturing in the State of Alabama. All of my meetings with Rudolph Terry and other representatives of Terry Manufacturing, including Roy Terry, occurred in Atlanta, Georgia. My correspondence with Terry Manufacturing was directed and mailed to Terry Manufacturing's Atlanta, Georgia, address.

19.    All of my legal fees and expenses were billed to Terry Manufacturing at its Atlanta, Georgia, address. To my knowledge, all

6

or most all of my fees and expenses were paid by Terry Manufacturing from its Atlanta address and on a Georgia bank account. Any funds I or DeLong and Caldwell, LLC received from Terry Manufacturing were deposited in a Georgia bank account belonging to DeLong & Caldwell, LLC.

20.    Besides Terry Manufacturing, I have never represented a client who was a resident of, or was domiciled or incorporated in the State of Alabama.

21.    Were this case to be tried, any and all witnesses that might testify on my behalf reside in Atlanta, Georgia. Specifically, I would potentially call as witnesses attorney Jerry Thomas and attorney Brian Steel, all residents and lawyers doing business in Atlanta, Georgia. Attorney Thomas would be expected to testify concerning the <u>Commercial Factors</u> litigation and the resolution of any potential conflict that arose as the case progressed and evolved. Attorney Steel would be expected to testify concerning his representation of Rudolph Terry, including his entry of appearance in the <u>Commercial Factors</u> litigation on Mr. Terry's behalf.

22.    I would also call Rudolph Terry, who still resides in Atlanta, Georgia. Rudolph Terry would be expected to testify concerning the <u>Commercial Factors</u> litigation and the resolution of any potential conflict that arose as the case progressed and evolved.

23.    The only witness residing in the state of Alabama that I might call on my behalf would be Roy Terry, who resides in Roanoke, Alabama. It is my understanding that Roanoke is less than 100 miles from Atlanta, Georgia and Roy Terry would, therefore, be subject to subpoena power by a federal court located in Atlanta. To my knowledge, Atlanta is more than 100 miles from Montgomery, Alabama and my witnesses in Atlanta would not be subject to subpoena from the Bankruptcy Court in Montgomery, Alabama. Moreover, Roanoke can be easily reached from Atlanta, Georgia on Interstate 85 and Georgia Highway 34. However, to my knowledge Roanoke is more than 100 miles from Montgomery, Alabama and cannot be reached directly by interstate.

24.    In addition, my complete file on Terry Manufacturing Company, which would contain documents and letters supporting my

defenses in this proceeding, is located in Atlanta, Georgia. My file consists of at least 15 banker boxes. To my knowledge, there are no documents or other tangible evidence located in the State of Alabama that would be used in my defense.

25.    I demand the right to trial by jury on any claims against me for which a jury trial may be held. However, I do not consent to trial by jury in the United States Bankruptcy Court or any federal court in the State of Alabama. I demand the right to be tried by a jury of my peers in the State of Georgia.

Affiant further saith not.

### **AFFIDAVIT OF MICHAEL CALDWELL**

Before me, the undersigned authority, a Notary Public in and for the State of Georgia at Large, personally appeared MICHAEL CALDWELL, who being known to me and, who being first duly sworn deposes and testifies as follows:

1.    My name is Michael A. Caldwell. I am a citizen and resident of the State of Georgia. I reside at 5426 Brooke Farm Road, Dunwoody, Georgia. I have resided in the State of Georgia since 1979.

2.    I am a practicing attorney licensed with the State Bar of Georgia since 1979. I am a member of the law firm DeLong, Caldwell, Novotny & Bridgers, LLC (hereinafter referred to as "Law Firm"), which is located at Centennial Tower, Suite 3100, 101 Marietta Street NW, Atlanta, Georgia, 30303. I am also a member of the Atlanta Bar Association. I have been designated as the Law Firm's corporate representative in the Adversary Proceeding filed against it by the Trustee, Lester Alexander, III, in the United States Bankruptcy Court for the Middle District of Alabama. My Affidavit is offered in support of, and is authorized by the Law Firm.

3.    I am a graduate of Catholic University of America, having received a Bachelor of Arts degree in 1968 and a Juris Doctorate degree in 1971.

8

4.      The Law Firm was formed in June 2001. The members of the Law Firm include Charles R. Bridgers, Earnest H. DeLong, Jr. and Edmond J. Novotny, Jr. None of the Law Firm's members are licensed to practice law in the State of Alabama. The Law Firm does not have an office in the State of Alabama and does not do business in the State of Alabama. The Law Firm does not have any employees in the State of Alabama nor has it ever had any employees in the State of Alabama. The Law Firm presently does not have any clients that either reside, or are domiciled or incorporated in the State of Alabama. The Law Firm has never represented a client from the State of Alabama, nor has it conducted any business in the State of Alabama.

5.      The Law Firm owns no property in the State of Alabama nor has it ever owned any property in the State of Alabama.

6.      The Law Firm leases no property in the State of Alabama nor has it ever leased any property in the State of Alabama.

7.      The Law Firm has no accounts, financial or otherwise, in the State of Alabama nor has it ever had any such accounts.

8.      The Law Firm does not maintain any records in the State of Alabama nor has it ever maintained any records in the State of Alabama.

9.      Prior to this lawsuit, the Law Firm has never been a litigant in the courts of Alabama.

10.      The Law Firm has never received any benefits of any kind from the State of Alabama.

11.      Were the claims filed by the Trustee to be tried, any and all witnesses that might testify on behalf of the Law Firm reside in Atlanta, Georgia. The witnesses would include the individuals referenced in the Affidavit filed with the Court by Earnest H. DeLong, Jr., and myself. In addition, any records or other tangible evidence the Law Firm might use in its defense are located in Atlanta, Georgia, as also referenced in the Affidavit of Earnest H. DeLong, Jr. The Law Firm does not have any records or other tangible evidence in the State of Alabama that would be used in its defense.

9

12.    The Law Firm demands the right to trial by jury on any claims against it for which a jury trial may be held.  However, the Law Firm does not consent to trial by jury in the United States Bankruptcy Court or any federal court in the State of Alabama.  The Law Firm demands the right to be tried by a jury composed of citizens of the State of Georgia.

Affiant further saith not.

Affidavit of Charlene Schieferstein:

## **AFFIDAVIT OF CHARLENE SCHIEFERSTEIN**

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at Large, personally appeared CHARLENE SCHIEFERSTEIN, who being known to me and, who being first duly sworn deposeth and says as follows:

1.    My name is Charlene Schieferstein.  I am a citizen and resident of the State of Alabama.  I reside at 2729 South Tallassee Drive, Tallassee, Alabama, 36078.

2.    I am a Certified Paralegal, working for Melton, Espy & Williams, PC,  which is located at 301 Adams Avenue, Montgomery, Alabama, 36104.

3.    During the course of my employment with Melton, Espy & Williams, I have viewed the records on file with the United States Bankruptcy Court for the Middle District of Alabama, related to the matter of Terry Manufacturing Company, Inc. Case No. 03-32063.

4.    Of the 35 Adversary Proceedings concerning Terry Manufacturing, all but 15 have been dismissed and terminated. (See Exhibit A.)

5.    Of the remaining 15 cases, one case has no scheduling order entered; three of the cases have been consolidated; three were "deep set" for trial on April 18, 2005; two are "deep set" for trial on June 20, 2005; one case has a Motion for Summary Judgment by the Trustee which has been partially granted; one case has a Motion

10

for Approval of Settlement pending; one case has a scheduling order entered for summary judgment and discovery matters only; another has had no activity since the summons was executed; and one case was just removed to the Bankruptcy Court in May 2005.

6.     The above styled proceeding is the only Adversary Proceeding set for trial in October, 2005 in <u>In re Terry Manufacturing</u>. Moreover, none of the Adversary Proceedings, except for this one involving Earnest H. DeLong, Jr., and DeLong, Caldwell, Novotny & Bridgers, LLC, concern or involve a legal or professional malpractice claim.

Affiant further saith not.

## ARGUMENT

I.     **IN THE INTEREST OF JUSTICE AND FOR THE CONVENIENCE OF THE PARTIES, THIS CASE SHOULD BE DISMISSED OR TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA.**

Recently, in <u>Alexander v. The Steel Law Firm, PC (In re Terry Mfg. Co.),</u>

No. 04-3114, 2005 WL 883667 (Bankr. M.D. Ala. February 7, 2005), this Court

addressed the elements for granting a Motion to Transfer Venue of an Adversary

Proceeding.  As observed by this Court:

> A majority of courts consider 28 U.S.C. § 1412 to be the 'appropriate authority for transfer of bankruptcy proceedings.' <u>In re Bruno's, Inc.,</u> 227 Br. 311, 323 (Br. N.D. Ala. 1998).  Section 1412 authorizes a court to 'transfer a case or proceeding under Title 11 to a District Court for another district, *in the interest of justice* or *for the convenience of the parties.*

2005 WL 883667 at *1.

Finally, the Court observed that the burden of proof is on the moving party

to establish by a preponderance of the evidence that transfer is appropriate.

11

A transfer may be based upon either the interest of justice or the convenience of the parties. Id. For the reasons set forth herein, this case should be dismissed or, in the alternative, transferred to the United State District Court for the Northern District of Georgia on either or both grounds, i.e., in the interest of justice or for the convenience of the parties. In fact, the evidence filed by the movants in support of this motion clearly shows that this adversary proceeding never should have been filed in the Middle District of Alabama, but jurisdictions exists only in the courts of the State of Georgia, be they state or federal.

### A.    This Case Should be Dismissed or Transferred to the Northern District of Georgia in the "Interest of Justice."

As set forth by the Court in Alexander v. The Steel Law Firm, P.C., in determining the propriety of granting a motion to transfer the venue of an adversary proceeding, the court will consider the following § 1412 "Interest of Justice" factors: a) the economics of the estate administration; b) the presumption in favor of the home court; c) judicial efficiency; d) the ability to receive a fair trail; e) the state's interest in having local controversies decided within its borders, by those familiar with its laws; f) the enforceability of any judgment rendered; and g) the Trustee's original choice of forum. Based upon the facts before the Court, the propriety of granting the Motion to Transfer Venue in the interest of justice greatly favors the movants, DeLong and Law Firm and, accordingly, their motion should be granted.

12

*1)*    ***Judicial Efficiency.***

As noted by this Court in The Steel Law Firm, the Trustee has filed multiple adversary proceedings related to Terry Manufacturing or Terry Uniform bankruptcy. 2005 WL 883667 at *1.   In previously rejecting the motion to transfer venue by Law Firm and in The Steel Law Firm, this Court stressed its interests in retaining the cases since they were grouped with the Trustee's other adversary proceedings and would, therefore, involve the same witnesses and much of the same evidence, and the Court would already be familiar with the business practices of Terry Manufacturing.  However, these facts are no longer true or either no longer favor this Court retaining jurisdiction.

In fact, judicial efficiency is total negated now because, as separately discussed hereafter:

(A)    None of Delong and Law Firm's factual witnesses are subject to subpoena in the Middle District of Alabama, but all potential fact witnesses, including the Trustee's and the Defendants', are subject to subpoena from the United States District Court for the Northern District of Georgia. Exhibit 1 at 6 - 7; Exhibit 2 at 3 - 4.

(B)    Delong and the Law Firm are entitled to and demand a jury trial on all state law claims, but do not consent to a jury trial in this Court; Exhibit 1 at 7; Exhibit 2 at 4.

(C)    The state law claims, which are non-core causes of action,

13

predominate over the federal claims;

(D)     The substantive law of the State of Georgia controls all state law

claims (in other words, no Alabama law applies);

(E)     The federal or state courts in Georgia can quickly adjudicate all of

the Trustee's claims in one proceeding whereas this Court cannot;

(F)     There is no practical economic interest in this proceeding being

heard or adjudicated in the Bankruptcy Court or the United States

District Court for the Middle District of Alabama; and

(G)     There is no independent basis for jurisdiction over Delong and Law

Firm in any Alabama court outside the bankruptcy court.

**(a)     Delong and Law Firm's Factual Witnesses are not Subject to
Subpoena in Alabama, but all the Parties' Factual Witnesses are
Subject to Subpoena from the United States District Court for the
Northern District of Georgia.**

In the Trustee's opposition to the law firm's previous Motion to Transfer

Venue, the Trustee stated that the witnesses it would call to testify at trial were

Roy Terry, Rudolph Terry, Cotina Terry, and Sidney Johnson. See Trustee's Brief

at 11.  According to the Court's own records in Case No. 04-3132 (Exhibit 4),

these witnesses, excluding Rudolph Terry, all reside in Roanoke, Randolph

County, Alabama, on the Georgia state line.  Cotina Terry resides at 846

Crestwood Drive, Roanoke; Roy Terry resides at 902 Crestwood Drive, Roanoke;

and Sidney Johnson resides at 117 Jackson Avenue, Roanoke.   Rudolph Terry

14

resides at 1785 Loch Lomond Trail in Atlanta, Georgia, where both Delong and Law Firm are located. Exhibit 1 at 4.

In addition, DeLong and Law Firm expect to call as defense witnesses attorney Brian Steel and attorney Jerry Thomas, both of whom are residents of Atlanta, Georgia. Exhibit 1 at 6; Exhibit 2 at 3 - 4.  Thomas and Steel are familiar with DeLong and Law Firm's representation of Terry Manufacturing Company and Rudolph Terry, and are expected to testify concerning such representation and that any potential conflicts of interest were resolved as they arose during the progression of the Commercial Factors litigation.  Likewise, DeLong and Law Firm expect to call Rudolph Terry, a resident of Atlanta, Georgia, who is expected to testify that all potential conflicts of interest that arose in the case were resolved. Exhibit 1 at 6.  Finally, the defense expects to call Roy Terry, who is expected to give similar testimony to that of Rudolph Terry. Exhibit 1 at 6.

Rule 45(a)(2) of the Federal Rules of Civil Procedure provides that a subpoena commanding attendance at a trial shall issue from the Court for the district in which the hearing or the trial is to be held subject, however, to Rule 45(b)(2) which provides that the trial court subpoena may be served at any place without that district that is within 100 miles of the place of the trial.  All of DeLong's and the Law Firm's witnesses and all of the fact witnesses identified by

15

the Trustee reside in or within 100 miles of Atlanta, Georgia.[1]  Accordingly, all of

the defense witnesses and fact witnesses in this case are subject to the

subpoena power of the United States District Court for the Northern District of

Georgia.  However, Atlanta, Georgia is more than 100 miles from Montgomery,

Alabama.  Thus, none of DeLong and Law Firm's defense witnesses are subject

to subpoena by this Court and, consequently, DeLong and Law Firm could be

denied the right and opportunity to compel the attendance of factual witnesses

who could offer favorable testimony on their behalf in defense to the Trustee's

claims.  Accordingly, this case must be transferred to the United States District

Court for the Northern District of Georgia.

**(b)    Delong and Law Firm are Entitled to and Demand a Jury Trial on all
        State Law Claims, but do not Consent to a Jury Trial in this Court.**

"Pursuant to 28 U.S.C. § 157(e), jury trials are permitted in bankruptcy

courts only where all the parties in the matter have **consented**." Control Center,

LLC v. Lauer, 288 B.R. 269, 279 (Bankr. M.D. Fla.  2002) (emphasis added).  In

this immediate proceeding, the Trustee seeks to recover all fees and expenses

ever paid by Terry Manufacturing since January 2000 to DeLong and Law Firm

on the grounds that they are guilty of legal malpractice.  As discussed later

herein, all of the Trustee's state law claims are subject to Alabama's conflict of

---

[1]  Roanoke, Alabama is located 79.1 miles from Atlanta, Georgia according
to Yahoo! Driving Directions. Exhibit 5; see also Exhibit 1 at 6 - 7.

16

laws doctrine (*lex loci delicti*) and, under Alabama law, the substantive law of Georgia controls the Trustee's non-federal claims.

Under Georgia law, Delong and Law Firm are entitled to a jury trial on both the malpractice and fraudulent conveyance claims. Article I, § 1(a) of the Georgia Constitution provides that "[t]he right to trial by jury shall remain inviolate." This provision is interpreted by the courts of Georgia as providing a **substantive** right to trial by jury over any common law proceeding for which a jury trial was available in 1798, or any statutory claims originating therefrom. Hargis v. Department of Human Resources, 533 S.E.2d 712, 713 (Ga. 2000); Reheis v. Baxley Creosoting & Osmose Wood Preserving Co., 601 S.E.2d 781, 787 (Ga. Ct. App. 2004). As § 1(a) is applied, a right to trial by jury in Georgia extends to civil litigants in most cases, Raintree Farms, Inc. v. Stripping Center, Ltd., 305 S.E.2d 660, 661 (Ga. Ct. App. 1983), including legal malpractice and fraudulent conveyance cases. See Abellera v. Williamson, 553 S.E.2d 806 (Ga. 2001) (observing that factual issues in a legal malpractice claim were reserved for the jury where evidence was disputed); Atwood v. Edenfield, 103 S.E. 170 (Ga. 1920) (observing that it was error for a court to direct the jury to find a verdict in an fraudulent conveyance claim).[2]

---

[2] Delong and Law Firm would also be entitled to a jury trial for the malpractice and fraudulent conveyance claims asserted by the Trustee under Alabama law. See e.g., Thompson Properties 119 AA 370, Ltd. v. Birmingham Hide and Tallow Co., 897 So. 2d 248 (Ala. 2004) (recognizing factual issues were for a jury's determination in claims under the Alabama Uniform Fraudulent

17

DeLong and the Law Firm demand the right to trial by jury on state law claims. **However, they refuse to consent to trial by jury in the United States Bankruptcy Court or any federal court in the State of Alabama**. The Affidavit of Woody DeLong states:

> I demand the right to trial by jury on any claims against me for which a jury trial may be held. However, I do not consent to trial by jury in the United States Bankruptcy Court or any federal court in the State of Alabama. I demand the right to be tried by a jury of my peers in the State of Georgia.

Exhibit 1 at 7.

Likewise, the Affidavit of Michael Caldwell, the Law Firm's corporate representative, states:

> The Law Firm demands the right to trial by jury on any claims against it for which a jury trial may be held. However, the Law Firm does not consent to trial by jury in the United States Bankruptcy Court or any federal court in the State of Alabama. The Law Firm demands the right to be tried by a jury composed of citizens of the State of Georgia.

Exhibit 2 at 4.

Therefore, without the Defendants' consent this Court, under 28 U.S.C. § 157(e), cannot conduct a jury trial of any of the Trustee's state law claims against DeLong and Law Firm. As also discussed by the court in <u>Control Center</u>:

> In addition to the lack of consent, another problem arises when a

---

Transfer Act). The right to trial by jury under Alabama law is similar to that in Georgia, and is available in all classes of cases for which trial by jury was available under common law. <u>Alford v. State</u>, 170 Ala. 178, 188, 54 So. 213, 215 (1910).

Bankruptcy Court conducts a jury trial in non-core proceeding is the standard of review. . . . [W]hen a Bankruptcy judge is hearing a proceeding that is not a core proceeding, he or she may issue only "proposed findings of fact and conclusions of law", all of which are subject to de novo review by the District Court when a party timely and specifically objects to the findings. 28 U.S.C. §157(c)(1). On account of this de novo review, many courts that have considered the question, have concluded that where a litigant has a right to a jury trial involving a non-core matter, as the litigants do in this case, the proceedings must be tried before a District Judge. To hold otherwise violates the re-examination clause of the Seventh Amendment of the United States Constitution, which provides that "no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law." See, e.g., Naturally Beautiful Nails, Inc. v. WalMart Stores, Inc. (In re Naturally Beautiful Nails, Inc.), 252 Br. 574, 576 (Br. M.D. Fla. 2000) ("the Constitution prohibits trial by jury in a non-core related matters"); because of District Court's de novo review of a Bankruptcy Courts findings on all non-core matters is incapatable with the re-examine clause of the Seventh Amendment, this Court finds grave problems with that standard of review. Nonetheless, because the parties have not consented to trial by jury in the Bankruptcy Court, this Court need not revisit that issue.

288 B.R. at 279, n. 28. The analysis and conclusion of the bankruptcy court in

Control Center is readily supported by other well established authority. See

Norton's Bankruptcy Law and Practice 2d, § 143:13 ("[C]ourts and commentators

have uniformly decided that Bankruptcy Courts either cannot, or should not,

conduct jury trials in non-core proceedings.").

       As discussed in In re Phelps Technologies, Inc., 238 B.R. 819, 824 (Bankr.

W.D. Mo. 1999), the federal courts still have a compelling constitutional and

federal interest in protecting a respondent's right to trial by jury in an adversary

proceeding. According to the court:

In <u>Granfinanciera, S.A., v. Nordberg</u>, 492 U.S. 33, 36, 109 S. Ct. 2782, 2787, 106 L.Ed. 2d 26 (1989), the Supreme Court held that the Seventh Amendment entitles a person to a trial by jury if that person has not submitted a claim against the bankruptcy estate and is then sued in the bankruptcy court for an allegedly fraudulent monetary transfer, even though Congress has designated fraudulent conveyance actions as "core proceedings" in 28 U.S.C. § 157(b)(2)(H). The Court ruled that Congress may only deny trials by jury in actions at law in those cases where "public rights" are being litigated; it "lacks the power to strip parties contesting matters of private right [such as tort, contract, and property claims] of their constitutional right to a trial by jury." <u>Granfinanciera</u>, 492 U.S. at 51-52, 109 S. Ct. at 2795. As we have noted above, all of the claims brought by the Trustee in the present case seek monetary damages and no other relief, and therefore clearly are actions at law. Also, they are clearly matters of "private rights." Thus, the individual Defendants are entitled to a jury trial, if they have not filed a claim against the bankruptcy estate.

238 B.R. 819 at 824.

Accordingly, as with the courts of Georgia, this Court has the same, if not more compelling incentive to protect and preserve Delong's and Law Firm's right to trial by jury. Yet, Delong and Law Firm do not consent to a jury trial in this Court. Therefore, the Court must transfer this proceeding to the United States District Court for trial by jury. As discussed herein, only the United State District Court for the Northern District of Georgia can conduct the trial and hear all of the Trustee's claims in one proceeding.

**(c)    The Trustee's State Law Claims, which are Non-Core Causes of Action, Predominate Over the Federal Core Claims.**

In his original Complaint, the Trustee asserted three causes of action (one state law count and two federal counts) seeking the recovery of $352,718. By

20

contrast, the Trustee seeks to recover almost $860,998 in his Amended

Complaint, which now contains an equal number of state law and federal claims.

Page 23 of Count I (Legal Malpractice) of the Trustee's Amended Complaint

states:

> As a result of the breach by DeLong and the firm of the duties of
> care, skill, loyalty and diligence, Terry Manufacturing suffered
> damages, the amount of which will be proven at the trial of this
> matter. At a minimum, those damages should include the forfeiture
> and disgorgement of ***all fees and expenses paid*** by Terry
> Manufacturing to DeLong and the firm.

According to page nine of the Amended Complaint, such fees and expenses

amount to $860,998.54 or, in other words, any fees and expenses ever paid by

Terry Manufacturing to the firm and DeLong since January 2000.

Likewise, the Trustee has amended Count II, the state law fraudulent

transfer claim, to seek the recovery of all fees and expenses ever paid to Delong

and the Law Firm, or $860,998.54. The Trustee has not amended either of his

federal statutory claims to seek an equal amount.

Therefore, the rights the Trustee seeks to vindicate and the money he

seeks to recover are greater and much broader under state law. For example,

the Trustee's claims under Title 11 of the United States Code are possibly subject

to a one year statute of limitations, as noted in Count IV of the Trustee's

Complaint, which alleges that under 11 U.S.C. § 547 the payments "made during

the one year period prior to the filing of Terry Manufacturer's Chapter 11 Petition .

. . constitute avoidable preferences." (First Amended Complaint at ¶ 29.)

Likewise, the first sentence of ¶ 30 of Count IV states: "All of the payments made

within one year of the filing of the Terry Manufacturing Chapter 11 Petition are

subject to avoidance."  Terry Manufacturing's bankruptcy petition was filed on

July 7, 2003; therefore, under federal law, the Trustee may be limited in his

recovery to any fees or expenses paid to Delong or Law Firm on July 7, 2002 and

afterwards.  According to the itemized dispersments on page nine of the

Trustee's Amended Complaint, such amount would, at most, be $188,000.

By comparison, the Georgia Uniform Fraudulent Transfer Act has a four-

year statute of limitations, <u>Miller v. Lomax</u>, 596 S.E.2d 232, 239 (Ga. Ct. App.

2004), and the Professional Malpractice Claim also has a four year statute of

limitations. <u>Akins v. Jones</u>, 297 S.E.2d 341, 342 (Ga. Ct. App. 1982).  Therefore,

if the Trustee successfully proves his claims under Georgia state law, he

conceivably could recoup all $860,998.54 set forth in his Amended Complaint.

Therefore, for all practical purposes, the Trustee's Complaint is based exclusively

on state law which provides the broadest relieve available to the estate.

Moreover, as discussed subsequently herein, whether the Trustee can recover all

of the fees and expenses ever paid by Terry Manufacturing to the Respondents is

controlled by Georgia substantive law.  In other words, no Alabama law applies.

Finally, as observed by the Court in <u>In re Robertson</u>, 140 F. Supp. 2d 1274,

1279 (M.D. Ala. 2001), a core proceeding is one that arises under title 11 where

the rights to be enforced are created by the bankruptcy code itself.   By contrast,

claims that do not depend on any right arising under the bankruptcy code, such

as the malpractice claim, are non-core proceedings. Id.   ("'When a debtor's claim

involves rights independent of and antecedent of the bankruptcy petition . . . then

the matter is not a "core-proceeding."'").   Accordingly, in addition to the state law

claims predominating over the federal claim, the non-core claims likewise

predominate over the core claims in this case.

**(d)   The Substantive Law of the State of Georgia Controls all State Law Claims (in other words, no Alabama Law Applies).**

The Trustee alleges that his state law claims are asserted under both

Alabama and Georgia law.   Specifically, Trustee claims that DeLong and Law

Firm violated standards of professional conduct under Alabama and Georgia law.

See ¶ 21 of Amended Complaint ("DeLong and the firm's failure to disclose the

existence of the conflict between the interest of Terry Manufacturing and Rudolph

Terry constitute a breach of the duty of care, skill, loyalty and diligence owed by

attorneys practicing both in the state of Alabama and the state of Georgia.").

Likewise, in Count II of his Amended Complaint the Trustee seeks to recover

alleged "fraudulent transfers" from Terry Manufacturing to DeLong and Law Firm

under Alabama's and Georgia's fraudulent transfer acts.

However, under Alabama conflict of law jurisprudence the substantive law

of Georgia governs the Trustee's claims.   In Fitz v. Minnesota Mining and

23

_Manufacturing Co._, 581 So. 2d 819 (Ala. 1991), the Alabama Supreme Court reaffirmed that with respect to choice of law issues, the rule in Alabama, as it has been for over 100 years, is _lex loci delicti_. "Under this principle, an Alabama court will determine the substantive rights of the injured party according to the law of the state where the injury occurred." 581 So. 2d at 820.

In _Fitz_, an Alabama doctor, his wife and their three children were all killed when the private plane the doctor was piloting crashed on take off from an airport in Florida. As noted by the Alabama Supreme Court, "all five family members were residents of Tuscaloosa, Alabama and were returning home from a Florida vacation." _Id_. at 819. Thereafter, the administrator of the doctor's estate filed suit in the Circuit Court of Jefferson County, Alabama against the designer and manufacturer of the airplane and the designer and manufacturer of the flight instruments, all foreign corporations. The circuit court subsequently held that Florida law governed the estate's tort claims and the estate appealed, asking the Alabama Supreme Court to abandon Alabama's _lex loci delicti_ doctrine. In a lengthy discussion, the Alabama Supreme Court refused to abandon Alabama's long established choice of law doctrine, which undisputedly governs the choice of law issue in this case.

As set forth in his affidavit, DeLong represented Terry Manufacturing and Rudolph Terry in a lawsuit filed by a Georgia company in Gwinnett County, Georgia concerning the operations of Terry Manufacturing in Georgia. Similarly,

DeLong represented Rudolph Terry, a Georgia resident, for his acts and/or omissions related to such operations. DeLong never met with Rudolph Terry or any representative of Terry Manufacturing in the State of Alabama, and never provided in legal services in Alabama in connection with the Georgia lawsuit. Indeed, DeLong's engagement letter with Terry Manufacturing was mailed to Terry Manufacturing's Georgia address. Accordingly, any alleged act or omission giving rise to the Trustee's legal malpractice claim occurred in the state of Georgia. In other words, there was no act or omission by DeLong in the state of Alabama.

Likewise, the Trustee has recently produced copies of all the checks allegedly paid to DeLong and/or his law firm, and referenced on page nine of his Amended Complaint. (Exhibit 6). Of the 39 checks produced by the Trustee, approximately 35 were written on a Georgia bank account held by Terry Manufacturing. According to the Affidavit of Earnest DeLong, any and all payments he or his law firm received from Terry Manufacturing were also deposited in a Georgia bank account held by the law firm. Finally, according to the Trustee's Complaint, all checks made payable to DeLong or his law firm were issued in connection with DeLong and the law firm's representation of Terry Manufacturing in the Georgia proceedings. See, First Amended Complaint at 7 - 8. Thus, the Trustee's state law claims for legal malpractice and fraudulent transfer are all governed by Georgia law.

25

The United States District Court for the Northern District of Georgia is much more familiar and able to resolve Georgia state law claims than any federal court in the state of Alabama. Accordingly, it would greatly maximize judicial economy and efficiency for this case to be transferred to the United States District Court for the Northern District of Georgia.

**(e)    The Federal and State Courts in Georgia can quickly Adjudicate all of the Trustee's Claims in one Proceeding; this Court cannot.**

The federal and state courts in Georgia can undeniably hear and quickly adjudicate all of the Trustee's claims in one proceeding, and do so with greater ease than this Court, which would have to familiarize itself with Georgia law. There can be no dispute that a timely resolution of this case can be obtained through the United State District Court for the Northern District of Georgia. Indeed, the Trustee has previously agreed that he can receive a fair and timely resolution of his claims in Georgia. In his brief in opposition to Law Firm's first motion to transfer venue, the Trustee stated: "[T]he Trustee accepts that his ability to obtain a fair trial will be the same whether the case is tried in this Court of the Northern District of Georgia." Opposition Brief at 5.

Likewise, Georgia courts are undeniably the most proficient with administering Georgia law and, in addition, can provide DeLong and the Law Firm their right to trial by jury which, as discussed, this Court cannot provide. Indeed, the only practical option before the Court were it to retain this proceeding is to

sever the state law claims. Such a remedy is clearly inefficient and more costly and time consuming for the estate when all its claims can be heard at one time and in one sitting in the United State District Court for the Northern District of Georgia.

**(f)    There is No Practical Economic Interest in this Proceeding Being Heard or Adjudicated in the Bankruptcy Court or the United States District Court for the Middle District of Alabama.**

Of the 35 adversary proceedings filed by the Trustee on behalf of the estate, more than half have been dismissed or settled, with only 14 remaining besides this proceeding. Exhibit 3 at 2. Of the remaining 14, only 10 are active and, unlike this proceeding, none are "deep set" to be heard by the Court in October 2005. Id. at 2 - 3. Moreover, none of the 14 remaining proceedings involve a professional or legal malpractice claim such as this one. Id at 3. To the contrary, all involve routine avoidance of preference or fraudulent transfer claims. Therefore, unlike the Trustee's representations to the Court in opposition to the Law Firm's earlier motion to transfer, this proceeding will not be heard in conjunction with the Trustee's remaining adversary proceedings and will not involve the same witnesses, testimony or evidence as the other adversary proceedings. Accordingly, dismissal, transfer or, in the alternative as discussed later herein, abstention is warranted and necessary.

Finally, although the Court may already be familiar with the business dealings of the Terry Manufacturing as it noted in its prior memorandum order,

the Court is totally unfamiliar with the facts giving rise to the state law claims and

professional malpractice claims against DeLong and Law Firm, which now

predominate over the federal claims previously filed by the Trustee.

**(g)    There is no Independent Basis for Jurisdiction over DeLong and Law Firm in an Alabama Court Outside of the Bankruptcy.**

Because non-core causes of action predominate in this Adversary

Proceeding, transfer of venue is governed by 28 U.S.C. § 1404, and not 28

U.S.C. § 1409. As stated in Couri v. Fisher (In re JCC Capital Corp.), 147 B.R.

349, 356 (Bankr. S.D.N.Y. 1992):

> A motion to transfer an Adversary Proceeding that is non-core or
> related to a case under Title 11 is controlled by 28 U.S.C. § 1404,
> the general change of venue provision, rather than 28 U.S.C. § 1412,
> because the latter statute contains no reference to related
> proceedings.

Pursuant to 28 U.S.C. § 1404(a), venue may be transferred to any district

or division where the case might otherwise have been brought. None of the non-

core claims asserted against DeLong and Law Firm could ever have been

brought in the State of Alabama because there is no in personam jurisdiction in

Alabama over these Defendants.

In Cofield v. Randolph County Com'n., 844 F. Supp. 1499 (M.D. Ala. 1994),

the United States District Court for the Middle District of Alabama explained that

the determination of whether the court has in personam jurisdiction over a

defendant is subject to Alabama law. 844 F. Supp. at 1502. Rule 4.2 of the

Alabama Rules of Civil Procedure extends the personal jurisdiction of Alabama

courts to the limits of due process under the federal and state constitutions. Elliot

v. Van Kleef, 830 So.2d 726, 729 (Ala., 2002).  In addition, the Alabama Supreme

Court has interpreted the due process guarantees under the Alabama

Constitution to be coextensive with the due process guarantees under the United

States Constitution.  Alabama Waterproofing Co. v. Hanby, 431 So. 2d 141, 145

(Ala. 1983).  Numerous United States Supreme Court cases have held that due

process protects an individual's liberty interest in not being haled into court in a

forum "with which he has established no *meaningful* 'contacts, ties, or relations.'"

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting

International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)) (emphasis

added). The United States Supreme Court has further held that the Due Process

Clause of the Fourteenth Amendment permits a forum state to subject a

nonresident defendant to its courts only when the defendant has sufficient

"minimum contacts" with the forum state - the critical question being whether the

contacts are such that the nonresident defendant should reasonably anticipate

being haled into court in the forum state.  Elliot, 830 So.2d at 730 (citing

International Shoe Co., 326 U.S. at 316 and Burger King Corp., 471 U.S. at 473,

respectively).

Pursuant to this mandate, the court may exercise either "general" or

"specific" jurisdiction over a nonresident defendant.  Murray v. Alfab, Inc., 601 So.

29

2d 878, 883 (Ala. 1992). General jurisdiction exists where a defendant's contacts with the state are "substantial" and "continuous and systematic," even if the cause of action is unrelated to those contacts. Id. at 884 (quoting Data Disc, Inc. v. Systems Tech. Assoc., 557 F.2d 1280, 1287 (9th Cir. 1977)). If general jurisdiction does not exist, a court may still exercise specific jurisdiction if the defendant has sufficient contacts with the forum state in relation to the cause of action pending before the court. Id. "The kind of jurisdiction obtained depends upon the nature and quality of the contacts, but in any case it is essential that there be some act by which the defendant purposely avails himself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws." Murray, 610 So. 2d at 844 (citing Henson v. Denckla, 357 U.S. 235, 253 (1958) (emphasis added)). In Steel Processors, Inc. v. Sue's Pumps, Inc. Rentals, 622 So. 2d 910, 911-912 (Ala. 1993), the Alabama Supreme Court articulated the factors that must be considered when deciding if the state can exercise personal jurisdiction over a nonresident defendant, stating:

> The foreseeability of the consequences of the defendant's activities is crucial to this analysis. To establish the necessary contacts, there must be a firm nexus between the acts of the defendant and the consequences complained of. The fundamental question is, did the defendant act in such a manner that he reasonably ought to anticipate the direct consequences of his actions to be felt by another person residing in another state.

(internal citations omitted).

In addition, the Alabama Supreme Court recently held that the

30

"'substantial connection' between the defendant and the forum state necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum state.*" Ex parte McInnis, 820 So.2d 795, 804 (Ala., 2001) (quoting Burger King Corp., 471 U.S. at 476) (emphasis in the original).

The Trustee's Amended Complaint does not contain any allegations that DeLong and Law Firm have sufficient contacts with the State of Alabama to meet the constitutional requirements for personal jurisdiction, general, specific or otherwise, in an Alabama court. Indeed, as set forth in the Affidavits of Earnest DeLong and Michael Caldwell, neither general nor specific jurisdiction exists over the Defendants. DeLong does not live in the State of Alabama, is not licensed to practice law in the State of Alabama, does not own any personal or real property in the State of Alabama and never met with nor performed any services in the State of Alabama in connection with his representation of Terry Manufacturing in the Commercial Factors litigation. In fact, DeLong has never spent any prolonged length of time in the State of Alabama and has no family or relatives residing in the State of Alabama.

Similarly, Law Firm was organized in the State of Georgia, has never represented any clients, besides Terry Manufacturing, from the State of Alabama, is not composed of nor employs any attorneys licensed to practice law in the State of Alabama and has no employees or an office in the State of Alabama.

31

Law Firm does not own any personal or real property in the State of Alabama. Therefore, absent this proceeding in the Bankruptcy Court, no court in the State of Alabama would have personal jurisdiction over DeLong and Law Firm. Therefore, this case should be transferred to the Northern District of Georgia where the court would have personal jurisdiction over all the parties and, unlike this Court, the power to subpoena all potential witnesses to trial.

### 2)    *Presumption in favor of Home Court.*

As discussed in addressing the "interest of justice" factors and the "convenience of the parties" factors, the presumption in favor of home court is totally outweighed by the numerous facts supporting dismissal, transfer or abstention. Indeed, there can be no presumption in favor of "home court" where Delong and Law Firm could potentially be deprived their federal and state constitutional rights to trial by jury and the ability to subpoena witnesses to testify on their behalf.

### 3)    *Economics of Estate Administration.*

The economics of estate administration favor the transfer of this case to the United States District Court for the Norther District of Georgia. This case can only remain in this Court if the Court severs the state law claims from the federal claims. However, severance would be impractical, inefficient and burdensome for the estate's administration when all of the claims asserted by the Trustee against DeLong and Law Firm can be heard in one sitting and in one court in Georgia.

Furthermore, the United States District Court for the Northern District of Georgia can, as recognized by the Trustee, provide all the parties a fair opportunity to litigate the claims and its judgment will be enforceable in both Georgia and Alabama. Therefore, it is unequivocally in the best interest of the estate for this case to be transferred to the United States District Court for the Northern District of Georgia.

### 4)   *The State's Interest in having Local Controversies decided within its Borders by those Familiar with the Laws.*

The State of Alabama has absolutely no interest whatsoever in having the Trustee's malpractice and fraudulent conveyance claims decided by this Court. All of these claims are subject to Georgia law in that all events underlying the claims occurred in the State of Georgia. In fact, there is no connection between the State of Alabama and this proceeding against Delong and the Law Firm but for the single fact the debtor is incorporated in Alabama. All of the events upon which this lawsuit is based and upon which the <u>Commercial Factors</u> lawsuit in Georgia was based occurred in, concerned and were related to the State of Georgia.

Finally, the State of Alabama and an Alabama jury would have no interest in applying Georgia law or regulating a Georgia lawyer and Georgia law firm in their representation of clients in Georgia with respect to Georgia litigation. Therefore, this case must be dismissed, transferred to Georgia which has the

utmost interest in the alleged acts or omissions of the Defendants, or the Court must simply abstain from hearing the state law claims.

### 5) *Enforceability of any Judgment Rendered.*

Should this Court refuse to dismiss, transfer or abstain from hearing the state law claims against DeLong and Law Firm, then any judgment rendered by this Court could and would be attacked when the Trustee sought to enforce the judgment in Georgia, on the grounds that the Court deprived the Defendants of their state and federal constitutional rights to trial by jury and deprived the Defendants of the ability to compel the attendance of factual witnesses who could testify on their behalf, all in violation of their procedural and substantive rights to due process of law. By comparison, the Trustee freely admits that a judgment rendered by the United States District Court for the Northern District of Georgia would be equally enforceable in Alabama and Georgia. Therefore, this consideration weighs heavily in favor of dismissing, transferring or the Court abstaining on the state law claims.

### 6) *Trustee's Original Choice of Forum.*

The Trustee is not entitled to any deference by choosing the Middle District of Alabama as its forum. The Trustee could have held firm to his original Complaint and pursued his claim in the Middle District of Alabama, as previously held by this Court. However, the Trustee has chosen to amend his Complaint to allege additional state law claims and sue an individual over whom a court in

Alabama, outside of bankruptcy, would have no personal jurisdiction. Therefore, since the Trustee has willfully added claims there are not justiciable in the State of Alabama, the Trustee is not entitled to any deference whatsoever. Indeed, the Trustee has admitted to the Court that he expects to fully obtain a fair trial in the United States District Court for the Northern District of Georgia and that any judgment entered by such court will be equally enforceable here. See Trustee's Opposition to Defendant's Motion to Transfer Venue at 5.

**B.    This Case should be Transferred to the Northern District of Georgia for the Convenience of the Parties.**

As also set forth by this Court in Alexander v. The Steel Law Firm, in determining whether the convenience of the parties warrants a transfer, the Court will consider: a) the location of the Trustee and defendants; b) the ease of access to necessary proof; c) the convenience of witnesses; d) the availability of subpoena power for the unwilling witnesses; and e) the expense related to obtaining witnesses.

With the filing of the Trustee's Amended Complaint, all of these factors now favor the movants. DeLong and Law Firm are located in the State of Georgia. DeLong is a life-long resident of the State of Georgia. Law Firm is organized and operates in the State of Georgia, and does not do business in the State of Alabama. Delong and Law Firm intend to call as potentially favorable fact witnesses three individuals residing in Atlanta, Georgia, including Rudolph Terry,

and also expect to call Roy Terry, a resident of Randolph County, Alabama.[3] None of the Georgia witnesses are subject to subpoena from this Court but all the fact witnesses, including those the Trustee may call, are subject to subpoena issued by the United States District Court for the Northern District of Georgia. Likewise, any records DeLong and Law Firm would offer as exhibits at trial are located in Delong's Commercial Factors litigation file in Atlanta, Georgia. DeLong and Law Firm have absolutely no records whatsoever in the State of Alabama.

Furthermore, trial in Georgia would be more convenient for all the witnesses and parties. All of the Trustee's potential fact witnesses either live in or within 100 miles of Atlanta, Georgia. Moreover, Atlanta can be easily reached directly by interstate highway from Randolph County, but Montgomery cannot be reached directly. Atlanta can also be easily reached from Birmingham via interstate highway or direct airline flight. The Trustee's attorney, Brent Barriere, can reach Atlanta by direct, non-stop flight. The Court can take judicial notice that there are no direct, non-stop flights between New Orleans and the City of Montgomery. Accordingly, out of pure convenience for the parties and witnesses, it would be more efficient to try this case in the Northern District of Georgia than in the Middle District of Alabama.

Finally, because none of the other adversary proceedings filed by the

---

[3] DeLong does not have any control over the witnesses he may call at trial and, therefore, cannot guarantee that they will appear without being subpoenaed.

Trustee involve a professional malpractice claim under Georgia state law, this case would require different witnesses than would have been required if the Trustee had simply pursued his original claims. Therefore, this case should be transferred to the Northern District of Georgia for the convenience of the parties.

## II.    THE COURT SHOULD ABSTAIN FROM THE TRUSTEE'S STATE LAW CLAIMS.

In <u>Alexander v. Cintas Corp. (In re Terry Mfg. Co.)</u>, No. 03-3263-WRS, 2005 WL 859257 (Bankr. M.D. Ala. April 15, 2005), this Court dealt extensively with the doctrine of abstention, both mandatory and permissive, in non-core proceedings. As recognized by the Court, abstention is governed by 28 U.S.C. § 1334(c), which provides as follows:

> **(1)** Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

> **(2)** Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

DeLong and Law firm respectfully request that this Court reasonably exercise it's discretion and abstain from considering any state law claims against

them pursuant to § 1334(c)(1).[4]

As explained by this Court in Cintas Corp.:

The District Court has identified 12 nonexclusive factors to look to in making this determination: (1) the effect on the efficient administration of the bankruptcy estate; (2) whether state law issues predominate over the bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts; (5) the jurisdictional basis, if any, other than § 1334; (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to jury trial; and (12) the presence in the proceeding of non-debtor parties. Retirement Systems of Alabama v. Merrill Lynch & Co., 209 F.Supp. 2d 1257, 1267-68 (M.D. Ala.2002); see also, Retirement Systems of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530 (M.D. Ala. 2002).

2005 WL 859257 at *5.

Most all of the elements for abstention have already been previously

discussed and will not be repeated here except to point out that they all favor

abstention. The remaining elements for abstention as set forth in Cintas, Corp.

---

[4]Under the language of § 1334(c)(2), mandatory abstention would not be applicable since Terry Manufacturing Company could have filed a legal malpractice claim in the United States District Court for the Northern District of Georgia based upon diversity of citizenship jurisdiction, and no state court proceedings exist between the parties.

likewise favor abstention or are neutral.  For example, other than bankruptcy

jurisdiction, there would be no basis for jurisdiction over this Adversary

Proceeding in a federal or state court in the State of Alabama.  Similarly, the

substance of this Adversary Proceeding is state law, non-core claims which can

be resolved outside of the bankruptcy court.  It would be feasible to severe the

state law claims and, indeed, DeLong and Law Firm favor severance should the

Court refuse to transfer this proceeding.  As pointed out earlier, however, it would

be much more efficient and practical for the Court to transfer all the claims to the

United States District Court for the Northern District of Georgia so that they can

be heard at one time, in one proceeding, and support an enforceable judgment.

Finally, both DeLong and Law Firm are non-debtor parties, so abstention is

favored.

The final considerations for abstention not already discussed are all neutral

or do not favor the Trustee.  Because discovery has only recently begun and the

Trustee's claims are general, Delong and Law Firm do not yet know whether the

Trustee's claims might eventually present a novel question or unsettled question

of state law.  Also, there are no related proceedings in state court regarding these

same parties or issues in this case.

Finally, abstention is also warranted because almost every bankruptcy

court that has ever been confronted with a professional malpractice claim in an

adversary proceeding has abstained from considering the malpractice claim. <u>See</u>

In re Phelps Technologies, Inc., 238 B.R. 819 (Bankr. W.D. Mo. 1999) (abstaining from malpractice claim filed by unsecured creditors against accountant for the debtor); In re Kmart Corp., 307 B.R. 586 (Bankr. E.D. Mich. 2004) (exercising discretion to abstain from malpractice claim filed against debtor's accountant arising from pre-petition services); Woodard v. Sanders (In re SPI Communications & Marketing, Inc., 112 B.R. 507 (Bankr. N.D.N.Y. 1990) (abstaining from hearing trustee's **core** proceeding malpractice claim against debtor's attorney for post-petition services where attorney was entitled to jury trial); In re Lowenbraun, 313 B.R. 408 (Bankr. W.D. Ky. 2004) (abstaining from hearing legal malpractice claim filed by debtor's former wife against her attorneys because action was clearly based on state law); In re Donington, Karcher, Salmond, Ronan & Rainone, P.A., 194 B.R. 750 (Bankr. D.N.J. 1996) (abstaining from legal malpractice lawsuit brought against debtor by creditor); Williams v. Chism, 164 B.R. 735 (N.D. Miss. 1994) (exercising permissive abstention of medical malpractice claim filed by debtor); Maggio v. Touche Ross & Co. (In re Oliver's Stores, Inc.), 107 B.R. 40 (Bankr. D.N.J. 1989) (exercising permissive abstention regarding trustee's malpractice claim against debtor's accountant for prepetition services).

Accordingly, abstention in this proceeding is not only warranted, but the interest of justice and the convenience of the parties also strongly favors this Court either dismissing the Trustee's state law claims or transfering this entire

40

proceeding to the United States District Court for the Northern District of Georgia for a prompt and complete resolution therein.

Respectfully submitted this the ___ day of May, 2005.

/s/ J. Flynn Mozingo
J. Flynn Mozingo (MOZ/003)
Joseph C. Espy, III (ESP002)
Attorneys for **Earnest H. "Woody"**
**DeLong, Jr. and DeLong, Caldwell,**
**Novotny & Bridgers, LLC**
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL  36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
fmozingo@mewlegal.com

_____
Robert F. Northcutt
Attorney for **DeLong, Caldwell,**
**Novotny & Bridgers, LLC**
Capell & Howard
P.O. Box 2069
Montgomery, AL 36102
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
rfn@chlaw.com

_____
Charles D. Butler
Attorney for **DeLong, Caldwell,**
**Novotny & Bridgers, LLC**
Shapiro Fussell
One Midtown Plaza
Suite 1200
1360 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 870-2212
Facsimile: (404) 870-2222
dbutler@shapirofussel.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___ day of May, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

Brent B. Barriere
Phelps Dunbar, LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534


Teresa R. Jacobs
US Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

/s/ J. Flynn Mozingo
J. Flynn Mozingo (MOZ/003)
Joseph C. Espy, III (ESP002)
Attorneys for **Earnest H. "Woody" DeLong, Jr. and DeLong, Caldwell, Novotny & Bridgers, LLC**
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL 36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
fmozingo@mewlegal.com

EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING | ) | CASE NO. 03-32063-WRS |
| COMPANY, INC., | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | | |
| IN RE: | ) | |
| | ) | |
| TERRY UNIFORM | ) | CASE NO. 03-32213-WRS |
| COMPANY, LLC. | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | | |
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF TERRY | ) | |
| MANUFACTURING | ) | |
| COMPANY, INC. AND | ) | ADVERSARY PROCEEDING |
| TERRY UNIFORM | ) | |
| COMPANY, LLC. | ) | NO. 04-03135 |
| | ) | |
| v. | ) | |
| | ) | |
| DeLONG, CALDWELL, | ) | |
| NOVOTNY & BRIDGERS, | ) | |
| LLC. | | |

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | |
| COUNTY OF FULTON | ) |

## AFFIDAVIT OF EARNEST H. DELONG, JR.

Before me, the undersigned authority, a Notary Public in and for the State

of Georgia at Large, personally appeared EARNEST H. DELONG, JR., who being

known to me and, who being first duly sworn deposeth and says as follows:

1



EXHIBIT

1

1.  My name is Earnest H. "Woody" DeLong, Jr. I am a citizen and resident of the State of Georgia. I reside at 2365 Craighead Drive, Atlanta, Georgia. I was born in Georgia and have lived in Georgia my entire life.

2.  I am a practicing attorney licensed with the State Bar of Georgia since 1970. I am a member of the law firm DeLong, Caldwell, Novotny & Bridgers, LLC, which is located at Centennial Tower, Suite 3100, 101 Marietta Street NW, Atlanta, Georgia, 30303. I am knowledgeable of the rules of professional conduct and ethics for lawyers in the State of Georgia.

3.  I am a graduate of Emory University in Atlanta, having received a Bachelor of Arts degree in 1966 and a Juris Doctorate degree in 1970.

4.  I am not licensed to practice law in the State of Alabama nor any state besides Georgia.  I have never sought to be licensed with the Alabama State Bar and I have never practiced law in the State of Alabama.  I am not familiar with the Alabama Rules of Professional Conduct nor am I familiar with Alabama law, including the Alabama Uniform Fraudulent Transfer Act. I am familiar, however, with the Georgia fraudulent transfer law.

5.  I do not have an office in the State of Alabama nor have I ever had an office in the State of Alabama.

6.  I have no employees in the State of Alabama nor have I ever had any employees in the State of Alabama.

2

7.     I maintain no records in the State of Alabama nor have I ever maintained any records in the State of Alabama.

8.     Prior to this lawsuit, I have never been a litigant in the courts of Alabama.

9.     I have never received any benefits of any kind from the State of Alabama.

10.    I have never resided in the State of Alabama nor have I ever been in Alabama for a prolonged period.  I do not own any property in Alabama nor any interest in any Alabama companies.  I do not have any family or relatives in Alabama.

11.    I lease no property in the State of Alabama nor have I ever leased any property in the State of Alabama.

12.    I have no accounts, financial or otherwise, in the State of Alabama nor have I ever had any such accounts.

13.    In December 1999, I was contacted by another lawyer in Atlanta about possibly representing Terry Manufacturing Company, Inc. in a lawsuit filed against it in the Superior Court of Gwinnett County, Georgia, styled, Commercial Factors of Atlanta, Inc. v. Terry Manufacturing Company, et al., In the Superior Court of Gwinnett County, Georgia, Civil Action No. 99-A10650-5. (Exhibit A.)  Thereafter, I met with the Vice President of Terry Manufacturing, Rudolph Terry, in my office in Atlanta and agreed to represent Terry

3

Manufacturing in the Gwinnett County proceedings.

14.    In December 1999, I was a member of the law firm Delong &
Caldwell, LLC. Delong & Caldwell was organized in the State of Georgia and
comprised of two attorneys, Michael Caldwell and myself. Michael Caldwell is
also licensed to practice law with the State Bar of Georgia. The office of Delong &
Caldwell, LLC was located at 1770 Resurgens Plaza, 945 East Paces Ferry Road,
N.E., Atlanta, Georgia 30326.

15.    When I met Rudolph Terry he was residing at 1785 Loch Lomond
Trail, Atlanta, Georgia 30331, where he still resides today. Rudolph Terry was
the operations director for Terry Manufacturing's Georgia operations located at
3725 Zip Industrial Blvd., Atlanta, Georgia 30354. (Exhibit B, Business Card of
Rudolph Terry.)

16.    The lawsuit against Terry Manufacturing in Gwinnett County was
filed by Commercial Factors of Atlanta, Inc., a Georgia company, and asserted a
claim under Georgia state law, for account stated. In the course of the lawsuit,
the complaint was amended multiple times to add claims for fraud, conspiracy,
conversion, bad faith, deception and theft. All of the claims were based on
Georgia state law, and all the alleged acts and omissions of Terry Manufacturing
allegedly occurred in the State of Georgia. In addition, Rudolph Terry was later
added as a defendant to the Georgia state law claims.

17.    On or about January 3, 2000, I mailed an engagement letter to

4

Terry Manufacturing at Terry Manufacturing's Atlanta address. (Exhibit C.) The letter confirmed the terms of my representation of Terry Manufacturing and the fact that Terry Manufacturing had employed me to represent its interests, as well as the interests of its "officers, directors and shareholders in the defense of the [Commercial Factors litigation]." (Exhibit *C*.) The letter further confirmed that Terry Manufacturing was also employing Jerry Thomas, a lawyer in Atlanta, Georgia, to jointly represent its interest.

18.    I never provided any legal services whatsoever to Terry Manufacturing Company or Rudolph Terry in the State of Alabama in the Commercial Factors litigation. I never had any meetings with Rudolph Terry or any officers, shareholders or representatives of Terry Manufacturing in the State of Alabama. All of my meetings with Rudolph Terry and other representatives of Terry Manufacturing, including Roy Terry, occurred in Atlanta, Georgia. My correspondence with Terry Manufacturing was directed and mailed to Terry Manufacturing's Atlanta, Georgia, address.

19.    All of my legal fees and expenses were billed to Terry Manufacturing at its Atlanta, Georgia, address. To my knowledge, all or most all of my fees and expenses were paid by Terry Manufacturing from its Atlanta address and on a Georgia bank account. Any funds I or DeLong and Caldwell, LLC received from Terry Manufacturing were deposited in a Georgia bank account belonging to DeLong & Caldwell, LLC.

5

20.    Besides Terry Manufacturing, I have never represented a client who was a resident of, or was domiciled or incorporated in the State of Alabama.

21.    Were this case to be tried, any and all witnesses that might testify on my behalf reside in Atlanta, Georgia.  Specifically, I would potentially call as witnesses attorney Jerry Thomas and attorney Brian Steel, all residents and lawyers doing business in Atlanta, Georgia.  Attorney Thomas would be expected to testify concerning the <u>Commercial Factors</u> litigation and the resolution of any potential conflict that arose as the case progressed and evolved.  Attorney Steel would be expected to testify concerning his representation of Rudolph Terry, including his entry of appearance in the <u>Commercial Factors</u> litigation on Mr. Terry's behalf.

22.    I would also call Rudolph Terry, who still resides in Atlanta, Georgia.  Rudolph Terry would be expected to testify concerning the <u>Commercial Factors</u> litigation and the resolution of any potential conflict that arose as the case progressed and evolved.

23.    The only witness residing in the state of Alabama that I might call on my behalf would be Roy Terry, who resides in Roanoke, Alabama.  It is my understanding that Roanoke is less than 100 miles from Atlanta, Georgia and Roy Terry would, therefore, be subject to subpoena power by a federal court located in Atlanta.  To my knowledge, Atlanta is more than 100 miles from Montgomery, Alabama and my witnesses in Atlanta would not be subject to

6

subpoena from the Bankruptcy Court in Montgomery, Alabama.  Moreover,

Roanoke can be easily reached from Atlanta, Georgia on Interstate 85 and

Georgia Highway 34.  However, to my knowledge Roanoke is more than 100

miles from Montgomery, Alabama and cannot be reached directly by interstate.

24.    In addition, my complete file on Terry Manufacturing Company,

which would contain documents and letters supporting my defenses in this

proceeding, is located in Atlanta, Georgia.  My file consists of at least 15 bankers

boxes.  To my knowledge, there are no documents or other tangible evidence

located in the State of Alabama that would be used in my defense.

25.    I demand the right to trial by jury on any claims against me for

which a jury trial may be held.  However, I do not consent to trial by jury in the

United States Bankruptcy Court or any federal court in the State of Alabama.  I

demand the right to be tried by a jury of my peers in the State of Georgia.


Affiant further saith not.


_____
EARNEST H. "WOODY" DELONG, JR.

SWORN to and SUBSCRIBED before me this the 11th day of May, 2005.

_____
NOTARY PUBLIC
My Commission Expires: 03/17/09

7

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___ day of May, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

Brent B. Barriere
Phelps Dunbar, LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

Teresa R. Jacobs
US Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

/s/ J. Flynn Mozingo
J. Flynn Mozingo (MOZ/003)
Joseph C. Espy, III (ESP002)
Attorneys for **Earnest H. "Woody"
DeLong, Jr. and DeLong, Caldwell,
Novotny & Bridgers, LLC**
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL  36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
fmozingo@mewlegal.com

42

proceeding to the United States District Court for the Northern District of Georgia

for a prompt and complete resolution therein.

Respectfully submitted this the ___ day of May, 2005.

/s/ J. Flynn Mozingo
J. Flynn Mozingo (MOZ/003)
Joseph C. Espy, III (ESP002)
Attorneys for **Earnest H. "Woody"
DeLong, Jr. and DeLong, Caldwell,
Novotny & Bridgers, LLC**
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL  36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
fmozingo@mewlegal.com

Robert F. Northcutt
Attorney for DeLong, Caldwell,
Novotny & Bridgers, LLC
Capell & Howard
P.O. Box 2069
Montgomery, AL 36102
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
rfn@chlaw.com

Charles D. Butler
Attorney for DeLong, Caldwell,
Novotny & Bridgers, LLC
Shapiro Fussell
One Midtown Plaza
Suite 1200
1360 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 870-2212
Facsimile: (404) 870-2222
dbutler@shapirofussel.com

**DUPLICATE**

FILED IN OFFICE

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

99 DEC 10 AM 10:01

TOM LAWLER, CLERK

| | |
|---|---|
| COMMERCIAL FACTORS OF ATLANTA,<br>INC., | ) |
| | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 99 - A 10650 - 5 |
| | ) |
| TERRY MANUFACTURING COMPANY,<br>FLOODGATES, LTD. and<br>JON L. POUNCEY, | ) |
| | ) |
| | ) |
| | ) |
| Defendants | ) |
| | ) |

**EXHIBIT**

1A

## COMPLAINT AND VERIFIED SUIT ON OPEN ACCOUNT

COMES NOW Commercial Factors of Atlanta, Inc., a Georgia corporation ("**CFA**"), and for its claim against the Defendants states the following:

1.

Defendant Floodgates, Ltd. ("**Floodgates**") is a Delaware corporation which is qualified to do business in the state of Georgia, whose registered agent in Georgia is Jon L. Pouncey, whose registered office is located at 527 Whitehall Lane, Lawrenceville, Gwinnett County, Georgia 30245, and which is subject to the jurisdiction of this Court.

2.

Defendant Jon L. Pouncey ("**Pouncey**") is an individual who resides at 1122 Stovall Ridge Court, Lawrenceville, Gwinnett

County, Georgia 30043, and who is subject to the jurisdiction of this Court.

3.

Defendant Terry Manufacturing Company ("Terry") is an Alabama corporation which is qualified to do business in the state of Georgia, whose registered agent in Georgia is Rudolph Terry, whose registered office is located at 3725 Zip Industrial Boulevard, Atlanta, Fulton County, Georgia 30354, and which is subject to the jurisdiction of this Court.

4.

Terry, Floodgates and Pouncey are severally obligated on the debt which is the subject matter of this Complaint, and venue is proper in this Court.

### SUBSTANTIVE ALLEGATIONS

### Background

5.

Plaintiff, CFA, is in the business of purchasing commercial accounts from its clients.

6.

On or about August 10, 1994, Floodgates entered into a Security Agreement with CFA, a copy of which, together with all amendments thereto, is attached hereto as Exhibit A and

2

Corp/675897.3

incorporated herein by reference (the "Security Agreement").

7.

In accordance with the terms of the Security Agreement, Floodgates from time to time factored (sold) to CFA commercial accounts from its sale of goods to its customers.

8.

In accordance with the terms of the Security Agreement, Floodgates granted to CFA, as security for the repayment of any and all of its obligations and liability whatsoever to CFA, a security interest in, among other things, all of its accounts and the proceeds thereof and all books and records pertaining to its accounts.

9.

From time to time beginning in 1996 and continuing until on or before August 6, 1999, Floodgates sold and delivered goods to Terry on open account.

10.

In accordance with the terms and conditions of the Security Agreement, Floodgates factored (sold) to CFA, or granted to CFA a security interest in, all of the accounts arising out of the sale of goods by Floodgates to Terry.

3

11.

In accordance with the terms and conditions of the Security Agreement, CFA was entitled at its sole discretion to notify any customer of Floodgates to make payments on its accounts directly to CFA.

12.

Floodgates delivered to Terry invoices representing all accounts arising from the sale of goods by Floodgates to Terry.

13.

CFA placed on each such invoice a legend notifying Terry to make payment on the account represented thereby directly to CFA and sent each such invoice to Terry.

## Count One
### (Claim against Terry)

14.

CFA realleges and incorporates herein by reference each of the allegations of paragraphs 1 through 13 hereof.

15.

Terry owes CFA $3,320,710.00 according to the account attached hereto as **Exhibit B** and incorporated herein by reference (the "Terry Account").

4                                          Corp/675897.3

16.

The amount owed to CFA, as stated in paragraph 15 above, has accrued interest since September 10, 1999, and continues to accrue interest, at the rate of 1 1/2% per month.

### Count Two
### (Claim against Floodgates)

17.

CFA realleges and incorporates herein by reference each of the allegations of paragraphs 1 through 16 hereof.

18.

On information and belief, Terry and Floodgates are involved in a dispute concerning the amount owed by Terry on the Terry Account.

19.

On information and belief, Terry has not paid the Terry Account when due for reasons other than its financial inability to pay.

20.

If Terry has not paid the Terry Account because of credit problems, Floodgates contributed to, or aggravated, Terry's credit problem by, among other things, extending credit to Terry above the credit limit established by CFA.

5                         Corp/675897.3

21.

Because of, among other things, the facts and circumstances alleged in paragraphs 18, 19 and/or 20 hereof, CFA has full recourse against Floodgates for the Terry Account.

22.

Floodgates owes CFA $2,130,628.91 pursuant to the terms of the Security Agreement according to the account attached hereto as **Exhibit C** and incorporated herein by reference (the "**Floodgates Account**").

23.

In accordance with the terms of the Security Agreement, Daily Fee Program Addendum, Floodgates owes to CFA, in addition to the amount stated above, fees which have accrued due to the failure and refusal of Floodgates to pay the amount of indebtedness referenced in the preceding paragraph, and said fees continue to accrue at the daily rate of .08% of the amount stated above per day.

### Count Three
### (Claim against Pouncey)

24.

CFA realleges and incorporates herein by reference each of the allegations of paragraphs 1 through 23 hereof.

6

25.

On or about August 10, 1994, Pouncey executed and delivered to CFA a Guaranty Agreement, a true and correct copy of which is attached hereto as <u>Exhibit D</u> and incorporated herein by reference (the "<u>Guaranty</u>").

26.

Subsequent to CFA's receipt of the Guaranty and in reliance thereon, in accordance with the terms and conditions of the Security Agreement CFA purchased accounts from Floodgates, including certain of the accounts arising from the sale of goods by Floodgates to Terry, and advanced part of the purchase price therefor prior to the payment thereof by the customers thereon.

27.

In accordance with the terms of the Guaranty, Pouncey agreed to be personally liable, unconditionally, for all obligations of Floodgates to CFA.

28.

In accordance with the terms of the Guaranty, Pouncey is personally liable to CFA for the sum of $2,130,628.91, together with accrued interest thereon, owing by Floodgates to CFA as set out in Count Two hereof.

7                                Corp/675897.3

## Count Four
### (Claim for Attorneys' Fees)

29.

CFA realleges and incorporates herein by reference each of the allegations of paragraphs 1 through 28 hereof.

30.

CFA hereby gives notice to Floodgates, pursuant to O.C.G.A. § 13-1-11 and the terms of the Security Agreement, that the provisions of the Security Agreement relative to payment of attorneys' fees in addition to principal and interest shall be enforced, that if the sum demanded in Count Two is not paid within ten (10) days of its receipt of this Complaint Floodgates will be held additionally liable for reasonable attorneys' fees and that Floodgates may avoid liability for the payment of attorneys' fees by making payment of said sum within said ten (10) day period.

31.

CFA hereby gives notice to Pouncey, pursuant to O.C.G.A. § 13-1-11 and the terms of the Guaranty, that the provisions of the Guaranty relative to payment of attorneys' fees in addition to principal and interest shall be enforced, that if the sum demanded in Count Three is not paid within ten (10) days of his receipt of this Complaint Pouncey will be held additionally liable for

8                                              Corp/675897.3

reasonable attorneys' fees and that Pouncey may avoid liability for the payment of attorneys' fees by making payment of said sum within said ten (10) day period.

32.

Terry, Floodgates and Pouncey have been stubbornly litigious and have caused CFA unnecessary trouble and expense, and are therefore liable to CFA for expenses of litigation pursuant to O.C.G.A. § 13-6-11.

### Count Five
### (Claim against Floodgates for Injunctive Relief)

33.

CFA realleges and incorporates herein by reference each of the allegations of paragraphs 1 through 32 hereof.

34.

Paragraph 48 of the Security Agreement requires Floodgates to furnish CFA financial statements and information as requested by CFA from time to time.

35.

CFA has requested that Floodgates furnish to CFA information concerning the Terry Account and the reasons for Terry's nonpayment the same, including information concerning the goods sold by Floodgates to Terry, the specifications therefor, the supplier

Corp/675897.3

thereof, and any and all information given by Terry to Floodgates concerning any nonconformity thereof or defects therein.

36.

Floodgates has failed and refused, and continues to fail and refuse, in violation of the terms of the Security Agreement, to furnish to CFA such information.

37.

CFA is unable effectively to exercise its rights under the Security Agreement, including its right pursuant to paragraph 43 of the Security Agreement to settle any dispute directly with Terry (without relieving Floodgates of final responsibility for payment of the Terry Account) without the information requested.

38.

CFA has no adequate remedy at law.

WHEREFORE, CFA prays for the following relief:

(a)   As to Count One, that judgment be entered against Terry in the amount of $3,320,710.00, together with interest thereon;

(b)   As to Counts One, Two and Three, that judgment be entered against Terry, Floodgates and Pouncey, jointly and severally, in the amount of $2,130,628.91;

(c)   As to Counts Two and Three, that judgment be entered against Floodgates and Pouncey, jointly and severally, for fees

10                              Corp/675897.3

accrued on the indebtedness owed as a result of Floodgates' and Pouncey's failure and refusal to provide the requested financial information in accordance with the Daily Fee Program Addendum;

(d) As to Count Four, that judgment be entered against Floodgates and Pouncey, jointly and severally, for reasonable attorneys' fees as provided by law, and that judgment be entered against Terry, Floodgates and Pouncey, jointly and severally, for expenses of collection as provided by law (with any recovery thereon for attorneys' fees to be applied against the joint and several liability of Floodgates and Pouncey for reasonable attorneys' fees);

(e) As to Count Five, that the terms of paragraph 48 of the Security Agreement be specifically enforced by compelling Floodgates, together with its officers, employees and agents, temporarily, preliminarily and permanently, to furnish to CFA any information requested from time to time by CFA relating to the accounts sold by Floodgates to CFA, including without limitation the Terry Account, such information to include all information known to Floodgates concerning the goods sold by Floodgates to Terry, the specifications therefor, the supplier thereof, and any and all information given by Terry to Floodgates concerning any nonconformity thereof or defects therein; and

11                          Corp/675897.3

(f)  As to all Counts, that CFA have such other and further relief as is just and proper.

Dated:    December 10th, 1999
          Atlanta, Georgia

_____
MATTHEW S. COLES
Georgia Bar No.: 178020

_____
JUDY A. LAM
Georgia Bar No.: 431198

Smith, Gambrell & Russell, LLP
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
(404)815-3500

                         Attorneys for Commercial
                         Factors of Atlanta, Inc.

12                              Corp/675897.3

<u>VERIFICATION</u>

PERSONALLY APPEARED before the undersigned attesting officer duly authorized to administer oaths, TRACY D. EDEN, who, being duly sworn, stated under oath that he is the President of Commercial Factors of Atlanta, Inc., the plaintiff named in the foregoing Complaint, that he has read the foregoing Complaint and knows the contents thereof, and that the facts stated therein are of his own personal knowledge true.

_____
TRACY D. EDEN

Sworn to and Subscribed
before me this 6th day of
December, 1999.

_____
Notary Public

My commission expires:

CHERYL WALKER
NOTARY
EXPIRES
GEORGIA
OCT. 25, 2002
PUBLIC
PAULDING COUNTY

13

Corp/675897.3



## TERRY MANUFACTURING COMPANY, INC.
### QUALITY APPAREL

**Rudolph Terry**

3725 Zip Industrial Boulevard          Tel: 404-761-8888
Atlanta, GA  30354                     Fax: 404-761-6999

**EXHIBIT**

tabbies®

1B

# DeLong & Caldwell, L.L.C.
### ATTORNEYS AT LAW

1770 RESURGENS PLAZA
945 EAST PACES FERRY ROAD
ATLANTA, GEORGIA 30326

404.842.0555
FACSIMILE: 404.842.0565

EARNEST H. DeLONG, JR.

DIRECT DIAL: 404.842.0540

January 3, 2000

Mr. Rudolph Terry
Terry Manufacturing Company, Inc.
3725 Zip Industrial Boulevard
Atlanta, GA 30354

Re: Commercial Factors of Atlanta, Inc. V. Terry
Manufacturing Company, Inc., et. al., Gwinnett Superior
Court File NO. 99-A-10650-5

Dear Mr. Terry:

This letter is intended to memorialize the understanding we
have reached. Jerry Thomas and I have been engaged to represent
the interests of Terry Manufacturing Company, Inc., its officers,
directors and shareholders in the defense of the above-referenced
matter. Terry Manufacturing Company will be billed at the end of
each month for time and expenses incurred during the month.
Attorney time will be billed at the rate of $250.00 per hour and
expenses will be billed as incurred.

We look forward to working with you on behalf of the Company.

Sincerely,

Earnest H. DeLong, Jr.

EHD/jj
cc: J. Thomas

EXHIBIT

tables'

1 C

EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING | ) | CASE NO. 03-32063-WRS |
| COMPANY, INC., | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | | |
| IN RE: | ) | |
| | ) | |
| TERRY UNIFORM | ) | CASE NO. 03-32213-WRS |
| COMPANY, LLC. | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | | |
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF TERRY | ) | |
| MANUFACTURING | ) | |
| COMPANY, INC. AND | ) | ADVERSARY PROCEEDING |
| TERRY UNIFORM | ) | |
| COMPANY, LLC. | ) | NO. 04-03135 |
| | ) | |
| v. | ) | |
| | ) | |
| DeLONG, CALDWELL, | ) | |
| NOVOTNY & BRIDGERS, | ) | |
| LLC. | | |

STATE OF GEORGIA          )

COUNTY OF FULTON          )

### <u>AFFIDAVIT OF MICHAEL CALDWELL</u>

Before me, the undersigned authority, a Notary Public in and for the State

of Georgia at Large, personally appeared MICHAEL CALDWELL, who being

known to me and, who being first duly sworn deposes and testifies as follows:

1

1.      My name is Michael A. Caldwell. I am a citizen and resident of the State of Georgia. I reside at 5426 Brooke Farm Road, Dunwoody, Georgia. I have resided in the State of Georgia since 1979.

2.      I am a practicing attorney licensed with the State Bar of Georgia since 1979. I am a member of the law firm DeLong, Caldwell, Novotny & Bridgers, LLC (hereinafter referred to as "Law Firm"), which is located at Centennial Tower, Suite 3100, 101 Marietta Street NW, Atlanta, Georgia, 30303. I am also a member of the Atlanta Bar Association. I have been designated as the Law Firm's corporate representative in the Adversary Proceeding filed against it by the Trustee, Lester Alexander, III, in the United States Bankruptcy Court for the Middle District of Alabama. My Affidavit is offered in support of, and is authorized by the Law Firm.

3.      I am a graduate of Catholic University of America, having received a Bachelor of Arts degree in 1968 and a Juris Doctorate degree in 1971.

4.      The Law Firm was formed in June 2001. The members of the Law Firm include Charles R. Bridgers, Earnest H. DeLong, Jr. and Edmond J. Novotny, Jr. and myself. None of the Law Firm's members are licensed to practice law in the State of Alabama. The Law Firm does not have an office in the State of Alabama and does not do business in the State of Alabama. The Law Firm does not have any employees in the State of Alabama nor has it ever had any employees in the State of Alabama. The Law Firm presently does not have

2

any clients that either reside, or are domiciled or incorporated in the State of Alabama. The Law Firm has never represented a client from the State of Alabama, nor has it conducted any business in the State of Alabama.

5.  The Law Firm owns no property in the State of Alabama nor has it ever owned any property in the State of Alabama.

6.  The Law Firm leases no property in the State of Alabama nor has it ever leased any property in the State of Alabama.

7.  The Law Firm has no accounts, financial or otherwise, in the State of Alabama nor has it ever had any such accounts.

8.  The Law Firm does not maintain any records in the State of Alabama nor has it ever maintained any records in the State of Alabama.

9.  Prior to this lawsuit, the Law Firm has never been a litigant in the courts of Alabama.

10.  The Law Firm has never received any benefits of any kind from the State of Alabama.

11.  Were the claims filed by the Trustee to be tried, any and all witnesses that might testify on behalf of the Law Firm reside in Atlanta, Georgia. The witnesses would include the individuals referenced in the Affidavit filed with the Court by Earnest H. DeLong, Jr., and myself. In addition, any records or other tangible evidence the Law Firm might use in its defense are located in Atlanta, Georgia, as also referenced in the Affidavit of Earnest H. DeLong, Jr.

3

The Law Firm does not have any records or other tangible evidence in the State of Alabama that would be used in its defense.

12.    The Law Firm demands the right to trial by jury on any claims against it for which a jury trial may be held.  However, the Law Firm does not consent to trial by jury in the United States Bankruptcy Court or any federal court in the State of Alabama.  The Law Firm demands the right to be tried by a jury composed of citizens of the State of Georgia.

Affiant further saith not.

_____
MICHAEL A. CALDWELL

SWORN to and SUBSCRIBED before me this the _11th_ day of May, 2005.

_____
NOTARY PUBLIC
My Commission Expires: 03/17/09

4

EXHIBIT 3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO. 03-32063-WRS** |
| **COMPANY, INC.,** | ) | |
| | ) | **CHAPTER 7** |
| Debtor. | ) | |
| | | |
| IN RE: | ) | |
| | ) | |
| **TERRY UNIFORM** | ) | **CASE NO. 03-32213-WRS** |
| **COMPANY, LLC.** | ) | |
| | ) | **CHAPTER 7** |
| Debtor. | ) | |
| | | |
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF TERRY** | ) | |
| **MANUFACTURING** | ) | |
| **COMPANY, INC. AND TERRY** | ) | **ADVERSARY PROCEEDING** |
| **UNIFORM COMPANY, LLC.** | ) | |
| | ) | **NO. 04-03135** |
| **v.** | ) | |
| | ) | |
| **DeLONG, CALDWELL,** | ) | |
| **NOVOTNY & BRIDGERS,** | ) | |
| **LLC.** | ) | |

**STATE OF ALABAMA**               )

**COUNTY OF MONTGOMERY**     )

## AFFIDAVIT OF CHARLENE SCHIEFERSTEIN

Before me, the undersigned authority, a Notary Public in and for the State

of Alabama at Large, personally appeared CHARLENE SCHIEFERSTEIN, who

being known to me and, who being first duly sworn deposeth and says as follows:



EXHIBIT

3

1.    My name is Charlene Schieferstein. I am a citizen and resident of the State of Alabama. I reside at 2729 South Tallassee Drive, Tallassee, Alabama, 36078.

2.    I am a Certified Paralegal, working for Melton, Espy & Williams, PC, which is located at 301 Adams Avenue, Montgomery, Alabama, 36104.

3.    During the course of my employment with Melton, Espy & Williams, I have viewed the records on file with the United States Bankruptcy Court for the Middle District of Alabama, related to the matter of Terry Manufacturing Company, Inc, Case No. 03-32063.

4.    Of the 35 Adversary Proceedings concerning Terry Manufacturing, all but 15 have been dismissed and terminated. (See Exhibit A.)

5.    Of the remaining 15 cases, one case has no scheduling order entered; three of the cases have been consolidated; three were "deep set" for trial on April 18, 2005; two are "deep set" for trial on June 20, 2005; one case has a Motion for Summary Judgment by the Trustee which has been partially granted; one case has a Motion for Approval of Settlement pending; one case has a scheduling order entered for summary judgment and discovery matters only; another has had no activity since the summons was executed; and one case was just removed to the Bankruptcy Court in May 2005.

6.    The above styled proceeding is the only Adversary Proceeding set for trial in October, 2005 in In Re Terry Manufacturing.  Moreover, none of the

Adversary Proceedings, except for this one involving Earnest H. DeLong, Jr., and

DeLong, Caldwell, Novotny & Bridgers, LLC, concern or involve a legal or

professional malpractice claim.

    Affiant further saith not.

_Charlene Schieferstein_
CHARLENE SCHIEFERSTEIN

SWORN to and SUBSCRIBED before me this the 12ᵗʰ day of May, 2005.

_Wendy B Roberts_
NOTARY PUBLIC
My Commission Expires: _June 4, 2008_

Page 3 of 3

## TERRY MANUFACTURING / TERRY UNIFORM
## BANKRUPTCY COURT - ADVERSARY PROCEEDINGS

| Name of Case | Case No. | Date Filed | Pending/Status | Outcome |
|---|---|---|---|---|
| Official Committee of Unsecured Creditors vs. Southtrust; First Bank | 04-03003 | 01/12/04 | | Dismissed: 11/10/04 Terminated: 11/23/04 |
| Cintas Corporation v. Terry Uniform; Alexander; SouthTrust, First Bank (counterclaim) | 04-03004 | 01/12/04 | Set for Pretrial Conference 2/15/05 last entry on docket 11/14/04 **No scheduling order entered** | |
| Alexander v. Peoples Bank; Bank of Wedowee; First Tuskegee | 04-03061 | 07/30/04 | Hearings on Motions for Summary Judgment: 09/19/05 Trial Date: 11/14/05 04-03062 and 04-03063 **Consolidated with this case** | |
| Alexander v. First Tuskegee | 04-03062 | 07/30/04 | **Consolidated** 9/13/04 (see 03061) | |
| Alexander v. Bank of Wedowee | 04-03063 | 07/30/04 | **Consolidated** 9/13/04 (see 03061) | |
| Alexander v. CTI | 04-03064 | 08/02/04 | | Dismissed: 04/08/05 Terminated: 04/19/05 |
| Alexander v. Federal Express | 04-03065 | 08/02/04 | | Dismissed: 02/22/05 Terminated: 03/09/05 |
| Alexander v. Alabama Self Insured's Workers Compensation Fund | 04-03066 | 08/02/04 | | Dismissed: 04/08/05 Terminated: 04/19/05 |

1


**EXHIBIT**

3A

tabbies®

| Name of Case | Case No. | Date Filed | Pending/Status | Outcome |
|---|---|---|---|---|
| Alexander v. Alabama Power Co. | 04-03067 | 08/02/04 | **Case "deep set" for trial with several other adversarial proceedings on 04/18/05** Last Entry: Pretrial Objections to submissions 03/28/05 | |
| Alexander v. HLC Industries (counterclaim) | 04-03068 | 08/02/04 | 04/08/05 Order:   **Case "deep set" for trial on 6/20/05** Last Entry: Submission of Memorandum of Actrade Liquidation Trust in Support of Application to Intervene on 05/05/05 | |
| Alexander v. Calcraft Knit Sales | 04-03069 | 08/02/04 | 01/31/05 Trustee's **Motion for Summary Judgment partially granted – Order to Show Cause** entered 05/05/05 | |
| Alexander v. Identification System, Inc | 04-03070 | 08/02/04 | | Dismissed: 04/25/05 Terminated: 05/09/05 |
| Alexander v. IDT Worldwide | 04-03071 | 08/02/04 | | Dismissed: 03/11/05 Terminated: 03/22/05 |
| Alexander v. Bonifay Manufacturing (counterclaim) | 04-03072 | 08/02/04 | | 05/09/05 Judgment in favor of Trustee entered |

2

| Name of Case | Case No. | Date Filed | Pending/Status | Outcome |
|---|---|---|---|---|
| Alexander v. Atlantic Thread & Supply | 04-03073 | 08/02/04 | **Trial "deep set" for 04/18/05** Last Entry: Joint Pretrial Statement – 03/28/05 | |
| Alexander v. Ideal Fastener | 04-03074 | 08/02/04 | | Entry of Default on behalf of Plaintiff Terminated: 12/28/04 |
| Alexander v. American Express Travel Related Services | 04-03075 | 08/02/04 | | Dismissed: 04/08/05 Terminated: 04/12/05 |
| Alexander v Darwood Manufacturing | 04-03076 | 08/02/04 | **Trial "deep set" beginning 04/18/05** Approval of Settlement of Darwood Manufacturing Company 03/02/05 *Submission Error requiring refiling* | |
| Alexander v. American & Efird, Inc. | 04-03077 | 08/02/04 | | Dismissed: 12/29/04 Terminated: 01/10/05 |
| Alexander v. Miliken & Company | 04-03078 | 08/02/04 | | Dismissed: 12/23/04 Terminated: 01/05/05 |
| Alexander v. Offray Specialty Narrow Fabrics | 04-03079 | 08/02/04 | **Motion for Approval of Settlement of** Offray Specialty – 05/04/05 | |
| Alexander v. Robin L. Falls | 04-03080 | 08/02/04 | | Dismissed: 02/01/05 Terminated: 02/11/05 |

| Name of Case | Case No. | Date Filed | Pending/Status | Outcome |
|---|---|---|---|---|
| Alexander v. Southern Mills | 04-03081 | 08/02/04 | **Trial is "deep set" beginning 06/20/05**<br>Last Entry: Motion of Southern Mills for Partial Summary Judgment – 04/20/05 | |
| Alexander v. U.S. Button Corp. | 04-03082 | 08/02/04 | | Dismissed: 01/20/05<br>Terminated: 02/01/05 |
| Alexander v. Yvonne Stevens | 04-03083 | 08/02/04 | | Dismissed: 01/28/05<br>Terminated: 02/11/05 |
| Alexander v. Milberg Factors | 04-03084 | 08/02/04 | | Dismissed: 12/29/04<br>Terminated: 01/10/05 |
| Alexander v. John Oppenhimer & Associates | 04-03085 | 08/02/04 | Trial is "deep set" 04/18/05<br>04/27/05 Stipulation of Dismissal between Plaintiff & Defendant filed | Stipulation of Dismissal filed: 04/27/05 |
| Alexander v. Packard Transport; Packard Logistics | 04-03086 | 08/02/04 | | Dismissed: 02/22/05<br>Terminated: 03/09/05 |
| Alexander v. USA | 04-03111 | 10/04/04 | Motion to Approve Compromise filed 11/30/04 | Mt. Granted: 12/29/04 |

4

| Name of Case | Case No. | Date Filed | Pending/Status | Outcome |
|---|---|---|---|---|
| Alexander v. Steel Law Firm; Brian E. Steel | 04-03114 | 10/11/04 | 02/07/05 Order denying Motion to Transfer Bankruptcy Case to Another District<br>03/16/05 **Scheduling Order – summary judgment & discovery (no trial date)** | |
| Alexander v. Rumilla International | 04-03128 | 11/16/04 | | Default Judgment: 05/09/05 |
| Alexander v. Leon Goodrum | 04-03129 | 11/22/04 | **Summons executed 11/30/04 – no other entries after 12/01/04** | |
| Alexander v. Cintas, et al. | 04-03132 | 11/29/04 | | ORDER OF REMAND: 04/17/05 |
| Alexander v. DeLong, et al. | 04-03135 | 12/08/04 | Last Entry: 05/04/05 – Certificate of Service of Discovery on DeLong | |
| Actrade Liquidation Trust v. HLC | 05-03031 | 05/06/05 | 05/10/05 ORDER - **Motion to Refer Civil Action to U.S. Bankruptcy Court granted** | |

5

EXHIBIT 4



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*Domestic Mail Only; No Insurance Coverage Provided*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | 1.75 |
| Certified Fee | | 2.30 |
| Return Reciept Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | 3.50 / 9.30 |
| Total Postage | | |

Sent To: Mr. Sidney Johnson
117 Jackson Avenue
Roanoke, AL 36274

PS Form 3800, June 2002          See Reverse for Instructions

7004 1350 0000 0177 9350



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*Domestic Mail Only; No Insurance Coverage Provided*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | 1.75 |
| Certified Fee | | 2.30 |
| Return Reciept Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | 3.50 / 9.30 |
| Total Postage | | |

Sent To: Mr. Paul Carmichael
6551 Covefield Court
Mason, Ohio 45040

PS Form 3800, June 2002          See Reverse for Instructions

7004 1350 0000 0177 4404



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*Domestic Mail Only; No Insurance Coverage Provided*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | 1.75 |
| Certified Fee | | 2.30 |
| Return Reciept Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | 3.50 / 9.30 |
| Total | | |

Sent To: Ms. Cotina Terry
846 Crestwood Drive
Roanoke, AL 36274

PS Form 3800, June 2002          See Reverse for Instructions

7004 1350 0000 0177 9361



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*Domestic Mail Only; No Insurance Coverage Provided*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | 1.75 |
| Certified Fee | | 2.30 |
| Return Reciept Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | 3.50 / 9.30 |
| Total Postage | | |

Sent To: Mr. Roy Terry
902 Crestwood Drive
Roanoke, AL 36274

PS Form 3800, June 2002          See Reverse for Instructions

7004 1350 0000 0177 9343

**EXHIBIT**
4

tabbies

EXHIBIT 5



Yahoo!   My Yahoo!   Mail

**YAHOO! LOCAL** Maps    **Sign In**
New User? Sign Up

Search the Web [          ]  Search
Maps Home – Help

YAHOO! PERSONALS    FLIRT ON THE GO
FREE* BLACKBERRY AFTER REBATE
*with free voice and data plan
CLICK FOR DETAILS    REPLAY

# Yahoo! Driving Directions

Maps | **Driving Directions**

Starting from: **A** Atlanta, GA  Save Address

Arriving at: **B** Roanoke, AL  Save Address

Distance: 79.1 miles    Approximate Travel Time: 1 hour 57 mins

Get Reverse Directions

New! Send to Phone | Text Only | Printable Version | Email Directions

**Your Full Route**



Zoom In
1
2 street
3
4 city
5
6
7
8 state
9
10 country
Zoom Out

Clicking on Map:
◉ Zoom in & Re-Center
○ Re-Center Only

**Your Destination**
View Larger Map

©2005 Yahoo! Inc ©2004 NAVTEQ

Traffic  VIEW
VIEW TRAFFIC ON MAP

**SmartView ™**
See locations on this map:

- Restaurants
- Hotels
- ATMs
- Gas Stations
- More

What's this?



EXHIBIT
5

## Directions

Show Turn by Turn Maps

| | |
|---|---|
| 1. | Starting in **ATLANTA, GA** on **CAPITOL AVE** - go 0.1 mi |
| 2. | Turn **L** on **MARTIN LUTHER KING JR DR SW** - go 0.1 mi |
| 3. | Turn **L** on **WASHINGTON ST SW** - go 0.5 mi |
| 4. | Continue on **PULLIAM ST SW** - go 0.2 mi |
| | |

EXHIBIT 6

Request Number:   ATL20041209000222                              Item 32 of 171

Account Number:   0000000102541035

Post Date: 01/20/2000

Amount: $ 5,000.00

Sequence Number:   300647411

Best Copy Available

TERRY MFG. CO. INC. ATLANTA GEN.                                3351
P.O. BOX 16023  404-761-6588
ATLANTA, GA 30321

DATE 1/18/2000

PAY TO THE ORDER OF  Francis M. D...

REGISTERED

NationsBank

FOR



EXHIBIT
6

Request Number:   ATL20041208000486                    Item 56 of 304

Account Number:   0000000102541035

Post Date:  07/07/2000

Amount:  $ 100,000.00

Sequence Number:   900908800

---

Best Copy Available







Request Number: ATL20041209000222                          Item 126 of 171

Account Number: 0000000102541035
Post Date: 03/29/2000
Amount: $ 7,100.00
Sequence Number: 700018950

Best Copy Available







GUARDIAN 6 SAFETY          © Clarke American AH

**TERRY MANUFACTURING CO. INC.**
P.O. BOX 16629
ATLANTA, GA 30354

1683

PAY
TO THE
ORDER OF    _DEKONE + CALDWELL, LLC_    DATE _6/5/2000_    $ _8,620.00_

_REGISTERED ECONOMISTS_    DOLLARS

Bank of America.

P8N502341

ACH RTF 061000052

FOR _____

⑆0016831⑆ ⑆061000052⑆ 0035 779064⑆    ⑈00000000⑈

64-5/610 GA
360


EXHIBIT

Request Number:  ATL20041208000486                          Item 37 of 304

Account Number:  0000000102541035
ost Date:  06/29/2000
Amount:  $ 8,030.00
Sequence Number:  1100225317





Request Number:  ATL20041208000493                                Item 86 of 175

Account Number:  0000000102541035

Post Date: 04/20/2001

Amount: $ 8,000.00

Sequence Number:  400875737



EXHIBIT
E





EXHIBIT

09/01/2000          100,000

TERRY MANUFACTURING CO., INC.
P.O. BOX 648
ROANOKE, AL 36274

1019

PAY TO THE ORDER OF _Roger Kelley_

Registered One Hundred Thousand ___ DOLLARS

Registered Agents

DATE _9/01/2000_                    $ *100,000*

EXHIBIT
H

Request Number:    ATL20041208000486                    Item 179 of 304

Account Number:    0000000102541035
Post Date:  09/29/2000
Amount: $ 8,500.00
Sequence Number:   100778531

TERRY MFG. CO. INC. ATLANTA GEN.                                        3733
P.O. BOX 16629 · 404-761-8888
ATLANTA, GA 30321                                        64-6010-GA

DATE   9/26/00

PAY
TO THE
ORDER OF   DeJong wl Coldwell                              $  8,500.00

REGISTERED   85 00 m 100 CTS                              DOLLARS

Bank of America.
440.41657  2053  2243.00  09-29-00

FOR

"003733"  ：061000052：  0001025410 35"  "0000850000"





EXHIBIT

TERRY MANUFACTURING CO., INC.

1023

10/19/2000

100,000.00



EXHIBIT

Request Number: ATL20041208000486    Item 223 of 304

Account Number: 0000000102541035

Post Date: 10/31/2000

Amount: $ 13,749.56

Sequence Number: 700504387







TERRY MFG. CO. INC. ATLANTA GEN.

P.O. BOX 16629  404-761-8888
ATLANTA, GA 30321

3912

84-5/610 GA
350

DATE _____ 1/26/2004 _____

PAY
TO THE
ORDER OF _____ Deloney & Caldwell _____ $ 15,000.00

Bank of America.

REGISTERED JUN 02 2011

FOR _____

"003912" 1:0610000052: 000102541035"


EXHIBIT



TERRY MANUFACTURING CO. INC.
P.O. BOX 16629
ATLANTA, GA 30354

1693

64-5/0810 GA
360

DATE 3/8/2006

PAY TO THE ORDER OF  EARNEST OSLOVE    $ 15,000.00

FIFTEEN THOUSAND & 00/100    DOLLARS

REGISTERED TO GA DOLS CTS
18N50234116                       003 2517779064

Bank of America.
ACH R/T 061000052

FOR

⑈00 1693⑈ ⑈0810000052⑈ 003 2517779064⑈



EXHIBIT

Request Number:  ATL20041208000493    Item 129 of 175

Account Number:  0000000102541035

Post Date: 05/21/2001

Amount: $ 10,746.49

Sequence Number:  300488537





TERRY MFG. CO. INC. ATLANTA GEN.
P.O. BOX 16629    404-761-8888
ATLANTA, GA 30321

4155

64-5/610 GA
360

PAY TO THE ORDER OF

Delphus L Caldwell

REGISTERED Bank Caldwell

$ 15,800.00

DATE 7/19/201

DOLLARS

Bank of America.

ACH R/T 061000052

FOR

⑈490474303⑈ 2355 2009 00 0724 01

EXHIBIT
P

TERRY MFG. CO. INC. ATLANTA GEN.
P.O. BOX 16629 404-761-8888
ATLANTA, GA 30321

4203

64-5/610.06
360

PAY
TO THE
ORDER OF

Bank of America

ACH R/T 061000052

DATE _____

REGISTERED AGENTS OF ALABAMA CTS

$ 34 18-44

DOLLARS

FOR _____

⑈004203⑈ ⑈061000052⑈ 000⑈0254⑈035⑈

⑈000034⑈184⑈

Look for blue background on the front of this check, and the ImageSafe® logo on back. If not present, do not cash.



EXHIBIT

TERRY MFG. CO. INC. ATLANTA GEN.

P.O. BOX 16629    404-761-8888
ATLANTA, GA 30321

4204

64-5/610 GA
360

PAY
TO THE
ORDER OF _____ Earnest Neal

REGISTERED
N50234

$ 700 00

_____ DOLLARS

DATE 2/24/2001

**Bankof America.**

ACH R/T 061000052

FOR _____

⑆004204⑆ ⑆061000052⑆ 000⑈0754⑈035⑆



EXHIBIT
R



TERRY MFG. CO. INC. ATLANTA GEN.

P.O. BOX 16629  404-761-8888
ATLANTA, GA  30321

4258

Bank of America

ACH R/T 061000052

64-5/610 GA
360

PAY TO THE ORDER OF

DATE  9/25/2002

$ 6,000.00

DOLLARS

410265105 2007 2002 00 09-28-01



EXHIBIT
S



Look for: blue background on the front of this check, and the imageSafe® logo on back. If not present, do not cash.

TERRY MFG. CO. INC. ATLANTA GEN.
P.O. BOX 16629 404-761-8888
ATLANTA, GA 30321

4305

64-5/610 GA
360

PAY TO THE ORDER OF ___Delows & Caldwell___ $ 15,000.00

REGISTERED T. __Fifteen thousand 00/00___ DOLLARS

DATE ___10/12/2004___

Bank of America®

ACH R/T 061000052

Security feature
details on back.

⑆004305⑆ ⑈061000052⑈ 000102541035⑈

48041938 2428 2401 00 10-17-01

⑆000150000⑈

EXHIBIT
7



TERRY MFG. CO. INC. ATLANTA GEN.

P.O. BOX 16629   404-761-8888
ATLANTA, GA 30321

4374

64-5/610 GA
360

PAY TO THE
ORDER OF   DaLong + Chilwell

DATE 11/1/2001

$ 15,000°°

15,000°° DOLLARS

Bank of America.

FOR _____

REGISTERED 18N502841


EXHIBIT



TERRY MFG. CO. INC. ATLANTA GEN.
P.O. BOX 16629  404-761-8888
ATLANTA, GA 30321

4397

84-5/610 GA
360

PAY TO THE
ORDER OF  Oflong + Campbell

DATE  11/21/2001

$ 25,000.00

REGISTERED AGENTS FOR ___ DOLLARS

Bank of America.

FOR

⑆004397⑆ ⑈061000052⑈ 000 10254 1035⑈

⑆000 2500000⑆


EXHIBIT

Look for: blue background on the front of this check, and the imageSafe® logo on back. If not present, do not cash.

TERRY MFG. CO. INC. ATLANTA GEN.

P.O. BOX 16629  404-761-8888
ATLANTA, GA 30321

4452

64-5/610 GA
360

PAY
TO THE
ORDER OF _Deluxe Bnk Caldwell_

DATE ___11/12/2003___

$ *10,500.00*

_____ DOLLARS 🔒  Security features
                                                    are included.
                                                    Details on back.

**Bank of America.**

REGISTERED

⑆N50234⑈ ⑆⑆ ⑆⑆ ⑆⑆ ⑆⑆ ⑆⑆ ⑆⑆

M²

⑆004452⑈ ⑆061000052⑈ 000102541035⑈

H R/T 061000052

000105000000⑈



EXHIBIT
W

TERRY MANUFACTURING CO. INC.

P.O. BOX 16629
ATLANTA, GA 30354

1745

64-5/610 GA
360

PAY
TO THE
ORDER OF _Oblong Int Caldwell_

REGISTERED

DATE _2/7/2002_

$ _10,000.00_

_Ten thousand_ _____ DOLLARS

Bank of America

ACH R/T 061000052

FOR _____

⑈00⑈1745⑈ ⑆061000052⑆ 0035251790614⑆

N85023411 4304015222901 2017 00 02-12-02

MP


EXHIBIT



TERRY MFG. CO. INC. ATLANTA GEN.

P.O. BOX 16629  404-761-8888
ATLANTA, GA  30321

5041

64-5/610 GA
362

PAY TO THE ORDER OF _DELONG & CRENSHAW 072016 2018 00 03_

DATE _3/5/2002_

$7/2,000.00

_DELONG & CRENSHAW 072016 2018 00 03_ DOLLARS

Bank of America

OR
CH R/T 061000052

REGISTERED
18N502341

⑆005041⑆ ⑆061000052⑆ 000000521⑈ 000010254103 5⑈

EXHIBIT
Y



TERRY MFG. CO. INC. ATLANTA GEN.
P.O. BOX 16629 404-761-8888
ATLANTA, GA 30321

5094

64-9/610 GA
362

REGISTERED

DATE 4/8/2002

Colonus $70,258.15 2060/2140. 00 04$12/5,2900.⁰⁰

DOLLARS

EXHIBIT



TERRY MFG. CO. INC. ATLANTA GEN.

P.O. BOX 16629    404-761-8888
ATLANTA, GA 30321

5159

64-5/610  GA
362

PAY
TO THE
ORDER OF    Deloue K Chambll

DATE  5/15/2002

$ 15,000.00

DOLLARS

Bank of America.

GH-RrT 061000052

REGISTERED 8N150234

FOR

⑆005159⑆ ⑆061000052⑆ 000 0754 1035⑆

⑆0000500000⑆

EXHIBIT

AA

TERRY. MFG. CO. INC. ATLANTA GEN.

P.O. BOX 16529, 404-761-8888.
ATLANTA, GA. 30321

5274

64-5/610 GA
662

PAY
TO THE
ORDER OF. DeLong Caldwell

DATE 2/17/2002

$ 20,000.00

DOLLARS

Bank of America.

REGISTERED
78N502341
4803911336 2023 2065 OCT 07-12-02

FOR

ACH-R/T 091000052

⑈0 05 2 74⑈ ⑆06 10 0 0 0 0 5 2⑆ 000 10 2 5 4 10 3 5⑈

⑈000 2000000000⑈

EXHIBIT
BB







TERRY MFG. CO. INC. ATLANTA GEN.

P.O. BOX 16629
ATLANTA, GA 30321

404-761-8888.

5412

64-5/610. GA
362.

DATE 10/8/2002

PAY
TO THE
ORDER OF Oleou A Childen

$ 20,000

REGISTERED

DOLLARS

Bank of America

8N502341

R/T 061000052

⑆⑆005412⑆ ⑈061000052⑈ 00010254103 5⑆



EXHIBIT
D.D.

**TERRY MFG. CO. INC. ATLANTA GEN.**
P.O. BOX 16629  404-761-8888
ATLANTA, GA 30321

5477

64-5/610 GA
362

DATE 11/7/02

PAY TO THE ORDER OF Delong + Caldwell

$ 15,000.00

REGISTERED
18N502341

DOLLARS

Bank of America

DOLLARS

⑈"005477⑈  ⑆:061000052⑆:  000⑈0254⑈0035⑈"

000⑈500000⑈"

EXHIBIT

ⓘ Security enhanced document. See back for details. ⓘ

**TERRY MFG. CO. INC. ATLANTA GEN.**
P.O. BOX 16629  404-761-8888
ATLANTA, GA  30321

5534

64-5/610 GA
362

PAY
TO THE
ORDER OF  _Delores Caldwell_

DATE  _12/03/02_

EIGHTEEN 502341..15 000 DOLSO0 CTS

$ _15,000.⁰⁰_

DOLLARS 🔒

**Bank of America.**
ACH R/T 061000052

FOR _____

⑈005534⑈ ⑈061000052⑈ 000102541035⑈

⑈0001500000⑈

MP



EXHIBIT

F F

☰ Security enhanced document. See back for details. ☰

**TERRY MFG. CO. INC. ATLANTA GEN.**
P.O. BOX 16629  404-761-8888
ATLANTA, GA  30321

5602

64-5/610 GA
362

DATE _12/28/2001_

PAY
TO THE
ORDER OF _DELONE_ WA30358AHandel 2283 00 12-31 $ _63,000.00_

REGISTERED T 3000 DISCOUNTS
RGN502341 _____ DOLLARS 🔒

**Bank of America.**

ACH R/T 061000052

FOR _____                          MP

⑈"005602"⑈ ⑆061000052⑆: 000102541035"⑈        ⑆0001300000⑆



GUARDIAN ● SAFETY    © Clarke American AH

**TERRY MFG. CO. INC. ATLANTA GEN.**
P.O. BOX 16529   404-761-8888
ATLANTA, GA 30321·

64-5/610 GA
352

DATE _____ 7/ 7 /2003

PAY
TO THE
ORDER OF __ EARNEST McCLONE _____ | $ 15,000.°⁴

__ Fifteen Thousand and no /100 _____ DOLLARS ⊟

**Bank of America.** ▰▰▰

ACH R/T 061000052

FOR _____                        _____

⑈005683⑈ ⑈061000052⑈ 000102540 35⑈

⑈0001500000⑈



EXHIBIT
H. H.



TERRY MFG. CO. INC. ATLANTA GEN.
P.O. BOX 16629  404-761-8888
ATLANTA, GA 30321

5800

84-5/610 GA
362

DATE 3/27/0?

PAY TO THE ORDER OF __Delores & Caldwell__

$10,000.00

__Ten Thousand and 00/100__ DOLLARS

Bank of America.

FOR _____

⑆005800⑆ ⑆061000052⑆: 000102541035⑆


EXHIBIT







TERRY MFG. CO. INC. ATLANTA GEN.
P.O. BOX 16829, 404-761-8888
ATLANTA, GA 30321

5929

DATE 5/23/03

PAY TO THE ORDER OF _____

$ 15,000.00

DOLLARS

Bank of America.

FOR _____



EXHIBIT
KK

TERRY MFG. CO. INC. ATLANTA GEN.

P.O. BOX 16629   404-761-8888
ATLANTA, GA 30321

5950

64-5/610 GA
362

DATE 6/7/04

PAY
TO THE
ORDER OF  Delia & Caldwell                           $ 101,000.00

REGISTERED _____ DOLLARS
18N502341 1 000000 00000 000

Bank of America

OR

A/C # R/T 061000052

⑈005950⑈ ⑈061000052⑈ 0001025410351⑈



EXHIBIT



TERRY MFG. CO. INC. ATLANTA GEN.

P.O. BOX 16629 404-761-8888
ATLANTA, GA 30321

5965

64-5/610 GA
362

PAY
TO THE
ORDER OF ___ Rodney & Camwell _____

REGISTERED
#8N502341 _____ $ 10, 000.00

_____ DOLLARS

Bank of America

CHART 06100052

500290519 2127 2127 00 06-17-03

MP

⑈005965⑈ ⑊061000052⑊ 0001025410135⑈

'000 000000 'ꞌ



EXHIBIT
MM

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO. 03-32063-WRS** |
| **COMPANY, INC.** | ) | |
| | ) | **CHAPTER 7** |
| **Debtor** | ) | |
| | ) | |

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **CASE NO. 03-32213-WRS** |
| **TERRY UNIFORM** | ) | |
| **COMPANY, LLC,** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |

| | | |
|---|---|---|
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF** | ) | |
| **TERRY MANUFACTURING** | ) | |
| **COMPANY, INC. AND** | ) | **ADVERSARY PROCEEDING** |
| **TERRY UNIFORM COMPANY, LLC** | ) | |
| | ) | **NO. 04-3135** |
| **VERSUS** | ) | |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | |
| **& BRIDGERS, L.L.C. , DELONG** | ) | |
| **CALDWELL LOGUE & WISEBRAM,** | ) | |
| **DELONG & CALDWELL, L.L.C.** | ) | |
| **AND EARNEST H. DELONG, JR.** | ) | |

## SECOND AMENDED AND RESTATED COMPLAINT
## OF J. LESTER ALEXANDER, III, TRUSTEE

-2-

NOW INTO COURT, through undersigned counsel, comes J. Lester Alexander, III, the duly appointed and acting Chapter 7 trustee (the "Trustee") of Terry Manufacturing Company, Inc. ("Terry Manufacturing") and Terry Uniform Company, LLC, ("Terry Uniform"), and for his Second Amended and Restated Complaint against Defendants, DeLong, Caldwell, Novotny & Bridgers L.L.C., DeLong Caldwell Logue & Wisebram,  DeLong & Caldwell, L.L.C., and Earnest H. DeLong, Jr., respectfully represents:

## I.    <u>INTRODUCTION</u>

This is an action seeking recovery of damages and disgorgement of professional fees estimated to exceed $860,000.00 arising from acts of professional malpractice and fraudulent conveyances involving defendants Earnest DeLong, DeLong & Caldwell, L.L.C., DeLong Caldwell Logue & Wisebram and DeLong, Caldwell, Novotny & Bridgers L.L.C. (DeLong & Caldwell, L.L.C., DeLong Caldwell Logue & Wisebram and DeLong, Caldwell, Novotny & Bridgers L.L.C. sometimes hereinafter referred to collectively as the "Firm").

1.

The Trustee was originally appointed Chapter 11 Trustee of Terry Manufacturing.  Following conversion of the Chapter 11 case to a Chapter 7 case, he was appointed Chapter 7 trustee of both Terry Manufacturing and Terry Uniform.  At the time of his original appointment, the Trustee determined that extensive records of Terry Manufacturing were missing, and those which remained were in disarray.  As a result, the Trustee has been required to spend thousands of man hours organizing and recreating records for Terry Manufacturing.  As part of that process, the Trustee has requested, beginning in July, 2004, that DeLong and the Firm provide the Trustee with any files in their possession relating to their representation

of Terry Manufacturing. To date, they have refused to do so. Nonetheless, based upon the records which are available to the Trustee, he is now in a position to make the following allegations on information and belief.

2.

Commencing in January, 2000 and continuing until the eve of the Chapter 11 filing of Terry Manufacturing, DeLong and the Firm represented Rudolph Terry and Terry Manufacturing in litigation styled *Commercial Factors of Atlanta, Inc. v. Terry Manufacturing, et al*, Case No. 99-A-10650-5, Gwinett Judicial Circuit Superior Court, State of Georgia (the "Commercial Factors Litigation").

3.

That Commercial Factors Litigation arose out of a factoring fraud scheme in which Rudolph Terry was alleged to have generated bogus invoices purporting to show Terry Manufacturing acquiring millions of dollars of product. Rudolph Terry and other individuals not associated with Terry Manufacturing were alleged to have conspired to sell these bogus invoices to Commercial Factors. Commercial Factors was unable to collect upon the bogus invoices and allegedly lost millions of dollars as a result of the fraudulent scheme.

4.

Rudolph Terry was indicted in a federal criminal action based on the same transactions and conduct which served as the basis of the Commercial Factors Litigation. Specifically, a federal criminal action styled *USA v. Jon L. Pouncey,* District Court Northern District of Georgia (Atlanta) Criminal Docket Case No:

-4-

1:03-CR-55-1 CC (the "Federal Prosecution") asserted nineteen separate counts of criminal conduct arising from Rudolph Terry's dealings with Commercial Factors. He ultimately pled guilty.

5.

The legal interests of Terry Manufacturing and Rudolph Terry with respect to the Commercial Factors Litigation were in direct conflict. Defenses available to Terry Manufacturing, including, in particular, that it was not a party to the creation or sale of the bogus invoices were at odds with the interests of Rudolph Terry. Accordingly, consistent with the Rules of Professional Conduct applicable to attorneys in both Alabama and Georgia, Terry Manufacturing and Rudolph Terry could not be represented by single counsel. Nonetheless, Mr. DeLong and the Firm represented both Rudolph Terry and Terry Manufacturing, and apparently did so without disclosing the existence of the conflict or obtaining any written waiver.

6.

The simultaneous representation of Terry Manufacturing and Rudolph Terry when their interests were in direct conflict constitutes a breach of the duty of care owed by DeLong and the Firm to Terry Manufacturing and constitutes professional malpractice under the laws of both the State of Alabama and Georgia. Terry Manufacturing has been injured as a result, and is entitled to an award of appropriate damages, including, in particular, the forfeiture and disgorgement of all fees paid to DeLong and the Firm. In the alternative, Terry Manufacturing paid legal fees and expenses of Rudolph Terry for which Terry Manufacturing had no liability and for which it received no benefit. Those payments were made at a time when Terry Manufacturing was insolvent and had inadequate capital with which to conduct its business.

NO:99537338.1

-5-

Accordingly, the payments are avoidable as fraudulent conveyances under the United States Bankruptcy Code and applicable laws of the States of Alabama and Georgia. The Trustee is entitled to a judgment avoiding all payments of fees and expenses made by Terry Manufacturing to DeLong and the Firm and directing that those payments be returned to the Trustee.

## II.    STATEMENT OF THE PARTIES, THE COURT'S JURISDICTION AND VENUE.

7.

Pursuant to an Order of this Court dated May 13, 2004, J. Lester Alexander is the duly appointed and acting trustee of Terry Manufacturing and Terry Uniform.

8.

Earnest DeLong is an individual of the age of majority and resident of the State of Georgia.

9.

DeLong, Caldwell, Novotny & Bridgers, LLC purports to be a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business in the City of Atlanta, State of Georgia. DeLong & Caldwell, L.L.C. also purports to be a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business in the City of Atlanta, State of Georgia. DeLong Caldwell Logue & Wisebram is, upon information and belief, a general partnership organized and existing under the laws of the State of Georgia with its principal place of business in the City of Atlanta, State of Georgia. Based upon the limited information available to the Trustee at this time, he is unable to determine the extent to which each of these entities (i) provided legal service to Rudolph Terry and Terry Manufacturing and (ii) received funds from Terry Manufacturing.

10.

This action is a core proceeding within the meaning of 28 U.S.C. § 157(b). Alternatively, this action asserts claims which are both core and non-core. It falls within this Court's jurisdiction pursuant to 28 U.S.C. § 1334 and the standard order of reference of proceedings arising under or related to Title 11 of the United States Code made to this Court by the United States District Court for the Middle District of Alabama.

11.

Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) as this is the same district in which the Chapter 7 cases of Terry Manufacturing and Terry Uniform are pending.

## III.   FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

12.

Upon information and belief, Mr. DeLong and the Firm were initially contacted concerning a potential legal dispute involving Rudolph Terry, Terry Manufacturing and Commercial Factors some time in January, 2000. Following filing of the complaint by Commercial Factors, DeLong and the Firm appeared as counsel of record for both Rudolph Terry and Terry Manufacturing. DeLong and the Firm continued to act as counsel of record for Rudolph Terry and Terry Manufacturing up until the time Terry Manufacturing filed for relief under Chapter 11 of the Bankruptcy Code on July 7, 2003.

13.

In the Commercial Factors Litigation, plaintiff Commercial Factors alleged, *inter alia*, that it was in the business of purchasing accounts receivable at a discount and then collecting on those receivables.

Defendants Jon Pouncey or Rudolph Terry, Commercial Factors alleged, generated millions of dollars of invoices reflecting purchases of various fabric and other raw materials by Terry Manufacturing. In fact, Terry Manufacturing never purchased any of the product, and the invoices were wholly bogus. The fraudulent invoices were then sold to Commercial Factors. Commercial Factors could not collect on the invoices and, as a result, incurred losses of millions of dollars.

14.

DeLong and the Firm knew or should have known that there was a direct conflict of interest between Rudolph Terry and Terry Manufacturing. For example, Terry Manufacturing was entitled to counsel solely devoted to its interest who would have advised Terry Manufacturing that it had no duty to indemnity Rudolph Terry for the defense of claims involving criminal or quasi-criminal conduct. That advice, however, ran counter to the interest of both Rudolph Terry, DeLong and the Firm, all of whom were motivated to insure Terry Manufacturing paid all costs of defense.

15.

Likewise, Terry Manufacturing required counsel solely devoted to protecting its interest to raise various defenses available to Terry Manufacturing which were in conflict with the interests of Rudolph Terry. By way of illustration, if Terry Manufacturing had separate counsel, that counsel could have raised the defense that Rudolph Terry acted outside the scope and course of his employment, and that he alone was responsible for the conduct at issue. Likewise, counsel solely representing the interest of Terry Manufacturing could have raised the defense that Terry Manufacturing had played no role in the generation of the bogus invoices, that creation of the bogus invoices was not done by or at the request of Terry Manufacturing, that Terry Manufacturing did not condone or support generation of the invoices, that it did

not share in the payments by Commercial Factors, and that the generation of the invoices was at direct odds with the policy and procedures of Terry Manufacturing.

16.

As the Firm and DeLong represented both Rudolph Terry and Terry Manufacturing, it was not in a position to raise defenses of the type identified above as those defenses ran directly counter to the interests of Rudolph Terry.

17.

Following a grand jury investigation, Rudolph Terry was indicted in the Federal prosecution for the same conduct and transactions which formed the basis of the Commercial Factors Litigation. On October 2, 2003, Rudolph Terry pled guilty to several counts of the indictment. Thereafter, he was incarcerated in a federal prison in Montgomery, Alabama.

18.

Terry Manufacturing was insolvent throughout the period during which payments were made to DeLong and the Firm. The fair value of the assets of Terry Manufacturing was significantly less than the amount of its liabilities. Likewise, Terry Manufacturing was unable to pay its obligations timely and was routinely in default of multiple obligations. Also, Terry Manufacturing had inadequate capital to sustain its business.

19.

Between January, 2000 and June, 2003, Terry Manufacturing made payments to DeLong and the Firm totaling $860,998.54 and consisting of the following:

| Check Clear Date | Payee | Amount |
|---|---|---|
| 01/20/2000 | Earnest H. DeLong, Jr. | 5,000.00 |
| 07/07/2000 | DeLong & Caldwell | 100,000.00 |
| 03/29/2000 | DeLong & Caldwell | 7,100.00 |
| 06/07/2000 | DeLong & Caldwell, LLC | 8,620.00 |
| 06/29/2000 | DeLong & Caldwell LLC | 8,030.00 |
| 04/20/2001 | Earnest DeLong | 8,000.00 |
| 09/01/2000 | DeLong & Caldwell | 8,534.05 |
| 09/01/2000 | Earnest DeLong | 100,000.00 |
| 09/29/2000 | DeLong & Caldwell | 8,500.00 |
| 09/26/2000 | DeLong and Caldwell | 100,000.00 |
| 10/19/2000 | Earnest DeLong & Associates | 100,000.00 |
| 10/31/2000 | DeLong & Caldwell | 13,749.56 |
| 01/31/2001 | DeLong & Caldwell | 15,000.00 |
| 03/12/2001 | Earnest DeLong | 15,000.00 |
| 05/21/2001 | DeLong & Caldwell | 10,746.49 |
| 07/24/2001 | DeLong & Caldwell | 15,800.00 |
| 08/23/2001 | Earnest DeLong | 3,418.44 |
| 08/27/2001 | Earnest DeLong | 7,000.00 |
| 09/28/2001 | DeLong & Caldwell | 6,000.00 |
| 10/17/2001 | DeLong & Caldwell | 15,000.00 |
| 11/13/2001 | DeLong & Caldwell | 15,000.00 |
| 11/27/2001 | DeLong & Caldwell | 25,000.00 |
| 01/07/2002 | DeLong & Caldwell | 10,500.00 |
| 02/12/2002 | DeLong & Caldwell | 10,000.00 |
| 03/07/2002 | DeLong & Caldwell | 12,000.00 |
| 04/12/2002 | DeLong &Caldwell | 15,000.00 |
| 05/16/2002 | DeLong & Caldwell | 15,000.00 |
| 06/21/2002 | DeLong & Caldwell | 15,000.00 |
| 07/19/2002 | DeLong & Caldwell | 20,000.00 |
| Unknown | DeLong & Caldwell | 20,000.00 |
| 10/04/2002 | DeLong & Caldwell | 20,000.00 |
| 11/07/2002 | DeLong & Caldwell | 15,000.00 |
| 12/05/2002 | DeLong & Caldwell | 15,000.00 |
| 12/31/2002 | DeLong & Caldwell | 13,000.00 |
| 01/22/2003 | Earnest DeLong | 15,000.00 |
| 02/10/2003 | Earnest DeLong | 15,000.00 |
| Unknown | DeLong & Caldwell | 10,000.00 |
| 04/09/2003 | DeLong & Caldwell | 10,000.00 |
| Unknown | DeLong & Caldwell | 15,000.00 |
| 06/05/2003 | DeLong & Caldwell | 10,000.00 |
| 06/17/2003 | DeLong & Caldwell | 10,000.00 |

860,998.54

# COUNT I

## FOR LEGAL MALPRACTICE UNDER GEORGIA LAW
## AND THE ALABAMA LEGAL SERVICES LIABILITY ACT,
## ALABAMA CODE 1975 § 6-570, ET SEQ.

20.

The Trustee has reviewed all the records of Terry Manufacturing pertaining to the Commercial

Factors Litigation and the Company's representation by DeLong and the DeLong Firm.  The Trustee can

find no indication that DeLong and the Firm ever advised Terry Manufacturing of the existence of a conflict

of interest between the interests of Terry Manufacturing and those of Rudolph Terry.  Likewise, the records

contain no indication that Terry Manufacturing executed a waiver of any conflict.

21.

DeLong and the Firm's failure to disclose the existence of the conflict between the interests of Terry

Manufacturing and Rudolph Terry constitutes a breach of the duty of care, skill, loyalty and diligence owed

by attorneys practicing both in the State of Alabama and the State of Georgia.

22.

The Trustee has attempted to obtain the file(s) of Mr. DeLong and the Firm relating to their

representation of Terry Manufacturing and Rudolph Terry since July, 2003.  Despite repeated written

demands tendered both before and following the filing of this suit, DeLong and the Firm have refused to

release the file(s).  Based upon the limited information available to the Trustee and derived from the

incomplete files of Terry Manufacturing, it appears DeLong and the Firm failed to satisfy the duties of care,

skill, loyalty and diligence required by attorneys practicing in both the States of Alabama and Georgia in

at least the following respects:

(A)    DeLong and the Firm failed to provide necessary written disclosures to Terry Manufacturing that a conflict would likely arise, and, in fact, did arise between the interests of Terry Manufacturing and Rudolph Terry;

(B)    DeLong and the Firm did not discuss with Terry Manufacturing the need for a written waiver of the conflict or, indeed, whether the conflict of interest could be waived consistent with the applicable Rules of Professional Conduct of the State of Alabama and Georgia.

(C)    DeLong and the Firm did not advise Terry Manufacturing of whether it had any obligation to indemnify Rudolph Terry for fees and expenses incurred by him in the Commercial Factors Litigation, or whether indemnity was permissible in view of the financial condition of Terry Manufacturing and the allegations of criminal and quasi-criminal conduct asserted against Rudolph Terry in the Commercial Factors Litigation and which formed the basis for his indictment and conviction in the Federal Prosecution.

(D)    As all of the fees and expenses incurred in the Commercial Factor Litigation totaling more than $866,000 were paid by Terry Manufacturing, and at a time when it was insolvent and unable to pay its other obligations.  DeLong and the Firm had a disincentive to advise Terry Manufacturing that it had no obligation to indemnify Rudolph Terry or that it had certain dispositive defenses.  Likewise, DeLong and the Firm had a disincentive to pursue, and, in fact, did not pursue those dispositive defenses.

(E)    Mr. DeLong and the Firm did not pursue dispositive defenses on behalf of Terry Manufacturing because those defenses were counter to the interests of Rudolph Terry.

23.

As a result of the breach by DeLong and the Firm of the duties of care, skill, loyalty and diligence, Terry Manufacturing suffered damages, the amount of which will be proven at the trial of this matter. At a minimum, those damages should include the forfeiture and disgorgement of all fees and expenses paid by Terry Manufacturing to DeLong and the Firm.

### COUNT II

**FOR FRAUDULENT CONVEYANCE PURSUANT
TO THE ALABAMA FRAUDULENT TRANSFER ACT,
ALABAMA CODE 1975, TITLE 8, CHAPTER 9-A AND
THE GEORGIA FRAUDULENT TRANSFER ACT,
GEORGIA CODE, TITLE 18, CHAPTER 2 ARTICLE 4**

24.

Pursuant to 11 U.S.C. § 544(b), the Trustee enjoys the rights and powers of unsecured creditor. Included among these are the right to assert any claim, demand and cause of action an unsecured creditor would enjoy under the Bankruptcy Code or state law.

25.

The payments made by Terry Manufacturing to the Firm and DeLong constitute fraudulent transfers within the meaning of the Alabama and Georgia Fraudulent Transfer Acts. Terry Manufacturing received either no value for the transfers or substantially less value than the amount of the payments. All of the payments were made at a time when Terry Manufacturing was insolvent and at a time Terry Manufacturing had unreasonably small assets in relation to its business and was unable to pay its debts as they became due.

26.

Terry Manufacturing received no value for its payments to DeLong and the Firm, or received value which was not reasonably equivalent to the payments.

27.

The Trustee is entitled to judgment against the Firm and DeLong avoiding the payments made by Terry Manufacturing. At this time, the Trustee believes those payments to total $860,998.54 but reserves the right to amend the complaint should discovery reveal payments by Terry Manufacturing to DeLong and the Firm in a different amount.

## COUNT III

## AVOIDANCE OF FRAUDULENT CONVEYANCES PURSUANT TO 11  U.S.C. § 548

28.

The payments by Terry Manufacturing to the Firm and DeLong constitute fraudulent transfers and obligations under 11 U.S.C. § 548. Terry Manufacturing did not receive reasonably equivalent value for the payments and the payments were made at a time when Terry Manufacturing had unreasonably small capital within the meaning of 11 U.S.C. § 548(a)(B)(2). In addition, all payments incurred at a time when Terry Manufacturing was insolvent.

## COUNT IV

## AVOIDANCE OF PREFERENCES PURSUANT TO 11 U.S.C. § 547

29.

To the extent Terry Manufacturing received any value for the payments to the Firm and DeLong (which is specifically denied by the Trustee), the payments were made during the one year period prior to the filing of Terry Manufacturing's Chapter 11 petition and constitute avoidable preferences. The payments were on account of an antecedent debt and permitted the Firm and DeLong to receive substantially more

property than they would have received had the Terry Manufacturing Chapter 11 case initially been filed as a Chapter 7.

30.

All of the payments made within one year of the filing of the Terry Manufacturing Chapter 11 petition are subject to avoidance. Rudolph Terry is an insider within the meaning of 11 U.S.C. § 101(3). All of the payments by Terry Manufacturing to DeLong and the Firm were for the benefit of Rudolph Terry. Accordingly, for purposes of § 547, DeLong and the Firm should be deemed to be an insider and subject to the one year reach back period.

WHEREFORE, after due proceedings had, J. Lester Alexander, III, the duly appointed and acting Trustee of Terry Manufacturing and Terry Uniform respectfully requested that there be judgment in his favor and against Earnest DeLong, DeLong & Caldwell, L.L.C., DeLong Caldwell Logue and Wisebram and DeLong, Caldwell, Novotny & Bridgers, L.L.C., jointly and severally, and that he be awarded damages in am amount to be proved at the trial of this matter, but which at a minimum should include a disgorgement and forfeiture of all fees and expenses paid by Terry Manufacturing to Earnest DeLong, DeLong & Caldwell, L.L.C. and DeLong, Caldwell, Novotny & Bridgers, LLC, and that the Trustee be provided such other and further relief as may be just and equitable.

Respectfully submitted this 26th day of May, 2005.

Respectfully submitted,

By:    /s/   Brent B. Barriere
       Brent B. Barriere, T.A.  (La. Bar No. 2818)
       David L. Patrón (La. Bar No. 22566)
       Katherine M. Determan (La. Bar No. 25381)
       Catherine E. Lasky (La. Bar No. 28652)
       **PHELPS DUNBAR LLP**
       One Canal Place
       365 Canal Street • Suite 2000
       New Orleans, Louisiana  70130-6534
       Telephone:  (504) 566-1311
       Facsimile:  (504) 568-9130

       **ATTORNEYS FOR J. LESTER ALEXANDER, III, TRUSTEE**

NO:99537338.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO.  03-32063-WRS** |
| **COMPANY, INC.** | ) | |
| | ) | **CHAPTER 7** |
| **Debtor** | ) | |
| | ) | |

_____

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CASE NO.  03-32213-WRS** |
| **TERRY UNIFORM** | ) | |
| **COMPANY, LLC,** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |

_____

| | | |
|---|---|---|
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF** | ) | |
| **TERRY MANUFACTURING** | ) | |
| **COMPANY, INC. AND** | ) | **ADVERSARY PROCEEDING** |
| **TERRY UNIFORM COMPANY, LLC** | ) | |
| | ) | |
| **VERSUS** | ) | **NO.  04-03135** |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | |
| **& BRIDGERS, L.L.C. AND EARNEST** | ) | |
| **H. DELONG, JR.** | ) | |

**TRUSTEE'S OPPOSITION TO MOTION TO DISMISS**

Defendants Earnest H. DeLong, Jr. and his law firm, DeLong, Caldwell, Novotny & Bridgers, L.L.C.  (the "Firm") have filed a Motion to Dismiss which asserts this Court lacks subject matter and personal jurisdiction and it is an improper venue.  Apparently, Defendants are not serious in pursuing any of these defenses; neither is mentioned in Defendants' 42-page supporting memorandum.  What is actually

before the Court is a recycled version of the Defendants' previously submitted Motion to Transfer Venue. That Motion was denied in an 8-page Memorandum Opinion issued on February 8, 2005.[1]

In previously seeking transfer to the Northern District of Georgia, the Firm asserted that it had no contacts with Alabama, that all of its legal work had been performed in Georgia, that all of its documents are in Atlanta, that its witnesses are in Atlanta and not subject to the subpoena power of this Court, that the Trustee's claims are governed by Georgia law and that the case could be tried efficiently and economically in Atlanta. Identical arguments are presented by the current, recycled Motion.

This District has recognized that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Sophocleus v. Alabama Dep't of Transp.*, 305 F. Supp. 2d 1238, 1244 (M.D. Ala. 2004) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). While "[a] court always 'has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loath to do so in the absence of extraordinary circumstances. . .'" *Id.* (quoting *Christianson*, 486 U.S. at 817). These extraordinary circumstances have been defined as (i) the emergence of new and substantially different evidence; (ii) the release of controlling authority which conflicts with the previous decision; and (iii) the earlier ruling was clearly erroneous and would work a manifest injustice. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1292 (11th Cir. 2005).

Defendants do not claim that the Court should reverse its earlier decision based on any extraordinary circumstance. Indeed, Defendants would prefer to ignore the Court's February 8 Opinion

---

[1]     For the Court's convenience, the Trustee has attached the Firm's original Motion to Transfer Venue and the Court's February 8 Memorandum Opinion as Exhibits A and B, respectively.

entirely; it is mentioned but twice in their 42-page Memorandum. Rather than cite new evidence or authority or even directly address how the Court erred in rejecting their first demand for transfer, Defendants have simply cited the very same arguments made in the earlier motion although at far greater length. Like its predecessor, the present Motion should be denied.

The Court's February 8 Opinion was correct and should not be disturbed. In fact, the grounds for it retaining venue are even more compelling than those considered in February. In the initial version of the present motion, Mr. DeLong and the Firm attested that neither had ever practiced law nor otherwise conducted business in the State of Alabama. When confronted with evidence from the DeLong/Firm's files that Mr. DeLong and the Firm appeared as counsel of record in at least two cases in Alabama, DeLong modified his affidavit to grudgingly admit that he participated in a single case.[2]

DeLong and the Firm represented Rudolph Terry and other Terry entities in litigation in Alabama and his engagement appears directly relevant to the issue of divided loyalties presented by this litigation. Also, Mr. DeLong represented Rudolph Terry and related persons in the Terry Manufacturing Chapter 11 case. But perhaps more importantly for the present dispute, in seeking to enroll in the Alabama litigation, Mr. DeLong and the Firm expressly consented to the jurisdiction of Alabama courts. Mr. DeLong and the Firm were eager to be in the courts of this State when it served their interests. Only now when they are made defendants for omissions and conduct arising from their relationship with Terry Manufacturing do they insist that they can only be subject to suit in Atlanta.

**Procedural Background**

---

[2]    In fact, Mr. DeLong was counsel of record for Rudolph Terry and other Terry entities in at least two cases in Alabama courts, and represented Rudolph Terry, Michael Terry and Deborah Watson in the Terry Manufacturing Chapter 11 case. *See* discussion *supra*.

This Adversary Proceeding was filed on December 8, 2004, and only after the passage of months during which Defendants refused to comply with the Trustee's repeated requests for documents relating to their claimed representation of Terry Manufacturing. On January 10, the Firm – then the only named defendant – requested that the case be transferred to the Northern District of Georgia. The Trustee opposed that Motion, and on February 8, the Court issued its 12-page Memorandum Decision denying the Motion to Transfer.

Both the Trustee's Original and Amended Complaint assert causes of action under 11 U.S.C. §§ 547 and 548 and the Alabama and Georgia fraudulent conveyance statutes. The Amended Complaint also asserts a cause of action for legal malpractice. This action falls squarely within this Court's jurisdiction of "all civil proceedings arising under title 11" as well as proceedings "related to cases under title 11." 11 U.S.C. § 1334(b).

Defendants' Memorandum seems to suggest that this case remains in its infancy. In fact, the Trustee has conducted extensive discovery including issuing both interrogatories and requests for production and, following multiple false starts, reviewed approximately 15 boxes of documents produced by Defendants. Also, on February 14, the Court conducted a status conference in which it set a trial date and related deadlines. Notably, during that conference the Firm provided no indication it would again demand transfer to the Northern District of Georgia. Rather than recycling the issue at that time, the Firm participated in discovery and fought and lost the Trustee's request to amend his complaint. Only then, and following another two months of active litigation, did Mr. DeLong and the Firm again demand transfer of venue.

**Legal Argument**

1.    **The Defendants have not provided any meaningful basis for the Court to reverse its earlier decision denying transfer and, consistent with the law of the case doctrine, the Court's February 8 Opinion should not be reversed.**

As applied in this District, the law of the case doctrine holds that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Sophocleus,* 305 F.Supp.2d at 1244 (citing *Christianson*, 486 U.S. at 817)).  The doctrine does not preclude either a trial or appellate court from revisiting already decided issues, but "directs a court's discretion."  *Id.*  While the law of the case doctrine is not a limit on judicial power; "'as a rule courts should loath to do so [revisit prior decisions] in the absence of extraordinary circumstances...'".  *Id.*  (quoting *Christianson*, 486 U.S. at 817).  See also, *Commercial Union Insurance Co. v. Sepco Corp.,* 300 F.Supp.2d 1198, 1201 (N.D. Ala. 2004) ("Under the doctrine of the 'law-of-the-case', whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case."); *Augustine v. Principi*, 343 F.3d 1334, 1339 (Fed. Cir. 2003) ("Under the doctrine of law of the case, a court will generally refuse to reopen or reconsider what has already been decided at an earlier stage of the litigation.  The doctrine operates to protect the settled expectations of the parties and promote orderly development of the case") (internal quotations omitted).

The Defendants have cited no extraordinary circumstances.  Indeed, the present Motion amounts to nothing more than a lengthier re-hash of the original Motion. Under the law of the case doctrine, the Court should not disturb its earlier ruling denying transfer.[3]

---

[3]    The Trustee acknowledges Mr. DeLong was not a movant on the original motion.  He is the senior partner of the Firm, is plainly in privity with it and should be equally bound by the Court's decision.

2.    **Defendants' "minimum contacts" with the State of Alabama are irrelevant. Further, that Defendants have acted as counsel in Alabama and expressly consented to jurisdiction in this State precludes their objection to venue.**

Much of the Defendants' memorandum is devoted to their theory that absent the bankruptcy proceeding of Terry Manufacturing they would not be subject to this Court's *in personam* jurisdiction. But, the plain fact is that Terry Manufacturing is the subject of Chapter 7 proceedings before this Court, and it has been a debtor under title 11 since early July, 2003. This Court enjoys nationwide service over all defendants in cases related to the Terry Manufacturing case, and a defendant who is a resident of the United States is subject to this Court's personal jurisdiction and regardless of its contacts with the State of Alabama. In fact, the only limitation on this Court's exercise of personal jurisdiction is those rare cases in which the exercise of personal jurisdiction will amount to a "infringement on individual liberty." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 946 (11ᵗʰ Cir. 1997). To avoid jurisdiction, the defendant must establish "that his liberty interests actually have been infringed" and "it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern." *Id.* at 946, 947. The defendant carries a heavy burden "to demonstrate that the assertion of jurisdiction in the forum will "make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent." *Id.* at 948 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). Not surprisingly, Defendants have stopped well short of asserting that requiring them to litigate in Montgomery, Alabama rather than Atlanta, Georgia will amount to an infringement of their individual liberties.

In support of their academic commentary on the exercise of personal jurisdiction, Defendants have provided affidavits which seek to establish their lack of minimum contacts with Alabama. Initially, Mr. DeLong attested "I have never sought to be licensed with the Alabama State Bar and I have never

practiced law in the State of Alabama.  I am not familiar with the Alabama Rules of Professional Conduct nor am I familiar with Alabama law...".  Likewise, on behalf of the DeLong firm, Michael Caldwell attested "...The law firm does not have an office in the State of Alabama and it does not do business in the State of Alabama...the law firm has never represented a client from the State of Alabama, nor has it conducted any business in the State of Alabama."[4]

After Mr. DeLong submitted his original affidavit, undersigned counsel advised counsel for Mr. DeLong that his document production contained a motion for admission pro hac vice by Mr. DeLong in litigation styled *First Bank and South Trust Bank v. Terry Manufacturing Company, Inc., Winning Image, Inc., Terry Screen Print, Inc., Roy Terry and Rudolph Terry*, Case No. CV-03-77 in the Circuit Court of Randolph County, Alabama (the "First Bank Litigation").  Mr. DeLong then filed a supplemental affidavit in which he minimized his role in the case and again asserted "in my personal opinion I have not practiced law in the State of Alabama."  The documents Mr. DeLong and the Firm have produced paint a very different picture.

In the First Bank Litigation, Mr. DeLong and the Firm represented Rudolph Terry, Winning Image, Inc., and Terry Screen Print, Inc.  In requesting that he be enrolled as counsel of for those defendants, Mr. DeLong attested:

> Applicant has been retained personally or as a member of the above-named law firm by Rudolph Terry, Winning Image, Inc. and Terry Screen Print, Inc. to provide legal representation in connection with the above-styled matter now pending before the above-named court or administrative agency of the State of Alabama.

---

[4]    *See* affidavit of Earnest DeLong attached to Respondents' Memorandum of Law in Support of Joint Motion to Dismiss Or, in the Alternative, Transfer Venue or Abstain on State Law Claims.  The Motion and affidavit are attached as Exhibit C.  Mr. Caldwell has not amended his affidavit despite the fact that Mr. DeLong, a partner of the Firm, acted as counsel in at least two Alabama cases and represented Rudolph Terry and related entities in Terry Manufacturing's Chapter 11 case.  Plainly, the Firm has done business in Alabama.

Also, in contrast to his current disclaimer of knowledge of the Alabama Rules of Professional Conduct, DeLong then specifically agreed "to comply with the provisions of the Alabama Rules of Professional Conduct."[5]   Most importantly, he specifically "consents to the jurisdictions of the courts and the Disciplinary Boards of the State of Alabama."[6]

Mr. DeLong now asserts that the First Bank Litigation is the only Alabama case in which he has acted as counsel of record.  In fact, Mr. DeLong and the Firm also acted as counsel of record for Rudolph Terry in litigation styled *Roosevelt McCorvey, et al v. Roy Terry and Rudolph Terry*, Civil Action No. CV2003-0108 in the Circuit Court of Randolph County, Alabama.[7]

Mr. DeLong also represented Rudolph Terry, Michael Terry and Deborah Watson in the Terry Manufacturing Chapter 11 case.[8]  Mr. DeLong communicated with then counsel for the Trustee relative to a variety of maters including the claim of Rudolph and Michael Terry and Deborah Watson that their personal property was located at facilities of Terry Manufacturing.[9]  As counsel for the two Terrys and Ms. Watson, Mr. DeLong was served with pleadings by the Trustee.  He also represented Michael Terry in connection with the Rule 2004 examination ordered by this Court.[10]  Indeed, Mr. DeLong and the Firm even went so far as to file objections on behalf of entities controlled by Rudolph Terry.[11]

---

[5]        Motion for Admission Pro Hac Vice and attached Affidavit of Earnest DeLong, attached as Exhibit C.

[6]        *Id*.

[7]        *See* pleadings from the McCorvey litigation identifying Mr. DeLong as counsel of record for Rudolph Terry.  The pleadings are attached as Exhibit D.

[8]        See affidavit of Clark R. Hammond attached as Exhibit E.

[9]        See correspondence attached, *in globo*, as Exhibit F.

[10]        See Mr. DeLong's correspondence to Timothy Lupinacci attached as Exhibit G.

[11]        See Objection of Winning Image, Inc. and Terry Screen Print, Inc. to Trustee's Motion to Approve Sale of Property Free and Clear of Liens filed on October 31, 2003 in Case No. 03-32063, United States Bankruptcy Court for the Middle District of Alabama attached as Exhibit H.

Mr. DeLong and the Firm expressly consented to jurisdiction in Alabama in order to act as counsel of record in this state. Given that they are now being sued for actions at least indirectly related to those engagements, their claim that it is unreasonable that they be subject to trial in this state rings hollow.

**3.    The Court's decision denying Defendants' initial Motion to Transfer was correct. It should not be disturbed.**

    **(A)    Legal Standard.**

A motion to transfer a case or proceeding under Title 11 is governed by 28 U.S.C. § 1412 which authorizes the transfer of "a case or proceeding under Title 11 to a district court for another district in the interest of justice or for the convenience of the parties."[12]  A motion to transfer is a core proceeding as to which this Court may enter a final judgment. *See, e.g., Brizzolara v. Fisher Pen Co.*, 158 B.R. 761 (Bankr. N.D. Ill. 1993) and cases cited therein. The party seeking to transfer an action has the burden of proof. *See, e.g., In re Bruno's, Inc.*, 227 B.R. 311, 324 (Bankr. N.D. Ala. 1998); *Thomasson v. AmSouth Bank, N.A.,* 59 B.R. 997, 1000 (N.D. Ala. 1986) ("[T]he burden of proving appropriateness of transfer of venue of a bankruptcy case is on the party moving for the transfer."); *In re Excelite Corp.*, 49 B.R. 923, 925 (Bankr. N.D. Ga. 1985) ("The burden of proving that a transfer of venue is appropriate pursuant to 28 U.S.C. § 1412 falls upon the moving party.").

The courts have consistently recognized that the burden to demonstrate the propriety of transfer is particularly heavy when, as here, the mover seeks to transfer an adversary proceeding from the district in which the underlying title 11 case is pending. In enacting the bankruptcy venue provision, Congress anticipated that all proceedings relating to the Title 11 case would be resolved in a single forum. *See,*

---

[12]    The Defendant's Motion asserts that the Court lacks venue entirely. This position is not mentioned in their Memorandum, and the Trustee assumes it is not being pursued. The Trustee has asserted causes of action under the Bankruptcy Code and both Alabama and Georgia law. Accordingly, his action both arises under title 11 and is related to a case under title 11. Pursuant to 28 U.S.C. § 1409 his action may be commenced in the same court in which the Terry Manufacturing title 11 case is pending. Defendants acknowledged that the Court enjoyed venue in their initial motion to transfer.

*Continental Airlines, Inc. v. Chrysler (In re Continental Airlines, Inc.)*, 133 B.R. 585, 587 (Bankr.

D.Del. 1991). That presumption can only be overcome by a compelling showing that the proposed transfer

weighs heavily in the interest of justice or the convenience of the parties. *See, e.g., Littleton Nat'l Bank*

*v. Coleman Amer. Co., Inc. (In re Coleman Amer. Co., Inc.)*, 6 B.R. 915 (Bankr. D. Colo. 1980); *In*

*re Uslar*, 131 B.R. 22, 23 (Bankr. E.D. Pa. 1991) ("[U]nless balance is strongly in favor of transferring

venue, the debtor's choice of forum should rarely be disturbed."); *Windsor Comm. Group, Inc. v. Five*

*Towns Stationery, Inc. (In re Windsor Comm. Group, Inc.)*, 53 B.R. 293, 296 (Bankr. E.D. Pa. 1985)

("[T]here is a strong presumption in favor of maintaining venue where the bankruptcy case is pending.".)


As the court in *Nixon Machinery Co.* explained:

> In a bankruptcy case, a paramount consideration is speedy and economic
> administration of the bankruptcy case. This consideration underlies the
> general rule that the court where the bankruptcy case is pending is the
> proper venue for all related proceedings within the court's jurisdiction.

*Nixon Machinery Co. v. Roy Energy, Inc. (In re Nixon Machinery Co.)*, 27 B.R. 871, 873 (Bankr.
E.D. Tenn. 1983).

In sum, it is the Defendants' burden to demonstrate the proposed transfer weighs heavily "in the

interest of justice" or that transfer is "for the convenience of the parties." The Defendants have again failed

to satisfy either standard.

In denying the Defendants' first motion, the Court stated with respect to the interest of justice

standard:

> In determining the propriety of granting a motion to transfer the venue of
> an Adversary Proceeding, the Court will consider the following § 1412
> "interest of justice" factors: (a) the economics of estate administration; (b)
> the presumption in favor of the "home court"; (c) judicial efficiency; (d) the
> ability to receive a fair trial; (e) the state's interest in having local

controversies decided within its borders, by those familiar with its laws; (f) the enforceability of any judgment rendered; and (g) the plaintiff's original choice of forum.

February 8 Opinion at p. 4.

The Trustee acknowledges, as he acknowledged in response to the Defendants' first motion, that certain of these factors do not apply here. For example, the Trustee does not question that he will be able to obtain a fair trial whether in this Court or the Northern District of Georgia.[13] Likewise, the Trustee does not believe that venue will affect the enforceability of any judgment. The remaining factors, including that which the courts have identified as of paramount importance – economics of estate administration – argue strongly against transfer.

(a)    <b>Economics of estate administration.</b>

In rejecting the Defendants' first motion to transfer, this Court joined the many courts which have recognized that in evaluating a proposed transfer, the dominant factor is whether a change of venue will favor or impair efficient and cost-effective administration of the bankruptcy estate. *See,* February 8 Opinion at 5-6. *See also*, *In re Cole Assoc., Inc.*, 7 B.R. 154, 157 (Bankr. D. Utah 1980) ("If one factor could be singled out as having the most logical importance, it would be whether a transfer would promote the efficient and economic administration of an estate."); *Thomasson v. AmSouth Bank, N.A.*, 59 B.R. 997, 100 (N.D. Ala. 1986) ("The most important factor is whether the transfer of the proceeding would promote the economic and efficient administration of the estate.") (quoting *In re Butcher*, 46 B.R. 109,

---

[13]    Remarkably, Defendants interpret this admission to mean that the Trustee acknowledges he will receive a prompt trial in the Northern District. The Trustee has simply agreed to the fairness of the trial, not its timeliness. The Trustee understands that the docket in the Northern District of Georgia is far more congested than the docket of this District and trial can be obtained far more expeditiously in this District. Defendants only provided the conclusory statement that the Northern District will provide a prompt trial. They have provided no factual support for this claim.

112 (Bankr. N.D. Ga. 1985)); *In re Southwinds Assoc. Ltd.*, 115 B.R. 857, 862 (Bankr. W.D. Pa. 1990) (Holding in Debtor's favor on venue and emphasizing that court should give greatest weight to the potential increase in litigation expense to the estate and that forcing the debtor to litigate in a venue other than that where the underlying bankruptcy is pending "will increase administrative expenses, lower the amounts available for distribution under the confirmed Plan, and sap temporal and financial resources of the Debtor.").

In their current motion, Defendants emphasize that the Trustee has asserted legal malpractice claims, and this is the only one of the many Terry Manufacturing adversary proceedings which includes that cause of action. But Defendants ignore the fact that the Trustee has also asserted preference and fraudulent conveyance claims against these Defendants under 11 U.S.C. §§ 547 and 548 and Alabama and Georgia law. The Trustee is also pursuing fraudulent conveyance claims in at least six other significant adversary proceedings, and all of the cases share certain core and critical issues including whether Terry Manufacturing was insolvent and, if so, the date on which it became insolvent. Also, all of these adversary proceedings share common issues relating to the manner in which the Terrys individually exploited Terry Manufacturing and the pervasive self-dealing and fraudulent schemes which characterize their management. This Court has previously recognized that its administration of multiple adversary proceedings means that this Court has the advantage of "becom[ing] more familiar with the business dealings of the Debtor corporations." February 8 Opinion at p. 5. That remains true today, and regardless of the Trustee's assertion of legal malpractice claim.

The Trustee's principal witnesses in this Adversary Proceeding and the other fraudulent conveyance adversary proceedings will be the Trustee himself and other employees of the AEA Group. All are

headquartered in Birmingham, and travel to this Court on a routine basis and at minimal expense. In contrast, a single trial in Atlanta will cause this insolvent estate to incur significant travel expenses.[14]

The transfer of this case will also likely result in a significant increase in the attorney's fees incurred by the estate. Counsel for the Trustee has been engaged under contingency arrangement. The Trustee's counsel is not admitted to practice in the Northern District of Georgia, and should the case be transferred, the Trustee will be required to engage either substitute or local counsel. Because alternate or substitute counsel will not be able to recognize the efficiencies of prosecuting multiple adversary proceedings on behalf of the Trustee, alternate counsel will likely require compensation on an hourly basis.

In their initial motion, Defendants made much of the fact that their witnesses lived in Atlanta and would be required to incur travel expense to appear at trial in Montgomery. Defendants now have identified those witnesses as co-counsel who represented either Rudolph Terry, Terry Manufacturing or both. In substance, what Defendants are seeking is that the burden of travel expenses be placed on the estate, rather than Defendants. Merely shifting expense does not serve the interest of justice. *Houk v. Kimberly-Clark Corp.*, 613 F.Supp. 923, 928 (W.D. Mo. 1985) ( "[a] transfer which would merely shift the inconvenience from one party to another should not be granted.").

Finally, transfer of this case may significantly delay trial. Trials of the adversary proceedings filed by the Trustee have routinely been set by this Court on a fairly expedited basis. In contrast, while Defendants asserted "[t]here can be no dispute that a timely resolution of this case can be obtained through the United States District Court for the Northern District of Georgia," Defendants have failed to provide any indication of the docket of that court or realistic time frame for trial of the Trustee's case.

---

[14]     *See* affidavit of J. Lester Alexander III attached as Exhibit H.

**(b)    The home court presumption.**

Closely tied to the economies of the estate of the administration is the so-called "home court presumption" that the adversary proceeding should be heard in the same court in which the underlying title 11 case is pending.  *See, e.g., In re Sudbury, Inc.*, 149 B.R. 489, 493 (Bankr. N.D. Ohio 1993); *NBA Int'l Banking Corp. v. Kersting (In re Kersting)*, 85 B.R. 61, 63 (Bankr. S.D. Ohio 1988) ("[T]here is a strong policy that an adversary proceeding should be conducted in the same court as that in which the debtor's case is pending."); *GEX Kentucky, Inc. v. Wolf Creek Collieries Co. (In re GEX Kentucky, Inc.)*, 85 B.R. 431, 435 (Bankr. N.D. Ohio 1987) (concluding that "[o]f all the considerations...the most important one is whether the transfer would promote the economic and efficient administration of the estate...[t]his consideration underlies the general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction.") (internal quotations omitted).

The underlying Chapter 7 cases of Terry Manufacturing and Terry Uniform are pending in this Court, and the Trustee is entitled to the benefit of the "home court presumption."  Indeed, given that this estate has virtually no resources other than what may be obtained in litigation recoveries and may be insolvent by as much as approximately $60 million, the home court presumption and avoidance of needless additional expense are particularly compelling.

**(c)    Judicial efficiency.**

In denying the Defendants' initial motion, this Court observed:

> [A]s the Court has, and will continue to become even more familiar with the business dealings of the Debtor corporations, the interest in judicial economy would be best served if one court, rather than two dozen different courts, rule on these Adversary Proceedings. Issues such as the insolvency of the Debtor and its ordinary course of business are likely to be tried several times, using the same witnesses and the same documents.

>The interest of judicial economy would favor trial in the Middle District of Alabama, saving the investment of time and resources of a court in another district having to take a completely fresh look at a new case. In addition, from the Trustee's point of view, it would be more efficient for him to try all of his cases in one forum rather than two dozen or more different fora scattered about the United States.

February 8 Opinion at 5-6.

This observation remains as true today as it was in February. Admittedly, the Trustee has resolved a significant number of adversary proceedings. However, the principal fraudulent conveyance cases, including that against Mr. DeLong and his law Firm, remain to be tried. Those cases will involve the same issues, witnesses and documents. They can be most efficiently resolved in a single forum.

(d)     **Plaintiff's original choice of forum.**

The Trustee chose this forum for all of the Terry Manufacturing related adversary proceedings because the underlying Title 11 case is pending here. He strongly opposes transfer of this single proceeding.

(e)     **Public policy concerns.**

In the February 8 Opinion, this Court joined the many other courts which have concluded that transferring discreet adversary proceedings away from the court in which the underlying case is pending could logically lead to wholesale transfers resulting in significantly increased costs to the estate and reduced proceeds available for distribution to creditors. *See,* the February 8 Opinion at 7, where the Court quoted with approval *In re Hechinger Inv. Co. of Delaware, Inc.*, 296 B.R. 323, 327 (Bankr. D.Del. 2003):

>"If Defendant were successful in having this case transferred to the Houston Division, it would establish a basis for transferring hundreds, if not thousands, of preference actions away from the forum of the debtor's chapter 11 case, resulting in considerable additional cost to the estate or causing the debtor (or trustee) to forgo pursuit of preference actions,

> thereby undermining the intended effect of 11 U.S.C. § 547 of equalizing
> distributions to creditors.

The Court recognized this important public policy in denying Defendants' initial motion. It applies

with equal force today.

**4.      The convenience of the parties factors again weigh heavily against transfer.**

In its February 8 Opinion, the Court identified the following factors as relevant to the convenience

of the parties prong of section 1412:

> With respect to the second prong of § 1412, "convenience of the parties,"
> the court will consider the following factors: (a) the location of the plaintiff
> and the defendant; (b) the ease of access for necessary proof; (c)
> convenience of the witnesses; (d) the availability of the subpoena power
> for the unwilling witnesses; and (e) the expenses related to obtaining
> witnesses.

**(a)      Location of the plaintiff and defendant.**

The estate is lodged in this District. The Trustee is headquartered in Birmingham, but appears in

Montgomery routinely. Defendants are located in Atlanta, but merely shifting expense of travel from the

Defendant to the Trustee does not support convenience. Importantly, as we now know, when Mr. DeLong

and the Firm were interested in obtaining the benefits of acting as counsel of record in Alabama, they were

willing to travel to this State.

**(b)      Ease of access and necessary proof.**

Defendants make much of the fact that they are in possession of fifteen boxes of documents all of

which are located in Atlanta. In fact, copies have now been secured by the Trustee and copies of the

critical documents are located in both New Orleans and Birmingham. Only a slim minority of these

ultimately will be presented at trial.

The Trustee's documents consist of over 135 boxes and are located at the offices of the AEA Group in Birmingham. Defendants apparently will contest the insolvency of Terry Manufacturing. All of the many potential relevant documents are located among the more than 135 boxes stored at the offices of AEA.

**(c)     The convenience of witnesses.**

The Trustee's witnesses are all located in Birmingham, and Montgomery is plainly both more convenient and less costly than Atlanta.

**(d)     Availability of subpoena power.**

The Trustee believes that the witnesses who may have factual information relevant to this adversary proceeding are Roy Terry, Cotina Terry, Sidney Johnson and Rudolph Terry. All of them are defendants in other litigation brought by the Trustee, and the Trustee very much doubts they will appear voluntarily. Roy Terry, Cotina Terry and Sidney Johnson are plainly subject to the subpoena power of this Court. It is uncertain whether they are subject to subpoena power in the Northern District of Georgia.

Defendants claim they will be prejudiced because they are unable to subpoena witnesses who they believe will provide supportive testimony. Notably, Defendants again fail to explain why their former co-counsel, Messrs. Steel and Thomas will not appear voluntarily. Indeed, Defendants have offered nothing more than the observation that their witnesses are beyond this Court's subpoena power.[15] But this is true in every case in which certain witnesses live outside the venue state. It is the Defendants' burden to establish (i) that the witnesses' likely testimony are both material and not cumulative; (ii) that the value of the witnesses' testimony will be substantially impaired if they appear by deposition; and (iii) that there is a

---

[15]     In denying the first motion, the Court noted with regard to potential defense witnesses that "there has been no showing of unavailability." Defendants have again failed to make that showing.

substantial probability the witnesses will only appear in response to a subpoena.  *See, e.g.*, *In re Holmes*, 306 B.R. 11, 15 (Bankr. M.D.Ga. 2004)("*If a party has merely made a general assertion that witnesses will be necessary, without...indicating what their testimony will be the application for transfer will be denied*.")(citing 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3851 (2d ed. 1986 & Supp.2003)(emphasis added by Court)); *Barnett v. Kirby Inland Marine, Inc*., 202 F.Supp.2d 664, 668-69 (S.D.Tex. 2002)(finding availability of witnesses does not weight in favor of transfer because defendant failed to "characterize these witnesses' supposed testimony at trial); *Dealtime.com Ltd. v. McNulty*, 12 F.Supp.2d 750, 755 (S.D.N.Y. 2000)(same); *Constitution Reinsurance Corp. v. Stonewall Ins. Co.*, 872 F.Supp. 1247, 1252 (S.D.N.Y. 1995)("party seeking transfer failed to show that witnesses were "actually *unwilling* to testify" at trial in plaintiff's chosen forum)(emphasis in original)).  Defendants have not even discussed these factors, much less made the necessary showing.  In addition, in denying the first motion, the Court noted with regard to potential defense witnesses that "there has been no showing of unavailability."  February 8 Opinion at 6.  Defendants have again chosen that they will not make that showing.

(e)    **Expenses relating to obtaining witnesses.**

The expense of obtaining witnesses for the Trustee, all of whom are headquartered in Birmingham, will be significantly less if this case is tried in Montgomery rather than in Atlanta.

**5.    This is not an appropriate case for abstention.**

Alternatively, Mr. DeLong and his Firm request that the Court dismiss this Adversary Proceeding on the grounds of permissive abstention and require the Trustee to refile suit in the Defendants' chosen forum.

Defendants' discussion proceeds from this Court's recent ruling in the Cintas litigation. Of course, Defendants fail to mention one fundamental difference. There, the Court was asked to abstain in favor of an Alabama state court action. Here, the action was originally filed in this Court; there is no other court in whose favor this Court may abstain.

This Court has previously recognized that both permissive and mandatory abstention are inappropriate when the action was initiated in this Court. *See, e.g.*, *In re Gentry Steel Fabrication, Inc.*, 205 WL 1023439 at *5, n.13 (Bankr. M.D. Ala. 2005) (noting abstention was not appropriate and would violate the interest of judicial process because there was no other court in whose favor it could abstain); *In re Lorren*, 45 B.R. 584, 589-90 (Bankr. N.D. Ala. 1984) (holding that "[t]he power to abstain should be exercised sparingly and cautiously" and that to exercise its discretion to abstain permissively would be improper because there was no alternate pending proceeding to resolve the parties' dispute).

The rulings in *Gentry Steel* and *Lorren* are hardly unusual. In fact, of the seven cases Defendants cite as supporting abstention, only two involved cases where there was no pending alternate action. And, in contrast to this case, those actions did not involve any claims under title 11 and there had been absolutely no progress on the merits. Here, in contrast, there has been extensive discovery including discovery served on the Trustee by Mr. DeLong and the Firm on May 15, 2005.

Defendants also insist they are entitled to abstention or transfer because they will demand a jury, but only one that sits in Georgia ("The Law Firm demands the right to trial by jury on any claims against

it for which a jury trial may be held. However, the Law Firm does not consent to trial by jury in the United States Bankruptcy Court or any federal court in the State of Alabama") Respondents' Memorandum at 18). To date, the Defendants have not made a proper demand for a jury under FRCP 38 or Bankruptcy Rule 9015. If, and when they do, Defendants will not be entitled to choose the state in which that jury sits. Rather, the proper procedural mechanism will be to seek withdrawal to the District Court for trial. That Defendants may seek a jury and may seek withdrawal supports neither abstention nor transfer.

Finally, Defendants now describe this as a purely state law matter governed by Georgia law which should be resolved by a Georgia court. The Trustee has asserted causes of action under both 11 U.S.C. §§ 547 and 548 and will pursue those claims vigorously. Further, Defendants have made no showing that the Georgia law issues – if Georgia law is ultimately determined to apply – are either novel or complex. Absent truly unusual issues, the Courts of this District are well equipped to address issues of Georgia law. *See, e.g., Holmes v. Freightliner, LLC*, 237 F.Supp.2d 690, 695-96 (M.D. Ala. 2002) (In denying motion to transfer, noting that "[t]his court is capable of applying Georgia law, however, and has not been pointed to any aspect of Georgia law applicable in this case which will be particularly complex. Where no complex questions of foreign law are presented, courts consider this factor to be of less importance.").

<u>**CONCLUSION**</u>

In this District, a court should be "loath" to reverse an earlier ruling in the same case absent extraordinary circumstances. Defendants' motion falls well short of the mark. Indeed, the grounds for retaining venue are even more compelling as we now know that Mr. DeLong and the Firm acted as counsel for Rudolph Terry and related parties in at least two Alabama cases and this bankruptcy. The Court's decision of February 8 was correct and should not be disturbed.

Respectfully submitted this 15th day of June, 2005.

Respectfully submitted,

By:    /s/   Brent B. Barriere
       Brent B. Barriere, T.A.  (La. Bar No. 2818)
       David L. Patrón (La. Bar No. 22566)
       Katherine M. Determan (La. Bar No. 25381)
       Catherine E. Lasky (La. Bar No. 28652)
       **PHELPS DUNBAR LLP**
       One Canal Place
       365 Canal Street • Suite 2000
       New Orleans, Louisiana  70130-6534
       Telephone:  (504) 566-1311
       Facsimile:  (504) 568-9130

       **ATTORNEYS FOR J. LESTER ALEXANDER, III,
       TRUSTEE**

## CERTIFICATE OF SERVICE

        I certify that a copy of the foregoing pleading has been served on the party listed below by facsimile and First Class Mail this 15th day of June, 2005:

C. David Butler, Esq.                    J. Flynn Mozingo, Esq.
Shapiro Fussell Wedge                    Melton, Espy & Williams, P.C.
  Smotherman Martin & Price, LLP         301 Adams Avenue
1360 Peachtree Street                    Montgomery, AL  36104
One Midtown Plaza, Suite 1200
Atlanta, GA 30309-3214

Robert Northcutt, Esq.
Capel & Howard
P. O. Box 2069
Montgomery, AL  36102

                              /s/ Brent B. Barriere

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**FILED**

**JAN 1 0 2005**

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO. 03-32063-WRS** |
| **COMPANY, INC.** | ) | |
| | ) | **CHAPTER 7** |
| **Debtor** | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | **CASE NO. 03-32213-WRS** |
| **TERRY UNIFORM** | ) | |
| **COMPANY, LLC** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF** | ) | |
| **TERRY MANUFACTURING** | ) | |
| **COMPANY, INC. AND** | ) | **ADVERSARY PROCEEDING** |
| **TERRY UNIFORM COMPANY, LLC** | ) | |
| | ) | **NO. 04-03135** |
| **VERSUS** | ) | |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | |
| **& BRIDGERS, L.L.C.** | ) | |

### MOTION OF RESPONDENT TO TRANSFER VENUE

**COMES NOW** DELONG, CALDWELL, NOVOTNY & BRIDGERS, LLC, Respondent in

the within matter, by and through undersigned counsel, and pursuant to 11 U.S.C. 1412 and

Bankruptcy Rule 7087 move the Court to transfer this adversary proceeding to the United States

Bankruptcy Court for the Northern District of Georgia.

In support of this Motion, Respondent relies upon its Memorandum of Law filed

contemporaneously herewith.



EXHIBIT
_A_

Respectfully submitted this /8th day of January, 2005.

_____
Robert F. Northcutt

**Of Counsel**

Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing MOTION OF DEFENDANTS TO TRANSFER

VENUE on the individuals listed below by depositing a copy of same in the United States Mail,

proper postage affixed:

> Brent B. Barriere, T.A.
> Phelps Dunbar LLP
> One Canal Place
> 365 Canal Street
> Suite 2000
> New Orleans, Louisiana 70130-6534

Respectfully submitted this _____ day of January, 2005.


_____

Robert F. Northcutt

**Of Counsel**

Capell & Howard
P.O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

FILED

JAN 1 0 2005

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:                                    )
                                          )
TERRY MANUFACTURING                       )    CASE NO. 03-32063-WRS
    COMPANY, INC.                         )
                                          )    CHAPTER 7
    Debtor                                )
                                          )

IN RE:                                    )
                                          )    CASE NO. 03-32213-WRS
TERRY UNIFORM                             )
    COMPANY, LLC                          )    CHAPTER 7
                                          )
    Debtor.                               )

J. LESTER ALEXANDER, III,                 )
    TRUSTEE OF                            )
TERRY MANUFACTURING                       )
    COMPANY, INC. AND                     )    ADVERSARY PROCEEDING
TERRY UNIFORM COMPANY, LLC                )
                                          )    NO. 04-03135
    VERSUS                               )
                                          )
DELONG, CALDWELL, NOVOTNY,                )
    & BRIDGERS, L.L.C.                    )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RESPONDENT

### TO TRANSFER VENUE

#### Statement of Case

Debtor, Terry Manufacturing Company, Inc. ("Terry Manufacturing") filed a voluntary

Chapter 11 case in this Court on July 7, 2003. Plaintiff-Trustee was appointed Trustee on July 11,

2003. The case was subsequently converted to a case under Chapter 7.

This adversary proceeding was instituted by the Plaintiff-Trustee on or about December 10,

2004. Plaintiff-Trustee seeks recovery of $352,718.44.00 from Respondent, DeLong, Caldwell,

Novotny & Bridgers, LLC ("DCNB"), alleging that Terry Manufacturing made a fraudulent conveyance to DCNB under 11 U.S.C. 548 and under the Alabama and Georgia fraudulent conveyance statutes.

The transfers were made by Terry Manufacturing to pay legal fees incurred by Terry Manufacturing in the defense of a civil case brought in the Superior Court of Gwinnett County, Georgia, styled Commercial Factors of Atlanta, Inc. v. Terry Manufacturing Company, Inc., Floodgates, Ltd., and Jon L. Pouncey. The litigation pertained solely to issues associated with the operation of Terry Manufacturing Company in the State of Georgia. The legal services that were provided to Terry Manufacturing Company were reasonable, necessary and within keeping of the scope of the litigation that the Company was forced to defend. The work was performed in Georgia. The fees were charged in Georgia, to a Georgia entity. The fee payments were made in Georgia by a Georgia entity. The fees charged to Terry Manufacturing were within and below the prevailing market rate for such litigation conducted in the Atlanta, Georgia area.

As shown more specifically below, DCNB is located in Atlanta, Georgia. Moreover, all witnesses and documents regarding the transfer and the services provided are located in Atlanta, Georgia. The transfer took place in Atlanta, Georgia. Thus, DCNB respectfully requests that the court transfer this adversary proceeding to the Northern District of Georgia.

An Answer has been filed by DCNB.

### Argument and Citation of Authority

Bankruptcy Rule 7087 provides in pertinent part:

"On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. 1412, except as provided in Rule 7019(2)."

28 U.S.C. ' 1412, entitled AChange of Venue, provides:

"A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

28 U.S.C. 1409(c) provides in pertinent part:

". . . . a trustee . . . . may commence a proceeding . . . . in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor . . . . may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced."

The preponderance of the evidence supports the transfer of venue to the Northern District of Georgia (Atlanta Division). See McLemore v. Thomasson (In re Thomasson), 60 B.R. 629, 632 (Bankr. M.D. Tenn. 1986); see generally Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.), 896 F.2d 1384, 1390 (2nd Cir. 1990); In re Harnishchfeger Ind., Inc., 246 B.R. 421, 435 (Bankr. N.D. Ala. 2000). The decision to grant or deny a motion to transfer venue in a core proceeding is within the sound discretion of the court and should be analyzed on a case-by-case basis taking into consideration convenience and fairness to the parties. See Gulf States, 396 F.2d at 1391; Harnishchfeger, 246 B.R. at 435.

Factors which the Court can consider are: 1) plaintiff's choice of forum; 2) defendant's preference of forum; 3) whether the claim arose elsewhere; 4) the location of the physical evidence; 5) convenience and relative means of the parties; 6) convenience of the witnesses; 7) availability of the of process to compel the attendance of witnesses; 8) expense of obtaining witnesses; 9) the enforceability of the judgment; 10) ability to receive a fair trial; 11) the relative familiarity of the court with the applicable law; 12) practical considerations that could make the trial easy, expeditious, or inexpensive; 13) the local interest in deciding local controversies at home; 14) public policies of

the fora; 15) economies of estate administration; and 16) the interests of justice. See Official
Committee of Asbestos Claimants of G-I Holdings, Inc. v. Heyman, 306 B.R. 746, 749-750
(S.D.N.Y. 2004); Harnishchfeger, 246 B.R. at 435- 437; Larami Ltd. v. Yes! Entertainment Corp.,
244 B.R. 56, 61 (D. N.J. 2000); Continental Airlines, Inc. v. Chrysler (In the Matter of Continental
Airlines, Inc.), 133 B.R. 585, 587-588 (Bankr. D. Del. 1991).

In applying such factors, the court in Thomasson, granted the motion to transfer venue.
Thomasson, 60 B.R. at 632. The debtor had brought an adversary proceeding to determine the
dischargeability of certain debts, arising from R.I.C.O. claims made against the debtor in the
Northern District of Illinois. See id. at 630. The creditors moved to transfer venue of the adversary
proceeding from the Middle District of Tennessee to the Northern District of Illinois. See id. at 629.
The bankruptcy court granted the motion because the underlying litigation that gave rise to the claim,
the transactions, and the witnesses were all within the state of Illinois. See id. at 632. The court
stated that the retention of the case in the Middle District of Tennessee would cause a hardship to the
real parties in interest, the witnesses, and to the trustee. See id. Further, there would be additional
delay if the case were retained, due to the distance of the witnesses and the evidence. See id.

The court in Jahraus v. Armburst (In re Armburst), 274 B.R. 461 (W.D. Ky. 2001), upheld
the bankruptcy court's order to transfer the venue of an adversary proceeding, under 28 U.S.C. 1412,
due to the circumstances of that case. Jahraus, 274 B.R. at 464. In Jaharus, the debtors moved to
Kentucky from North Dakota and shortly thereafter filed for bankruptcy protection. Id. The
creditors, Mr. & Mrs. Jahraus, lived in North Dakota and initiated an adversary proceeding against
the debtors in Western District of Kentucky Bankruptcy Court. Id. at 463-464. The Jahrauses moved
to transfer the venue of the adversary proceeding to the District of North Dakota. Id. The bankruptcy
court granted the motion and the debtors appealed. Id. The factors the district court addressed in

upholding the bankruptcy court's order included: 1) the plaintiffs/creditors were located in North Dakota; 2) the witnesses relevant to the plaintiffs/creditors' claims were located in North Dakota; 3) the actions which formed the basis for the adversary proceeding occurred in North Dakota; 4) the debtors lived in North Dakota until a short time before they filed bankruptcy; 5) the subject matter of the adversary proceeding to a certain extent had been previously litigated in the state court located in North Dakota. Id. at 464. The district court held that the factors weighed in favor of the transfer. Id. Therefore, the district court held that the bankruptcy court correctly applied 28 U.S.C. 1412 to the undisputed facts of the case. See id.; see also Greene v. Creative Equity Corp. (In re Hoffman Advertising Group), 62 B.R. 823 (Bankr. S.D.N.Y. 1986)(trustee pursued a group of clients of the debtor's for payment of outstanding accounts receivable in an action for turnover; defendants/clients moved for transfer of venue; court granted the request because all of the defendants resided in Colorado, the advertising materials which were created in New York were created specifically for use in Colorado, a majority of the potential witnesses resided in Colorado, as well as much of the evidence was located in Colorado); Wander v. Steinhardt Partners (In re Sheridan Associates), 20 B.R. 759, 765-766 (Bankr. N.D. Ill. 1982)(in an action to recover an alleged preferential transfer, the court applied 28 U.S.C. 1475, the predecessor to 28 U.S.C. 1412, using a personal jurisdiction-like inquiry into the defendant's contacts with the forum; the court found that the defendant lacked minimum contacts; thus a venue transfer was appropriate; "the absence of 'minimum contacts' and the related factors are of sufficient weight to tip the scale in favor of Movant and necessitate transfer of the adversary proceeding from the Plaintiff's chosen forum").

Applying the appropriate factors to the issue before the Court, the result favors venue transfer. The claim between Respondent and Terry Manufacturing arose in the metropolitan Atlanta area. In fact, all of the contacts between Respondent and Terry Manufacturing occurred in the

metropolitan Atlanta area.  The only contact with the Middle District of Alabama is that the bankruptcy was filed in that District.  All of the witnesses live or are present within the Northern District of Georgia.  Thus, all witnesses are beyond the subpoena power of the Middle District of Alabama.  Therefore, the Court does not have the power to compel any of the witnesses to attend proceedings in the Middle District of Alabama.  Even if the Court could compel the witnesses' appearances, the distance would only add to the expenses for both parties.  Further, the evidence is located in the Northern District of Georgia.

Finally, because Defendant, which is a resident of Georgia, has been sued in the Middle District of Alabama, it will necessarily incur substantial travel and local counsel expenses associated with defending in this Court rather than in a bankruptcy court located in the Atlanta area. Conversely, Defendant notes that counsel for Plaintiff-Trustee practice in Louisiana.  Accordingly, it is just as convenient for them to travel to Atlanta as it is for them to travel to Montgomery. Moreover, it consumes much less time (and therefore less cost to the estate) to travel to Atlanta from New Orleans.  Thus, a transfer of venue will effect an economy of the estate administration and resources.  In sum, an analysis and a balancing of the factors which the case law indicates are relevant weigh in favor of a transfer of venue.

WHEREFORE, Respondent respectfully requests that this Court GRANT Respondent's Motion to Transfer Venue and transfer this case to the Northern District of Georgia (Atlanta Division).

Respectfully submitted this _____ day of January, 2005.

Robert F. Northcutt

**Of Counsel**

Capell & Howard
P.O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Memorandum of Law in Support of Motion

of Respondent to Transfer Venue on the individuals listed below by depositing a copy of same in the

United States Mail, proper postage affixed:

> Brent B. Barriere, T.A.
> Phelps Dunbar LLP
> One Canal Place
> 365 Canal Street
> Suite 2000
> New Orleans, Louisiana 70130-6534

Respectfully submitted this _____ day of January, 2005.

Robert F. Northcutt

**Of Counsel**

Capell & Howard
P.O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:                                                    Case No. 03-32063

TERRY MANUFACTURING
COMPANY INC.,

     Debtor.


In re:                                                    Case No. 03-32213

TERRY UNIFORM
COMPANY, LLC,

     Debtor.

J. LESTER ALEXANDER III,                                  Adv. Pro. No. 04-3135
TRUSTEE OF TERRY
MANUFACTURING COMPANY, INC.
AND TERRY UNIFORM COMPANY,
LLC

     Plaintiff,

v.

DELONG, CALDWELL, NOVOTNY,
& BRIDGERS, LLC,

     Defendants.

## **MEMORANDUM DECISION**

     This Adversary Proceeding is before the Court upon the motion of Defendant

Delong, Caldwell, Novotny, & Bridgers, LLC ("Defendant") to transfer venue of this

Adversary Proceeding from this Court to the Northern District of Georgia.  (Docs. 6, 7).



The Plaintiff opposes the motion. (Doc. 11). For the reasons set forth below, the motion is DENIED.

## I. FACTS

The Trustee has initiated this Adversary Proceeding seeking $352,718.44 paid by Terry Manufacturing Company Inc. ("Terry Manufacturing") to the Defendant.[1] (Doc. 1). The Trustee alleges that these payments constituted fraudulent conveyances within the meaning of 11 U.S.C. § 548 and under the Alabama and Georgia Fraudulent Transfer Acts. (Doc. 1). The Defendant asserts that a change of venue is appropriate because the Defendant is located in Atlanta, Georgia, the claims between Terry Manufacturing and the Defendant arose in the metropolitan Atlanta area, its witnesses and documentary evidence reside there, and because it will incur substantial travel expenses if this Adversary Proceeding is not changed to another venue. The Court notes that the present Adversary Proceeding is one of twenty-nine Adversary Proceedings filed by the Trustee, all relating to the Terry Manufacturing or Terry Uniform bankruptcy cases.

## I. CONCLUSIONS OF LAW

The parties involved in this Adversary Proceeding do not dispute that venue is proper in this district. See 11 U.S.C. § 1409(a). Section 1409(a) permits the Trustee to bring suit in the district in which the underlying bankruptcy case is pending, unless

---

[1] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No. 03-32063, Doc. 1). Terry Uniform filed a voluntary Chapter 11 petition on July 22, 2003. (Case. No. 03-32213, Doc. 1). Both cases have subsequently converted to a case under Chapter 7.

2

the amount is less than $1,000.00  As the amount in suit here is approximately

$352,718.44 venue is proper in this Court.  The sole issue here is whether transfer to

another venue is appropriate under the circumstances.  This is a "core proceeding"

within the meaning of 28 U.S.C. § 157(b)(2)(F).  See In re AP Industries, 117 B.R.

789, 798 (Bankr. S.D. N.Y. 1990); In re Oceanquest Feeder Service, Inc., 56 B.R.

715, 718-20 (Bankr. D. Conn. 1986);   A majority of courts consider 28 U.S.C. §

1412 to be the "appropriate authority for transfer of bankruptcy proceedings."  In re

Bruno's, Inc., 227 B.R. 311, 323 (Bankr. N.D. Ala. 1998).  Section 1412 authorizes a

court to "transfer a case or proceeding under title 11 to a district court for another

district, *in the interest of justice* or *for the convenience of the parties*."  28 U.S.C. §

1412 (emphasis added); see also Fed. R. Bankr.P. 7087.  The power to transfer a case

should be exercised cautiously.  See In re Enron Corp., 317 B.R. 629, 638 (Bankr.

S.D. N.Y. 2004) (citing In re Toxic Control Tech., Inc., 84 B.R. 140, 143 (Bankr.

N.D. Ind. 1988)); In re A.R.E. Manufacturing Company, Inc., 124 B.R. 912, 914

(Bankr. M.D. Fla. 1991) (citations omitted).  A motion to transfer venue of a case or a

proceeding lies within the sound discretion of a bankruptcy court based upon an

"individualized, case by case analysis of convenience and fairness."  Id.  (citations

omitted); see also In re Steeley, 243 B.R. 421, 439 (Bankr. N.D. Ala. 1999) (noting

that transfer of venue under § 1412 requires a case-by-case analysis that is subject to

broad court discretion).  The burden of proof is on the moving party to establish by a

preponderance of the evidence that transfer is appropriate.  Furthermore, there is a

strong presumption in favor of maintaining venue where the bankruptcy case is

pending.  See Matter of Holmes, 306 B.R. 11, 14 (Bankr. M.D. Ga. 2004); In re

Uslar, 131 B.R. 22, 23 (Bankr. E.D. Pa. 1991) (stating, "unless the balance is strongly

in favor of transferring venue, the debtor's choice of forum should rarely be

disturbed"); In re Grogg, 295 B.R. 297, 306 (citing Matter of Continental Airlines,

Inc., 133 B.R. 585 (Bankr. D. Del. 1991). This presumption exists mainly to foster

the speedy and economic administration of the bankruptcy case. See In re Windsor

Communications Group, Inc., 53 B.R. 293, 296 (Bankr. E.D. Pa. 1985) (noting that

speed and efficiency is a "paramount consideration"). Because § 1412 is phrased in

the disjunctive, transfer may be based upon either the interest of justice or the

convenience of the parties. In re Harnischfeger Industries, 246 B.R. 421, 435 (Bankr.

N.D. Ala. 2000); see also In re Toxic Control Tech., Inc., 84 B.R. at 143 (noting that

the tests to change venue is discrete).

In determining the propriety of granting a motion to transfer the venue of an

Adversary Proceeding, the Court will consider the following § 1412 "interest of

justice" factors: (a) the economics of estate administration; (b) the presumption in

favor of the "home court"; (c) judicial efficiency; (d) the ability to receive a fair trial;

(e) the state's interest in having local controversies decided within its borders, by

those familiar with its laws; (f) the enforceability of any judgment rendered, and; (g)

the plaintiff's original choice of forum; In re Bruno's, Inc., 227 B.R. 311, 324-26

(Bankr. N.D. Ala. 1998). With respect to the second prong of § 1412, "convenience

of the parties," the Court will consider the following factors: (a) the location of the

plaintiff and defendant; (b) the ease of access to necessary proof; (c) the convenience

4

of witnesses; (d) the availability of subpoena power for the unwilling witnesses, and;

(e) the expenses related to obtaining witnesses.  Id.[2]

Applying the relevant factors to this case, the Court finds that this Adversary

Proceeding will be more efficiently and expeditiously resolved in the venue chosen by

the Trustee.  The Court first notes that this Adversary Proceeding is one of more than two

dozen Adversary Proceedings that have been filed in this Court which relate to the Terry

Manufacturing or Terry Uniform bankruptcy cases.  In a majority of these Adversary

Proceedings, the Court has already scheduled final-pretrial conferences during the month

of April and has set aside a trial week during that month as well.  See In re Butcher, 46

B.R. 109, 112 (Bankr. N.D. Ga. 1985) (stating that "the most important factor is whether

the transfer of the proceeding would promote the economic and efficient administration

of the estate); see also In re Cole Associates, Inc., 7 B.R. 154, 157 (Bankr. Utah 1980)

(noting that "[i]f one factor could be singled out as having the most logical importance, it

would be whether a transfer would promote the efficient and economic administration of

an estate"). The scheduling of multiple Adversary Proceedings during a one-month

period will significantly reduce costs and promote an efficient administration of the

bankruptcy estate.

Furthermore, as the Court has, and will continue to become even more familiar with

the business dealings of the Debtor corporations, the interest in judicial economy would

be best served if one court, rather than two dozen different courts, rule on these

Adversary Proceedings.  Issues such as the insolvency of the Debtor and its ordinary

---

[2]  The Court notes that several of the factors listed are not applicable in this particular case.  There is no
dispute that the Trustee will be able to receive a fair trial irrespective of the forum selected.  Moreover,
there is no reason why a judgment received by the Trustee in either Court would not be enforceable against
the Defendant.

course of business are likely to be tried several times, using the same witnesses and the same documents. The interest of judicial economy would favor trial in the Middle District of Alabama, saving the investment of time and resources of a court in another district having to take a completely fresh look at a new case. In addition, from the Trustee's point of view, it would be more efficient for him to try all of his cases, in one forum rather than two dozen or more different fora scattered about the United States.

With respect to the convenience factors, the Trustee has asserted that its principal witnesses are located in Birmingham and travel to this Court routinely. The Defendant however contends that additional expenses will be incurred if their witnesses are required to travel to the Middle District of Alabama and that all witnesses are beyond the subpoena power of this Court. However, the Defendant has not specified at all who these witnesses are or what their testimony will cover. See Matter of Holmes, 306 B.R. at 15 (stating "[i]f a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be the application for transfer will be denied") (quoting 15 C. Wright, A. Miller, & Cooper, Federal Practice and Procedure §§ 3851 and 3853 (2nd ed. 1986 & Supp. 2003)); see also In re Hayes Lemmerz International Inc., 312 B.R. 44, 47 (Bankr. Del. 2004) (explaining that the convenience of the witnesses is only a factor "to the extent that the witnesses may actually be unavailable for trial in one of the fora"). The Defendant has made no showing to the Court as to who these witnesses are, what their testimony will be, and further there has been no showing of any unavailability. Similarly, with respect to documentary evidence, the Trustee asserts that records of the bankruptcy estate are located in Birmingham. However, the Defendant contends that most if not all of the

pertinent evidence is located in the Northern District of Georgia. However, the Court has

difficulty accepting this contention, as all of the records of the estate are located at the

Trustee's office in Birmingham and can easily be transported to the Defendant.

Furthermore, the Defendant has put forth mere general allegations, failing to show the

"[precise] location and the importance of the documents in question" that allegedly reside

in the Northern District of Georgia. Matter of Holmes, 306 B.R. at 16 (quoting 15 C.

Wright, A. Miller, & Cooper, Federal Practice and Procedure §§ 3851 and 3853 (2nd ed.

1986 & Supp. 2003)). Lastly, the Court finds that two policy considerations, in

conjunction with the aforementioned factors, strongly warrant the denial of this motion to

transfer venue. First, the plaintiff's choice of forum is entitled to great deference and

analysis of the factors listed above does not weigh in favor of disturbing that forum

selection. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). Second, as discussed in

In re Hechinger Investment Company of Delaware, Inc., 296 B.R. 323, 327 (Bankr. D.

Del. 2003), transferring a routine case such as this would set an unwanted precedent. The

court there stated the following:

> If Defendant were successful in having this case transferred to the Houston Division,
> it would establish a basis for transferring hundreds, if not thousands, of preference
> actions away from the forum of the debtor's chapter 11 case, resulting in considerable
> additional cost to the estate or causing the debtor (or trustee) to forgo pursuit of
> preference actions, thereby undermining the intended effect of 11 U.S.C. § 547 of
> equalizing distribution to creditors.

In re Hechinger Investment Company of Delaware, Inc., 296 B.R. 323, 327 (Bankr. D.

Del. 2003).[3] Like the court in Hechinger, this Court is reluctant to establish such a basis.

Having considered all of the applicable § 1412 factors and the relevant policy

---

[3] The Court recognizes that the facts of Hechinger involved a preference action pursuant to 11 U.S.C. §
547, while this case involves a fraudulent conveyance action within the meaning of 11 U.S.C. § 548 and the
Alabama and Georgia Fraudulent Transfer Acts. Despite this distinction, the policy considerations engaged
in by that court are just as applicable to the facts of the present case.

considerations, the Court finds that the most efficient disposition of the present

Adversary Proceeding can be made in the forum chosen by the Plaintiff.  For the reasons

stated above, the Defendant's motion to transfer venue is DENIED.


Done this 8th day of February, 2005.


/s/ William R. Sawyer
United States Bankruptcy Judge


c:  Brent B.Barriere
    Catherine E. Lasky, Attorneys for Plaintiff
    Robert F. Northcutt, Attorney for Defendant
    Trustee
    Debtors
    Teresa Jacobs, Bankruptcy Administrator

**IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA**

| | |
|---|---|
| FIRST BANK and SOUTHTRUST BANK, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )    **CASE NO. CV-03-77** |
| | ) |
| TERRY MANUFACTURING COMPANY, | ) |
| INC., WINNING IMAGE, INC., TERRY | ) |
| SCREEN PRINT, INC. ROY D. TERRY, | ) |
| and RUDOLPH TERRY, | ) |
| | ) |
|     Defendants. | ) |

### MOTION TO ADMIT ATTORNEY *PRO HAC VICE*

COMES NOW George L. Beck, Jr., attorney for Roy D. Terry, and files this motion for admission *pro hac vice* and states as follows:

1.     The undersigned moves to admit Earnest "Woody" Delong as attorney for Rudolph Terry, Winning Image, Inc. and Terry Screen Print, Inc.

2.     Mr. Delong is an attorney in good standing in Atlanta, Georgia and practices in the state of Georgia.

3.     Mr. Delong's admission to appear in this Court on behalf of the named Defendants is based upon his Certificate in Good Standing from the Georgia Bar and the Supreme Court of Georgia a copy of which is marked Exhibit 1 and attached hereto.

4.     Mr. Delong shall file such appearance upon verified application as required under Rule VII of the Rules Governing Admission to the Alabama State Bar, particularly applicable to admission of foreign attorneys *pro hac vice*.



EXHIBIT
*C*

DeLong 010671

Respectfully submitted this ___25th___ day ___October_____ of 2003.

GEORGE L. BECK , JR., P.C.

By: _George L. Beck_____

GEORGE L. BECK, JR. (BEC011)
TERRIE S. BIGGS (BIG 006)
Attorneys at Law
22 Scott Street
Post Office Box 5019
Montgomery, AL 36103-5019
334-832-4878 Phone
334-832-4704 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true copy of the foregoing instrument upon the following individual(s), properly addressed by placing same in the United States Mail, first-class, postage prepaid, on this the ___25th___ day of ___October_____, 2003.

Timothy M. Lupinacci, Esq.
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

GEORGE L. BECK, JR., P.C.

By: _George L. Beck_____

GEORGE L. BECK, JR. (BEC011)
TERRIE S. BIGGS (BIG006)
Attorneys at Law
22 Scott Street
Post Office Box 5019
Montgomery, AL 36103-5019
334-832-4878 Phone
334-832-4704 Fax

2

DeLong 010672

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | |
|---|---|
| FIRST BANK and SOUTHTRUST BANK,  ) | |
|       ) | |
|      Plaintiffs,   ) | |
|       ) | |
| vs.      ) | **CASE NO. CV-03-77** |
|       ) | |
| TERRY MANUFACTURING COMPANY,  ) | |
| INC., WINNING IMAGE, INC., TERRY  ) | |
| SCREEN PRINT, INC., ROY D. TERRY,  ) | |
| and RUDOLPH TERRY,   ) | |
|       ) | |
|      Defendants.   ) | |

VERIFIED APPLICATION FOR ADMISSION TO PRACTICE UNDER
RULE VII OF THE RULES GOVERNING ADMISSION TO THE ALABAMA STATE BAR

Comes now Earnest H. DeLong, Jr., applicant herein, and respectfully represents the following:

1.     Applicant resides at 365 Craighead Drive, Atlanta, Fulton County, Georgia 30319. His home telephone number is 404/250-9058. His Social Security Number is ▮▮▮▮▮▮.

2.     Applicant is an attorney and a member of the law firm of DeLong, Caldwell, Novotny & Bridgers, LLC; with offices at 3100 Centennial Tower, 101 Marietta Street, Atlanta, Fulton County, Georgia 30303. The telephone number is 404/979-3155.

3.     Applicant has been retained personally or as a member of the above-named law firm by Rudolph Terry, Winning Image, Inc. and Terry Screen Print, Inc. to provide legal representation in connection with the above-styled matter now pending before the above-named court or administrative agency of the State of Alabama.

4.     Since November 9, 1970, applicant has been, and presently is, a member in good standing of the Bar of the highest court of the State of Georgia where applicant regularly practices law. A Certificate of Good Standing issued by the Supreme Court of Georgia is attached hereto as

EXHIBIT 1

DeLong 010673

Exhibit "A".

    5.     Applicant has been admitted to practice before the following courts:

| | |
|---|---|
| All Georgia State and Superior Courts | November 9, 1970 |
| Georgia Court of Appeals | November 9, 1970 |
| Georgia Supreme Court | November 9 , 1970 |
| U.S. District Court for the Northern District of Georgia | November, 1970 |
| Fifth Circuit U.S. Court of Appeals | November, 1970 |
| Eleventh Circuit U.S. Court of Appeals | – |

Applicant is presently a member in good standing of the Bars of those courts listed above.

    6.     Applicant presently is not subject to any disbarment proceedings.

    7.     Applicant presently is not subject to any suspension proceedings.

    8.     Applicant never has been subject to any disbarment proceedings.

    9.     Applicant never has been subject to any suspension proceedings.

    10.    Applicant never has had any certificate or privilege to appear and practice before any administrative body suspended or revoked.

    11.    Applicant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate applicant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

    12.    Applicant or a member of applicant's firm has filed application(s) to appear as counsel under Rule VII during the past three (3) years in the following matters:

    NONE

    13.    Local counsel of record associated with applicant in this matter is George L. Beck, Jr. (BEC011) who has offices at 22 Scott Street, P.O. Box 5019, Montgomery, AL 36103-5019, 334/832-4878.

    14.    The following lists accurately state the name and address of each party in this matter,

DeLong 010674

WHETHER OR NOT REPRESENTED BY COUNSEL, and the name and address of each counsel of record who has appeared for each party.

### PARTIES

a.    First Bank, Post Office Drawer 750, Roanoke, AL 362774

b.    South Trust Bank, One Georgia Center, 600 W. Peachtree Street, 27th floor, Atlanta, GA 30308

c.    Roy Terry, PO Box 1304, Roanoke, AL 36274

d.    Rudolph Terry, 1785 Loch Lomond Trail, Atlanta, GA 30331

e.    Terry Screen Print, Inc., 1785 Loch Lomond Trail, Atlanta, GA 30331

f.    Winning Image, Inc., 1785 Lock Lomond Trail, Atlanta, GA 30331

### COUNSEL

a.    Timothy M. Lupinacci, Maynard, Cooper & Gale, P.C., 1901 Sixth Avenue North, 2400 Am South/Harbert Plaza, Birmingham, AL 35202-2618

b.    George L. Beck, Jr., P.O. Box 5019, Montgomery, AL 36103-5019

15.    Applicant agrees to comply with the provisions of the Alabama Rules of Professional Conduct, and applicant consents to the jurisdiction of the courts and the disciplinary boards of the State of Alabama.

16.    Applicant respectfully requests to be admitted to practice in the above-named court or administrative agency for this cause only.

DATED this 29 day of October, 2003.

APPLICANT

*Earnest H. DeLong Jr.*

Earnest H. DeLong, Jr.
Georgia Bar No. 217300

DeLong 010675

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
404/979-3155

STATE OF GEORGIA
COUNTY OF FULTON

I, Earnest H. DeLong, Jr., do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof; and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true.

Earnest H. DeLong, Jr.

Subscribed and sworn to
before me this 22nd day
of October, 2003.

Notary Public

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

FIRST BANK and SOUTHTRUST BANK,   )
                                   )

        Plaintiffs,            )
                                   )

vs.                                   )    CASE NO. CV-03-77
                                 )

TERRY MANUFACTURING COMPANY,   )
INC., WINNING IMAGE, INC., TERRY    )
SCREEN PRINT, INC., ROY D. TERRY,   )
and RUDOLPH TERRY,               )
                                 )

        Defendants.        )

NOTICE OF HEARING

This application for admission is set for hearing before the court or administrative agency

appearing in the style hereof on the _20_ day of _November_ , 2003.

_Earnest H. DeLong_

Earnest H. DeLong, Jr.

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | |
|---|---|
| FIRST BANK and SOUTHTRUST BANK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **CASE NO. CV-03-77** |
| ) | |
| TERRY MANUFACTURING COMPANY, ) | |
| INC., WINNING IMAGE, INC., TERRY ) | |
| SCREEN PRINT, INC., ROY D. TERRY, ) | |
| and RUDOLPH TERRY, ) | |
| ) | |
| Defendants. ) | |

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the Alabama State Bar by

mail addressed to: Alabama State Bar, Attn: PHV Adminissions, P.O. Box 671, Montgomery,

Alabama 36101, accompanied by payment of the $100.00 filing fee to the Alabama State Bar on this

the 23 day of October , 2003.

Earnest H. DeLong, Jr.

DeLong 010679



NORMAN S. FLETCHER, CHIEF JUSTICE
LEAH WARD SEARS, PRESIDING JUSTICE
ROBERT BENHAM
CAROL W. HUNSTEIN
GEORGE H. CARLEY
HUGH P. THOMPSON
P. HARRIS HINES
   JUSTICES

## Supreme Court
## State of Georgia
STATE JUDICIAL BUILDING
### Atlanta 30334

SHERIE M. WELCH, CLERK
WM. SCOTT HENWOOD, REPORTER

October 20, 2003

I hereby certify that Earnest H. DeLong, Jr., Esq., was admitted on the ninth day

of November, 1970, as a member of the bar of the Supreme Court of Georgia, the highest

court of this State; and, since that date he has been and is now a member of this bar in

good standing, as appears from the records and files in this office.

Witness my signature and the seal of this Court hereto

affixed the day and year first above written.

Clerk, Supreme Court of Georgia

DeLong 010680

687-4-733 / 25525881

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| ROOSEVELT MCCORVEY, | ) | |
| ROOSEVELT MCCORVEY, MD, PA, | ) | |
| CLEVELAND AVE OB/GYN ASSOC. and | ) | |
| PAUL FORTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NUMBER** |
| | ) | **CV2003-0108** |
| ROY TERRY and RUDOLPH TERRY. | ) | |
| | ) | |
| Defendants. | ) | |

**Filed in Office**

DEC 8 2003

**KIM S. BENEFIELD**
Clerk of Circuit Court

### ORDER GRANTING SUMMARY JUDGMENT

This action came before the Court this 20th day of November, 2003, on Plaintiff's Motion for Summary Judgment pursuant to Rule 56 of the Alabama Rules of Civil Procedure.

The Court having considered the Plaintiffs' Motion, arguments of counsel, and supporting Affidavits of Roosevelt McCorvey, M.D. and Paul Fortson, it is the finding of this Court that on Count I of the Plaintiffs' Complaint based upon breach of contract, the Plaintiffs do hereby recover a judgment against the Defendants, ROY TERRY and RUDOLPH TERRY in the sum of $1,437,500.00, plus cost of Court.

FURTHER, on Count II of the Plaintiffs' Complaint the Court finds that the Defendants committed willful and intentional fraud upon the Plaintiffs causing them injury and damages and the Court awards the sum of $310,000.00 as compensatory damages and $1,127,500.00 as punitive damages on Count II of the Complaint, plus the cost of Court.

DONE AND ORDERED this 8th day of December, 2003.

_____
THOMAS F. YOUNG, JR.
Circuit Court Judge

Cc:    Robert Baugh
       Robin Stephens
       Rodney E. Nolen
       Attorneys for Plaintiff
       Sirote & Permutt, P.C.
       2311 Highland Avenue
       Birmingham, Alabama 35205

       George Beck                          Earnest H. "Woody" DeLong, Jr.
       Attorney for Roy Terry               Attorney for Rudolph Terry
       22 Scott Street                      3100 Centennial Tower, 101 Marietta St. NW
       Montgomery, Alabama 36103-5019       Atlanta, Georgia 30303

DOCSBHM\1135236\1\

**EXHIBIT**
D

DeLong 006866

11/24/2003 MON 13:01  FAX                                            ⊠002/003

# S I R O T E
## &
# P E R M U T T
### A PROFESSIONAL CORPORATION

(205) 930-5143
rnolen@sirote.com

November 24, 2003

## VIA FACSIMILE AND U.S. MAIL

Mr. George Beck
Attorney at Law
22 Scott Street
Montgomery, Alabama 36103-5019

Mr. Earnest H. DeLong, Jr.
DeLong, Caldwell, Novotny & Bridgers, LLC
3100 Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303

Re:    Roosevelt McCorvey, Roosevelt McCorvey, MD, P.A., et. al.
       v. Roy Terry and Rudolph Terry
       Case No. CV2003-0108
       Our File No. 687-4-733 / 25525881

Dear George and Woody:

I enjoyed meeting you in Wedowee, Alabama last Thursday. Enclosed is a draft proposed Order
I have prepared for Judge Young. I believe it conforms to the agreement we discussed.

I will mail this to the clerk of Randolph County tomorrow morning. If you have any suggested
changes, corrections or revisions, please send them to me by return fax at (205) 322-3070.

Very truly yours,

Rodney E. Nolen
FOR THE FIRM

REN/jm
enclosure

DOCSBHM\1352277\1\

LAW OFFICES AND MEDIATION CENTERS
2311 HIGHLAND AVENUE SOUTH    BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727    BIRMINGHAM, ALABAMA 35255-5727
TELEPHONE : 205.930.5100    FAX : 205.930.5101    URL : http://www.sirote.com

Birmingham  |  Huntsville  |  Mobile

**DeLong 010613**

11/24/2003 MON 13:01 FAX                                                          ☒003/003

687-4-733 / 25525881

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

ROOSEVELT MCCORVEY,                     )
ROOSEVELT MCCORVEY, MD, PA,            )
CLEVELAND AVE OB/GYN ASSOC. and        )
PAUL FORTSON,                          )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )          CIVIL ACTION NUMBER
                                       )             CV2003-0168
ROY TERRY and RUDOLPH TERRY,           )
                                       )
        Defendants.                    )

### ORDER GRANTING SUMMARY JUDGMENT

This action came before the Court this 20th day of November, 2003, on Plaintiff's Motion for Summary Judgment pursuant to Rule 56 of the Alabama Rules of Civil Procedure.

The Court having considered the Plaintiffs' Motion, arguments of counsel, and supporting Affidavits of Roosevelt McCorvey, M.D. and Paul Fortson, it is the finding of this Court that on Count I of the Plaintiffs' Complaint the Plaintiffs do hereby recovery a judgment against the Defendants, ROY TERRY and RUDOLPH TERRY in the sum of $1,437,500.00, plus cost of Court.

FURTHER, on Count II of the Plaintiffs' Complaint the Court finds that the Defendants committed willful and intentional fraud upon the Plaintiffs causing them injury and damages and the Court awards the sum of $310,000.00 as compensatory damages and $1,127,500.00 as punitive damages on Count II of the Complaint, plus the cost of Court.

DONE AND ORDERED this _____ day of _____, 2003.


                                        _____
                                        THOMAS F. YOUNG, JR.
                                        Circuit Court Judge


Cc:    Robert Baugh
       Robin Stephens
       Rodney E. Nolen
       Attorneys for Plaintiff
       Sirote & Permutt, P.C.
       2311 Highland Avenue
       Birmingham, Alabama 35205

       George Beck                      Earnest H. "Woody" DeLong, Jr.
       Attorney for Roy Terry           Attorney for Rudolph Terry
       22 Scott Street                  3100 Centennial Tower, 101 Marietta St. NW
       Montgomery, Alabama 36103-5019   Atlanta, Georgia 30303


DOCSBHM/1352361/1



S I R O T E
———— & ————
P E R M U T T
A PROFESSIONAL CORPORATION

(205) 930-5143
*rnolen@sirote.com*

November 24, 2003

## VIA FACSIMILE AND U.S. MAIL

Mr. George Beck
Attorney at Law
22 Scott Street
Montgomery, Alabama 36103-5019

Mr. Earnest H. DeLong, Jr.
DeLong, Caldwell, Novotny & Bridgers, LLC
3100 Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303

Re:   Roosevelt McCorvey, Roosevelt McCorvey, MD, P.A., et. al.
      v. Roy Terry and Rudolph Terry
      Case No. CV2003-0108
      Our File No. 687-4-733 / 25525881

Dear George and Woody:

Here is the Order with one slight correction adding "breach of contract" after Count I.

Very truly yours,

Rodney E. Nolen
FOR THE FIRM

REN/jmt
enclosure

*LAW OFFICES AND MEDIATION CENTERS*
2311 HIGHLAND AVENUE SOUTH    BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727    BIRMINGHAM, ALABAMA 35255-5727
TELEPHONE | 205.930.5100    FAX | 205.930.5101    URL | *http://www.sirote.com*
B i r m i n g h a m    |    H u n t s v i l l e    |    M o b i l e

DeLong 010607

687-4-733 / 25525881

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | |
|---|---|
| ROOSEVELT MCCORVEY,<br>ROOSEVELT MCCORVEY, MD, PA,<br>CLEVELAND AVE OB/GYN ASSOC. and<br>PAUL FORTSON,<br><br>   **Plaintiff,**<br><br>vs.<br><br>ROY TERRY and RUDOLPH TERRY.<br><br>   **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **CIVIL ACTION NUMBER**<br>)    **CV2003-0108**<br>)<br>)<br>)<br>) |

### ORDER GRANTING SUMMARY JUDGMENT

This action came before the Court this 20th day of November, 2003, on Plaintiff's Motion for Summary Judgment pursuant to Rule 56 of the Alabama Rules of Civil Procedure.

The Court having considered the Plaintiffs' Motion, arguments of counsel, and supporting Affidavits of Roosevelt McCorvey, M.D. and Paul Fortson, it is the finding of this Court that on Count I of the Plaintiffs' Complaint based upon breach of contract, the Plaintiffs do hereby recovery a judgment against the Defendants, ROY TERRY and RUDOLPH TERRY in the sum of $1,437,500.00, plus cost of Court.

FURTHER, on Count II of the Plaintiffs' Complaint the Court finds that the Defendants committed willful and intentional fraud upon the Plaintiffs causing them injury and damages and the Court awards the sum of $310,000.00 as compensatory damages and $1,127,500.00 as punitive damages on Count II of the Complaint, plus the cost of Court.

DONE AND ORDERED this _____ day of _____, 2003.

            _____
            THOMAS F. YOUNG, JR.
            Circuit Court Judge

Cc:  Robert Baugh
    Robin Stephens
    Rodney E. Nolen
    Attorneys for Plaintiff
    Sirote & Permutt, P.C.
    2311 Highland Avenue
    Birmingham, Alabama 35205

    George Beck           Earnest H. "Woody" DeLong, Jr.
    Attorney for Roy Terry      Attorney for Rudolph Terry
    22 Scott Street         3100 Centennial Tower, 101 Marietta St. NW
    Montgomery, Alabama 36103-5019  Atlanta, Georgia 30303

DOCSBHM\1135236\1\

**DeLong 010608**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING | ) | CASE NO.  03-32063-WRS |
| COMPANY, INC. | ) | |
| | ) | CHAPTER 7 |
| Debtor | ) | |
| | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.  03-32213-WRS |
| TERRY UNIFORM | ) | |
| COMPANY, LLC, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF | ) | |
| TERRY MANUFACTURING | ) | |
| COMPANY, INC. AND | ) | ADVERSARY PROCEEDING |
| TERRY UNIFORM COMPANY, LLC | ) | |
| | ) | NO.  04-03135 |
| VERSUS | ) | |
| | ) | |
| DELONG, CALDWELL, NOVOTNY, | ) | |
| & BRIDGERS, LLC AND | ) | |
| EARNEST H. DELONG | ) | |

## AFFIDAVIT OF CLARK R. HAMMOND

STATE OF ALABAMA

COUNTY OF JEFFERSON

Before me, Notary Public, came and appeared Clark R. Hammond, who, after being duly

sworn, did depose and declare as follows:

NO:99541227.1



1.   I am an attorney admitted to the practice of law in the State of Alabama, and I am a partner in the firm of Johnston Barton Procter & Powell, LLP.

2.   I was formerly engaged as counsel of record for J. Lester Alexander, III, while he was Chapter 11 Trustee of Terry Manufacturing, Inc.

3.   During the Chapter 11 case of Terry Manufacturing, either attorneys working under my supervision or I had numerous oral and written communications with Ernest H. DeLong of the firm of DeLong, Caldwell, Novotny & Bridgers, LLC.

4.   Mr. DeLong identified himself as an attorney representing Rudolph Terry, Deborah Watson and Michael Terry.

5.   Among various issues discussed with Mr. DeLong were claims by Rudolph and Michael Terry and Deborah Watson that property owned by them, rather than Terry Manufacturing, was located at facilities of Terry Manufacturing.  Moreover, there were discussions regarding the trustee's letter to Mr. Rudolph Terry, Deborah Watson and Michael Terry to cease and deist from carrying out unauthorized business activities using the name of Terry Manufacturing.

6.   With respect to these individuals, I ultimately reached an agreement with Mr. DeLong pursuant to which the property claimed to be owned by Rudolph or Michael Terry or Deborah Watson was stored at the offices of the AEA Group in Birmingham, Alabama.

7.   Mr. Delong also appeared in the Chapter 11 case as counsel for Winning Image, Inc. and Terry Screen Print in connection with a proposed sale by the trustee of certain assets of the estate.  On information and believe, both of these companies were owned or

NO:99541227.1

controlled by Rudolph or Roy Terry. A copy of the objection filed by Mr. Delong on

behalf of Winning Image and Terry Screen Print is attached to this affidavit.

8.      Due to Mr. Delong's participation and appearance in the Chapter 11 case for the above

parties, I served him with various pleadings, which I filed on behalf of the Trustee and

the bankruptcy court added him to the mailing matrix.

9.      The foregoing facts are known to me personally and I would so testify if called upon to

do so in a court of law.

_____

CLARK R. HAMMOND

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS _____ DAY OF
JUNE, 2005.

_____

NOTARY PUBLIC

My Commission expires on:

_____

NO:99541227.1

**FILED**

OCT 3 1 2003

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING COMPANY | ) | BANKR. CASE NO 03-32063-DHW |
| INC., | ) | |
| | ) | CHAPTER 11 |
| Debtor. | ) | |

### OBJECTION OF WINNING IMAGE, INC. AND TERRY SCREEN PRINT, INC. TO TRUSTEE'S MOTION TO APPROVE SALE OF PROPERTY FREE AND CLEAR OF LIENS

Come now Winning, Image, Inc. and Terry Screen Print, Inc. (Objecting Parties), by and through counsel, and enter this their objection to the Trustee's Motion for authority to sell property free and clear of liens. As the basis for their objection, Objecting Parties show the Court the following:

1.    Contrary to the Trustee's contention, the majority of merchandise stored at 430 Englewood Avenue in Atlanta, Georgia is not dated and/or damaged. Likewise, it is not second hand merchandise. Rather, it is primarily T-shirts and golf shirts that have not been either printed or embroidered.

2.    There is some merchandise stored in the referenced facility that would be characterized as "Seconds" because of printing or embroidery errors. However, such merchandise is only a small part of the inventory in question.

3.    While a small part of the stored merchandise belongs to Terry Manufacturing Company, the majority of the merchandise is the property of Objecting Parties. Objecting Parties have been excluded from the referenced facility since July, 2003. In addition they have not had access to records which would specifically identify the merchandise and its owner. Without either

access to the records or access to the referenced facility Objecting Parties cannot demonstrate which

portion of the merchandise is the property of Terry Manufacturing Company and which portion of

the merchandise is the property of Objecting Parties.

    4.     Objecting Parties are guarantors of the debt owed to First Bank and SouthTrust Bank.

However, they are not parties in this bankruptcy proceeding. Thus, there is no principle of law which

would authorize the Trustee to seize and sell merchandise belonging to Objecting Parties.

    5.     As guarantors of the debt owed by Terry Manufacturing Company to First Bank and

SouthTrust Bank, Objecting Parties granted the banks security title to and a security interest in,

among other things, its inventory. Therefore, First Bank and SouthTrust Bank have a first priority

security interest in the merchandise located in the referenced facility that is the property of Objecting

Parties.

    6.     There is a proceeding pending in the Circuit Court of Randolph County, Alabama

styled. First Bank and SouthTrust Bank vs. Terry Manufacturing Company, Inc., Winning Image,

Inc., Terry Screen Print, Inc., Roy D. Terry and Rudolph Terry. On October 23, 2003 the, based

upon the Unconditional Guaranty of Payment and Performance that each signed, Objecting Parties

consented to the entry of a judgment against them in that proceeding. By virtue of the judgment,

First Bank and SouthTrust Bank confirmed their first priority interest in the merchandise located in

the referenced facility which belongs to Objecting Parties.

    7.     Objecting Parties do not believe that the sale of merchandise proposed by the Trustee

is commercially reasonable. However, because Objecting Parties have been denied access to the

premises and because of the extremely short time they have to respond to Trustee's motion,

Objecting Parties can not adequately assess the situation and present the Court with an appropriate

alternative. Accordingly, Objecting Parties request that they be given the opportunity to determine

specifically what merchandise is in the referenced facility, to whom it belongs and what is its reasonable value prior to the Court entertaining Trustee's Motion.

8.    In the event that the merchandise housed in the referenced facility is sold, the entire sale proceeds should be paid to the parties that have a direct interest in the items being sold. Those parties are Showroom Svcs., Inc. which has shouldered the burden of storing and maintaining the materials since the Trustee took over the facility and First Bank and SouthTrust Bank, in accordance with their perfected security interests in the said merchandise.

Respectfully submitted, this $\underline{30}$ day of $\underline{October}$ , 2003.

Earnest H. DeLong
Georgia Bar No. 217300

Attorney for Winning, Image, Inc. and Terry Screen Print, Inc.

DeLong, Caldwell, Novotny & Bridgers, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
404/979-3155

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by facsimile transmission and/or by placing a copy of the same in the United States Mail, postage prepaid and addressed as follows:

Von G. Memory, Esq.
P.O. Box 4054
Montgomery, AL 36101

Thomas H. Castelli, Esq.
Sutherland Asbill & Brennan, LLP
999 Peachtree Street
Atlanta, GA 30309-3996

Teresa R. Jacobs
United States Bankruptcy Administrator
Middle District of Alabama
One Church Street
Montgomery, AL 36104

Jesse S. Vogtle, Esq.
Balch & Bingham
1901 6th Avenue North
Suite 2600
Birmingham, AL 35203

George L. Beck, Jr., Esq.
Beck & Byrne, P.C.
22 Scott Street
Montgomery, AL 36104-4012

Berry E. Teague, Esq.
P.O. Box 586
Montgomery, AL 36101

Antonio L. Thomas, Esq.
230 Peachtree Street, NW
Atlanta, GA 30303

Brian E. Steel, Esq.
The Steel Law Firm, P.C.
1800 Peachtree Street, NW
Atlanta, GA 30309-2519

David A. Norris, Esq.
McGlinchey Stafford, PLLC
Post Office Drawer 22949
Jackson, MS 39225

Jeffery D. Saferstein, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064

Timothy M. Lupinacci, Esq.
Matthew W. Grill, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618

Robert G. Sanker, Esq.
Susan M. Argo, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, OH 45202-3752

Joseph Vann, Esq.
Ira R. Abel, Esq.
Cohen Tauber Spievack & Wagner, LLP
420 Lexington Avenue
24th Floor
New York, NY 10170

Leura Q. Camary, Esq.
Patricia Allen Conover, Esq.
P.O. Box 197
Montgomery, AL 36101-0197

Internal Revenue Service
801 Tom Martin Drive
Suite 126
Birmingham, AL 35211

Brian G. Flanagan, Esq.
Defense Contract Management Agency
Attn: DCMAE-GLG
1910 Third Avenue North
Suite 201
Birmingham, AL 35203

Robert H. Adams, Esq.
Najjar Denaburg, P.C.
2125 Morris Avenue
Birmingham, AL 35203

Ronald E. Barab, Esq.
Smith, Gambrell & Russell, LLP
Suite 3100, Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309-3592

Craig G. Cornwell, Esq.
U.S. Department of Agriculture
Sterling Centre
4121 Carmichael Road
Suite 205
Montgomery, AL 36106-2872

C. Ellis Brazeal III, Esq.
Walston, Wells, Anderson & Bains, LLP
P.O. Box 830642
Birmingham, AL 35289-0642

Eric Briethaupt, Esq.
Christian and Small
505 20th Street North
Suite 1700
Birmingham, AL 35203

William Russell Patterson, Jr., Esq.
Ragsdale, Beals, Hooper & Seigler, LLP
2400 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, Georgia 30303-1629

Romaine S. Scott, III., Esq.
Garrison Scott Gamble & Rosenthal, P.C.
2224 1st Avenue North
Birmingham, AL 35203

Rudolph Terry
President
Terry Screen Print, Inc.
1785 Loch Lomond Trail
Atlanta, GA 30331

Rudolph Terry
President
Winning Image, Inc.
1785 Loch Lomond Trail
Atlanta, GA 30331

Clark R. Hammond
Johnston Barton Proctor & Powell, LLP
1901 Sixth Avenue North
Suite 2900
Birmingham, AL 35201

This 30 day of October, 2003.

Earnest H. DeLong
Georgia Bar No. 217300

Attorney for Winning, Image, Inc. and Terry
Screen Print, Inc.

DeLong, Caldwell, Novotny & Bridgers, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
404/979-3155

# DeLong, Caldwell, Novotny & Bridgers, L.L.C.

Attorneys At Law

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303

404/979-3150
FAX 404/979-3170

Earnest H. DeLong

Direct Dial: 404/979-3155

September 19, 2003

Russell L. Irby, III
Johnston Barton Proctor & Powell LLP
2900 Amsouth/Marbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2618

      Re:    Terry Manufacturing Company, Inc./Terry Uniform Company, LLC

Dear Mr. Irby:

      This firm represents Rudolph Terry. As a shareholder of Terry Manufacturing Company/Terry Uniform Company ("the Terry Companies"), Mr. Terry is extremely concerned by the statements contained in your letter of September 11, 2003. He agrees that the names of the Terry Companies should not be used independent of the Trustee to conduct business. He also agrees that the best interests of the Terry Companies are served by protecting and preserving their proprietary information. While Mr. Terry's concern is derived from his position as a shareholder, he is also concerned by the allegations you have raised, and he has asked me to convey his interest in getting the matter resolved for himself and for the benefit of the Terry Companies.

      In your letter you indicated that substantial evidence of such goings on has been uncovered. However, until your letter arrived, Mr. Terry was not aware that someone might be selling product under the Terry name, or making inappropriate use of the Terry Companies' proprietary information. If you will provide me with the specific information to which you made reference, I will then see that any information that Mr. Terry possesses which is pertinent to your inquiry will be made available to you.

      There are a couple of matters that I need your help on. First, Mr. Terry has personal items which are not related to the Terry Companies inside the facility located at 3725 Zip Industrial Boulevard, here in Atlanta, that he has not been able to retrieve. He needs to recover his property. I would appreciate your thoughts as to a procedure that will allow the Trustee to preserve the integrity of the assets of the Terry Companies and will also allow Mr. Terry to get his property back. Second, I am told that since the Trustee took possession of 3725 Zip Industrial Boulevard, all mail



**EXHIBIT**

**F**

tabbies*

DeLong 010360

Russell L. Irby, III
Johnston Barton Proctor & Powell LLP
Birmingham, AL 35203-2618

Page 2

_____

is being forwarded to Birmingham.  While the majority of the mail may pertain to the Terry Companies, there is also mail in the Trustee's possession that does not.  For example, Winning Image, Inc. also operated from 3725 Zip Industrial Boulevard.  Given that it is not a party to the Bankruptcy, Winning Image's mail should not be batched with the mail of the Terry Companies and held.  We also expect that there is personal mail belonging to the former employees of the Terry Companies that is being held.  Like Winning Image's mail, the personal mail should also be returned to its rightful owners.  Please contact me before the close of business on Thursday, September 25 so that we can decide how best to address these matters.

Since Mr. Terry has asked me to intercede on his behalf, please direct any further communications concerning him to me.  I look forward to working with you.

Sincerely,

Earnest H. DeLong

# DeLong, Caldwell, Novotny & Bridgers, L.L.C.
### Attorneys At Law

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303

404/979-3150
FAX 404/979-3170

Earnest H. DeLong

Direct Dial: 404/979-3155

September 19, 2003

Russell L. Irby, III
Johnston Barton Proctor & Powell LLP
2900 Amsouth/Marbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2618

      Re:    Terry Manufacturing Company, Inc./Terry Uniform Company, LLC

Dear Mr. Irby:

This firm has been retained by Deborah Watson and Michael Terry to respond to your letters of September 11, 2003. In the letters you stated that substantial evidence indicating that Ms. Watson and Mr. Terry have made inappropriate use of the names and assets of Terry Manufacturing Company and Terry Uniform Company ("the Terry Companies") has been uncovered. Neither Ms. Watson nor Mr. Terry has done anything that you suggest. Until your letter arrived, neither of them was aware that someone might be selling product under the Terry name, or making inappropriate use of the Terry Companies' proprietary information. Given the charges you have raised, they are interested in getting the matter resolved. If you will provide me with the specific information to which you made reference, I will then see that any information that my clients possess which is pertinent to your inquiry will be made available to you.

Both Ms. Watson and Mr. Terry have personal items which are not related to the Terry Companies inside the facility located at 3725 Zip Industrial Boulevard, here in Atlanta, that they have not been able to retrieve. Ms. Watson has been approached by former employees in her department who also have personal items remaining in the building, asking what they can do to recover their property. As you can imagine they are all quite concerned. I would appreciate your thoughts as to a procedure that will allow the Trustee to preserve the integrity of the assets of the Terry Companies and will also allow my clients as well as the other affected individuals to get their property back. Please contact me before the close of business on Thursday, September 25 so that we can decide how best to address the matter of the personal property.

Since Ms. Watson and Mr. Terry have asked me to intercede on their behalf, please direct any further communications concerning them to me. I look forward to working with you.

DeLong 010364

Sincerely,

Earnest H. DeLong



# DeLong, Caldwell, Novotny & Bridgers, L.L.C.

Attorneys At Law

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303

404/979-3150
FAX 404/979-3170

Earnest H. DeLong                                                                Direct Dial: 404/979-3155

September 29, 2003

**Transmitted This Date By FAX To 205/254-1999**

Phone 254-1000

Timothy M. Lupinacci
Maynard, Cooper & Gale, PC
1901 6th Avenue N.
Suite 2400
Birmingham, AL 35203

          Re:    Michael Terry

Dear Mr. Lupinacci:

          Confirming our telephone conversation today, I represent Michael Terry. Being new to this matter and being unsure what your clients' and the Trustee's positions concerning Mr. Terry may be, I would prefer not to go forward with a 2004 examination tomorrow. As I told you, my current inclination is to just have him take the 5th in response to whatever questions that are directed to him. Your response was that you may need to get him on the record in any case, but that you would work with me on a date, time and place. We have agreed not to go forward tomorrow. We will also both look to the week of October 20 (specifically the 20th, 21st or 22nd) as possible days.

          Thanks again for your willingness to cooperate. I look forward to working with you.

                              Sincerely,

                              Woody DeLong

                              Earnest H. DeLong

**EXHIBIT**

G

tabbies®

DeLong 010317

**FILED**

OCT 3 1 2003

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:                                      )
                                            )
TERRY MANUFACTURING COMPANY    )     BANKR. CASE NO 03-32063-DHW
INC.,                                       )
                                            )     CHAPTER 11
    Debtor.                                 )

### OBJECTION OF WINNING IMAGE, INC. AND TERRY SCREEN PRINT, INC. TO
### TRUSTEE'S MOTION TO APPROVE SALE OF PROPERTY
### FREE AND CLEAR OF LIENS

Come now Winning, Image, Inc. and Terry Screen Print, Inc. (Objecting Parties), by and
through counsel, and enter this their objection to the Trustee's Motion for authority to sell property
free and clear of liens. As the basis for their objection, Objecting Parties show the Court the
following:

1.    Contrary to the Trustee's contention, the majority of merchandise stored at 430
Englewood Avenue in Atlanta, Georgia is not dated and/or damaged. Likewise, it is not second hand
merchandise. Rather, it is primarily T-shirts and golf shirts that have not been either printed or
embroidered.

2.    There is some merchandise stored in the referenced facility that would be
characterized as "Seconds" because of printing or embroidery errors. However, such merchandise
is only a small part of the inventory in question.

3.    While a small part of the stored merchandise belongs to Terry Manufacturing
Company, the majority of the merchandise is the property of Objecting Parties. Objecting Parties
have been excluded from the referenced facility since July, 2003. In addition they have not had
access to records which would specifically identify the merchandise and its owner. Without either


EXHIBIT

H

Case 2:07-cv-00620-WKW    Document 4-12    Filed 07/05/2007    Page 2 of 6
10/31/2003  11:41    4043793170                D C N B                              PAGE  03

access to the records or access to the referenced facility Objecting Parties cannot demonstrate which portion of the merchandise is the property of Terry Manufacturing Company and which portion of the merchandise is the property of Objecting Parties.

4.      Objecting Parties are guarantors of the debt owed to First Bank and SouthTrust Bank. However, they are not parties in this bankruptcy proceeding. Thus, there is no principle of law which would authorize the Trustee to seize and sell merchandise belonging to Objecting Parties.

5.      As guarantors of the debt owed by Terry Manufacturing Company to First Bank and SouthTrust Bank, Objecting Parties granted the banks security title to and a security interest in, among other things, its inventory. Therefore, First Bank and SouthTrust Bank have a first priority security interest in the merchandise located in the referenced facility that is the property of Objecting Parties.

6.      There is a proceeding pending in the Circuit Court of Randolph County, Alabama styled. First Bank and SouthTrust Bank vs. Terry Manufacturing Company, Inc., Winning Image, Inc., Terry Screen Print, Inc., Roy D. Terry and Rudolph Terry. On October 23, 2003 the, based upon the Unconditional Guaranty of Payment and Performance that each signed, Objecting Parties consented to the entry of a judgment against them in that proceeding. By virtue of the judgment, First Bank and SouthTrust Bank confirmed their first priority interest in the merchandise located in the referenced facility which belongs to Objecting Parties.

7.      Objecting Parties do not believe that the sale of merchandise proposed by the Trustee is commercially reasonable. However, because Objecting Parties have been denied access to the premises and because of the extremely short time they have to respond to Trustee's motion, Objecting Parties can not adequately assess the situation and present the Court with an appropriate alternative. Accordingly, Objecting Parties request that they be given the opportunity to determine

10/31/2003  11:41    4049793170    D C N B    PAGE  04

specifically what merchandise is in the referenced facility, to whom it belongs and what is its reasonable value prior to the Court entertaining Trustee's Motion.

8.    In the event that the merchandise housed in the referenced facility is sold, the entire sale proceeds should be paid to the parties that have a direct interest in the items being sold. Those parties are Showroom Svcs., Inc. which has shouldered the burden of storing and maintaining the materials since the Trustee took over the facility and First Bank and SouthTrust Bank, in accordance with their perfected security interests in the said merchandise.

Respectfully submitted, this 30 day of October , 2003.

Earnest H. DeLong
Georgia Bar No. 217300

Attorney for Winning, Image, Inc. and Terry Screen Print, Inc.

DeLong, Caldwell, Novotny & Bridgers, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
404/979-3155

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by facsimile transmission and/or by placing a copy of the same in the United States Mail, postage prepaid and addressed as follows:

Von G. Memory, Esq.
P.O. Box 4054
Montgomery, AL 36101

Thomas H. Castelli, Esq.
Sutherland Asbill & Brennan, LLP
999 Peachtree Street
Atlanta, GA 30309-3996

Teresa R. Jacobs
United States Bankruptcy Administrator
Middle District of Alabama
One Church Street
Montgomery, AL 36104

Jesse S. Vogtle, Esq.
Balch & Bingham
1901 6th Avenue North
Suite 2600
Birmingham, AL 35203

George L. Beck, Jr., Esq.
Beck & Byrne, P.C.
22 Scott Street
Montgomery, AL 36104-4012

Berry E. Teague, Esq.
P.O. Box 586
Montgomery, AL 36101

Antonio L. Thomas, Esq.
230 Peachtree Street, NW
Atlanta, GA 30303

Brian E. Steel, Esq.
The Steel Law Firm, P.C.
1800 Peachtree Street, NW
Atlanta, GA 30309-2519

David A. Norris, Esq.
McGlinchey Stafford, PLLC
Post Office Drawer 22949
Jackson, MS 39225

Jeffery D. Saferstein, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064

Timothy M. Lupinacci, Esq.
Matthew W. Grill, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618

Robert G. Sanker, Esq.
Susan M. Argo, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, OH 45202-3752

Joseph Vann, Esq.
Ira R. Abel, Esq.
Coherr Tauber Spievack & Wagner, LLP
420 Lexington Avenue
24th Floor
New York, NY 10170

Leura Q. Camary, Esq.
Patricia Allen Conover, Esq.
P.O. Box 197
Montgomery, AL 36101-0197

Internal Revenue Service
801 Tom Martin Drive
Suite 126
Birmingham, AL 35211

Brian G. Flanagan, Esq.
Defense Contract Management Agency
Attn: DCMAE-GLG
1910 Third Avenue North
Suite 201
Birmingham, AL 35203

Robert H. Adams, Esq.
Najjar Denaburg, P.C.
2125 Morris Avenue
Birmingham, AL 35203

Ronald E. Barab, Esq.
Smith, Gambrell & Russell, LLP
Suite 3100, Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309-3592

Craig G. Cornwell, Esq.
U.S. Department of Agriculture
Sterling Centre
4121 Carmichael Road
Suite 205
Montgomery, AL 36106-2872

C. Ellis Brazeal III, Esq.
Walston, Wells, Anderson & Bains, LLP
P.O. Box 830642
Birmingham, AL 35289-0642

Eric Briethaupt, Esq.
Christian and Small
505 20th Street North
Suite 1700
Birmingham, AL 35203

William Russell Patterson, Jr., Esq.
Ragsdale, Beals, Hooper & Seigler, LLP
2400 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, Georgia 30303-1629

Romaine S. Scott, III., Esq.
Garrison Scott Gamble & Rosenthal, P.C.
2224 1st Avenue North
Birmingham, AL 35203

Rudolph Terry
President
Terry Screen Print, Inc.
1785 Loch Lomond Trail
Atlanta, GA 30331

Rudolph Terry
President
Winning Image, Inc.
1785 Loch Lomond Trail
Atlanta, GA 30331

Clark R. Hammond
Johnston Barton Proctor & Powell, LLP
1901 Sixth Avenue North
Suite 2900
Birmingham, AL 35201

This **30** day of **October**, 2003.

Earnest H. DeLong
Georgia Bar No. 217300

Attorney for Winning, Image, Inc. and Terry
Screen Print, Inc.

DeLong, Caldwell, Novotny & Bridgers, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
404/979-3155

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING | ) | CASE NO. 03-32063-WRS |
| COMPANY, INC. | ) | |
| | ) | CHAPTER 7 |
| Debtor | ) | |
| | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 03-32213-WRS |
| TERRY UNIFORM | ) | |
| COMPANY, LLC, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF | ) | |
| TERRY MANUFACTURING | ) | |
| COMPANY, INC. AND | ) | ADVERSARY PROCEEDING |
| TERRY UNIFORM COMPANY, LLC | ) | |
| | ) | NO. 04-3135 |
| VERSUS | ) | |
| | ) | |
| DELONG, CALDWELL, NOVOTNY, | ) | |
| & BRIDGERS, L.L.C. AND | ) | |
| EARNEST H. DELONG | ) | |

## AFFIDAVIT OF J. LESTER ALEXANDER, III

STATE OF ALABAMA

COUNTY OF JEFFERSON

Before me, Notary Public, came and appeared J. Lester Alexander, III, who, after being duly

sworn, did depose and declare as follows:

:99541237-1



1.  He is the duly appointed and acting Chapter 11 Trustee of Terry Manufacturing Company, Inc. and Terry Uniform, LLC ("Terry Manufacturing"). He makes this affidavit upon personal knowledge and information, and would so testify if called upon to do so in a court of law.

2.  He is the plaintiff in that certain adversary proceeding styled *J. Lester Alexander, III, Trustee of Terry Manufacturing, Inc. and Terry Uniform, LLC v. DeLong, Caldwell, Novotny & Bridgers, L.L.C. and Earnest H. DeLong*, Adversary Proceeding No. 04-03135 pending before the United States Bankruptcy Court of the Middle District of Alabama (hereinafter the "DeLong Adversary").

3.  In the DeLong Adversary, the Trustee seeks to avoid payments totaling in excess of $860,000 made by Terry Manufacturing to DeLong, Caldwell, Novotny & Bridgers, L.L.C. and Mr. DeLong (the "Firm").

4.  The DeLong Adversary is one of thirty adversary proceedings he has filed seeking recoveries for the estates of Terry Manufacturing or Terry Uniform for causes of action under 11 U.S.C. §§547 and 548 and under the fraudulent conveyance statutes of Alabama and Georgia (collectively the "Avoidance Actions"). The Court has scheduled trial dates and related deadlines in at least six other cases which are based on fraudulent conveyance claims. Each of these cases and the DeLong Adversary will involve common issues of law and fact including, in particular, issues concerning the solvency of Terry Manufacturing.

5.  As Trustee, he anticipates the witnesses presented at the trial of the DeLong Adversary will principally be representatives of AEA Group and himself, all of whom are knowledgeable with respect to the transfers made to the Firm, the engagement between Mr. Rudolph Terry

and the Firm, and the solvency of Terry Manufacturing. He and other members of the AEA Group are located in Birmingham, and the time and expense of traveling from Birmingham to Montgomery is significantly less than the time and expense of traveling to Atlanta. Other witnesses who may have factual information relevant to the Avoidance Actions and, in particular, the subject matter of the DeLong Adversary are Cotina Terry, Roy Terry, Rudolph Terry and Sidney Johnson, former comptroller of Terry Manufacturing. To date, each of those individuals has refused to testify citing his privilege under the Fifth Amendment. In the event one or more should elect not to exercise his privilege, he will be subject to the subpoena power of the United States Bankruptcy Court for the Middle District of Alabama (hereafter the "Alabama Court"). All are defendants in litigation filed by the Trustee, and the Trustee doubts any will appear voluntarily.

6.    All of the Trustee's documents relevant to the DeLong Adversary are located at the offices of AEA Group in Birmingham.

7.    In addition to the documents which are directly relevant to the DeLong Adversary, the Trustee has collected approximately 135 banker-size boxes of documents pertaining to Terry Manufacturing. All of these are stored at the offices of AEA Group. Based upon the Answer filed by the Firm, the Trustee understands that at least the DeLong firm will contest whether Terry Manufacturing was insolvent at the time of delivery of the multiple payments totaling in excess of $860,000 made by Terry Manufacturing to the Firm. All documents bearing on the solvency of Terry Manufacturing are located at the offices of AEA.

8.    The transfer of the DeLong Adversary to the Northern District of Georgia will significantly reduce the net value of the case from the perspective of the estate. Plainly, the significant

cost efficiencies arising from serial pre-trial conferences and trials of Avoidance Actions before this Court will be lost, and the estate will be required to fund expenses for witnesses to travel to Atlanta. Also, it is likely that the estate will be required to incur additional expert fees, particularly if the defendants are serious in challenging the insolvency of Terry Manufacturing. Also, counsel for the Trustee is not admitted in the United States District Court for the Northern District of Georgia, and transfer will likely require the Trustee to enroll substitute or additional counsel. The Trustee anticipates that, at a bare minimum, he will be required to engage local counsel to assist Phelps Dunbar which is representing the Trustee in all of the Avoidance Actions. Indeed, Local Rule 2090-2 of the United States District Court for the Northern District of Georgia requires involvement of an attorney admitted to practice in that Court. Pursuant to a prior order of this Court, Phelps Dunbar is representing the Trustee under a contingency arrangement under which fees are payable to the firm if, and only if, there is a recovery from the DeLong Adversary. Because alternate or substitute counsel will not be able to recognize the efficiencies of prosecuting multiple Avoidance Actions, the Trustee is concerned that additional or substitute counsel may require compensation on an hourly basis, thereby significantly increasing expenses of the estate.

9.    The foregoing information is known to me personally and I would so testify if called upon to

do so in a court of law.

J. LESTER ALEXANDER III

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS  15  DAY OF
JUNE, 2005.

NOTARY PUBLIC

My Commission expires on:

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TERRY MANUFACTURING COMPANY, INC.,** | ) | **CASE NO. 03-32063-WRS** |
| | ) | |
| | ) | **CHAPTER 7** |
| Debtor. | ) | |
| | | |
| IN RE: | ) | |
| | ) | |
| **TERRY UNIFORM COMPANY, LLC.** | ) | **CASE NO. 03-32213-WRS** |
| | ) | |
| | ) | **CHAPTER 7** |
| Debtor. | ) | |
| | | |
| **J. LESTER ALEXANDER, III, TRUSTEE OF TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC.** | ) ) ) ) ) | **ADVERSARY PROCEEDING** |
| | ) | **NO. 04-03135** |
| v. | ) | |
| | ) | |
| **DeLONG, CALDWELL, NOVOTNY & BRIDGERS, LLC. AND EARNEST H. DeLONG, JR.** | ) ) ) | |

## DEFENDANTS' RESPONSE TO TRUSTEE'S OPPOSITION TO MOTION TO DISMISS, TRANSFER VENUE OR ABSTAIN ON STATE LAW CLAIMS

**COME NOW** the Defendants, Earnest H. DeLong, Jr., and the law firm, DeLong, Caldwell, Novotny & Bridgers, LLC, (the "Law Firm") and in response to the Trustee's Opposition to their previously filed Motion to Dismiss, or in the Alternative, Transfer Venue or Abstain on State Law Claims, states as follows:

1

In its Memorandum of Law previously filed with the Court in support of the Defendants' Motion to Dismiss or, in the Alternative, Transfer Venue or Abstain on State Law Claims, the Defendants propounded no less than fourteen (14) grounds, both legal and factual, for the dismissal of this case or, in the alternative, for the Court to abstain from hearing the state law claims or transfer the proceeding in its entirety to the United States District Court for the Northern District of Georgia for a full and final resolution of all claims.  As explained herein, the Trustee has failed to either address or rebut the 14 grounds and, therefore, as a matter of law, the Defendants' Motion should be granted.  Indeed, the Trustee would have this Court simply ignore the present Motion altogether based on the Court's previous order refusing to dismiss or transfer the preference claims filed by the Trustee against the Law Firm only.  However, the Trustee's argument is wrong and not only should this Court address the merits of Defendants' Motion, the Court is required to address such merits in the interest of justice and for the convenience and benefit of the parties.  When judged by the merits of Defendants' Motion, which the Trustee has basically failed to address or rebut, Defendants should be granted the relief requested and the Court should either dismiss this case against them, abstain on the state law claims, or transfer the proceeding to the United States District Court for the Northern District of Georgia for a full and final resolution therein.

2

I.   **THE "LAW OF THE CASE" DOCTRINE IS IRRELEVANT AND HAS NO APPLICATION TO DEFENDANTS' MOTION.**

The Trustee's primary argument is that the Court should, under the "law of the case," ignore altogether both the factual and legal merits girding Defendants' Motion.  According to the Trustee, the law of the case doctrine precludes the Court from reconsidering its jurisdiction and the propriety of venue since the Court previously denied the Law Firm's motion to dismiss or transfer.  However, the law of the case doctrine not only does not apply to Defendants' Motion, the Court actually has on ongoing duty to determine whether jurisdiction and venue are appropriate, which they are not.

As well established by Eleventh Circuit precedent, including the precedent cited by the Trustee in its Opposition Response, the law of the case precludes a reconsideration of factual or legal issues previously decided by an ***appellate court***.  See Conway v. Chemical Leaman Tank Lines, Inc., 644 F.2d 1059, 1061 (5th Cir. 1981) ("The 'law of the case' doctrine, a restriction self-imposed by the courts on themselves in the interests of judicial efficiency, generally operates to preclude a reexamination of issues decided on appeal, either by the district court on remand or by the appellate court itself upon a subsequent appeal."); see also Luckey v. Miller, 929 F.2d 618, 622 (11th Cir. 1991) ("***The law of the case doctrine clearly does not extend to issues an appellate court did not address***.") (emphasis added).  In fact, the law of the case doctrine is similar to

3

*res judicata* and is applicable to issues that have previously been decided between the same parties. <u>Commercial Union Ins. Co. v. Sepco Corp.</u>, 300 F. Supp. 2d 1198, 1201 (N.D. Ala. 2004) ("Under the doctrine of the 'law-of-the-case,' whatever is once established between the same parties in the same case continues to be the law of that case . . . so long as the facts on which the decision was predicated continue to be the facts of the case.").

There has been no appellant resolution of whether this proceeding should remain in the Bankruptcy Court or be transferred to the United States District Court for the Northern District of Georgia. Likewise, the Defendants' pending Motion before the Court involves a brand new defendant to the proceeding as well as brand new state law claims which, as is undisputed by the Trustee, predominate over any and all claims previously pending before the Court. As the Trustee points out, the Court previously rejected the Motion to Transfer filed by the Law Firm at a time when the only claims pending between the Trustee and the Law Firm were the Trustee's avoidance of preference and fraudulent conveyance claims, all relating to the payment of fees by Terry Manufacturing for services rendered after Terry Manufacturing had allegedly become insolvent or filed for bankruptcy.

The present Motion before the Court, however, was filed in response to the Trustee amending his complaint to assert a claim for professional malpractice against attorney Earnest H. DeLong, Jr., individually, for any and all legal

4

services he personally provided to Terry Manufacturing Company in the lawsuit styled <u>Commercial Factors of Atlanta, Inc. v. Terry Manufacturing, et al.</u>, Case No. 99-A-10650-5, in the Superior Court of Gwinnett County, Georgia ("<u>Commercial Factors</u> lawsuit"), and malpractice against the Law Firm based on vicarious liability. Accordingly, the present Motion before the Court not only involves a new party but new claims as well.

The Trustee asserts that attorney Earnest DeLong should be bound by the Court's ruling denying the prior motion to dismiss or transfer filed by the Law Firm because he is a member of the firm, even though the prior complaint did not sue him personally under Georgia state law for an individual act of alleged misfeasance. However, the Trustee glaringly omits to cite any legal precedent that would support such a proposition because, as the Trustee personally knows, such a proposition cannot be supported under well established law.

In fact, it is well established under law that even the law of the case doctrine does not limit the tribunal's power, including the power to revisit any prior decisions of its own, especially any decisions concerning whether jurisdiction or venue is appropriate. <u>Commercial Union Ins. Co.</u>, 300 F. Supp. 2d at 1201 ("A court has the power to revisit prior decisions of its own . . . in any circumstances . . .."); <u>see</u> <u>also</u> <u>Sophocleus v. Alabama Dept. of Transportation</u>, 305 F. Supp. 2d 1238 (M.D. Ala. 2004) (observing paramount duty of court to reach the correct judgment concerning the court's jurisdiction), <u>aff'd</u>, <u>Sophocleus v. Alabama Dept.</u>

5

No. 04–10834, 2004 WL 1800673 (11th Cir. Aug. 2, 2004).

Accordingly, this Court has unhindered authority to consider de novo the current Motion before the Court and should not only carefully consider such Motion, but grant it as well.

## II. BASED ON THE UNDISPUTED EVIDENCE, DEFENDANTS' MOTION IS DUE TO BE GRANTED IN THE INTEREST OF JUSTICE.

The Trustee has failed to rebut or even address the legal and factual merits of Defendants' Motion; therefore, the numerous grounds raised therein can be taken as undisputed and Defendants' requested relief should be granted in both the interest of justice and, as also addressed later herein, for the convenience of the parties.

### (a)    Key Witnesses For Defendants Are Not Subject to Subpoena in This Court and Will Not Appear Voluntarily.

Defendants have advised the Court that they intend to call as witnesses both Roy Terry and Rudolph Terry, who are expected to testify that they were, individually and on behalf of Terry Manufacturing, advised of the alleged conflicts of interest that underlie the Trustee's malpractice claims and waived such conflicts.  Indeed, as the principals of Terry Manufacturing, only Rudolph and Roy Terry can give such testimony.

The Trustee now admits that Rudolph and Roy Terry will likely not appear voluntarily in any further proceedings in this Court.  The Trustee states:

[T]he Trustee believes that the witnesses who may have factual

6

information relevant to this Adversary Proceeding are Roy Terry,
Catina Terry, Sidney Johnson and Rudolph Terry.  All of them are
defendants in other litigation brought by the Trustee, and the Trustee
very much doubts they will appear voluntarily.

Trustee's Opposition to Motion to Dismiss at 17.

Accordingly, it is undisputed that key witnesses on behalf of the defense

will likely not appear voluntarily.  It is also undisputed by the Trustee that Rudolph

Terry is a citizen and resident of Atlanta, Georgia.  The Trustee also does not

rebut Defendants' assertion that Rudolph Terry is not subject to subpoena from

this Court.  Accordingly, if this case is not transferred to the United States District

Court for the Northern District of Georgia, Defendants Delong and Law Firm will

be denied a key defense witness who could exonerate them from the claims

asserted by the Trustee.  Therefore, in the interest of justice, Defendants' Motion

should be granted.

**(b)    There is a Judicial Bias Against Defendants' Key Witnesses.**

This case should also be transferred in the interest of justice because this

Court has already formed an opinion that Defendants' witnesses cannot or will

not be trusted, possibly on any matter to which they might testify.  In its recent

Memorandum Opinion dated June 2, 2005, In re Terry Manufacturing Company,

Inc., Case No. 03-32063-WRS (Bankr. M.D. Ala.), this Court made the following

comment about the Terrys:

If there has been one overriding theme to these Bankruptcy
proceedings, it is that the former principals of the Debtor

7

corporations are not reliable and that records and documents
created by them cannot be accepted at face value.

Memorandum Opinion at 6 (Exhibit A).

Accordingly, if their Motion is not granted and Defendants are forced to

submit to a bench trial in this Court, without the ability to subpoena witnesses

who could offer exonerating testimony on their behalf, and against whom the

Court is nonetheless bias, then the Defendants will in fact be denied a fair trial as

a matter of law.  Therefore, in the interest of justice, Defendants' Motion should

be granted.

### (c)    Defendants Have the Right to Trial by Jury as to the Trustee's State Law Claims.

The Trustee does not dispute that Defendants have the right to trial by jury

on his state law claims and do not consent to a jury trial in this Court.  Therefore,

this case should be transferred to a federal district court, or the Court should

dismiss the state law claims or abstain from hearing them.  There are only two

federal districts where this case could be transferred, i.e, the Middle District of

Alabama or the Northern District of Geogia.  However, as more fully discussed

later herein, of the two only one has the ability to issue enforceable subpoenas to

all potential witnesses and is equally convenient to all witnesses, i.e., the

Northern District of Georgia.  Therefore, in the interest of justice and for the

convenience of the parties this case should be transferred to such district or the

Court should dismiss the state law claims or abstain from considering them.

8

**(d)    A Judgment Rendered by this Court Will be Unenforceable.**

Should the Court deny the Defendants' Motion and should the Defendants

be obligated to submit to a bench trial in this Court, without the ability to

subpoena key witnesses and with the Court's predisposition against the Terry's

veracity, then the Defendants' constitutional rights to due process and equal

protection will be violated.  Accordingly, any potential judgment rendered against

Defendants will be attacked in the United States District Court for the Northern

District of Georgia, which is the only court with jurisdiction to enforce a judgment

against the Defendants' property.  Therefore, in the interest of justice and for

overall judicial convenience, the Defendants' Motion should be granted.

**(e)    This is not a "Local" Controversy Involving the State Alabama.**

Although the Trustee argues that Defendant Delong has had prior contact

with the State of Alabama and this Court, the Trustee does not dispute that all of

the legal services underlying his complaint were contracted for in Georgia, were

provided in Georgia, concerned Georgia litigation and Terry Manufacturing's

operations in Georgia, and were mostly paid out of a Georgia bank account held

by Terry Manufacturing.[1]  The Trustee also does not dispute that his state claims

---

[1] The Alabama Supreme Court has held that in determining whether
Alabama has general jurisdiction over an out-of-state law firm, the focus is not on
any and all contacts the firm may have had with Alabama per se, but on the
contacts the law firm had with Alabama ***prior to the event causing the
litigation***. Ex part Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So. 2d 519,
529 (Ala. 2003) (citing Elliot v. Van Kleef, 830 So. 2d 726, 731 (Ala. 2002)).

are governed by Georgia, and not Alabama, law.

Therefore, as a matter of fact and law, Georgia has the greater interest in determining the propriety of Defendants' alleged acts and omissions, and rendering relief if warranted.[2]  The courts in Georgia would also have the greater interest in ensuring that the laws of Georgia are upheld and consistently enforced.  The Trustee does not dispute this fact.  Accordingly, in the interest of justice the Defendants' Motion should be granted.

---

Although Defendants may have had some contact with Alabama, there is no evidence of any contact by Defendants with the state of Alabama prior to rendering services for Terry Manufacturing in the <u>Commerical Factors</u> lawsuit.  Therefore, general jurisdiction over Defendants in the state of Alabama would not exist as a matter of law.  Likewise, it is undisputed that Defendants had no contact with Alabama regarding Terry Manufacturing's representation in the <u>Commercial Factors</u> lawsuit.  Thus, there also would be no specific jurisdiction over Defendants in Alabama. <u>See</u> <u>Ex parte Dill, etc.</u>, 866 So. 2d at 531-32 (holding that specific jurisdiction did not exist over out-of-state law firm even for malpractice claim concerning securities filings made by law firm in Alabama).

[2]  Indeed, the Trustee is now attempting to assert his malpractice claims against Defendants by cross-claim in the declaratory judgment action initiated by Defendants' insurance carrier.  <u>See</u> <u>Georgia Lawyers Insurance Company v. DeLong, Caldwell, Novotny & Bridgers, LLC, Earnest H. DeLong, Jr., and J. Lester Alexander, III, Trustee In Bankruptcy</u>, In the United States Bankruptcy Court for the Middle District of Alabama, Case No. CV-05-3033, document no. 3.  As set forth in the pleadings in the declaratory judgment action, the insurer is a Georgia corporation, it is suing its Georgia insured for a determination of its duties, if any, under a policy of insurance sold in Georgia with regard to legal services rendered in Georgia.  As a declaratory action filed pursuant to 28 U.S.C.A. § 2201, Defendants would have a right to trial by jury on both the Trustee's cross claim and the insured's complaint. <u>See</u> <u>Beacon Theatres, Inc. v. Westover</u>, 359 U.S. 500, 79 S. Ct. 948, 3 L.Ed.2d. 988 (1959).  Whether Defendants exercise or forego such right, undeniably a Georgia jury and a Georgia court would have the greater interest in enforcing all of the parties' legal rights, and not just the Trustee's rights to the exclusion of everyone else.

10

**(f)    Whether This Case Presents a Novel Question of Georgia Law is Unresolved.**

The only argument the Trustee has made regarding the application of Georgia law is his own self-serving contention that the case presents no novel questions of state law and can, therefore, be resolved in an Alabama court. However, Defendants expressly stated in their Memorandum Brief that based upon the current status of the proceedings, they do not yet know if this case will or will not present a novel or unsettled question of Georgia law. See Memorandum Brief at 39 ("Because discovery has only recently begun and the Trustee's claims are general, Delong and Law Firm do not yet know whether the Trustee's claims might eventually present a novel question or unsettled question of state law.").

The Defendants have propounded Interrogatories and Request for Production of Documents (Exhibit B) to the Trustee exploring the legal and factual basis for the Trustee's legal malpractice claim and, until such discovery is answered, these defendants have no way of knowing whether the Trustee's claims will present a novel or unsettled question of law.  Therefore, it is the Trustee's burden to satisfy the Court that his claims are not novel or are governed by well established Georgia law.  The Trustee has not offered any such evidence. Accordingly, the Trustee has failed to overcome or rebut the numerous factors that support the transfer of this case, in the interest of justice, to the United States

District Court for the Northern District of Georgia.

**III.    BASED ON THE UNDISPUTED EVIDENCE, DEFENDANTS' MOTION IS DUE TO BE GRANTED FOR THE CONVENIENCE OF THE PARTIES.**

**(a)    Retaining Jurisdiction Would Serve No Public Policy.**

The Trustee once again argues that transferring this case "could logically lead to wholesale transfers resulting in significantly increased costs to the estate and reduced proceeds available for distribution to creditors." Trustee Opposition Brief at 15 (citing In re Hechinger Inv. Co. of Delaware, Inc., 296 B.R. 323, 327 (Bankr. D. Del. 2003) (discussing how transfer could also result in transfer of "hundreds, if not thousands" of preference actions in debtor's Chapter 11 case)). However, not once has the Trustee ever identified either the "increased costs" or "reduced proceeds" that will result if a transfer is granted, or how same will occur. The obvious reason is that denying Defendants' Motion would not serve or enforce the public policy against piecemeal bankruptcy litigation.  When the defendants filed their pending Motion on May 16, 2005, there were only 14 related adversary proceedings remaining out an initial 35, and only ten (10) were active.  Since the filing of the Defendants' pending Motion, there are now only eight (8) adversary proceedings remaining besides this one, with only five (5) active.  Again, as implicitly admitted by the Trustee, all of the other adversary proceedings are routine preference actions and none involve a legal malpractice claim which predominates the preference claims both in scope of damages

sought, witnesses required and complexity of the issues.  Indeed, the sole basis pled for the avoidance of preference and fraudulent transfer claims is the Trustee's allegations that the Defendants were allegedly aware that Terry Manufacturing Company was insolvent or in bankruptcy at the time fees for legal services were allegedly paid to the Law Firm.

However, the Trustee has identified at least five alleged acts and/or omissions that underlie his malpractice claim, which range from DeLong and the Law Firm's alleged failure to obtain a written waiver of conflict of interest, an alleged failure to discuss such conflict of interest, and an alleged failure to assert and pursue dispositive defenses on behalf of Terry Manufacturing Company in the Commercial Factors lawsuit.  Each and every one of these allegations is factually driven and for the Trustee to prevail he must identify the harm proximately caused by each alleged act and omission and, in the case of the alleged dispositive defenses, he must identify the defenses that should have been raised, the legal merits of such defenses and whether Terry Manufacturing could have prevailed on the defenses.  Clearly the Trustee's case against these Defendants bears little resemblance to five (5) remaining preference actions. Accordingly, the Defendants' Motion should be transferred both in the interest of justice and for judicial convenience as well.

13

**(b)    The Northern District of Georgia is the Most Convenient Federal Forum for this Proceeding.**

It is undisputed that there is no documentary evidence nor potential witnesses located in Montgomery, Alabama (or within at least 80 miles of Montgomery) relative to this Adversary Proceeding. The Trustee's witnesses are all agents of the Trustee and reside in Birmingham. The Trustee's boxes of documents that will be used as evidence are located in either New Orleans or Birmingham. The Trustee's attorney is located in New Orleans.

All of the Defendants' witnesses are located in Atlanta or Roanoke. All of the Defendants' records are located in Atlanta. At least one of the Defendants' attorneys is located in Atlanta. In fact, the only federal venue that has any real connection with the witnesses and evidence in this case is the Northern District of Georgia. As previously set forth, the Defendants' witnesses in Georgia, such as Rudolph Terry, are not subject to subpoena in Alabama.

Finally, other than the Trustee's self-serving allegation that it would be more convenient for him to try this case in the Middle District of Alabama, the Trustee hasn't given any example whatsoever of how it would be more convenient. As with Montgomery, Atlanta is within easy commute for the Trustee's Birmingham witnesses. Moreover, airfares are certainly cheaper between New Orleans and Atlanta than New Orleans and Montgomery. Accordingly, there is no evidence nor legitimate argument that trying this

proceeding in the Middle District of Alabama provides any substantive savings or efficiencies for the estate over any other venue.

In fact, the Trustee overlooks the entire economic cost of litigation.  If he considered the entire cost then there can be no debate that the Northern District of Georgia is the more convenient forum.  For example, if the case is tried in the Middle District of Alabama, then both the Trustee's witnesses and the Defendants' witnesses must travel.  If tried in Atlanta, then only the Trustee's witnesses would commute.  Thus, transferring the case is actually in the greatest interest of judicial economy.

**(c)    This Proceeding can be Tried and Resolved Quickly in the Northern District of Georgia.**

The Trustee claims that the Defendants have failed to establish that their claims can be heard in a reasonable and timely manner in the United States District Court for the Northern District of Georgia.  However, this Court can take judicial notice of the records of the Administrative Office of the United States Court.   According to such records, published on the Administrative Office's website at //www.uscourts.gov/, the judicial case load profile for the Northern District of Georgia is statistically equivalent to that of the Middle District of Alabama.  For statistical year 2004, the medium disposition time in civil cases was 9.3 months in the Northern District Court of Georgia, compared to 9.2 for the Middle District of Alabama. (Exhibits C and D).  The medium time from the filing

15

of a case to trial is 22 months in the Northern District of Georgia, compared to 20 months in the Middle District of Alabama.  Thus, there is hardly any empirical distinction between the two districts.

Moreover, the historical trends favor disposition in the Northern District of Georgia.  For the five years proceeding the September cutoff for the 2004 statistical year, the medium disposition time for cases in the Northern District of Georgia has declined almost every year, whereas it has risen almost every year in Middle District of Alabama.  Accordingly, if such statistics have remained true for the past nine months then the case disposition time in the Northern District of Georgia is now likely equal to or better than the Middle District of Alabama.  Accordingly, this Court can take judicial notice that the Trustee's claims can be heard just as quickly and conveniently in the Northern District of Georgia as they can in the Middle District of Alabama.

**(d)    The Trustee Can Still Keep His Attorney.**

The Trustee claims that this case should remain in the Middle District of Alabama because his lawyer is not licensed to practice law in the state of Georgia and therefore could not continue to represent the Trustee in the United States District Court for the Northern District of Georgia.  However, the Trustee's lawyer is not admitted to practice law in the state of Alabama either, as confirmed by the Trustee's very own cover letter that accompanied the service copy of Trustee's Opposition to Motion to Dismiss. See Exhibit E.  According to the Trustee's

16

letterhead, he is only licensed to practice law in Louisiana and Texas.

There can be no dispute that Attorney Brent Barriere can continue to represent the Trustee *pro hac vice* in the United States District Court for the Northern District of Georgia.  It should be relatively easy for Brent Barriere to obtain *pro hac vice* status since there are at least four (4) lawyers in his law firm that are licensed with the Georgia State Bar.  According to the online membership directory maintained by the Georgia State Bar, attorney Leah Nunn in Phelphs, Dunbar's New Orleans office is licensed in Georgia, as well as attorneys Damany F. Ransom, Ross F. Bass, Jr. and Frank W. Trapp, all with the Phelphs, Dunbar office in Jackson, Mississippi. <u>See</u> Exhibit F.  This argument should be summarily dismissed.

**(e)    The Trustee's Opposition is Based on His Lawyer's Economic Interest, and not In the Interest of Justice or Convenience of the Parties.**

The Trustee's main argument against transfer appears to be the economic interests of his attorney, and not the interest of justice or convenience of the parties.  For example, the Trustee claims, without offering any explanation, that a transfer will likely result "in a significant increase in the attorney's fees incurred by the estate." Opposition Brief at 13.  Since the Trustee can retain his current lawyer, who is based in New Orleans, this seems highly unlikely.  Yet in the very next sentence, the Trustee states that his attorney is employed under a contingency agreement.  Therefore, transfer should not be an issue.

The Trustee also argues that a transfer will defeat the "efficiencies of prosecuting multiple adversary proceedings on behalf of the Trustee." Opposition Brief at 13.  However, there are only five (5) adversary proceedings remaining and none of them share the same trial setting with this proceeding. Consequently, there are no "efficiencies" to maintain.  In the end this proceeding will have to be tried somewhere and irrespective of whether its tried in Montgomery or Atlanta, the Trustee and his witnesses will still have to commute and will still use New Orleans lawyers.  Accordingly, there is no legitimate economic or judicial reason why this case, which is based on alleged acts and omissions occurring in Georgia by Georgia lawyers and subject to Georgia law, should remain in the Middle District of Alabama.  Again, the standard is whether the granting of the relief requested by Defendants is in the interest of justice or for the convenience of the parties, and not whether it is economically beneficial to the Trustee's attorney.  The undisputed evidence is that Defendants' requested relief would serve the interest of justice and provide greater convenience for the parties.  Accordingly, Defendants' Motion should be granted.

    **(f)    The Home Court Presumption Cannot Defeat the Interest of Justice and Convenience of the Parties.**

Finally, the Trustee continues to use his tired old argument that this Court was the original forum and that there is a home court presumption.  No where, however, has the Trustee addressed how this fact outweighs the interest of

18

justice and convenience of the parties.  Undeniably, the home court presumption is just one of many factors the Court must consider in determining whether the relief requested by Defendants would be in the interest of justice or for the convenience of the parties.  In the end, the overall weight of the factors is the determinative consideration.  As addressed herein, the overall weight of the undisputed factors favors the Defendants and, therefore, the Court should dismiss this case, abstain from hearing the state law claims, or transfer the proceeding in its entirely to the United States District Court for the Northern District of Georgia for a full and final resolution there.

Respectfully submitted this the _30th__ day of June, 2005.


/s/ J. Flynn Mozingo_____
J. Flynn Mozingo (MOZ/003)
Joseph C. Espy, III (ESP002)
Attorneys for **Earnest H. "Woody"
DeLong, Jr. and DeLong, Caldwell,
Novotny & Bridgers, LLC**
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL  36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
fmozingo@mewlegal.com

OF COUNSEL:

Robert F. Northcutt
Attorney for DeLong, Caldwell,
Novotny & Bridgers, LLC
Capell & Howard
P.O. Box 2069
Montgomery, AL 36102
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
rfn@chlaw.com

Charles D. Butler
Attorney for DeLong, Caldwell,
Novotny & Bridgers, LLC
Shapiro Fussell
One Midtown Plaza
Suite 1200
1360 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 870-2212
Facsimile: (404) 870-2222
dbutler@shapirofussel.com

## CERTIFICATE OF SERVICE

_____I hereby certify that on this the _30[th]_ day of June, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

Brent B. Barriere
Phelps Dunbar, LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

Teresa R. Jacobs
US Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

/s/ J. Flynn Mozingo_____
J. Flynn Mozingo (MOZ/003)
Joseph C. Espy, III (ESP002)
Attorneys for **Earnest H. "Woody" DeLong, Jr. and DeLong, Caldwell, Novotny & Bridgers, LLC**
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL  36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
fmozingo@mewlegal.com

21

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re

Case No. 03-32063-WRS
Chapter 7

TERRY MANUFACTURING
COMPANY INC.,

Debtor

### MEMORANDUM DECISION

This Chapter 7 bankruptcy case came before the Court for hearing on the Trustee's

Motion for Authority to enter into Joint Prosecution Agreement. (Doc. 927). HLC Industries has

filed an objection. (Doc. 938). The Court heard the matter on May 24, 2005. The Trustee was

present in person and by counsel Brent B. Barriere. HLC Industries was present by counsel

Robert L. Shields, III and Michael L. Temin. The Bankruptcy Administrator was present by

counsel Michael Fritz. For the reasons set forth below, the motion is DENIED.

### I. FACTS

This bankruptcy case began when the Debtor filed a petition in bankruptcy under Chapter

11 on July 7, 2003. On July 10, 2003, the Court appointed J. Lester Alexander as Trustee. (Doc.

20). On April 16, 2004, the Trustee moved to employ Phelps Dunbar as counsel. (Doc. 526).

On May 13, 2004, this case was converted to a case under Chapter 7. (Docs. 579, 580). On

July 20, 2004, the Court approved the employment of Phelps Dunbar. (Doc. 660).

The application to employ Phelps Dunbar was cast in terms of 11 U.S.C. § 327(e).[1]

---

[1] A trustee may employ an attorney under either Section 327(a) or 327(e). Employment
is made under 327(a) when the attorney "assists the trustee in carrying out the trustee's duties."
Section 327(e) is used to where representation is for a "specified special purpose." This
provision is normally used when a lawyer is employed to handle a lawsuit or a discrete matter,



EXHIBIT

A

Proceeding 04-3135).  In this vast sea of alleged wrongdoing, the Court does not share the Trustee's optimism he has located an island of reliable fact upon which he can moor his case.

Even if the argument advanced by the Trustee is valid, based upon the facts presently known (or believed to be known), there is nevertheless an insurmountable problem here.  If there has been one overriding theme to these bankruptcy proceedings, it is that the former principals of the Debtor corporations are not reliable and that records and documents created by them cannot be accepted at face value.  Indeed, one of the Terrys is in Federal prison and allegations of wrongdoing have been made, by a variety of parties including the Trustee, on the part of the entire management team of the Debtor.  To base a finding that the interests of the Trustee and Actrade are aligned upon the facts as presently known is unacceptable.  It may very well be that the interests of the estate, Actrade and HLC are all in opposition to one another.

The Court is aware that the motives of HLC in making its objection to the joint prosecution agreement are not pure.  Indeed, outside of the sometimes unrealistic world of the Bankruptcy Code, two parties with potentially antagonistic interests will throw in together to fight a common enemy.  Indeed, the Alabama Rules of Professional Conduct specifically permit lawyers to represent parties in such situations.  See, Rule 1.7(a), Alabama Rules of Professional Conduct.  The problem is that in the situation involving a bankruptcy estate where there is no client who can properly evaluate a conflict and determine whether it is in his best interests to waive the conflict and proceed with one lawyer or decline to waive the conflict and proceed with separate counsel.  The only persons who truly know the facts have no incentive to cooperate with the Trustee.  While the Court does not question that the Trustee has probably made the best decision based upon the information at hand, his contention that the estate's interests are aligned

-6-

with Actrade and against HLC, is not adequately supported. As the Court finds that there is an actual conflict of interest between the estate and Actrade, the joint prosecution agreement is not approved.

The following consequences flow from the Court's finding of an actual conflict of interest. First, the motion to approve the joint prosecution agreement (Doc. 927) is DENIED. Second, the motion of Actrade to intervene in Adversary Proceeding 04-3068 is DENIED. (Adv. Pro. 04-3068, Doc. 27). Third, Adversary Proceeding 05-3031 is DISMISSED, WITHOUT PREJUDICE.

### III.  CONCLUSION

The motion to approve the joint prosecution agreement will be treated as one to amend the conditions of employment for Phelps Dunbar. This application is governed by the provisions of 11 U.S.C. § 327(a) and (c). As HLC is a creditor, and as they object, the Court must deny the instant application as it finds that there is an actual conflict of interest between the estate and Actrade. The Court further finds that it must deny the application, even if it accepts as true, the Trustee's claim that it would be in the best interests of the estate to waive any conflict of interest The Court will enter separate orders is accordance with Rule 9021, Fed. R. Bankr. P.

Done this 2nd day of June, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Trustee
   Robert L. Shields III, Attorney for HLC Industries
   Michael L. Temin, Attorney for HLC Industries
   Teresa R. Jacobs, Bankruptcy Administrator

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING | ) | CASE NO. 03-32063-WRS |
| COMPANY, INC., | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | | |
| IN RE: | ) | |
| | ) | |
| TERRY UNIFORM COMPANY, | ) | CASE NO. 03-32213-WRS |
| LLC. | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | | |
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF TERRY | ) | |
| MANUFACTURING COMPANY, | ) | |
| INC. AND TERRY UNIFORM | ) | ADVERSARY PROCEEDING |
| COMPANY, LLC. | ) | |
| | ) | NO. 04-03135 |
| v. | ) | |
| | ) | |
| DeLONG, CALDWELL, | ) | |
| NOVOTNY & BRIDGERS, LLC. | ) | |

## DEFENDANTS EARNEST H. DeLONG AND DeLONG, CALDWELL, NOVOTNY & BRIDGERS, LLC'S FIRST CONSOLIDATED DISCOVERY REQUEST TO TRUSTEE, J. LESTER ALEXANDER

COME NOW Defendants **Earnest H. DeLong ("DeLong"), and DeLong, Caldwell,**

**Novotny and Bridgers, LLC ("Law Firm")** and without waiving any rights and defenses

including, but not limited to, these Defendants' Motion to Dismiss, Transfer, or Abstain,

currently pending before the Court, propounds to the Trustee, J. Lester Alexander, III

("**Trustee**"), the following Consolidated Discovery pursuant to Rules 26, 33, 34 and 36 of the

1



EXHIBIT

B

Federal Rules of Civil Procedure, to be answered fully and completely on the basis of such

information as is available to the Trustee, his agents, consultants, attorneys, advisors, and other

people with access to the information requested from whom the Trustee can obtain such

information.  Trustee shall make such production at the office of Melton, Espy & Williams, P.C.,

301 Adams Avenue, Montgomery, Alabama, or at such other location as the parties shall

mutually agree.

## I. DEFINITIONS

The following words, when used in this Consolidated Discovery Request, unless

otherwise indicated shall mean:

(A)    As used herein, the singular shall always include the plural, and the present tense

shall always include the past tense.

(B)    As used herein, "and" as well as "or" shall be construed disjunctively and

conjunctively in order to bring within the scope of this request all responses which might

otherwise be construed to be outside its scope.

(C)    "Document" shall mean letters, correspondence, memoranda, notes, work papers,

charts, reports, ledgers, drawings, plans, specifications, contracts or photographs, and shall

include but shall not be limited to, any written, printed, typed or other graphic matter of any kind

or nature, all mechanical, magnetic, and electronic sound recordings or transcripts thereof, all

microfilm, microfiche, or other reproductions, and all data, information or statistics contained

within any data storage modules, tapes, discs or other memory devices (including IBM, punched

or similar cards for information, data and programs), or other information retrieval storage

systems (including computer-generated reports and print-outs) in the possession and/or control of

2

you and/or your counsel or agents, known by you to exist. It shall also mean all drafts and/or copies of documents by whatever means made.

(D)    The terms "related," "relating," "reflecting," and "in relation to" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, or indicating, or constituting evidence of, in whole or in part.

(E)    The term "statement" shall mean a written statement, signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is substantially verbatim recital or an oral statement by the person making it and contemporaneously recorded.

(F)    With respect to each document herein requested to be produced and which has not been so produced on the ground of any alleged privilege, identify each such document by specifying its date, author(s), recipient(s), subject matter, all personnel to whom such document has been shown or discharged, and set forth the basis of your claim or alleged privilege with respect thereto.

(G)    "Incident" - The event or events, transactions, or occurrences made the basis of this suit.

(H)    "You" - The Trustee who is answering these interrogatories, or any agent, employee, including any experts whom Trustee expects to be called as witnesses at trial, attorneys, and people who have access to the information requested from whom the Trustee can obtain such information.

(I)    "Document" and "documents" - All written, recorded or graphic matters whatsoever and all nonidentical copies thereof, including, but not limited to, papers, books,

3

records, letters, photographs, tangible things, correspondence, communications, tele-grams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, charts, manuals, publications, journals, statistical records, diaries, lists, tabulations, telephone lists or indexes, graphs, diagrams, drawings, plans, bills, invoices, receipts, cancelled checks, vouchers, ledger sheets, statements of witnesses, findings of investigations, insurance policies, claim forms, reports of experts, reports of consultants, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to any of the foregoing, all things similar to the foregoing, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure of any kind or character in your possession, custody or control or known by you to exist.

(J)    "Identify", "identity" or "identification" -

(1) When used in reference to an individual, shall mean to state his or her full name, employer at the time of the incident in question, position held at the time of the incident in question, present or last known residence, present or last known employer and position held, and business address;

(2) When used in reference to a corporation, shall mean to state its full name, its state of incorporation, its principal place of business, and its business address;

(3) When used in reference to a partnership, shall mean to state its principal place of business;

(4) When used in reference to a person other than an individual, corporation or partnership, shall mean to state its official name, its organizational form and its address;

4

(5) When used in reference to an act, shall mean to state the time and place of the act, the nature of the act, the name of the person or persons performing or joining in the act, and the names of all persons witnessing or having knowledge of such act;

(6) When used in reference to a document or documents, shall mean to state for each such document:

(i)   the type of document;

(ii)  the date, number or other identifying information appearing on the face of the document;

(iii) the date of the document or, if it has no date, the date the document was prepared;

(iv)  the author of the document;

(v)   the person or persons to whom the document was addressed;

(vi)  the present or last known location of the document; and

(vii) the present or last known custodian of the document.

**Please note** that in lieu of identifying a document, Trustee may produce the same for inspection and copying by Defendant pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Each document so produced should be identified by the number of the Interrogatory.

(K)      "Describe" or "description" - provide a narrative statement of the matter in question.

(L)      "Commercial Factors Litigation" - being that case styled <u>Commercial Factors of Atlanta, Inc. v. Terry Manufacturing Company, Inc. et al.</u>, in the Superior Court of Gwinnett County, Georgia, case no. CV-99-A-10650-5.

5

(M)    "Law Firm" - being the law firm of DeLong, Caldwell, Novotny & Bridgers, LLC.

## II. INSTRUCTIONS

(A)    If you cannot answer any Interrogatory or part thereof in full, you should answer

to the extent possible and state the reason for your inability to provide a complete answer.

(B)    These Interrogatories shall be deemed continuing and you shall file supplemental

answers as required if you obtain further information of the nature sought by these Interrogatories

subsequent to the time answers are served and prior to the time of final judgment in this case.

(C)    When used in these Interrogatories, the plural shall include the singular and the

singular shall include the plural.

## INTERROGATORIES

1.    Please identify every individual who provided any answers or assistance

for your response to these Interrogatories.

**RESPONSE:**

2.    With respect to the Trustee, J. Lester Alexander, III, please state your full legal

name, birth date, Social Security Number, driver's license number, and residence address.

**RESPONSE:**

3.    State the name, address, background training and work experience,

including any specialties, of each person you intend to call or may call as a witness (not

an expert witness) during the trial of this case.

6

a.  State the substance of the testimony you expect to be given by each
    such witness.

b.  State on what question(s) or issue(s) you propose to call each such
    witness.

**RESPONSE:**

4.  If you expect to call or may call an expert witness in the trial of this case,
state with respect to each such expert the following:

a.  His/her name, resident address, telephone number and employer.

b.  The subject matter to which he is expected to testify.

c.  The substance of the facts and opinions to which he is expected to
    testify.

d.  A summary of the grounds for each opinion.

e.  His education and experience or other background which you
    contend qualifies such person to testify as an expert witness on the
    matters referred to in your answers to this interrogatory.

f.  List all publications, speeches, presentations, articles, or similar
    material ever made or written by said expert or experts.

**RESPONSE:**

5.  Name each and every Rule of Professional Conduct of the State of Alabama and

the State of Georgia that you contend were violated by Defendants Earnest H. DeLong, Jr. and

Law Firm.

**RESPONSE:**

7

6.    Please identify each and every defense of Terry Manufacturing Company that you contend was not raised in the Commercial Factors Litigation that would or should have been raised but for the alleged legal malpractice.

**RESPONSE:**

7.    For each defense listed in the previous Interrogatory, identify each and every fact that you contend supports such defense.

**RESPONSE:**

8.    Please identify each and every fact to support your allegations that Rudolph Terry acted outside the scope and course of his employment and that he alone was responsible for the conduct at issue in the Commercial Factors Litigation.

**RESPONSE:**

9.    Please identify each and every fact to support your claim that Terry Manufacturing played no role in the generation of bogus invoices in the Commercial Factors Litigation and that the creation of bogus invoices was not done by or at the request of Terry Manufacturing and that Terry Manufacturing did not condone or support the generation of the invoices nor share in the payments related thereto.

**RESPONSE:**

10.    Please identify each and every fact to support your contention that the generation

8

of the bogus invoices in the Commercial Factors Litigation were at direct odds with the policies and procedures of Terry Manufacturing.

**RESPONSE:**


11.     Identify each and every fact that supports your allegations in paragraph 20 of the First Amended and Restated Complaint that DeLong and Law Firm never advised Terry Manufacturing of the existence of a conflict of interest between the interests of Terry Manufacturing and those of Rudolph Terry.

**RESPONSE:**


12.     Identify each and every fact that supports your allegations in paragraph 22(A) of the First Amended and Restated Complaint.

**RESPONSE:**


13.     Please identify each and every fact that supports your allegations in paragraph 22(B) of the First Amended and Restated Complaint.

**RESPONSE:**


14.     Please identify each and every fact that supports your allegations in paragraph 22(C) of the First Amended and Restated Complaint.

**RESPONSE:**

15.    Please identify each and every fact that supports your allegations in paragraph 22(D) of the First Amended and Restated Complaint.

**RESPONSE:**

16.    Please identify each and every fact that supports your allegations in paragraph 22(E) of the First Amended and Restated Complaint.

**RESPONSE:**

17.    Please identify each and every fact that supports your contention that Terry Manufacturing received either no value for attorneys' fees and expenses paid to DeLong and Law Firm or substantially less value than the amount of the payments.

**RESPONSE:**

18.    With respect to your response to Interrogatory number 17, identify what you contend was the fair market value of the services provided to Terry Manufacturing in the Commercial Factors Litigation, giving each and every fact upon which you base such value.

**RESPONSE:**

## REQUEST FOR PRODUCTION

1.    Please produce every document or statement that support your contentions in this case.

**RESPONSE:**

10

2.      Please produce a hard copy of the policy and procedure manuals of Terry Manufacturing Company, Inc. that provides that the generation of bogus invoices as referenced in paragraph 15 of the Complaint were at direct odds with Terry Manufacturing's policy and procedure.

**RESPONSE:**

3.      Produce any and all documents that concern, substantiate or relate to your allegations in paragraph 22(A) of the First Amended and Restated Complaint.

**RESPONSE:**

4.      Produce any and all documents that concern, substantiate or relate to your allegations in paragraph 22(B) of the First Amended and Restated Complaint.

**RESPONSE:**

5.      Produce any and all documents that concern, substantiate or relate to your allegations in paragraph 22(C) of the First Amended and Restated Complaint.

**RESPONSE:**

6.      Produce any and all documents that concern, substantiate or relate to your allegations in paragraph 22(D) of the First Amended and Restated Complaint.

**RESPONSE:**

11

7.    Produce any and all documents that concern, substantiate or relate to your allegations in paragraph 22(E) of the First Amended and Restated Complaint.

**RESPONSE:**

8.    Please produce any and all documents that substantiate, concern or relate to your allegations in the First Amended and Restated Complaint.

**RESPONSE:**

9.    Please produce any and all documents that substantiate, concern or relate to your responses to the Interrogatories herein.

**RESPONSE:**

10.    Please produce any and all documents identified in your response to the Interrogatories.

**RESPONSE:**

11.    Produce any and all expert reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause.

**RESPONSE:**

12

12.    Produce any and documents, including drafts, reviewed by or generated by any person which you may call as an expert witness in this case.

**RESPONSE:**

Respectfully submitted this the _15ᵗʰ__ day of June, 2005.

/s/ J. Flynn Mozingo
J. Flynn Mozingo (MOZ003)
Joseph C. Espy, III (ESP002)
Attorneys for **Earnest H. "Woody" DeLong, Jr. and DeLong, Caldwell, Novotny & Bridgers, LLC**
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL 36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
fmozingo@mewlegal.com

13

## CERTIFICATE OF SERVICE

I hereby certify that on this the _15th_ _ day of June, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

Brent B. Barriere
Phelps Dunbar, LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

Teresa R. Jacobs
US Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

Robert F. Northcutt
Capell & Howard
P.O. Box 2069
Montgomery, AL 36102

Charles D. Butler
Shapiro Fussell
One Midtown Plaza
Suite 1200
1360 Peachtree Street
Atlanta, GA 30309

/s/ J. Flynn Mozingo
J. Flynn Mozingo (MOZ003)
Joseph C. Espy, III (ESP002)
Attorneys for **Earnest H. "Woody"
DeLong, Jr. and DeLong, Caldwell,
Novotny & Bridgers, LLC**
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL 36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
fmozingo@mewlegal.com

14

## Miscellaneous:

04-03135 Alexander v. Delong, Caldwell, Novotny & Bridgers, L.L.c. et al

### U.S. Bankruptcy Court

### Middle District of Alabama

Notice of Electronic Filing

The following transaction was received from Mozingo, James F. entered on 6/15/2005 at 4:46 PM CDT and filed on 6/15/2005

**Case Name:**    Alexander v. Delong, Caldwell, Novotny & Bridgers, L.L.c. et al
**Case Number:**    04-03135
**Document Number:** 51

**Docket Text:**
First Discovery Request for Filed by James F. Mozingo on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c.. (Mozingo, James)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** O:\0ffice\Lawyers Ins. Co. of GA\Discovery\Discovery to Trustee.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996783231 [Date=6/15/2005] [FileNumber=2182889-0]
[7de8145aed08f3d43a9ee4b80778dce603ff008fa0c9c78d272f9001d444df449eef
b3ca7d27e89bbefb65c3dc258a88969c4207029e881d142e3ca33947041d]]

**04-03135 Notice will be electronically mailed to:**

Brent B. Barriere    barrierb@phelps.com, laskyk@phelps.com;determak@phelps.com

Charles D. Butler    dbutler@shapirofussell.com, cdblaw@comcast.net

Katherine M. Determan    determak@phelps.com, crombiet@phelps.com

Catherine E. Lasky    laskyk@phelps.com

Von G. Memory    vgmemory@memorylegal.com,

James F. Mozingo    fmozingo@mewlegal.com, wroberts@mewlegal.com

**04-03135 Notice will not be electronically mailed to:**

Joseph C. Espy
Melton Espy & Williams PC
301 Admas Avenue
Montgomery, AL 36104

J. Flynn Mozingo
Melton Espy & Williams PC
301 Adams Ave
Montgomery, AL 36104

Robert F. Northcutt
Capell & Howard PC
PO Box 2069
Montgomery, AL 36102-2069

David L. Patron
Phelps Dunbar LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING COMPANY, INC., | ) | CASE NO. 03-32063-WRS |
| | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | | |
| IN RE: | ) | |
| | ) | |
| TERRY UNIFORM COMPANY, LLC. | ) | CASE NO. 03-32213-WRS |
| | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | | |
| J. LESTER ALEXANDER, III, TRUSTEE OF TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC. | ) ) ) ) ) | ADVERSARY PROCEEDING |
| | ) | NO. 04-03135 |
| v. | ) | |
| | ) | |
| DeLONG, CALDWELL, NOVOTNY & BRIDGERS, LLC. | ) ) | |

### DEFENDANTS EARNEST H. DeLONG AND DeLONG, CALDWELL, NOVOTNY & BRIDGERS, LLC'S FIRST CONSOLIDATED DISCOVERY REQUEST TO TRUSTEE, J. LESTER ALEXANDER

COME NOW Defendants **Earnest H. DeLong ("DeLong"), and DeLong, Caldwell,**

**Novotny and Bridgers, LLC ("Law Firm")** and without waiving any rights and defenses

including, but not limited to, these Defendants' Motion to Dismiss, Transfer, or Abstain,

currently pending before the Court, propounds to the Trustee, J. Lester Alexander, III

("**Trustee**"), the following Consolidated Discovery pursuant to Rules 26, 33, 34 and 36 of the

1



EXHIBIT

B

Federal Rules of Civil Procedure, to be answered fully and completely on the basis of such

information as is available to the Trustee, his agents, consultants, attorneys, advisors, and other

people with access to the information requested from whom the Trustee can obtain such

information.  Trustee shall make such production at the office of Melton, Espy & Williams, P.C.,

301 Adams Avenue, Montgomery, Alabama, or at such other location as the parties shall

mutually agree.

## I. DEFINITIONS

The following words, when used in this Consolidated Discovery Request, unless

otherwise indicated shall mean:

(A)    As used herein, the singular shall always include the plural, and the present tense

shall always include the past tense.

(B)    As used herein, "and" as well as "or" shall be construed disjunctively and

conjunctively in order to bring within the scope of this request all responses which might

otherwise be construed to be outside its scope.

(C)    "Document" shall mean letters, correspondence, memoranda, notes, work papers,

charts, reports, ledgers, drawings, plans, specifications, contracts or photographs, and shall

include but shall not be limited to, any written, printed, typed or other graphic matter of any kind

or nature, all mechanical, magnetic, and electronic sound recordings or transcripts thereof, all

microfilm, microfiche, or other reproductions, and all data, information or statistics contained

within any data storage modules, tapes, discs or other memory devices (including IBM, punched

or similar cards for information, data and programs), or other information retrieval storage

systems (including computer-generated reports and print-outs) in the possession and/or control of

2

you and/or your counsel or agents, known by you to exist. It shall also mean all drafts and/or copies of documents by whatever means made.

(D)    The terms "related," "relating," "reflecting," and "in relation to" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, or indicating, or constituting evidence of, in whole or in part.

(E)    The term "statement" shall mean a written statement, signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is substantially verbatim recital or an oral statement by the person making it and contemporaneously recorded.

(F)    With respect to each document herein requested to be produced and which has not been so produced on the ground of any alleged privilege, identify each such document by specifying its date, author(s), recipient(s), subject matter, all personnel to whom such document has been shown or discharged, and set forth the basis of your claim or alleged privilege with respect thereto.

(G)    "Incident" - The event or events, transactions, or occurrences made the basis of this suit.

(H)    "You" - The Trustee who is answering these interrogatories, or any agent, employee, including any experts whom Trustee expects to be called as witnesses at trial, attorneys, and people who have access to the information requested from whom the Trustee can obtain such information.

(I)    "Document" and "documents" - All written, recorded or graphic matters whatsoever and all nonidentical copies thereof, including, but not limited to, papers, books,

3

records, letters, photographs, tangible things, correspondence, communications, tele-grams,

cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports,

records of telephone or other conversations, statements, summaries, opinions, studies, analyses,

evaluations, contracts, charts, manuals, publications, journals, statistical records, diaries, lists,

tabulations, telephone lists or indexes, graphs, diagrams, drawings, plans, bills, invoices, receipts,

cancelled checks, vouchers, ledger sheets, statements of witnesses, findings of investigations,

insurance policies, claim forms, reports of experts, reports of consultants, all records kept by

electronic, photographic or mechanical means, any notes or drafts relating to any of the

foregoing, all things similar to the foregoing, and any other documents as defined in Rule 34 of

the Federal Rules of Civil Procedure of any kind or character in your possession, custody or

control or known by you to exist.

    (J)    "Identify", "identity" or "identification" -

    (1) When used in reference to an individual, shall mean to state his or her full

name, employer at the time of the incident in question, position held at the time of the incident in

question, present or last known residence, present or last known employer and position held, and

business address;

    (2) When used in reference to a corporation, shall mean to state its full name, its

state of incorporation, its principal place of business, and its business address;

    (3) When used in reference to a partnership, shall mean to state its principal place

of business;

    (4) When used in reference to a person other than an individual, corporation or

partnership, shall mean to state its official name, its organizational form and its address;

4

(5) When used in reference to an act, shall mean to state the time and place of the act, the nature of the act, the name of the person or persons performing or joining in the act, and the names of all persons witnessing or having knowledge of such act;

(6) When used in reference to a document or documents, shall mean to state for each such document:

    (i)   the type of document;

    (ii)  the date, number or other identifying information appearing on the face of the document;

    (iii) the date of the document or, if it has no date, the date the document was prepared;

    (iv) the author of the document;

    (v)  the person or persons to whom the document was addressed;

    (vi) the present or last known location of the document; and

    (vii) the present or last known custodian of the document.

**Please note** that in lieu of identifying a document, Trustee may produce the same for inspection and copying by Defendant pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Each document so produced should be identified by the number of the Interrogatory.

(K)    "Describe" or "description" - provide a narrative statement of the matter in question.

(L)    "Commercial Factors Litigation" - being that case styled <u>Commercial Factors of Atlanta, Inc. v. Terry Manufacturing Company, Inc. et al.,</u> in the Superior Court of Gwinnett County, Georgia, case no. CV-99-A-10650-5.

5

(M)    "Law Firm" - being the law firm of DeLong, Caldwell, Novotny & Bridgers, LLC.

## II. INSTRUCTIONS

(A)    If you cannot answer any Interrogatory or part thereof in full, you should answer

to the extent possible and state the reason for your inability to provide a complete answer.

(B)    These Interrogatories shall be deemed continuing and you shall file supplemental

answers as required if you obtain further information of the nature sought by these Interrogatories

subsequent to the time answers are served and prior to the time of final judgment in this case.

(C)    When used in these Interrogatories, the plural shall include the singular and the

singular shall include the plural.

## INTERROGATORIES

1.    Please identify every individual who provided any answers or assistance

for your response to these Interrogatories.

**RESPONSE:**


2.    With respect to the Trustee, J. Lester Alexander, III, please state your full legal

name, birth date, Social Security Number, driver's license number, and  residence address.

**RESPONSE:**


3.    State the name, address, background training and work experience,

including any specialties, of each person you intend to call or may call as a witness (not

an expert witness) during the trial of this case.

6

     a.    State the substance of the testimony you expect to be given by each such witness.

     b.    State on what question(s) or issue(s) you propose to call each such witness.

**RESPONSE:**

4.    If you expect to call or may call an expert witness in the trial of this case, state with respect to each such expert the following:

     a.    His/her name, resident address, telephone number and employer.

     b.    The subject matter to which he is expected to testify.

     c.    The substance of the facts and opinions to which he is expected to testify.

     d.    A summary of the grounds for each opinion.

     e.    His education and experience or other background which you contend qualifies such person to testify as an expert witness on the matters referred to in your answers to this interrogatory.

     f.    List all publications, speeches, presentations, articles, or similar material ever made or written by said expert or experts.

**RESPONSE:**

5.    Name each and every Rule of Professional Conduct of the State of Alabama and the State of Georgia that you contend were violated by Defendants Earnest H. DeLong, Jr. and Law Firm.

    **RESPONSE:**

7

6.    Please identify each and every defense of Terry Manufacturing Company that you contend was not raised in the Commercial Factors Litigation that would or should have been raised but for the alleged legal malpractice.

**RESPONSE:**

7.    For each defense listed in the previous Interrogatory, identify each and every fact that you contend supports such defense.

**RESPONSE:**

8.    Please identify each and every fact to support your allegations that Rudolph Terry acted outside the scope and course of his employment and that he alone was responsible for the conduct at issue in the Commercial Factors Litigation.

**RESPONSE:**

9.    Please identify each and every fact to support your claim that Terry Manufacturing played no role in the generation of bogus invoices in the Commercial Factors Litigation and that the creation of bogus invoices was not done by or at the request of Terry Manufacturing and that Terry Manufacturing did not condone or support the generation of the invoices nor share in the payments related thereto.

**RESPONSE:**

10.    Please identify each and every fact to support your contention that the generation

8

of the bogus invoices in the Commercial Factors Litigation were at direct odds with the policies and procedures of Terry Manufacturing.

**RESPONSE:**

11.    Identify each and every fact that supports your allegations in paragraph 20 of the First Amended and Restated Complaint that DeLong and Law Firm never advised Terry Manufacturing of the existence of a conflict of interest between the interests of Terry Manufacturing and those of Rudolph Terry.

**RESPONSE:**

12.    Identify each and every fact that supports your allegations in paragraph 22(A) of the First Amended and Restated Complaint.

**RESPONSE:**

13.    Please identify each and every fact that supports your allegations in paragraph 22(B) of the First Amended and Restated Complaint.

**RESPONSE:**

14.    Please identify each and every fact that supports your allegations in paragraph 22(C) of the First Amended and Restated Complaint.

**RESPONSE:**

9

15.    Please identify each and every fact that supports your allegations in paragraph 22(D) of the First Amended and Restated Complaint.

**RESPONSE:**

16.    Please identify each and every fact that supports your allegations in paragraph 22(E) of the First Amended and Restated Complaint.

**RESPONSE:**

17.    Please identify each and every fact that supports your contention that Terry Manufacturing received either no value for attorneys' fees and expenses paid to DeLong and Law Firm or substantially less value than the amount of the payments.

**RESPONSE:**

18.    With respect to your response to Interrogatory number 17, identify what you contend was the fair market value of the services provided to Terry Manufacturing in the Commercial Factors Litigation, giving each and every fact upon which you base such value.

**RESPONSE:**

## REQUEST FOR PRODUCTION

1.    Please produce every document or statement that support your contentions in this case.

**RESPONSE:**

2.    Please produce a hard copy of the policy and procedure manuals of Terry Manufacturing Company, Inc. that provides that the generation of bogus invoices as referenced in paragraph 15 of the Complaint were at direct odds with Terry Manufacturing's policy and procedure.

**RESPONSE:**

3.    Produce any and all documents that concern, substantiate or relate to your allegations in paragraph 22(A) of the First Amended and Restated Complaint.

**RESPONSE:**

4.    Produce any and all documents that concern, substantiate or relate to your allegations in paragraph 22(B) of the First Amended and Restated Complaint.

**RESPONSE:**

5.    Produce any and all documents that concern, substantiate or relate to your allegations in paragraph 22(C) of the First Amended and Restated Complaint.

**RESPONSE:**

6.    Produce any and all documents that concern, substantiate or relate to your allegations in paragraph 22(D) of the First Amended and Restated Complaint.

**RESPONSE:**

11

7.    Produce any and all documents that concern, substantiate or relate to your allegations in paragraph 22(E) of the First Amended and Restated Complaint.

**RESPONSE:**

8.    Please produce any and all documents that substantiate, concern or relate to your allegations in the First Amended and Restated Complaint.

**RESPONSE:**

9.    Please produce any and all documents that substantiate, concern or relate to your responses to the Interrogatories herein.

**RESPONSE:**

10.    Please produce any and all documents identified in your response to the Interrogatories.

**RESPONSE:**

11.    Produce any and all expert reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause.

**RESPONSE:**

12

12.    Produce any and documents, including drafts, reviewed by or generated by any

person which you may call as an expert witness in this case.

**RESPONSE:**

Respectfully submitted this the _15th_ day of June, 2005.

/s/ J. Flynn Mozingo
J. Flynn Mozingo (MOZ003)
Joseph C. Espy, III (ESP002)
Attorneys for **Earnest H. "Woody" DeLong, Jr. and DeLong, Caldwell, Novotny & Bridgers, LLC**
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL  36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
fmozingo@mewlegal.com

13

## CERTIFICATE OF SERVICE

I hereby certify that on this the _15th_ _ day of June, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

Brent B. Barriere
Phelps Dunbar, LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

Teresa R. Jacobs
US Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

Robert F. Northcutt
Capell & Howard
P.O. Box 2069
Montgomery, AL 36102

Charles D. Butler
Shapiro Fussell
One Midtown Plaza
Suite 1200
1360 Peachtree Street
Atlanta, GA 30309

/s/ J. Flynn Mozingo
J. Flynn Mozingo (MOZ003)
Joseph C. Espy, III (ESP002)
Attorneys for **Earnest H. "Woody" DeLong, Jr. and DeLong, Caldwell, Novotny & Bridgers, LLC**
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL 36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
fmozingo@mewlegal.com

14

## Miscellaneous:

04-03135 Alexander v. Delong, Caldwell, Novotny & Bridgers, L.L.c. et al

### U.S. Bankruptcy Court

### Middle District of Alabama

Notice of Electronic Filing

The following transaction was received from Mozingo, James F. entered on 6/15/2005 at 4:46 PM CDT and filed on 6/15/2005

**Case Name:**        Alexander v. Delong, Caldwell, Novotny & Bridgers, L.L.c. et al
**Case Number:**      04-03135
**Document Number:** 51

**Docket Text:**
First Discovery Request for Filed by James F. Mozingo on behalf of Earnest H. DeLong Jr, Delong, Caldwell, Novotny & Bridgers, L.L.c.. (Mozingo, James)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** O:\0ffice\Lawyers Ins. Co. of GA\Discovery\Discovery to Trustee.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996783231 [Date=6/15/2005] [FileNumber=2182889-0]
[7de8145aed08f3d43a9ee4b80778dce603ff008fa0c9c78d272f9001d444df449eef
b3ca7d27e89bbefb65c3dc258a88969c4207029e881d142e3ca33947041d]]

**04-03135 Notice will be electronically mailed to:**

Brent B. Barriere    barrierb@phelps.com, laskyk@phelps.com;determak@phelps.com

Charles D. Butler    dbutler@shapirofussell.com, cdblaw@comcast.net

Katherine M. Determan    determak@phelps.com, crombiet@phelps.com

Catherine E. Lasky    laskyk@phelps.com

Von G. Memory    vgmemory@memorylegal.com,

James F. Mozingo    fmozingo@mewlegal.com, wroberts@mewlegal.com

**04-03135 Notice will not be electronically mailed to:**

Joseph C. Espy
Melton Espy & Williams PC
301 Admas Avenue
Montgomery, AL 36104

J. Flynn Mozingo
Melton Espy & Williams PC
301 Adams Ave
Montgomery, AL 36104

Robert F. Northcutt
Capell & Howard PC
PO Box 2069
Montgomery, AL 36102-2069

David L. Patron
Phelps Dunbar LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **GEORGIA NORTHERN** | | | 2004 | 2003 | 2002 | 2001 | 2000 | 1999 | Numerical Standing | |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 5,620 | 5,479 | 5,356 | 5,110 | 4,971 | 5,013 | | |
| | Terminations | | 5,370 | 5,102 | 5,437 | 4,996 | 5,133 | 5,325 | | |
| | Pending | | 4,649 | 4,415 | 4,035 | 4,151 | 4,048 | 4,231 | | |
| | % Change in Total Filings | Over Last Year | | 2.6 | | | | | 42 | 3 |
| | | Over Earlier Years | | | 4.9 | 10.0 | 13.1 | 12.1 | 42 | 1 |
| | Number of Judgeships | | 11 | 11 | 11 | 11 | 11 | 11 | | |
| | Vacant Judgeship Months** | | 1.6 | .0 | .0 | .0 | 11.9 | 12.0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 511 | 498 | 487 | 465 | 452 | 456 | 30 | 3 |
| | | Civil | 438 | 422 | 416 | 403 | 392 | 401 | 18 | 3 |
| | | Criminal Felony | 55 | 60 | 56 | 62 | 60 | 55 | 68 | 8 |
| | | Supervised Release Hearings** | 18 | 16 | 15 | - | - | - | 46 | 5 |
| | Pending Cases | | 423 | 401 | 367 | 377 | 368 | 385 | 40 | 4 |
| | Weighted Filings** | | 625 | 595 | 557 | 540 | 525 | 509 | 10 | 2 |
| | Terminations | | 488 | 464 | 494 | 454 | 467 | 484 | 39 | 4 |
| | Trials Completed | | 20 | 21 | 21 | 20 | 20 | 22 | 41 | 5 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 8.8 | 8.2 | 8.1 | 7.7 | 6.7 | 6.7 | 62 | 9 |
| | | Civil** | 9.3 | 9.3 | 9.8 | 9.1 | 10.2 | 10.4 | 38 | 6 |
| | From Filing to Trial** (Civil Only) | | 22.0 | 25.5 | 23.5 | 24.0 | 27.0 | 22.8 | 41 | 6 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 70 | 65 | 64 | 71 | 58 | 42 | | |
| | | Percentage | 1.8 | 1.7 | 1.8 | 2.0 | 1.6 | 1.1 | 19 | 3 |
| | Average Number of Felony Defendants Filed Per Case | | 1.6 | 1.7 | 1.6 | 1.6 | 1.6 | 1.6 | | |
| | Jurors | Avg. Present for Jury Selection | 38.96 | 36.40 | 37.21 | 43.27 | 36.44 | 35.09 | | |
| | | Percent Not Selected or Challenged | 32.1 | 31.2 | 32.1 | 40.4 | 40.9 | 34.9 | | |

| 2004 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 4822 | 179 | 53 | 1184 | 73 | 54 | 164 | 532 | 966 | 202 | 1071 | 14 | 330 |
| Criminal* | 593 | 78 | 8 | 164 | 9 | 22 | 116 | ** | 11 | 95 | 7 | 24 | 59 |

\*  Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

**EXHIBIT**
C

# PHELPS DUNBAR LLP
— COUNSELORS AT LAW —

| New Orleans, LA | | Jackson, MS |
|---|---|---|
| Baton Rouge, LA | Canal Place | Tupelo, MS |
| Houston, TX | 365 Canal Street • Suite 2000 | Gulfport, MS |
| London, England | New Orleans, Louisiana 70130-6534 | Tampa, FL |

(504) 566-1311
Fax (504) 568-9130

**BRENT B. BARRIERE**
Partner
New Orleans Office
Admitted in Louisiana and Texas
(504) 584-9210
barriereb@phelps.com

www.phelpsdunbar.com

June 15, 2005

20745-1

C. David Butler, Esq.
Shapiro Fussell Wedge
  Smotherman Martin & Price, LLP
1360 Peachtree Street
One Midtown Plaza, Suite 1200
Atlanta, GA 30309-3214

Robert Northcutt, Esq.
Capel & Howard
P. O. Box 2069
Montgomery, AL 36102

J. Flynn Mozingo, Esq.
Melton, Espy & Williams, P.C.
301 Adams Avenue
Montgomery, AL 36104

Re:    J. Lester Alexander, III v. DeLong, Caldwell, Novotny & Bridgers, LLC
       Adversary Proceeding No. 04-3135

Dear Gentlemen:

I enclose a copy of the Trustee's Opposition to Motion to Dismiss which has been filed in the above-captioned matter.

Sincerely yours,

Brent B. Barriere

BBB/dob
Enclosures

**EXHIBIT**

E

SEARCH



### State Bar of Georgia
**Lawyers Serving the Public and the Justice System**

- Casemaker
- Directories
  - Member Directory Search
  - State Bar Staff
  - Special Committees
  - Standing Committees
  - State Bar Officers
  - State Bar Executive Committee
  - Board of Governors
  - Past Presidents
  - Local and Circuit Bars
- Check CLE
- Handbook
- Member Essentials
- Programs
- Ethics
- Communications
- Sections
- Young Lawyers Division
- Related Organizations
- Bar Meetings
- Parking Deck
- Sponsorship/Marketing
- Public Information

Home»Directories»Member Directory Search»Member Detail

# Member Detail

**Ms. Leah Elizabeth Nunn**
**Company:** Phelps Dunbar, L.L.P.
**Address:**
Suite 2000 Canal Place
365 Canal Street
New Orleans, LA 70130
**Phone:** 504-566-1311
**Fax:** 504-568-9130
**Email:** nunnl@Phelps.com
**Admit Date:** 10/01/1996
**Law School:** Louisiana State Univ.



EXHIBIT

F



[                    ] [ SEARCH ]

About the Bar | FAQs | Contact the Bar



- Casemaker
- Directories
  - Member Directory Search
  - State Bar Staff
  - Special Committees
  - Standing Committees
  - State Bar Officers
  - State Bar Executive Committee
  - Board of Governors
  - Past Presidents
  - Local and Circuit Bars
- Check CLE
- Handbook
- Member Essentials
- Programs
- Ethics
- Communications
- Sections
- Young Lawyers Division
- Related Organizations
- Bar Meetings
- Parking Deck
- Sponsorship/Marketing
- Public Information

Home»Directories»Member Directory Search»Member Detail

# Member Detail

**Mr. Damany Freeman Ransom**
**Company:** Phelps Dunbar LLP
**Address:**
Suite 600
111 East Capitol Street
Jackson, MS 39201-2122
**Phone:** 601-360-9748
**Email:** ransomd@phelps.com
**Admit Date:** 06/13/2002
**Law School:** University of Michigan

**Status:** Active Member in Good Standing

SEARCH

About the Bar | FAQs | Contact the Bar



**State Bar of Georgia**

Lawyers Serving the Public and the Justice System

- Casemaker
- Directories
  - Member Directory Search
  - State Bar Staff
  - Special Committees
  - Standing Committees
  - State Bar Officers
  - State Bar Executive Committee
  - Board of Governors
  - Past Presidents
  - Local and Circuit Bars
- Check CLE
- Handbook
- Member Essentials
- Programs
- Ethics
- Communications
- Sections
- Young Lawyers Division
- Related Organizations
- Bar Meetings
- Parking Deck
- Sponsorship/Marketing
- Public Information

Home»Directories»Member Directory Search»Member Detail

# Member Detail

**Mr. Ross Frederick Bass Jr.**
**Company:** Phelps Dunbar, L.L.P.
**Address:**
P. O. Box 23066
Jackson, MS 39296-3066
**Phone:** 601-352-2300
**Fax:** 601-360-9777
**Admit Date:** 11/29/1973
**Law School:** University of Mississippi

**Status:** Inactive Member in Good Standing

| ▮SEARCH |

About the Bar | FAQs | Contact the Bar



**State Bar of Georgia**
Lawyers Serving the Public and the Justice System

- Casemaker
- Directories
  - Member Directory Search
  - State Bar Staff
  - Special Committees
  - Standing Committees
  - State Bar Officers
  - State Bar Executive Committee
  - Board of Governors
  - Past Presidents
  - Local and Circuit Bars
- Check CLE
- Handbook
- Member Essentials
- Programs
- Ethics
- Communications
- Sections
- Young Lawyers Division
- Related Organizations
- Bar Meetings
- Parking Deck
- Sponsorship/Marketing
- Public Information

Home»Directories»Member Directory Search»Member Detail

# Member Detail

**Mr. Frank Williams Trapp**
**Company:** Phelps Dunbar, LLP
**Address:**
P.O. Box 23066
Jackson, MS 39225-3066
**Phone:** 601-352-2300
**Fax:** 601-360-9777
**Admit Date:** 12/06/1979
**Law School:** University of Mississippi

**Status:** Active Member in Good Standing

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| In re | Case No. 03-32063-WRS |
| | Chapter 7 |
| TERRY MANUFACTURING | |
| COMPANY INC., | |
| | |
|       Debtor. | |

| | |
|---|---|
| In re: | Case No. 03-32213 |
| | |
| TERRY UNIFORM | |
| COMPANY, LLC. | |
| | |
|       Debtor. | |

| | |
|---|---|
| J. LESTER ALEXANDER III, | |
| TRUSTEE OF TERRY | |
| MANUFACTURING COMPANY, INC. | |
| AND TERRY UNIFORM COMPANY, | |
| LLC. | |
| | |
|       Plaintiff. | Adv. Pro. No. 04-3135-WRS |
| | |
| v. | |
| | |
| DELONG, CALDWELL, NOVOTNY | |
| & BRIDGERS, LLC., et. al., | |
| | |
|       Defendants. | |

**<u>MEMORANDUM DECISION</u>**

    This Adversary Proceeding is before the Court upon the second motion to transfer venue

which has been filed by the Defendants.  (Doc. 42).  On February 8, 2005, the Court denied the

first motion to transfer venue.  (Docs. 13, 14).  The Plaintiff has subsequently amended his

complaint adding Earnest H. DeLong, Jr., individually as a named Defendant and adding a cause

of action for malpractice. On March 14, 2005, the Court granted the Plaintiff leave to serve his

first amended complaint. (Docs. 33, 34). On May 26, 2005, Plaintiff again moved for leave to

amend his complaint.[1] (Doc. 48). As that motion is not opposed by the Defendants, the Court

will by way of a separate Order grant the Plaintiff leave to serve his second amended complaint.

For the reasons set forth below, the Defendants' motion to transfer venue is DENIED.

## I. FACTS

The Court will first examine the affidavits of Earnest DeLong which have been filed in

support of the motion to transfer venue. On May 16, 2005, the Defendants filed a "Motion to

Dismiss Case or in the Alternative Transfer Venue or Abstain on State Law Claims." (Doc. 42).

The Defendants submitted a Memorandum of Law in support of their motion. (Doc. 43).

Attached as Exhibit A to the Memorandum is a seven-page Affidavit of Earnest H. DeLong, Jr.,

dated May 11, 2005. (Doc. 43, pp. 45-52). In Paragraph 4 of the Affidavit, DeLong states, under

oath, among other things, that: "I have never practiced law in the State of Alabama."

In fact, on October 31, 2003, DeLong filed an "Objection of Winning Image, Inc. and

Terry Screen Print, Inc., to Trustee's Motion to Approve Sale of Property Free and Clear of

Liens," in the Terry Manufacturing bankruptcy case in this Court. (Case No. 03-32063, Doc.

207). As this Court is located in the State of Alabama, DeLong quite plainly practiced law here

when he objected to the Trustee's proposed sale of property. Therefore, DeLong's sworn

---

[1] This complaint names two additional Defendants: (1) DeLong, Caldwell, Logue & Wisebram and DeLong & Caldwell, L.L.C.

-2-

statement–that he had never practiced law in the State of Alabama–is not correct.

Terry Manufacturing, Inc., the Debtor in the underlying bankruptcy case,[2] had been in the business of manufacturing uniforms. Of particular interest, Terry Manufacturing had a contract to manufacture uniforms for McDonald's. A quantity of the uniforms were on hand at the time the bankruptcy case was filed. On August 21, 2003, J. Lester Alexander, III, the Trustee (who is also the Plaintiff in this Adversary Proceeding), filed a motion seeking this Court's approval to sell the McDonald's uniforms on hand, free and clear of liens and encumbrances. (Case No. 03-32063, Doc. 102). Acting on behalf of Winning Image, Inc., and Terry Screen Print, Inc., DeLong filed an objection in this Court to the Trustee's proposed sale of the uniforms, contending that the uniforms were the property of Winning Image, Inc., and Terry Screen Print, Inc., and not property of the bankrupt estate. (Case No. 03-32063, Doc. 207). Thus, DeLong's neglect to mention his earlier involvement in the Terry Manufacturing bankruptcy case is particularly dismaying because it may provide some support to the Trustee's contentions in this Adversary Proceeding.

On July 1, 2005, this Court denied the Plaintiff's motion to strike DeLong's Affidavit. (Doc. 58). It should be borne in mind that in denying the motion to strike the Court did not make

---

[2] One should keep in mind that Bankruptcy Courts use the term "case" differently than trial courts. When one files a petition in bankruptcy, the Court opens a case file and refers to the bankruptcy proceeding as a case. Bankruptcy cases may be filed under Chapter 7, 11, 12 or 13 of the Bankruptcy Code. The Terry Manufacturing bankruptcy case began as a case under Chapter 11 and was converted, on May 13, 2004, to a case under Chapter 7. A bankruptcy case may spawn any number of separate Adversary Proceedings, which are similar to civil actions. See, Rule 7001, et. seq., Fed. R. Bankr. P. This Adversary Proceeding is related to the Terry Manufacturing bankruptcy, Case No. 03-32063. For purposes of clarity, the term case should be used when referring to the Terry Manufacturing bankruptcy case and the term Adversary Proceeding should be used when referring to this or other Adversary Proceedings.

any determination as to whether the affidavit was true or not. Rather, this is the result of what one who was not schooled in the art of litigation may consider anomalous. The Court can strike an affidavit if it contains scandalous, indecent or impertinent matter. Rule 12(f), Fed. R. Civ. P. Moreover, it can also strike an affidavit if it is flawed as a matter of form, for example if the statement is not made on the basis of first hand knowledge. Rule 56, Fed. R. Civ. P. There is no provision under the Federal Rules of Civil Procedure that permits a Court to strike an affidavit because it is false. Thus, the anomalous result. A Court may strike an affidavit on a technicality but it cannot strike one that is not true.

In addition to DeLong's representation of Winning Image and Terry Screen Print in this Court, DeLong also represented Terry Manufacturing and others in a civil action in the Circuit Court of Randolph County, Alabama, styled <u>First Bank and Southtrust Bank v. Terry Manufacturing Company, Inc., et. al.</u>, Case No. CV-03-77. (Doc. 55, Exhibit 3). Moreover, DeLong was counsel of record in yet another civil action, again in the Circuit Court of Randolph County, Alabama, styled <u>Roosevelt McCorvey, et. al. v. Roy Terry and Rudolph Terry</u>, Civil Action No. CV2003-108. (Doc. 55, Exhibit 5).[3]

DeLong filed a second affidavit on June 13, 2005. (Doc. 50). In this affidavit DeLong admits his participation in one of the suits in Randolph County (Case No. CV-03-77) but ignores his participation in Case No. CV2003-108 and makes no mention of his participation in the Terry Manufacturing bankruptcy case. (Case No. 03-32063, Doc. 207). DeLong nevertheless

---

[3] The Plaintiff included a copy of a letter dated November 24, 2003, from a lawyer for the Plaintiffs to Earnest H. DeLong, Jr., and George Beck which states, in part, that "I enjoyed meeting you in Wedowee, Alabama last Thursday." This is yet another indication that DeLong practices law in Alabama.

-4-

maintains that he has never practiced law in the State of Alabama.[4] DeLong has appeared as counsel of record in at least three separate cases in Alabama courts (two civil actions in Randolph County and the Terry Manufacturing bankruptcy case here) yet he maintains that he has never practiced law in the State of Alabama. In all three of these episodes, DeLong entered appearances in courts in Alabama and filed pleadings on behalf of clients. DeLong's assertion, that this is not the practice of law, is wholly without merit. The Court finds that DeLong has practiced law in the State of Alabama, his affidavits notwithstanding.

## II. IN PERSONAM JURISDICTION

While the Defendants do not directly challenge this Court's jurisdiction, they appear to do so obliquely on pages 31 and 32 of their memorandum. (Doc. 43). The Defendants claim that they do not have minimum contacts with the State of Alabama, which strongly suggests that they contend that the Court lacks in personam jurisdiction.

For purposes of determining whether this Court has in personam jurisdiction, the Court looks to whether the Defendants have sufficient minimum contacts with the United States rather than the State of Alabama. Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 947 (11th Cir. 1997)(where federal law provides for nationwide service of process, courts look to minimum contacts with United States); Warfield v. KR Entertainment, Inc., (In re:

---

[4] DeLong states that: "In my prior Affidavit, I stated that I had never sought to be licensed with the Alabama State Bar and I have never practiced law in the State of Alabama. I re-affirm those statements and believe them, in my personal opinion, to be true and correct. Nonetheless, I was involved in a case filed in the Circuit Court of Randolph County Alabama, styled First Bank v. Terry Manufacturing Co., Case No. CV-03-77."

Federal Fountain), 165 F.3d 600 (8th Cir. 1999); Gentry Steel Fabrication, Inc., v. Howard S.

Wright Construction (In re: Gentry Steel), 325 B.R. 311, 316-17 (Bankr. M.D. Ala. 2005).  As

federal law provides for nationwide service of process, the appropriate analysis is minimum

contacts with the United States rather than with the State of Alabama.  Rule 7004(d), Fed. R.

Bankr. P.  In BCCI Holdings, the Eleventh Circuit stated that "[a] defendant's 'minimum

contacts' with the United States do not, however, automatically satisfy the due process

requirements of the Fifth Amendment.  (citation omitted).  There are circumstances, although

rare, in which a defendant may have sufficient contacts with the United States as a whole but still

will be unduly burdened by the assertion of jurisdiction in a faraway and inconvenient forum."

BCCI Holdings, at 947.  As the facts of this case do not establish such rare circumstances, the

Court finds that it has in personam jurisdiction over the Defendants.


# III.  FORUM NON CONVENIENS

## A.  General Considerations

The jist of the pending motion to transfer is that the Defendants contend that this

Adversary Proceeding should be transferred to Georgia for the convenience of the parties or in

the interest of justice.  See, 28 U.S.C. § 1412.  This Court has previously denied a motion made

upon these grounds.  (Docs. 13, 14).  As a cause of action for attorney malpractice has been

added and additional, although related parties have been added, the Court will again consider

transfer.

-6-

On pages 4 and 5 of this Court's February 8, 2005, Memorandum Decision (denying the previous motion to transfer), this Court set forth the following:

> In determining the propriety of granting a motion to transfer the venue of an Adversary Proceeding, the Court will consider the following § 1412 "interest of justice" factors: (a) the economics of estate administration; (5) the presumption in favor of the "home court;" (c) judicial efficiently; (d) the ability to receive a fair trial; (e) the state's interest in having local controversies decided within its borders by those familiar with its laws; (f) the enforceability of any judgment rendered; and (g) the plaintiff's original choice of forum; In re: Bruno's Inc.,, 227 B.R. 311, 324-26 (Bankr. N.D. Ala. 1998); With respect to the second prong of § 1412, "convenience of the parties," the Court will consider the following factors; (a) the location of the plaintiff and defendant; (b) the ease of access to necessary proof; (c) the convenience of witnesses; (d) the availability of subpoena power for the unwilling witnesses, and; (e) the expenses related to obtaining witnesses.  (Doc. 13).

## B. Judicial Efficiency

The overriding concern here, as it was when the February 8 Order was entered,  is judicial efficiency. (Doc. 13).  The undersigned has spent hundreds of hours on the Terry Manufacturing bankruptcy cases and several dozen related Adversary Proceedings.   Transfer of this Adversary Proceeding to another court would be extraordinarily wasteful as another judge would necessarily have to spend considerable time and effort to become familiar with the Terry Manufacturing bankruptcy proceedings, as they make the backdrop of this Adversary Proceeding.  For this reason alone, retention of this Adversary Proceeding is heavily favored.

The Defendants correctly note that a number of the preference actions have been settled.

-7-

They contend that this development militates against the continued centralization of the remaining adversary proceedings in this Court and that with that changed circumstance, the equities now weigh in favor of transfer, even if they had not when the Court previously denied transfer. The Court notes that this case is similar in many respects to another Adversary Proceeding pending here styled Alexander v. The Steel Law Firm, P.C., Adversary Proceeding No. 04-3114. In that Adversary Proceeding, as in this one involving the DeLong firm, it is alleged that massive amounts of attorney's fees have been paid by Terry Manufacturing which were actually owed by Roy Terry, Rudolph Terry or one or more of the affiliated corporations. Thus, there is a common thread to these two cases. Moreover, the most probable defense in the Steel Adversary Proceeding, as in this Adversary Proceeding, is that the services provided were of actual benefit to Terry Manufacturing. As the Terry Manufacturing bankruptcy case is pending in this Court, this Court is in the best position to determine whether the subject legal services were of benefit to Terry Manufacturing. Indeed, a Court in Georgia would have to expend considerable time to learn about the Terry Manufacturing case so that it could make this determination.

Also of interest are three consolidated Adversary Proceedings styled Alexander v. The Peoples Bank, Adversary Proceeding 04-3061; Alexander v. First Tuskegee Bank, Adversary Proceeding 04-3062; and Alexander v. Bank of Wedowee, 04-3064. In these three Adversary Proceedings it is alleged that fraudulent transfers were made to these banks by Terry Manufacturing. There may be a common thread here. Roy Terry has, by his own admission, defrauded his creditors of more than $20 million. It is doubtful whether he could have done this without the active participation of bankers and other professionals. Whether DeLong has

-8-

committed a fraud on the creditors of Terry manufacturing remains to be seen.  We may now take as a given that a massive fraud has been perpetrated on the creditors of Terry Manufacturing. Given this established fact, and given the presence of related litigation, the interest of judicial economy heavily favors retention of this Adversary Proceeding in this Court.

The Defendants ignore a substantial benefit that will inure to them if all of these related Adversary Proceedings remain in this Court.  By litigating these Adversary Proceedings here, the Trustee will not be able to take inconsistent positions.  In the bankruptcy case of Bama Wood, Inc., Case No. 02-30132, the Court took a Chapter 7 Trustee to task for taking inconsistent litigating positions.  See, Memorandum Decision dated April 9, 2004.  (Case No. 02-30132, Doc. 114).  To the extent that the Trustee points his finger at other Defendants in other related Adversary Proceedings, he may be exonerating the Defendants in this Adversary Proceeding. The interest of justice is served by requiring the Trustee to maintain a consistent litigation position.

### C.  A Fair Trial

The Defendants argue that they cannot receive a fair trial here, citing prior statements of the Court to the effect that Roy and Rudolph Terry are not honest.  As Rudolph Terry has been convicted of fraud and served time in a Federal prison and Roy Terry has entered a plea of guilty, having admitted to committing a massive fraud on the creditors, their dishonesty is well established.[5]  The Court's familiarity with the reputations of Roy and Rudolph Terry through

---

[5]  A detailed admission of Roy Terry's guilt may be found in his written plea agreement. United States v. Terry, in the United States District Court for the Middle District of Alabama, Case No. CR 3:05CR141-F.  (Doc. 6).

more than two years of case history does not provide a basis for transfer. Familiarity with the principals of the debtor corporation is a desirable byproduct of the Court's familiarity with case history. The Defendants' claim that they cannot get a fair trial in this Court is without merit.

### D.  Local Controversies Should be Decided by a Judge Familiar with Local Law

The Defendants argue that this case should be transferred as it involves questions of Georgia law. As judges in Georgia are more familiar with Georgia law than are judges in Alabama, transfer is favored as some of the claims in issue here arise under Georgia law (i.e. the professional liability claim and one of the fraudulent conveyance claims). This factor, in isolation, favors transfer, however it is outweighed by other factors.

### D.  Witness Availability/ Jury Trial / Enforceability of Judgment

The Defendants claim that two of their witnesses, Brian Steel and Jerry Thomas are residents of Georgia and may not be subpoenaed to appear in court in Alabama. This is correct, however they may be subpoenaed to appear for a deposition to be taken in Georgia. Rule 45(a)(1), Fed. R. Civ. P. In turn, their depositions may be offered into evidence at trial. This assumes that Steel and Thomas are unwilling to travel to Montgomery for trial, which may not be a valid assumption.

The Defendants further contend that this Adversary Proceeding should be transferred because they have demanded a jury trial and they will not consent to trial before a bankruptcy

judge. This does not pose a problem as a jury trial may be conducted by a District Judge in this

District. Indeed, if this factor alone were determinative, most Adversary Proceedings would

become subject to transfer as a bankruptcy judge cannot hear a jury trial absent the consent of all

parties. See 28 U.S.C. § 157(e).

As a final matter, the Defendants contend that venue should be transferred because a

judgment from this Court is not enforceable in Georgia. In the event the Trustee were to prevail

here, and in the event that the Defendants were to refuse to honor this Court's judgment,

adequate means exist to enforce any judgment which may be entered. 28 U.S.C. § 1963. The

Defendants' claim that venue should be transferred because they would not honor an adverse

judgment from this Court is without merit.

## VI.  ABSTENTION

The Defendants contend that this Court should abstain from hearing this Adversary

Proceeding on the grounds of permissive abstention which is governed by the provisions of 28

U.S.C. § 1334(c)(1), which provides as follows:

> (c)(1) Nothing in this section prevents a district court in the interest
> of justice, or in the interest of comity with State courts or respect
> for State law, from abstaining from hearing a particular proceeding
> arising under title 11 or arising in or related to a case under title 11.

The Court looks to 12 nonexclusive factors in making a determination under this

provision: (1) the effect on the efficient administration of the bankruptcy estate; (2) whether state

law issues predominate over the bankruptcy issues; (3) the difficulty or unsettled nature of the

applicable state law; (4) the presence of related proceedings commenced in state court or other

-11-

non-bankruptcy courts; (5) the jurisdictional basis, if any, other than § 1334; (6) the degree of

relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather

than the form of an asserted "core" proceeding; (8) the feability of severing state law claims from

core bankruptcy matters to allow judgment to be entered in state court with enforcement left to

the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the

commencement of the proceeding in bankruptcy court involves forum shopping by one of the

parties; (11) the existence of a right to jury trial; and (12) the presence in the proceeding of non-

debtor parties.

The first factor, the efficient administration of the bankrupt estate would favor retention

as the concentration of core proceedings in the home court is almost universally favored. It

should be kept in mind that this Adversary Proceeding involves claims to avoid fraudulent

conveyances and to avoid or recover preferences. See, 11 U.S.C. §§ 157(b)(2)(F), (H), as well as

a claim for professional malpractice.

The second factor, whether state law issues predominate, likewise favors retention. There

are state law issues in this Adversary Proceeding but there are substantial Federal Bankruptcy law

issues as well. While there are state law issues present, they do not predominate.

The third factor, whether the state law issues are difficult or unsettled does not appear to

be a factor here as the state law issues do not appear to be either difficult or unsettled. The fourth

factor, whether there are related proceedings in state court is also not a factor as there are none.

The fifth factor, the jurisdictional basis, it would appear that there may be diversity of citizenship

(28 U.S.C. § 1332) jurisdiction in the District Court as well as jurisdiction pursuant to 28 U.S.C.

§ 1334. This factor does not have much weight but to the extent that it has some, it would favor

retention. The sixth factor, the degree of relatedness to the main case, would appear to favor

retention. As demonstrated above, DeLong has appeared on behalf of other entities and taken a

position in opposition to the bankruptcy estate of Terry Manufacturing. This factor would weigh

in favor of retention. The seventh factor, the substance rather than the form of an asserted "core"

proceeding, does not have any weight here.

The eighth factor, the feasibility of severing state law claims from core bankruptcy

matters, weighs heavily in favor of retention. As discussed above, this Adversary Proceeding

involves both core bankruptcy law questions as well as questions arising under Georgia law. As

the Trustee has framed his claims, the alleged violation of DeLong's duty to his client–clearly a

state law issue–is intertwined with the fraudulent conveyance issues, which are bankruptcy law

issues. See, 11 U.S.C. §§ 544, 547, 548. If the claims were to be severed, the workload of this

Court would not be appreciably diminished as the conflict of interest claims advanced by the

Trustee would have to be examined both in this Court in the event a severance of the issues were

granted. Severance of the claims is not appropriate as both this Court and the court who receives

the professional liability claim would both have to consider the conflict of interest issues.

Moreover, a court in Georgia would further have to consider the impact of DeLong's

representation upon the Terry Manufacturing bankruptcy proceeding, duplicating work which

will in any event have to be done here. The infeasibility of severing the issues heavily favors

retention of all issues in this Court. Moreover, the eighth factor here outweighs all of the other

factors together.

The ninth factor, the burden on the bankruptcy court's docket, has no weight. As

severance of the state law claim and retention of the bankruptcy law claims would involve nearly

-13-

the same amount of work as simply retaining the entire Adversary Proceeding, severance would be of no benefit to this Court and would further burden a court in Georgia.

The tenth factor, forum shopping, is not a factor. The Trustee would rather litigate here while the Defendants would rather litigate in Georgia. It is understandable that each party would choose a forum that is more convenient, but this is not improper forum shopping on the part of either party.

The eleventh factor, the existence of a right to jury trial, is not a factor here as this Adversary Proceeding will necessarily be tried in a District Court in any event. As the Defendants have demanded a jury trial and as they have not consented to trial in Bankruptcy Court, if this Adversary Proceeding is retained, it will be tried in District Court. If the Adversary Proceeding were transferred to Georgia, it would be tried in District Court there. The twelfth factor, the presence of non-debtor parties, is also not a factor here. It appears that all of the named Defendants had some contact with Terry Manufacturing.

This Court will not abstain, under the doctrine of permissive abstention as set forth at 28 U.S.C. § 1334(c)(1). By far the strongest factor here is the eighth factor, which deals with the feasibility of severing core from noncore claims. As set forth in this Court's February 8, 2005 Order, the core fraudulent conveyance claim will not be transferred from this Court. Were the Trustee's action solely a professional liability action, a noncore proceeding, the Defendants could no doubt make a strong argument for transfer. The problem here is that this Court will not transfer the core proceeding and the noncore professional liability action is so closely related that it is not feasible to sever and transfer only that proceeding. For these reasons, the Court will retain all claims in this Adversary Proceeding and deny abstention.

-14-

## V.  CONCLUSION

The Court finds that it has in personam jurisdiction over the Defendants because they have contact with the United States and because there is nothing unduly burdensome in requiring the Defendants to litigate here.  As bankruptcy courts in general are reluctant to transfer core bankruptcy proceedings, and as this Adversary Proceeding contains a fraudulent conveyance action, a core proceeding, the Court will not transfer the fraudulent conveyance action.  The Court considered the possibility of severing the claims and transferring the noncore professional liability claim, as it involves only questions of Georgia law, but ultimately decided against severance and transfer because of the close connection between the two claims.  The interest of judicial economy would not be served by a transfer which would nearly double the workload for all concerned.  For these reasons, the Defendants' motion is DENIED.  The Court will enter a separate Order consistent with this Memorandum Decision.

Done this 22nd day of July, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiff
   J. Flynn Mozingo,
   Robert F. Northcutt, Attorneys for Defendants

-15-

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 03-32063-WRS
                                               Chapter 7
TERRY MANUFACTURING
COMPANY INC.,

     Debtor.


In re:                                         Case No. 03-32213

TERRY UNIFORM
COMPANY, LLC.

     Debtor.


J. LESTER ALEXANDER III,
TRUSTEE OF TERRY
MANUFACTURING COMPANY, INC.
AND TERRY UNIFORM COMPANY,
LLC.

     Plaintiff.                         Adv. Pro. No. 04-3135-WRS

v.

DELONG, CALDWELL, NOVOTNY
& BRIDGERS, LLC., et. al.,

     Defendants.


## <u>ORDER DENYING MOTION TO TRANSFER</u>

     For the reasons set forth in this Court's Memorandum Decision of this date, the

Defendants' Motion to Transfer (Doc. 42) is DENIED.


     Done this 22nd day of July, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiff
   J. Flynn Mozingo,
   Robert F. Northcutt, Attorneys for Defendants

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 03-32063-WRS
                                                         Chapter 7
TERRY MANUFACTURING
COMPANY INC.,

     Debtor.


In re:                                                   Case No. 03-32213

TERRY UNIFORM
COMPANY, LLC.

     Debtor.


J. LESTER ALEXANDER III,
TRUSTEE OF TERRY
MANUFACTURING COMPANY, INC.
AND TERRY UNIFORM COMPANY,
LLC.

     Plaintiff.                                    Adv. Pro. No. 04-3135-WRS

v.

DELONG, CALDWELL, NOVOTNY
& BRIDGERS, LLC., et. al.,

     Defendants.


## <u>ORDER GRANTING MOTION TO AMEND COMPLAINT</u>

The Plaintiff's motion to file his "Second Amended and Restated Complaint," is

GRANTED.

It is further ORDERED, that the Court will conduct a telephonic pretrial conference to

consider amending the Court's previous Scheduling Order  (Doc. 25), on **August 9, 2005, at**

**1:30 p.m.**

Done this 22nd day of July, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiff
   J. Flynn Mozingo,
   Robert F. Northcutt, Attorneys for Defendants