IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | | |
|---|---|---|
| IN RE: | ) | |
| TERRY MANUFACTURING | ) | CASE NO. 03-32063-WRS |
| COMPANY, INC. | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| _____ | | |
| IN RE: | ) | |
| TERRY UNIFORM | ) | CASE NO. 03-32213-WRS |
| COMPANY, LLC. | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| _____ | | |
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF TERRY | ) | |
| MANUFACTURING COMPANY | ) | |
| INC. and TERRY UNIFORM | ) | |
| COMPANY, LLC. | ) | CIVIL ACTION FILE |
| | ) | NO. 2:07-CV-0620 |
| Cross-Appellant/Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELONG, CALDWELL, NOVOTNY | ) | |
| & BRIDGERS, L.L.C., DELONG | ) | |
| CALDWELL LOGUE & WISEBRAM | ) | |
| DELONG & CALDWELL, L.L.C. | ) | |
| AND EARNEST H. DELONG, JR., | ) | |
| | ) | |
| Appellants/Cross-Appellees | ) | |

Appeal from the United States Bankruptcy Court for the
Middle District of Alabama
Adversary Proceeding No. 04-03135

**APPELLANT'S RESPONSE TO MOTION TO DISMISS APPEAL**

COMES NOW, Appellant, Earnest H. DeLong, Jr, and respectfully responds to the Appellees' motion to dismiss their appeal showing this Court as follows:

Statement of Facts

On May 29, 2007, the Bankruptcy Court entered a judgment in favor of the Trustee in the amount of $476,233.67 against Earnest H. DeLong, Jr. in the adversary proceeding styled J. Lester Alexander, III v. DeLong, Caldwell, Novotny & /Bridgers, LLC; DeLong, Caldwell, Logue & Wisebram, LLC; DeLong & Caldwell, LLC and Earnest H. DeLong, Jr., File No. 04-03135. On June 8, 2007, DeLong filed his Notice of Appeal of the Judgment. On July 5, 2007 the Bankruptcy Court Clerk transmitted the record on appeal to the Clerk of the District Clerk. Neither Mr. DeLong nor anyone associated with the defendant law firms received notice that the case had been docketed in the District Court, or of the date that Appellant's brief was due.[1]

Argument and Citation to Authority

Bankruptcy Rule 8007(b) sets forth the standards for the transmission of the record and docketing of an appeal in the District Court as follows:

> (b) Duty of clerk to transmit copy of record; docketing of appeal. When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court. . . . On receipt of the transmission the clerk of the district court . . . shall enter the

---

[1] See Declarations of Earnest H. DeLong, Jr., Michael A. Caldwell, Charles R. Bridgers and Frances Hyatt, filed with this Response.

appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.

Upon receipt of the record on appeal from the Bankruptcy Court, the Clerk of the District Court docketed the appeal as Case Number 2:07-CV-0620. Notice that the appeal had been docketed was then sent apparently electronically to all counsel of record who have an e-mail address registered with the Court's CM/ECF system.

Neither Mr. DeLong, nor Mr. Caldwell nor Mr. Bridgers are admitted to practice in the Middle District of Alabama. The Bankruptcy Court simply allowed them to appear on a *pro hac vice* basis in the adversary proceeding. Having never been formally admitted to practice before the District Court neither Mr. DeLong, nor Mr. Caldwell nor Mr. Bridgers apparently has an e-mail address registered with the District Clerk of the Court.[2] Thus, neither Mr. DeLong, nor Mr. Caldwell, nor Mr. Bridgers received electronic notification that the appeal had been docketed. Likewise none of them received notice through the mail that the case had been docketed. Appellant was not aware that the case had been docketed until he received the Trustee's motion to dismiss the appeal. Thus, Appellant should not be held to the briefing requirement of Bankruptcy Rule 8009.

---

[2] Undersigned counsel received notice of various events through the ECF system in the Bankruptcy Court so it is unclear why the District Court didn't use the same email address.

Issues similar to those now before the Court have previously been addressed by the Second, Third and Fourth Circuits. In *In Re: Jewelcor, Inc.*, 11 F.3d 394 (3rd Cir. 1993), the Third Court reversed the judgment of the District Court holding that it was not appropriate for the District Court to dismiss the appeal for failure to file a timely brief when the appellant had not been given notice that the appeal had been docketed in the District Court.

In *Jewelcor*, the clerk of the bankruptcy court sent all parties a copy of the letter sent to the District Court clerk transmitting the record. The clerk of the District Court docketed the appeal, but the clerk failed to send notice to the parties of the date on which the appeal was docketed.

In its opinion the Court stated that:

> The 15-day period is triggered not by the letter of transmittal from the bankruptcy court clerk, but the docketing and sending of notice by the district court clerk. Without notice from the clerk of the district court, an appellant cannot be certain of the precise date on which the appeal was docketed.

11 F.3d at 398.

The Court went on to explain that given the short and "extremely restricted time period" for appellant to file the brief, notice to the parties from the District Court clerk is "critical." Id. The Court concluded, stating:

> Notice to the parties is an essential part of the docketing process and is

a condition precedent to the commencement of the brief-filing limitations period. The obligation to file the brief does not mature until the condition is satisfied. Id. at 398.

In *In Re: Enron Corporation,* 475 F.3d 131(2d Cir. 2007) the District Court had dismissed the appeal for failure to comply with Rule 8009. The District Court viewed the docketing of the appeal alone as sufficient to start Rule 8009's fifteen-day clock running. It construed the appellant's contention that he had not received notice of the docketing as "excusable neglect" and rejected it because the appellant admitted that he knew of the docketing of the appeal.[3]

When the issue was presented to the Second Circuit, the court stated that the central question to be decided was "what it means, for purposes of Rule 8009, that an appeal is entered on the docket pursuant to Rule 8007". To answer that question the Court adopted the Third Circuit's holding in *Ir re Jewelcor, Inc.*[4] It went on to hold that "the fifteen-day period of Rule 8009(a)(1) is only triggered once the appeal has been docketed in the District Court *and*, notice of the docketing of the appeal has been sent to all parties". *Enron Corporation* at 134.

The debtors argued, in opposition to the appellant, that *Jewelcor* was

---

[3] Here Appellants are not arguing a technical definition of notice. Appellants simply had no knowledge that the appeal had been docketed.

[4] The Third Circuit's interpretation of Rule 8009 in *Jewelcor* has also been adopted by the Fourth Circuit. *See* In re Weiss, 111 F.3d 1159, 1172 (4th Cir. 1997).

-5-

distinguishable because the appellant had actual notice that the appeal was docketed. The Court rejected that contention, stating that it was unclear whether the appellant had actual knowledge that the appeal had been docketed in the District Court. The key is <u>actual</u> notice. In this case, Appellants were aware that the clerk of the bankruptcy court had transmitted the record to the District Court, and they were watchful in anticipating receipt of notice from the District Court that the appeal had been docketed. That notice never came. They did not learn that the matter had been docketed in the District Court until they received *Trustee's Motion To Dismiss Appeal* through the U.S. Mail on August 7, 2007.[5] They have never received notice of docketing from the Clerk of the District Court.

## Conclusion

Applying the holdings of *Jewelcor, Weiss* and *Enron Corporation*, Appellees' Motion to Dismiss should be denied. While the appeal may have been docketed in the District Court, appellant had no notice of the docketing. Without such notice, Appellant had no way of knowing the brief was due, not to mention no way to calculate the due date of the Appellant's brief as required by *Jewelcor*. There was no bad faith or negligence in the Appellant's failure to file the appellate brief; nor has the

---

[5] See Declarations of Earnest H. DeLong, Jr., Michael A. Caldwell, Charles R. Bridgers and Frances Hyatt, filed with this Response.

delay had any prejudicial effect on the Appellees. While Appellant has never received the notice of docketing mandated by *Jewelcor, Weiss* and *Enron Corporation*, Appellant's intent, with the Court's permission, is to file the Brief by August 22, 2007, 15 days after Appellee's motion was received.

 Respectfully submitted this 9th day of August, 2007.

              /s/ Earnest H. DeLong
             Earnest H. DeLong
             Georgia Bar No. 217300
             Michael A. Caldwell
             Georgia Bar No. 102775
             Charles R. Bridgers
             Georgia Bar No. 080791

3100 Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 Fax

## **Certificate of Service**

This is to certify that on August 9, 2007, I filed a copy of the within and foregoing Appellants' Response to Motion to Dismiss with the Court's CM/ECF, which will automatically send notice to the following counsel of record:

>Brent B. Barriere, T.A.
>Catherine E. Lasky
>365 Canal Street
>Suite 2000
>New Orleans, LA 70130

This 9th day of August, 2007.

/s/ Earnest H. DeLong

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | | |
|---|---|---|
| IN RE: | ) | |
| TERRY MANUFACTURING | ) | CASE NO. 03-32063-WRS |
| COMPANY, INC. | ) | |
| | ) | CHAPTER 7 |
|     Debtor. | ) | |
| _____ | | |
| IN RE: | ) | |
| TERRY UNIFORM | ) | CASE NO. 03-32213-WRS |
| COMPANY, LLC. | ) | |
| | ) | CHAPTER 7 |
|     Debtor. | ) | |
| _____ | | |
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF TERRY | ) | |
| MANUFACTURING COMPANY | ) | |
| INC. and TERRY UNIFORM | ) | |
| COMPANY, LLC. | ) | CIVIL ACTION FILE |
| | ) | NO. 2:07-CV-0620 |
|     Cross-Appellant/Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELONG, CALDWELL, NOVOTNY | ) | |
| & BRIDGERS, L.L.C., DELONG | ) | |
| CALDWELL LOGUE & WISEBRAM, | ) | |
| DELONG & CALDWELL, L.L.C. | ) | |
| AND EARNEST H. DELONG, JR., | ) | |
| | ) | |
|     Appellants/Cross-Appellees | ) | |

DECLARATION OF EARNEST H. DELONG, JR.

Earnest H. DeLong, Jr., pursuant to 28 U.S.C. §1746, and subject to penalties

of perjury declares as follows:

1. I am a member of the Bar of the State of Georgia, and a member of each of the Defendant Limited Liability Companies ("law firms") in the above-captioned case.

2. On June 8, 2007 a Notice of Appeal of the decision of the Bankruptcy Court in Adversary Proceeding 04-3135-WRS was filed on my behalf.

3. At the time the Notice of Appeal was filed I was out of the office for an extended period. On June 5, 2007 I underwent the surgical replacement of both hips. On June 8, 2007 I was still hospitalized. I did not return to the office, except on a very irregular basis until August 1, 2007.

4. Before my surgery and consequential absence from the office I had directed our office manager, Ms. Frances Hyatt, to gather my mail each day and forward it to me. I also advised her to be on the watch for anything received from the U.S. District Court for the Middle District. I told her about the Notice of Appeal that would be filed and that she needed to be particularly mindful of a notice that the appeal had been docketed in the District Court that could arrive during my absence from the office.

5. Mrs. Hyatt was told to immediately open and make copies of all mail received from the Middle District of Alabama, and to immediately distribute the copies to all of the members of the law firms, including me. Mrs. Hyatt followed these instructions carefully.

6. I never received a notice that the Clerk of the District Court had docketed the appeal in the above captioned case, either directly from Mrs. Hyatt or in the mail that she forwarded to me during my absence from the office..

7. The first time that I became aware that the Appeal had been docketed in the District Court was on August 7, 2007 when I read the Plaintiff's Motion to Dismiss the Defendant's appeal.

8. Until the Plaintiff served its Motion to dismiss the Appeal, I had never received notice that the Appeal had been docketed in the District Court, nor that the time for filing the Appeal Brief had begun to run.

I have read this declaration consisting of 8 numbered paragraphs and I swear under penalty of perjury that it is true.

Date August 9, 2007.

/S/ Earnest H. DeLong, Jr.
Earnest H. DeLong, Jr.

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DISTRICT

| | |
|---|---|
| IN RE: ) | |
| TERRY MANUFACTURING ) | CASE NO. 03-32063-WRS |
| COMPANY, INC. ) | |
| ) | CHAPTER 7 |
| Debtor. ) | |
| | |
| IN RE: ) | |
| TERRY UNIFORM ) | CASE NO. 03-32213-WRS |
| COMPANY, LLC. ) | |
| ) | CHAPTER 7 |
| Debtor. ) | |
| | |
| J. LESTER ALEXANDER, III, ) | |
| TRUSTEE OF TERRY ) | |
| MANUFACTURING COMPANY ) | |
| INC. and TERRY UNIFORM ) | |
| COMPANY, LLC. ) | CIVIL ACTION FILE |
| ) | NO. 2:07-CV-0620 |
| Cross-Appellant/Appellee, ) | |
| ) | |
| v. ) | |
| ) | |
| DELONG, CALDWELL, NOVOTNY ) | |
| & BRIDGERS, L.L.C., DELONG ) | |
| CALDWELL LOGUE & WISEBRAM, ) | |
| DELONG & CALDWELL, L.L.C. ) | |
| AND EARNEST H. DELONG, JR., ) | |
| ) | |
| Appellants/Cross-Appellees ) | |

## DECLARATION OF MICHAEL A. CALDWELL

Michael A. Caldwell, pursuant to 28 U.S. C. §1746, and subject to penalties of perjury declares as follows:

1. I am a member of the Bar of the State of Georgia, and a member of each of the Defendant Limited Liability Companies ("law firms") in the above-captioned case.

2. I was aware that Defendant had filed an appeal from the decision of the Bankruptcy Court. I also was aware that the Record of the case below had been transmitted to the Clerk of the District Court. Thus, after the transmittal I remained especially vigilant so that I could become aware as soon as the Clerk of the U.S. District Court notified Defendant that the appeal in the case had been docketed.

3. Along with my fellow members of the law firms, I have directed our office manager, Ms. Frances Hyatt, to open all mail which our office receives from any court, regardless of which lawyer the mail is addressed to. Because of the importance of the Appeal from the Bankruptcy Court's decision, we explicitly directed Mrs. Hyatt to be especially watchful for any mail anyone in our office received from the United States District Court for the Middle District of Alabama, to immediately open and make copies of all such mail received, and to immediately distribute the copies to all of the members of the law firms. Mrs. Hyatt followed these instructions carefully.

4. Neither I nor any member of the law firms, received any notice that the Clerk of the District Court had docketed the appeal in the above captioned case.

5.  The first time that I became aware that the Appeal had been docketed in the District Court was on August 7, 2007 when I read the Plaintiff's Motion to Dismiss the Defendant's appeal.

6.  Until the Plaintiff served its Motion to dismiss the Appeal, Defendants never received notice that the Appeal had been docketed in the District Court, nor that the time for filing their Appeal Brief had begun to run.

I have read this declaration consisting of 6 numbered paragraphs and I swear under penalties of perjury that it is true.

Date August 8, 2007.

/S/Michael A. Caldwell
Michael A. Caldwell

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | | |
|---|---|---|
| IN RE: | ) | |
| TERRY MANUFACTURING | ) | CASE NO. 03-32063-WRS |
| COMPANY, INC. | ) | |
| | ) | CHAPTER 7 |
|    Debtor. | ) | |
| _____ | | |
| IN RE: | ) | |
| TERRY UNIFORM | ) | CASE NO. 03-32213-WRS |
| COMPANY, LLC. | ) | |
| | ) | CHAPTER 7 |
|    Debtor. | ) | |
| _____ | | |
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF TERRY | ) | |
| MANUFACTURING COMPANY | ) | |
| INC. and TERRY UNIFORM | ) | |
| COMPANY, LLC. | ) | CIVIL ACTION FILE |
| | ) | NO. 2:07-CV-0620 |
|    Cross-Appellant/Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELONG, CALDWELL, NOVOTNY | ) | |
| & BRIDGERS, L.L.C., DELONG | ) | |
| CALDWELL LOGUE & WISEBRAM, | ) | |
| DELONG & CALDWELL, L.L.C. | ) | |
| AND EARNEST H. DELONG, JR., | ) | |
| | ) | |
|    Appellants/Cross-Appellees | ) | |

DECLARATION OF CHARLES R. BRIDGERS

Charles R. Bridgers, pursuant to 28 U.S. C. §1746, and subject to penalties

of perjury declares as follows:

1. I am a member of the Bar of the State of Georgia.

2. I was aware that Defendant had filed an appeal from the decision of the Bankruptcy Court. I also was aware that the Record of the case below had been transmitted to the Clerk of the District Court.  Thus, after the transmittal I remained especially vigilant so that I could become aware as soon as the Clerk of the U.S. District Court notified Defendant that the appeal in the case had been docketed.

3. Along with my fellow members of the law firms, I have directed our office manager, Ms. Frances Hyatt, to open all mail which our office receives from any court, regardless of which lawyer the mail is addressed to. Because of the importance of the Appeal from the Bankruptcy Court's decision, we explicitly directed Mrs. Hyatt to be especially watchful for any mail anyone in our office received from the United States District Court for the Middle District of Alabama, to immediately open and make copies of all such mail received, and to immediately distribute the copies to all of the members of the law firms.

4. I did not receive any notice that the Clerk of the District Court had docketed the appeal in the above captioned case. To my knowledge, no one else in the law firms received any notice that the Clerk of the District Court had docketed the appeal in the above captioned case.

5. The first time that I became aware that the Appeal had been docketed in the District Court was on August 7, 2007 when I read the Plaintiff's Motion to Dismiss the Defendant's appeal.

6. Until the Plaintiff served its Motion to dismiss the Appeal, Defendants never received notice that the Appeal had been docketed in the District Court, nor that the time for filing their Appeal Brief had begun to run.

I have read this declaration consisting of 6 numbered paragraphs and I swear under penalties of perjury that it is true.

Date August 9, 2007.

/S/ Charles R. Bridgers
Charles R. Bridgers

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DISTRICT

| | | |
|---|---|---|
| IN RE: | ) | |
| TERRY MANUFACTURING | ) | CASE NO. 03-32063-WRS |
| COMPANY, INC. | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| TERRY UNIFORM | ) | CASE NO. 03-32213-WRS |
| COMPANY, LLC. | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |

| | | |
|---|---|---|
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF TERRY | ) | |
| MANUFACTURING COMPANY | ) | |
| INC. and TERRY UNIFORM | ) | |
| COMPANY, LLC. | ) | CIVIL ACTION FILE |
| | ) | NO. 2:07-CV-0620 |
| Cross-Appellant/Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELONG, CALDWELL, NOVOTNY | ) | |
| & BRIDGERS, L.L.C., DELONG | ) | |
| CALDWELL LOGUE & WISEBRAM, | ) | |
| DELONG & CALDWELL, L.L.C. | ) | |
| AND EARNEST H. DELONG, JR., | ) | |
| | ) | |
| Appellants/Cross-Appellees | ) | |

DECLARATION OF FRANCES S. HYATT

Frances S. Hyatt pursuant to 28 U.S.C. §1746, and subject to penalties of perjury declares as follows:

1. I am employed as Office Manager by DeLong, Caldwell & Bridgers, LLC. I report to the principle members of the firm, Earnest H. DeLong, Jr., Michael A. Caldwell, and Charles R. Bridgers, ("my employers"). In my capacity as Office Manager I am responsible for receiving, sorting and opening all mail received by the attorneys who work in our office, and for distributing the mail to the attorneys to whom the mail is addressed.

2. I was made aware by Mr. Delong. Mr. Caldwell and Mr. Bridgers that Defendants had filed an appeal from the decision of the Bankruptcy Court. I also was made aware that the Record of the case below had been transmitted to the Clerk of the District Court. I was aware that I needed to be especially vigilant in looking out for any mail from the Clerk of the U.S. District Court of the Middle District of Alabama notifying Defendants that the appeal in the case had been docketed, and to immediately open and make copies of all such mail received, and to immediately distribute the copies to my employers. My employers made me particularly mindful that this was a matter of great importance, and I treated it accordingly.

3. I followed all the instructions of my employers in this regard. As I opened all of the mail which our office received from all courts, I was careful to look for mail from the Clerk of the United States District Court for the Middle District of Alabama.

4. No mail from the Clerk of the United States District Court for the Middle District of Alabama was received in our office from June 8, 2007 the date the Notice of Appeal was filed, through August 7, 2007. notifying the firm that the District Court had docketed the appeal in the above captioned case. Specifically, no mail was received from the United States District Court for the Middle District of Alabama.

5. The first time that I became aware that the Appeal had been docketed in the District Court was on August 7, 2007 when I opened and read the Plaintiff's Motion to Dismiss the Defendant's appeal. I immediately made copies of the Motion and distributed them to Mr. DeLong, Mr. Caldwell, and Mr. Bridgers.

6. Until we received Plaintiff's Motion to Dismiss the Appeal, our office never received notice that the Appeal had been docketed in the District Court, nor that the time for filing their Appeal Brief had begun to run.

I have read this declaration consisting of 6 numbered paragraphs and I swear under penalties of perjury that it is true.

Date August 9, 2007.

/S/Frances S. Hyatt
Frances S. Hyatt