UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO. 03-32063-WRS** |
| **COMPANY, INC.** | ) | |
| | ) | **CHAPTER 7** |
| Debtor | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CASE NO. 03-32213-WRS** |
| **TERRY UNIFORM** | ) | |
| **COMPANY, LLC,** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF TERRY** | ) | |
| **MANUFACTURING COMPANY, INC.** | ) | |
| **AND TERRY UNIFORM** | ) | |
| **COMPANY, LLC,** | ) | **CIVIL ACTION NO.** |
| Cross-Appellant/Appellee, | ) | |
| | ) | **2:07-CV-0620** |
| VERSUS | ) | |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | |
| **& BRIDGERS, L.L.C., DELONG** | ) | |
| **CALDWELL LOGUE & WISEBRAM,** | ) | |
| **DELONG & CALDWELL, L.L.C.** | ) | |
| **AND EARNEST H. DELONG, JR.,** | ) | |
| Appellants/Cross-Appellees | ) | |

**Appeal from the United States Bankruptcy Court for the Middle District of Alabama
Adversary Proceeding No.: 04-03135**

**BRIEF IN SUPPORT OF TRUSTEE'S MOTION TO DISMISS APPEAL AND IN
RESPONSE TO OPPOSITION FILED BY EARNEST DELONG**

Brent B. Barriere, T.A.  (La. Bar No. 2818)
Catherine E. Lasky (La. Bar No. 28652)
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone:  (504) 566-1311
Facsimile:   (504) 568-9130

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Enron Corp.*, 475 F.3d 131 (2d Cir. 2007)..................................................................4

*In re Jewelcor Inc.*, 11 F.3d 394 (3d Cir. 1993) ................................................................4, 5

*In re Russell*, 746 F.2d 1419 (10th Cir. 1984) ......................................................................5

*In re Salter*, 251 B.R. 689 (S.D. Miss. 2000) .......................................................................4

*In re Shah*, 204 Fed.Appx. 437, 2006 WL. 3193373 (5th Cir. 2006)...................................4

*In re Weiss*, 111 F.3d 1159 (4th Cir. 1997) ..........................................................................4

*International Brotherhood of Teamsters v. Braniff Airways, Inc.*, 774 F.2d 1303
    (5th Cir. 1985)..................................................................................................................4

*Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743 (5th Cir. 1976)................................4

## FEDERAL STATUTES

Bankruptcy Rule 8001……………………………………………………………….…1, 2

Bankruptcy Rule 8009………………………………………………………………….1, 2, 3, 5

Appellee and Cross-Appellant, J. Lester Alexander, III, the duly-appointed and acting Trustee of Terry Manufacturing Company, Inc. and Terry Uniform Company, LLC ("Trustee") submits this brief in support of his Motion to Dismiss Appeal ("Motion") filed with this Court on August 3, 2007. The Trustee's Motion seeks to dismiss the appeal filed by Appellant Earnest H. DeLong, Jr. ("DeLong") pursuant to Bankruptcy Rule 8001(a) because of DeLong's failure to file a timely brief in compliance with Bankruptcy Rule 8009(a)(1). On August 9, 2007, DeLong filed a response to the Trustee's Motion. In his response, DeLong maintains that his appeal should not be dismissed because the Clerk of this Court did not properly serve DeLong with notice of the transmittal of appeal.

## FACTUAL BACKGROUND

On May 29, 2007, the Bankruptcy Court entered a judgment in favor of the Trustee and against DeLong in the amount of $476,233.67 in the adversary proceeding styled *J. Lester Alexander, III v. DeLong, Caldwell, Novotny & Bridgers, LLC; DeLong, Caldwell, Logue and Wisebram, LLC; DeLong & Caldwell, LLC and Earnest H. DeLong, Jr.*, Case Number 04-03135. On June 8, 2007, DeLong filed a Notice of Appeal of the Judgment entered by the Bankruptcy Court.

On July 6, 2007, the Bankruptcy Court Clerk transmitted the record on appeal to the District Court Clerk and according to Bankruptcy Rule 8009(a)(1), DeLong's brief was to be filed within 15 days after the docketing of the appeal or July 21, 2007. This date was noted by the District Court Clerk in the docket entry regarding the transmittal of the record on appeal (*See* Entry #1 on page 3 of the Docket of Case No. 07-620, a copy of which is attached hereto as Exhibit "A"). Although DeLong did not receive electronic notice of the transmittal of appeal, page 2 of the clerk's docket entry states that notice was sent by U.S. Mail not just to Earnest

1

DeLong, but also upon his law partners, Charles Bridgers and Michael Caldwell. *See* Exhibit "B." Because July 21, 2007 fell on a Saturday, DeLong's brief was due to be filed on Monday, July 23, 2007. DeLong failed to file his brief on or before July 23, 2007 and as of August 3, 2007, the date of the Trustee's Motion, DeLong had not yet filed a brief.[1]

In his response, DeLong claims that he should not be held to the briefing requirements of Bankruptcy Rule 8009 because the Clerk erred in failing to provide him notice with the transmittal of the appeal because he was not signed up for electronic notification. However, the error was not with the Clerk, but rather with DeLong himself. General Order No. 2:04-3164 entered by this Court on February 6, 2004, requires that "all counsel, absent good cause shown, shall register for CM/ECF Electronic Noticing (E-Noticing)." *See* Order No 2:04-3164 at No. 2, attached hereto as Exhibit "C." DeLong, who filed the appeal from the Bankruptcy Court's judgment, knew or should have known that the appeal would be heard by this District Court and knew or should have known that enrolling in E-Noticing was required by this Court. DeLong's failure to enroll in E-Noticing does not make him exempt from the requirements of Bankruptcy Rule 8009 and does not make DeLong's alleged failure to receive notice the fault of the Clerk.

## ARGUMENT

Bankruptcy Rule 8001(a) specifically gives this Court the authority to dismiss DeLong's appeal in light of his failure to file his brief in accordance Bankruptcy Rule 8009. "An appellant's failure to take any step other than timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Bankruptcy Rule 8001(a).

---

[1] DeLong filed his Appellant's brief on August 22, 2007. That brief failed to comply with the requirements of Bankruptcy Rule 8010. However, the Trustee respectfully submits that DeLong's brief should not be accepted by this Court until the Trustee's Motion to Dismiss Appeal is decided.

Other District Courts have dismissed the appeals of Appellants who have failed to file a timely brief as required by with Bankruptcy Rule 8009. *See, e.g.*, *In re Shah*, 204 Fed.Appx. 437, 438, 2006 WL 3193373 (5th Cir. 2006) ("The district court did not commit any legal error in its ruling, and its order shows no indication that it failed to weigh the severity of the sanction against the extent of Mehta's violation of rule 8009.  The court had discretion to dismiss the appeal, and it did not abuse that discretion."); *In re Salter*, 251 B.R. 689, 691-92 (S.D. Miss. 2000) (granting motion to dismiss appeal filed seven days after brief was required to be filed under Rule 8009 and stating that failure to receive notice of docketing of the appeal may not excuse untimely filing of brief). *See also International Brotherhood of Teamsters v. Braniff Airways, Inc.*, 774 F.2d 1303 (5th Cir. 1985); *Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743 (5th Cir. 1976).  Pursuant to the settled decisional law, this Court should dismiss Delong's appeal, since Delong chose not to timely file his brief.  Delong, however, claims that his failure to timely file the brief is due to the fault of the Clerk, and not his own.  Delong is wrong.

Delong argues that the Court should not dismiss his appeal, because he did not register for CM/ECF Electronic Noticing, and therefore the Clerk did not notify him of the transmittal of the appeal and the deadline for filing his brief.  Tellingly, however, Delong fails to cite <u>any</u> case law from this jurisdiction to support his tenuous position.  Instead, Delong relies on case law from outside this jurisdiction to support the novel notion that he does not have to comply with the Court's briefing requirements, since he failed to register for electronic notification.  *See In re Enron Corp.*, 475 F.3d 131, 133 (2d Cir. 2007); *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997); *In re Jewelcor Inc.*, 11 F.3d 394, 398 (3d Cir. 1993).  Indeed, Delong's reliance on *Enron*, *Weiss*, and *Jewelcor* is both legally and factually flawed.

- 3 -

First, in all three cases, the parties did not receive any notice of the docketing of the appeal. In contrast, in the instant case, the Clerk docketed the appeal and Delong received actual notice of the docketing of the appeal on July 6, 2007 by U.S. Mail that the appeal had been transmitted. *See* Exhibit "B." In fact, Delong actually filed the appeal himself. *Id.* Delong therefore cannot argue that he had no notice of the Court's docketing of the appeal. Moreover, none of the cases cited by Delong required the parties to enroll in e-filing and/or to notify the parties by electronic notification. Both *Weiss* and *Jewelcor* were actually decided prior to the implementation of e-filing requirements in the United States district courts. In short, *Enron*, *Weiss*, and *Jewelcor* are inapplicable to the instant issue of whether Delong may ignore this Court's order that Delong (and all the other parties) register for CM/ECF Electronic Noticing.

Indeed, CM/ECF Electronic Noticing is mandatory in the United States District Court for the Middle District of Alabama unless a party shows good cause why the party failed to comply with the Court's order. Delong has not (and cannot) satisfy this burden. Delong has failed to establish any good cause why Delong decided not to register for CM/ECF Electronic Noticing with the Court. Had Delong signed up for electronic notification with the Court, the Court would have sent Delong notice that the appeal had been docketed by electronic means. Delong's failure to receive electronic notification, however, is of no consequence. As the Court's docket makes clear, the Clerk did docket the appeal and Delong actually received notice of the docketing of the appeal by U.S. Mail on July 6, 2007. Delong's claims that he had no notice of the deadlines for filing his appeal brief simply are without merit.

While courts are often reluctant to penalize the appellant for his attorney's failure to file timely pleadings, that concern does not apply in this case; DeLong is both counsel and appellant. *See, e.g.*, *In re Russell*, 746 F.2d 1419 (10th Cir. 1984) (failing to dismiss appeal even though

- 4 -

NO.99804132.1

brief was filed untimely because harm would be to appellant for attorney's mistake).  In the instant case, Appellant DeLong is himself a lawyer who along with his law partners is defending himself in this legal malpractice action brought by the Trustee.  DeLong's failure to file a timely brief is negligent and inexcusable and a waste of the bankruptcy estate's resources.

## CONCLUSION

Because Earnest DeLong, the Appellant in this matter, failed to file his brief in accordance with Bankruptcy Rule 8009, his appeal should be dismissed.  The Clerk did not err in providing notice to DeLong of the transmittal of appeal.  Rather, DeLong erred in failing to register for electronic noticing as required by this Court.  Further, notice of the transmittal of appeal was sent to DeLong and his two law partners by United States Mail.  As the Appellant, DeLong was aware that this Court was to hear the appeal from the Bankruptcy Court and that a brief would need to be filed in conjunction with that appeal.  DeLong's failure to register for electronic noticing does not absolve him of his obligations under the Bankruptcy Rules.  His appeal should be dismissed with prejudice.

    Respectfully submitted,

    **PHELPS DUNBAR LLP**

    By:   /s/  Brent B. Barriere
           Brent B. Barriere, T.A.  (La. Bar No. 2818)
           Catherine E. Lasky (La. Bar No. 28652)
           365 Canal Street, Suite 2000
           New Orleans, LA 70130
           Telephone:  (504) 566-1311
           Facsimile:  (504) 568-9130

           **ATTORNEYS FOR J. LESTER ALEXANDER, III, TRUSTEE FOR TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC**

NO.99804132.1

- 6 -

## CERTIFICATE OF SERVICE

   I certify that, on this 28th day of August, 2007, by United States mail, properly addressed and postage pre-paid to the following persons:

| | |
|---|---|
| Earnest H. Delong , Jr. | Chambers of Judge W. Keith Watkins |
| Charles Bridgers | United States District Court for the Middle |
| Michael Caldwell |  District of Alabama |
| Delong Caldwell & Bridgers LLC | P.O. Box 711 |
| 3100 Centennial Tower | Montgomery, AL 36101-0711 |
| 101 Marietta Street | |
| Atlanta, GA 30303 | |

                 /s/  Brent B. Barriere_____

# U.S. District Court
## Alabama Middle District (Montgomery)
### CIVIL DOCKET FOR CASE #: 2:07-cv-00620-WKW

DeLong et al v. Alexander et al  
Assigned to: Honorable William Keith Watkins  
Case in other court: USBC, AL-Middle, Adv 04-03135-WRS  
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA

Date Filed: 07/05/2007  
Jury Demand: None  
Nature of Suit: 422 Bankruptcy Appeal (801)  
Jurisdiction: Federal Question

**Appellant**

**Earnest H. DeLong, Jr.**                     represented by  **Charles R Bridgers**
DeLong, Caldwell & Bridgers, L.L.C.
3100 Centennial Tower
101 Marietta Street, N.W.
Atlanta, GA 30303
404-979-3150
Fax: 404-979-3170
Email: charlesbridgers@dcnblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Earnest H Delong, Jr.**
DeLong, Caldwell & Bridgers, L.L.C.
3100 Centennial Tower
101 Marietta Street, N.W.
Atlanta, GA 30303
404-979-3150
Fax: 404-979-3170
Email: woodydelong@dcnblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A Caldwell**
DeLong, Caldwell & Bridgers, L.L.C.
3100 Centennial Tower
101 Marietta Street, N.W.
Atlanta, GA 30303
404-979-3150
Fax: 404-979-3170
Email: michaelcaldwell@dcnblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Appellant**

**J. Lester Alexander (cross-appellant), III**                     represented by  **Brent B. Barriere**
*Trustee for Terry Manufacturing Co., and Terry Uniform Co., LLC*
Phelps Dunbar, LLP
365 Canal Street
Suite 2000


EXHIBIT A

Canal Place  
New Orleans, LA 70130  
504-584-9210  
Fax: 504-568-9130  
Email: barrierb@phelps.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Catherine Elena Lasky**  
Phelps Dunbar LLP  
365 Canal Street  
Suite 2000  
New Orleans, LA 70130  
504-566-1311  
Fax: 504-568-9130  
Email: laskyk@phelps.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**David L. Patron**  
Phelps Dunbar LLP  
365 Canal Street  
Suite 2000  
New Orleans, LA 70130  
504-566-1311  
Fax: 504-568-9130  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Katherine M. Determan**  
Phelps Dunbar LLP  
365 Canal Street  
Suite 2000  
New Orleans, LA 70130  
504-566-1311  
Fax: 504-568-9130  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**J. Lester Alexander, III**  
*Trustee for Terry Manufacturing Co., and Terry Uniform Co., LLC*

represented by **Brent B. Barriere**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Catherine Elena Lasky**  
(See above for address)  
*LEAD ATTORNEY*

                                                                *ATTORNEY TO BE NOTICED*

                                        **David L. Patron**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Katherine M. Determan**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Appellee**

**Earnest H. DeLong (cross-appellee), Jr.**     represented by   **Charles R Bridgers**
                                                (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Earnest H Delong, Jr.**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Michael A Caldwell**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/05/2007 | 1 | BANKRUPTCY CLERK'S TRANSMITTAL OF APPEAL FILED BY Earnest H. DeLong, Jr. Bankruptcy Court case number 04-03135. Appellant Brief due by 7/21/2007. (Attachments: # 1 Notice of Appeal# 2 Memorandum Decision# 3 Final Judgment entered on 5/29/07# 4 Docket Sheet in U. S. Bankruptcy Court)(sl, ) (Entered: 07/06/2007) |
| 07/05/2007 | 2 | BANKRUPTCY CLERK'S TRANSMITTAL OF APPEAL filed by J. Lester Alexander, III, Trustee of Terry Manufacturing Company, Inc. and Terry Uniform Company, LLC. Bankruptcy Court case number 04-03135. Appellant Brief due by 7/21/2007. (Attachments: # 1 Notice of Cross-Appeal# 2 Memorandum Decision# 3 Final Judgment# 4 Docket Sheet in U. S. Bankruptcy Court-04-03135)(sl, ) (Entered: 07/06/2007) |
| 07/05/2007 | 3 | Copy of Designation of Contents for Inclusion in Record on Appeal and Statement of Issues on Appeal by Ernest H. DeLong, Jr.. (Attachments: # 1 Complaint# 2 Exhibit A-D of Complaint# 3 Motion to Transfer Venue# 4 Memorandum of Law in Support of Motion to Transfer Venue# 5 Answer# 6 Response to defendant's Motion to Transfer Venue# 7 Memorandum Decision# 8 Order on Motion to Transfer Venue# 9 Motion for Leave to File Amended Complaint# 10 Proposed First |

| | | |
|---|---|---|
| | | Amended and Restated Complaint of J. Lester Alexander, III Trustee# 11 Order granting Motion to Amend Complaint# 12 Amended Order on plaintiff's Motion to Amend Complaint# 13 Objection to Motion for Leave to File First Amended and Restated Complaint# 14 Brief# 15 Reply to Objection to Motion for Leave to File First Amended And Supplemental Complaint# 16 Proposed First Amended Complaint# 17 Memorandum Decision# 18 Order on Motion for Leave to File First Amended and Supplemental Complaint# 19 Motion to Dismiss on Transfer Venue) (sl, ) (Entered: 07/06/2007) |
| 07/05/2007 | 4 | Copy of Designation of Contents for Inclusion in Record on Appeal and Statement of Issues on Appeal (CONTINUED). (Attachments: # 1 Supporting Brief and Memorandum of Law of Motion to Dismiss# 2 Second Amended Complaint# 3 Opposition to Motion to Dismiss# 4 Exhibit A to Motion to Dismiss# 5 Exhibit B to Motion to Dismiss# 6 Exhibit C to Motion to Dismiss# 7 Exhibit D to Motion to Dismiss# 8 Exhibit E to Motion to Dismiss# 9 Exhibit F to Motion to Dismiss# 10 Exhibit G to Motion to Dismiss# 11 Exhibit H to Motion to Dismiss# 12 Exhibit I to Motion to Dismiss# 13 Defendant's Response to Trustee's Opposition to Motion to Dismiss/Transfer Venue# 14 Exhibit A to Response to Trustee's Opposition to Motion to Dismiss/Transfer Venue# 15 Exhibit B to defendant's Response to Trustee's Opposition to Motion to Dismiss/Transfer Venue# 16 Exhibit C to defendant's Response to Trustee's Opposition to Motion to Dismiss/Transfer Venue# 17 Exhibit D to defendant's Response to Trustee's Opposition to Motion to Dismiss/Transfer Venue# 18 Exhibit E to defendant's Response to Trustee's Opposition to Motion to Dismiss/Transfer Venue# 19 Exhibit F to defendant's Response to Trustee's Opposition to Motion to Dismiss/Transfer Venue# 20 Memorandum Decision# 21 Order Denying Motion to Transfer# 22 Order Granting Motion to Amend Complaint) (sl, ) (Entered: 07/06/2007) |
| 07/05/2007 | 5 | Copy of Designation of Contents for Inclusion in Record on Appeal and Statement of Issues on Appeal (CONTINUED). (Attachments: # 1 Answer to Second Amended and Restated Complaint# 2 Memorandum Decision# 3 Final Judgment)(sl, ) (Entered: 07/06/2007) |
| 07/05/2007 | 6 | Copy of Designation of Contents for Inclusion in Record on Appeal and Statement of Issues on Appeal (CONTINUED). (Attachments: # 1 Trial Transcript-Vol. I)(sl, ) (Entered: 07/06/2007) |
| 07/05/2007 | 7 | Copy of Designation of Contents for Inclusion in Record on Appeal and Statement of Issues on Appeal (CONTINUED). (Attachments: # 1 Trial Transcript-Vol. II# 2 Trial Transcript-Vol. III)(sl, ) (Entered: 07/06/2007) |
| 07/05/2007 | 8 | Copy of Designation of Contents for Inclusion in Record on Appeal and Statement of Issues on Appeal (CONTINUED). (Attachments: # 1 Trial Transcript-Vol. IV)(sl, ) (Entered: 07/06/2007) |
| 07/05/2007 | 9 | Copy of Designation of Record on Appeal and Statement of Issues on Cross-Appeal filed by J. Lester Alexander, III, Trustee of Terry Mfg. Co, Inc. and Terry Uniform Co, LLC. (Attachments: # 1 Memorandum |

| | | | |
|---|---|---|---|
| | | | Decision# 2 Discovery Response# 3 Exhibit E-Affidavit of Clark R. Hammond# 4 Trustee's Motion to Strike Affidavits of DeLong and Caldwell# 5 Exhibit A-Affidavit of Earnest H. DeLong, Jr.# 6 Exhibit B-Affidavit of Michael Caldwell# 7 Exhibit C-Application for Admission to Practice# 8 Exhibit D-Supplemental Affidavit of DeLong in Support of Motion to Dismiss/Transfer Venue# 9 Exhibit E-Order granting Summary Judgment# 10 Exhibit F-Objection of Winning Image# 11 Discovery Response to plaintiff's Second Request for Production# 12 Trustee's Motion to Compel Production of Documents# 13 Exhibit A-D to Motion to Compel# 14 Memorandum Decision# 15 Order on Motion to Compel# 16 Order Denying Motion for Summary Judgment# 17 Memorandum Decision/Opinion# 18 Summary of Trustee's Contentions# 19 Joint Stipulation# 20 Trustee's Proposed Findings of Fact and Conclusions of Law# 21 Memorandum Decision)(sl, ) (Entered: 07/06/2007) |
| 08/03/2007 | | 10 | MOTION to Dismiss *Appeal* by J. Lester Alexander, III, J. Lester Alexander (cross-appellant), III. (Barriere, Brent) (Entered: 08/03/2007) |
| 08/09/2007 | | 11 | RESPONSE to Motion re 10 MOTION to Dismiss *Appeal* filed by Earnest H. DeLong, Jr. (Attachments: # 1 Declaration of Earnest DeLong# 2 Declaration of Michael Caldwell# 3 Declaration of Charles Bridgers# 4 Declaration of Frances Hyatt)(Delong, Earnest) (Entered: 08/09/2007) |
| 08/10/2007 | | 12 | ORDERED that the 10 MOTION to Dismiss Appeal filed 8/3/07 be submitted without oral argument on 9/11/2007. Ordered that plaintiff file a response which shall include a brief on or before 8/28/07. The defendants may file a reply brief on 9/11/07. Signed by Judge William Keith Watkins on 8/10/07. (sl, ) (Entered: 08/10/2007) |
| 08/22/2007 | | 13 | Appellant's BRIEF by Earnest H. DeLong, Jr. (Bridgers, Charles) (Entered: 08/22/2007) |

| | |
|---|---|
| **From:** | efile_notice@almd.uscourts.gov |
| **Sent:** | Friday, July 06, 2007 2:16 PM |
| **To:** | almd_mailout@almd.uscourts.gov |
| **Subject:** | Activity in Case 2:07-cv-00620-WKW DeLong et al v. Alexander et al "Bankruptcy Appeal" |

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

## Alabama Middle District

Notice of Electronic Filing

The following transaction was received from entered on 7/6/2007 at 2:16 PM CDT and filed on 7/5/2007

**Case Name:** DeLong et al v. Alexander et al
**Case Number:** 2:07-cv-620
**Filer:** Ernest H. DeLong, Jr
**Document Number:** 1

**Docket Text:**
BANKRUPTCY CLERK'S TRANSMITTAL OF APPEAL FILED BY Earnest H. DeLong, Jr. Bankruptcy Court case number 04-03135. Appellant Brief due by 7/21/2007. (Attachments: # (1) Notice of Appeal# (2) Memorandum Decision# (3) Final Judgment entered on 5/29/07# (4) Docket Sheet in U. S. Bankruptcy Court)(sl, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=7/6/2007] [FileNumber=753024-0]
[a4f0b6a375ad44981c6a3e58f287ce5e61619013505e8e6458adb2b5400ac61fa06ff
4bd5779150c50520777bd23792578554a0ef923ad8f092c38d240f78f42]]
**Document description:** Notice of Appeal
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=7/6/2007] [FileNumber=753024-1]
[568f61179f51bd29874ea4f97c0387daabab71e08b051abe4db0145d80390e43a2ed0
e7ef321deeeb0a859543735d3642b10f2e5c983d654c6c1e4ea67dab04f]]
**Document description:** Memorandum Decision
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=7/6/2007] [FileNumber=753024-2]
[33640ad180a17223f1b689b07629f55f40e775fd05a929d50c14ee1d71da05a593e3b


EXHIBIT B

f1034026ec02ebe20707be3179976a9a4ca03eed62c84781b5ba22e1dd9]]
**Document description:** Final Judgment entered on 5/29/07
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=7/6/2007] [FileNumber=753024-3]
[3221bca7e9b95c9ebd1b3ece946a9fe88fa1c4e2f71e05a459515985d102ad687d7d8
14fd2af862c3d6a621e9dce5d8dc1daccf74c731dfc5c50a18c904dde77]]
**Document description:** Docket Sheet in U. S. Bankruptcy Court-04-03135
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=7/6/2007] [FileNumber=753024-4]
[82775dda3183d0bbf11258c1b74e3d9ce696bca312b1ee647354fa7f0af1c4fd7b995
973fcf5ce299823385a323e5f27049219bf6e5d5da9542771cbaf02c11b]]

**2:07-cv-620 Notice will be electronically mailed to:**

Brent B. Barriere    barrierb@phelps.com, battagld@phelps.com

Catherine Elena Lasky    laskyk@phelps.com, battagld@phelps.com

**2:07-cv-620 Notice will be delivered by other means to:**

Charles R. Bridgers
Delong Caldwell & Bridgers LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

Michael A. Caldwell
Delong Caldwell & Bridgers LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

Earnest H. Delong , Jr
Delong Caldwell & Bridgers LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

Katherine M. Determan
Phelps Dunbar LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130

David L. Patron
Phelps Dunbar LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130

FILED

FEB 6 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE: PROCEDURES AND ) GENERAL ORDER NO.
PRACTICES FOR CASE MANAGEMENT/ ) 2:04-mc-3164
ELECTRONIC CASE FILES (CM/ECF) )

This court is authorized by FED.R.CIV.P. 5 and 83 and FED.R.CRIM.P. 57 to establish practices and procedures for filing, signing, and verifying documents by electronic means.

IT IS THEREFORE ORDERED as follows:

1. The Case Management/Electronic Case Files (CM/ECF) System shall be adopted and will replace the existing docketing and case management systems. The CM/ECF System will have two components: CM/ECF Electronic Noticing and CM/ECF Electronic Filing.

2. All counsel, absent good cause shown, shall register for CM/ECF Electronic Noticing (E-Noticing).

3. The Clerk of the Court is authorized to publish and implement interim civil and criminal *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents in the District Court under the Case Management/Electronic Case Files (CM/ECF) System (CM/ECF Administrative Procedures)*, which shall govern electronic noticing and filing in this district including the procedure for registration of attorneys and for the distribution of passwords to permit electronic filing and noticing of pleadings and other documents. This General Order is considered by the court to be consistent with the Federal Rules of Civil and Criminal Procedure and the Local Rules of the Middle District of Alabama. Any conflicts between the Administrative Procedures published by the Clerk of the District Court and any of the applicable Rules should be brought to the Court's attention immediately. Due to extraordinary circumstances in a particular case, a District or Magistrate Judge may modify the requirements of the administrative procedures as justice may require.

EXHIBIT C

4. The electronic filing of petitions, pleadings, motions, or other documents by an attorney who is a registered participant in the CM/ECF Electronic Filing System shall constitute the signature of that attorney under Federal Rule of Civil Procedure 11. Pleadings, motions or other papers or documents filed electronically shall be in a visual format that would comply with M.D. ALA. LR 5.5 if not filed electronically.

5. No attorney shall knowingly permit or cause to permit his/her password to be used by anyone other than an authorized employee of his/her law firm.

6. No person shall knowingly use or cause another person to use the password of a registered attorney unless the user of the password is an authorized employee of the law firm.

7. The electronic filing of pleadings or other documents in accordance with the *CM/ECF Administrative Procedures* shall constitute entry of that pleading or other document on the docket kept by the Clerk under Federal Rule of Civil Procedure 79.

8. The Office of the Clerk shall enter all orders, decrees, judgments, and proceedings of the Court in accordance with the *CM/ECF Administrative Procedures*, which shall constitute entry of the order, decree, judgment, or proceeding on the docket kept by the Clerk under Federal Rule of Civil Procedure 58 and Federal Rule of Criminal Procedure 55.

9. Service

   A. Except for original process, whenever pleadings or other documents are filed electronically in accordance with the *CM/ECF Administrative Procedures*, the Office of the Clerk shall serve the filing party with a "Notice of Electronic Filing" by electronic means at the time of docketing.

   B. The filing party shall serve the pleadings or other documents upon all persons entitled to notice or service in accordance with the applicable rules, or, if service by first class mail is permitted under the Rules, the filing party may make service in accordance with subparagraph (C) below.

    C.    If the recipient of notice or service is a registered participant in the CM/ECF System, service by electronic means of the Notice of Electronic Filing shall be the equivalent of service of the pleadings or other documents by first class mail, postage prepaid.

    D.    Service by electronic means is complete on transmission.

    E.    Service by electronic means is not effective if the party making service learns that the attempted service did not reach the person to be served.

10.    Participation in the CM/ECF Electronic Noticing System, as required of all attorneys who wish to practice in this Court, by completion of a registration constitutes a request for service and notice electronically pursuant to FED.R.CIV.P. 5(b)(2)(D) and FED.R.CRIM.P. 49. Participants in the CM/ECF Electronic Noticing System agree to receive service of all orders, pleadings, and documents, with the exception of original process, by electronic means.

Participation in the CM/ECF Electronic Filing System by completion of a registration form and receipt of a password from the Court shall constitute a request for service and notice electronically pursuant to FED.R.CIV.P. 5(b)(2)(D) and FED.R.CRIM.P. 49. Participants in the Electronic Case Filing System, by receiving a password from the Court, agree to receive service by electronic means and to comply with the *CM/ECF Administrative Procedures* in all filings.

11.    The effective date of this General Order is April 5, 2004.

Done this the 6th day of FEBRUARY, 2004.

_____
W. HAROLD ALBRITTON
CHIEF UNITED STATES DISTRICT JUDGE

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

_____
MARK E. FULLER
UNITED STATES DISTRICT JUDGE

3