IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING | ) | CASE NO. 03-32063-WRS |
| COMPANY, INC., | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| IN RE: | ) | |
| | ) | CASE NO. 03-32213-WRS |
| TERRY UNIFORM | ) | |
| COMPANY, LLC, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF TERRY | ) | |
| MANUFACTURING COMPANY, INC. | ) | |
| AND TERRY UNIFORM | ) | |
| COMPANY, LLC, | ) | |
| | ) | CIVIL ACTION NO. |
| Cross-Appellant/Appellee, | ) | |
| | ) | 2:07-CV-0620 |
| v. | ) | |
| | ) | |
| DELONG, CALDWELL, NOVOTNY, | ) | |
| & BRIDGERS, L.L.C., DELONG | ) | |
| CALDWELL LOGUE & WISEBRAM, | ) | |
| DELONG & CALDWELL, L.L.C. | ) | |
| AND EARNEST H. DELONG, JR., | ) | |
| | ) | |
| Appellants/Cross-Appellees | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Motion to Dismiss Appeal (Doc. #10) filed by

Appellee/ Cross-Appellant J. Lester Alexander, III ("Alexander"). He seeks dismissal of the

appeal of Earnest DeLong ("DeLong") because DeLong did not timely file his appellate brief. For the reasons set forth below, the motion to dismiss will be DENIED.

## I. FACTS AND PROCEDURAL HISTORY

This appeal arises out of Terry Manufacturing Company, Inc.'s ("Terry Manufacturing") Chapter 7 bankruptcy proceedings in the Bankruptcy Court of the Middle District of Alabama ("Bankruptcy Court"). On May 29, 2007, the Bankruptcy Court entered judgment in favor of Alexander in the amount of $476,233.67 and against DeLong, Caldwell, Novotny & Bridgers, LLC; DeLong, Caldwell, Logue & Wisebram; DeLong & Caldwell, LLC; and DeLong (Doc. # 1-3.) On June 8, 2007, DeLong filed a notice of appeal with the Bankruptcy Court. (Doc. # 1-2.)

On July 5, 2007, the clerk of the Bankruptcy Court transmitted the appeal to the district court clerk's office. (Doc. # 1.) The clerk's office indicated that notice of the docketing "will be sent" to the attorneys. (Notice of Electronic Filing Doc. #1.) The clerk's office indicated that it "will" send electronic notices to two of Alexander's lawyers who were registered users of CM/ECF, the court's electronic filing system and that it "will" send notice through the mail to DeLong, Charles R. Bridgers, and Michael A. Caldwell,[1] and to two of Alexander's lawyers. (*Id.*) It is the routine practice of the clerk's office to indicate on the docket sheet when mail is returned as undeliverable. There is no additional evidence that the clerk's office mailed notice to DeLong and his other attorneys, and there are no designations on the docket

---

[1] DeLong, Bridgers, and Caldwell all represented DeLong.

sheet to show that mail to them was returned as undeliverable. DeLong asserts he never received notice by mail of the appeal being docketed.

On August 3, 2007, Terry filed his motion to dismiss the appeal. On August 7, 2007, DeLong received the motion to dismiss in the mail, and DeLong claims this was the first time he learned the clerk's office had docketed the appeal. (DeLong Decl. ¶¶ 7-8.) On August 9, 2007, DeLong filed a response (Doc. # 11) to the motion to dismiss the appeal. On August 22, 2007, DeLong filed his brief (Doc. # 20), fifteen days after he first received notice that the appeal had been docketed.

## II. DISCUSSION

The issue is whether DeLong's appeal should be dismissed for his failure to file his appeal brief in time. The court finds that DeLong did not file his brief out of time because he did not receive notice that the appeal had been docketed until August 7, 2007, and, accordingly, the motion to dismiss will be denied.

The Federal Rules of Bankruptcy Procedure define when an appellant must file his brief. Rule 8009 provides that "[t]he appellant shall serve and file a brief within 15 days after the entry of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr. P. 8009(a)(1). Under Rule 8001 a court may dismiss an appeal for failure to comply with Rule 8009: "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." *Id.* 8001(a).

The court must first determine what event triggers the fifteen-day time period in which to file a brief under Rule 8009. Alexander claims that DeLong had fifteen days from when the clerk's office docketed the appeal, regardless of whether he had notice; DeLong contends that the clock did not begin to run until he received actual notice. While the Eleventh Circuit has not addressed this issue, other circuits have found the clerk's office must provide notice to the parties that it has docketed the appeal for the fifteen-day clock to begin to run. *See In re Enron*, 475 F.3d 131, 134 (2d Cir. 2007) ("[The time period] is only triggered once the appeal has been docketed in the district court *and* notice of the docketing of the appeal has been sent to all parties."); *McGahren v. First Citizens Bank & Trust Comp. (In re Weiss)*, 111 F.3d 1159, 1172 (4th Cir. 1997); *Jewelcor Jewelers & Distrib., Inc. v. Asia Commercial Co. (In re Jewelcor, Inc.)*, 11 F.3d 394, 398 (3rd Cir. 1993). *But see In re Salter*, 251 B.R. 689, 691-92 (S.D. Miss.), *aff'd* 234 F.3d 28 (5th Cir. 2000).

The plain language of the Bankruptcy Rules requires that the district court clerk give notice to the parties for the fifteen-day time period to begin. *See Jewelcor*, 11 F.3d at 398. The time period begins to run "after the entry of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr. P. 8009. The docketing of an appeal requires the clerk "to enter the appeal in the docket **and give notice promptly to all parties**." *Id.* 8007(b) (emphasis added). The fifteen-day clock then does not begin to run until notice is given to all parties.

The notice requirement protects appellants by ensuring that appellants know when the fifteen-day clock begins to run. The bankruptcy court clerk does not immediately transmit the

record to the district court clerk, and "[w]ithout notice from the clerk of the district court, an appellant cannot be certain of the precise date on which the appeal was docketed." *Jewelcor*, 11 F.3d at 398.

Alexander argues that notice is not required and cites *Salter* to support his argument. However, *Salter* does not stand for the proposition that notice is not required. The court in *Salter* did not reach the question whether notice was required; instead the court determined that "even if the 15 days for filing under Rule 8009(a)(1) did not begin to run until that notice was given, Appellant failed to file his brief within the required period of time." *Salter*, 251 B.R. at 692. This court declines Alexander's invitation to extend *Salter's* limited analysis and will instead follow the Second, Third, and Fourth Circuits and find that notice is required for the commencement of the fifteen-day time period under Rule 8009.

The next question for the court is whether DeLong received notice from the clerk's office when his appeal was docketed. Alexander argues that DeLong received notice in the mail and, in the alternative, that DeLong is at fault for not receiving notice because he failed to register with CM/ECF, the court's electronic filing program. The court rejects each of these arguments.

With regard to notice by mail, the issue is whether the court can presume that DeLong received notice by mail. Courts have recognized "a rebuttable presumption that an item properly mailed was received by the addressee." *Konst v. Fla. E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996). Indeed, the Fourth Circuit has applied this presumption in determining

5

whether a party received notice under Rule 8009. *See McGahren*, 111 F.3d at 1172. A party can rebut this presumption by presenting evidence that it never received the item in the mail. *Konst*, 71 F.3d at 851 n.1. Because mail sent to a business could have been received by multiple people at that business, a business can overcome the presumption by providing testimony about the office's practice and procedure for receiving and filing incoming mail." *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1241 (11th Cir. 2002).

This case presents a close question as to whether the presumption applies. While the general practice of the clerk's office is to mail notice if it is unable to send it electronically, there is no evidence that the clerk's office actually mailed notice. The docket sheet contains the notation that the clerk's office "will" send notice to DeLong, Michael A. Caldwell, and Charles R. Bridgers at their business address. (Reply Br. Ex. B). There is also no designation on the docket sheet that any mail was returned to the clerk's office as undeliverable.

However, even if the presumption applies, DeLong has presented sufficient evidence to rebut it by showing that he did not receive notice through the mail from the clerk's office. Each attorney representing DeLong has stated in a declaration that he did not receive notice from the clerk's office that the appeal was docketed. (Bridgers Decl. ¶ 4; Caldwell Decl. ¶ 4; DeLong Decl. ¶ 5.) Additionally, DeLong included a declaration from Frances S. Hyatt ("Hyatt"), DeLong's office manager. As office manager, Hyatt is responsible for sorting and opening all mail received by the attorneys. (Hyatt Aff. ¶ 1.) Hyatt avers that the attorneys told her to watch for correspondence from the district court clerk's office regarding the

docketing of the appeal. (*Id.* ¶ 2.) Hyatt followed the instructions from her employers, and nothing was received regarding the appeal until August 7, 2007, when the motion to dismiss the appeal arrived in the mail. (*Id.* ¶¶ 4-5.) DeLong's evidence is sufficient to rebut the presumption because he has established his office's procedure for receiving mail and no one in his office received notice from the clerk's office that the appeal had been docketed. Thus, for purposes of Rule 8009, DeLong did not receive notice by mail from the clerk's office when the appeal was docketed.

Alexander argues in his reply brief, for the first time, that the appeal should be dismissed because DeLong did not receive notice due to his failure to register for electronic filing. It is improper to raise a new argument in a reply brief because doing so denies the non-movant the opportunity to respond. *See, e.g., United States v. Feinberg*, 89 F. 3d 333, 341 (7th Cir. 1996) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."); *Fisher v. CIBA Specialty Chem. Corp.*, 238 F.R.D. 273, 317 n.89 (S.D. Ala. 2006) ("[T]his argument is not properly raised because [the movants] submitted it for the first time in their reply brief."); *Sweet v. Pfizer*, 232 F.R.D. 360, 364 n.7 (C.D. Cal. 2005) ("[T]he moving party in a motion cannot submit new information as part of its Reply."). Therefore, the court declines to consider the merits of this argument.

Accordingly, the court concludes that DeLong did not receive notice from the clerk's office that his appeal was docketed on July 5, 2007. Instead, DeLong first received notice that the appeal was docketed on August 7, 2007, when he received Alexander's motion to dismiss.

DeLong then filed his appellate brief within fifteen days of receiving notice. The motion to dismiss is due to be denied.

### III.  CONCLUSION

Accordingly, it is ORDERED that

1.  Alexander's Motion to Dismiss Appeal (Doc. #10) is DENIED.

2.  Alexander shall respond to Appellant's Brief (Doc. #13) **on or before December 20, 2007.**

3.  DeLong shall file his reply brief **on or before January 3, 2008.**

DONE this 5th day of December, 2007.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE