IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EARNEST H. DeLONG, JR.,    )
DELONG, CALDWELL, NOVOTNY  )
& BRIDGERS, L.L.C., DeLONG,  )
CALDWELL, LOGUE & WISEBRAM, )
L.L.C., & DeLONG & CALDWELL,  )
L.L.C.                           )
                             )
    Appellants/Cross-Appellees  )
                             )     CIVIL ACTION FILE
VS.                         )
                             )     NO . 2:07-CV-0620 DER
J.  LESTER ALEXANDER, III,  )
TRUSTEE OF TERRY           )
MANUFACTURING COMPANY    )
INC. and TERRY UNIFORM      )
COMPANY, L.L.C.             )
                             )
    Cross-Appellant/Appellee  )

**Appellants/Cross-Appellees' Response to Trustee's Cross-Appeal
to the Decision of the Bankruptcy Court**

Earnest H. DeLong
DeLong, Caldwell & Bridgers, LLC
3100 Centennial tower
101 Marietta Street
Atlanta, Georgia 30303
404/979-3150
Appellant/Cross Appellee

i

## <u>TABLE OF CONTENTS</u>

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

Standard of Appellate Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

Summary of Argument

      1.    DeLong & Caldwell, LLC Is And Has Always Been
            A Limited Liability Company Properly Organized
            Under Georgia Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      2.    Liability May Not be Extended to Michael A. Caldwell
            Individually . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

### Federal Cases:

Antonic Rigging and Erecting of Missouri, Inc. v. Foundry East Ltd.
Partnership,  773 F.Supp. 420, 431-2 ( S.D. Ga.,1991) . . . . . . . . . . . . . . . . . . . . . . 13

In re: John W. Morris, 950 F.2d 1531 (11th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . 1

### State Cases

Aaron Rents, Inc. v. Fourteenth Street Venture, L.P.,
243 Ga.App. 746, 747-8, 533 S.E.2d 759, 761,(Ga. App. 2000) . . . . . . . . . . . . . 5

Allgood v. M. Fekoury, 36 Ga. App. 42, 135 S.E.2d 314 (1926) . . . . . . . . . . . . . 6

Cypress Ins. Co. V. Duncan, 281 Ga. App. 469, 470, 636 S.E. 2d 159,
160 (Ga. App. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fulton Paper Co. v. Reeves, 212 Ga.App. 314, 315-318(2),
441 S.E.2d 881 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Milk v. Total Pay and HR Solutions, 280 Ga. App. 449,
634 S.E.2d 208 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

### State Statutes

O.C.G.A. § 8-14-6(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

O.C.G.A. §8-14-7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

O.C.G.A. § 14-2-1405 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

O.C.G.A. §§ 14-8-16(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

O.C.G.A. §§ 14-11-203(c), (d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

O.C.G.A. §14-11-206(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

O.C.G.A. §14-11-207(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

O.C.G.A. §14-11-210(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

O.C.G.A.  §14-3-303 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

O.C.G.A. §14-11-314 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

O.C.G.A. §14-11-602 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

O.C.G.A. §§ 14-11-602 to §14-11-611 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Bankruptcy Rules</u>

USCS Bankruptcy R. 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## STANDARD OF APPELLATE REVIEW

In considering this Appeal, the findings of fact of the Bankruptcy Court shall not be set aside unless clearly erroneous. USCS Bankruptcy R. 8013. The Court's conclusions of law are subject to de novo review. In re: John W. Morris, 950 F.2d 1531 (1992).

## STATEMENT OF FACTS

Cross-Appellee Earnest H. DeLong, Jr. formed DeLong, Caldwell, Logue & Wisebram, LLC ("DCL&W, LLC") in 1993, along with Michael A. Caldwell, Steven R. Wisebram, and  A. Keith Logue. The members filed their organizational documents with the Georgia Secretary of State as required under the Georgia Limited Liability law.[T. 540, ln. 8-11]  DCL&W, LLC rented office space, contracted for telephone lines and other telecommunications services, leased and owned office equipment, entered into contracts for provision of computerized legal research and other services, and employed non-professional secretarial and paralegal staff.  Each member of the LLC  paid the LLC for his portion of the LLC's total operating expenses. [T. 542, l.21 - 543, l.11]

Mr. Logue withdrew from DCL&W, LLC in 1995.  The LLC continued to operate under the revised name, DeLong, Caldwell & Wisebram, LLC. ("DC&W")[T. 540, ln. 8-11] The LLC was the same legal entity under Georgia law, operating with

-1-

a different trade name. It continued to rent the same office space, to contract for the same telephone lines (with the same phone numbers) and other telecommunications service, to lease and own office equipment, to operate under the same contracts for provision of computerized legal research and other services, and to employ non-professional, secretarial and paralegal staff. Each member of the LLC continued to pay the LLC for his portion of the LLC's total operating expenses.

Steven Wisebram left DC&W at the end of 1998. The LLC, however, continued to exist and operate just as it had done before his departure. After Mr. Wisebram left, the LLC continued to rent office space, to contract for telephone lines (with the same phone numbers) and other telecommunications service, to lease and own office equipment, to operate under the same contracts for provision of computerized legal research and other services, to employ non-professional secretarial and paralegal staff as it had before Mr. Wisebram's withdrawal. Each member of the LLC continued to pay the LLC for his portion of the LLC's total operating expenses. [T.545, ln. 18-20; 548, ln. 14-23]

Mr. DeLong and Mr. Caldwell did not form a new LLC. They merely changed the name of the firm on the letterhead used for correspondence and billing to "DeLong & Caldwell, LLC". [T. 540, ln. 11-12] Each thought that the other had amended the LLC's organizational documents to reflect the name change. When Mr.

-2-

DeLong discovered, shortly before the trial of this matter in the bankruptcy court, that the formality had not been completed, the organizational articles of the LLC were amended to reflect its name change to DeLong & Caldwell, LLC. [D-142; T. 44, ln. 19; T. 160, ln. 21 –T. 161, ln. 22 T. 540, ll.19-23]

DeLong & Caldwell, LLC is the same legal entity that was organized and which has existed under Georgia law since 1993. [T. 540, ln. 8-14; 549, ln.25- 550, ln.4; 553, ln.5-9]. It has continued to operate under the same LLC organizational articles filed with the Georgia Secretary of State. It has continued to lease office space, to maintain service contracts, to maintain telephone service, and to employ non-professional secretarial and paralegal staff, just as before. Each member of the LLC continues to pay the LLC for his portion of the LLC's total operating expenses. [T. 540, ln. 11-13, T.553, ln. 7-9][1]

The evidence is undisputed that Earnest H. DeLong, Jr. and Michael A. Caldwell have never formed or operated a partnership to practice law or to engage

---

[1] In mid-2001, Mr. DeLong and Mr. Caldwell joined with Novotny & Bridgers, LLP to organize a new Georgia limited liability company, DeLong, Caldwell Novotny & Bridgers, LLC ("DCNB, LLC"). Novotny & Bridgers, LLP consisted of Edmund J. Novotny, Jr. and Charles R. Bridgers. [T. 541, ln. 7-19] Novotny & Bridgers, LLP had previously been, and it remains duly organized as a Georgia limited liability partnership. DCNB, LLC leased new space, acquired new equipment, new phone lines, new contracts for services, and employed new employees. The Trustee has not appealed the Bankruptcy Court's decision insofar as it relates to the dismissal of the claims against DeLong, Caldwell, Novotny & Bridgers, LLC or DeLong, Caldwell & Bridgers, LLC,

in any other business. The evidence is undisputed that each has continuously maintained his own individual law practice, with his own clients, and areas of specialization. Each is solely responsible for marketing his own law practice. Economically, all of the attorney-members of the LLCs which the Trustee sued, always have operated on an "eat what you kill" basis. [T. 543, ln. 12-22] They never shared fees, profits or losses. [T. 545, ln. 7-9, ln. 18- T. 546, ln. 1; T. 547, ln. 21-23] Each has been solely responsible for making the legal judgments and controlling the legal work performed for his clients and on his cases. Each has been solely responsible for billing decisions,  for billing his clients, for collecting the fees from those clients, and for paying himself any profit realized from his law practice. [T. 543 ln. 12 - 544, ln.10]  When one attorney assists the other in a case, each attorney enters his own time into the LLC's billing program.

## ARGUMENT AND CITATION OF AUTHORITIES

1.    **DeLong & Caldwell, LLC Is And Has Always Been A Limited Liability Company Properly Organized Under Georgia Law.**

The Trustee's claim that DeLong & Caldwell, LLC is actually a defacto partnership between Mr. DeLong and Mr. Caldwell rests on three facts: (1) Mr. DeLong's correspondence with Terry Manufacturing Company was printed on DeLong & Caldwell, LLC stationary; (2) Mr. DeLong billed Terry Manufacturing

-4-

Company for the services that he and Mr. Thomas provided using the DeLong & Caldwell, LLC billing program; and (3) the members of DeLong & Caldwell, LLC did not amend the LLC's organization documents to reflect the new name until 2007.

Georgia law does not provide for creation of a "de facto partnership". It only recognizes intentionally formed partnerships. The Georgia Court of Appeals has stated that " . . .[T]he intention of the parties is the true test of whether there is a partnership, which may be created by a contract. <u>Aaron Rents, Inc. v. Fourteenth Street Venture, L.P.,</u> 243 Ga.App. 746, 747-8, 533 S.E.2d 759, 761,(Ga. App. 2000); <u>reconsideration denied, certiorari granted, affirmed</u> 274 Ga. 28, 549 S.E.2d 348, 252 Ga.App. 501, 556 S.E.2d 552. In <u>Aaron Rents</u>, the Court of Appeals further stated that: "In determining whether a partnership exists, courts must look to the substance of the parties agreement, rather than mere nomenclature to discern the parties' intention." *Id*.[2]

The indicia of an agreement to form a partnership are those set forth in O.C.G.A. §8-14-7. None of them can be found in the record before the Bankruptcy

---

[2] *See, also, Cypress Ins. Co. V. Duncan,* 281 Ga. App. 469, 470, 636 S.E. 2d 159, 160 (Ga. App. 2006) (In determining the existence of a partnership under Georgia law, it is the parties' intent that is the test.); *Allgood v. M. Fekoury,* 36 Ga. App. 42, 135 S.E.2d 314 (1926) "the intent of the parties is the true test of a partnership, which, therefore, may be created by a contract giving rights or imposing obligations differing from those from which the law ordinarily infers a partnership." *See also, Huggins v. Huggins,* 117 Ga. 151, 43 S. E. 759.

Court.  The use of stationary bearing a trade name is not one of those factors identified in the statute as an indication that a partnership has been created.[3]  The withdrawal of two members from the LLC did not cause its dissolution nor the substitution of a *de facto* partnership. Georgia's Limited Liability Company Act, O.C.G.A. §14-11-602, sets forth the manner in which a limited liability company may be dissolved. Withdrawal of members is not listed among them.[4] In fact, none of the

---

[3]  In determining whether a partnership exists, the following rules shall apply:

> (1) Except as provided by Code Section 14-8-16 persons who are not partners as to each other are not partners as to third persons;
> (2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property;
> (3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived;
> (4) The receipt by a person of a share of the profits of a business is prima-facie evidence that he is a partner in the business; provided, however, that no such inference shall be drawn if profits were received in payment of the following, even though the amount of payment varies with the profits of the business:
>> (A) A debt, whether by installments or otherwise;
>> (B) Wages, salary, or other compensation to an employee or independent contractor;
>> (C) Rent to a landlord;
>> (D) An annuity or other payment to a surviving spouse or representative of a deceased partner;
>> (E) Interest or other payment or charge on a loan;
>> (F) Consideration for the sale of good will of a business or other property, whether by installments or otherwise.

[4]    O.C.G.A. § 14-11-602 provides:

(a) Effective for limited liability companies formed prior to July 1, 1999, a limited

circumstances listed in that section ever has occurred.  There are no facts before the

Court to suggest that Mr. DeLong and Mr. Caldwell ever dissolved their LLC nor that

a partnership ever evolved between Mr. DeLong and Mr. Caldwell.

The evidence adduced at trial demonstrates that DeLong, Caldwell, Logue &

Wisebram, LLC became a Georgia limited liability company in 1993 when Georgia's

Secretary of State accepted its articles of organization for filing.[5]  When Mr. Logue

withdrew from the LLC, the name was changed to DeLong, Caldwell & Wisebram,

LLC.  When Mr. Wisebram withdrew, the limited liability company continued to

operate under the trade name, DeLong & Caldwell, LLC.  The use of the trade name,

---

liability company is dissolved and its affairs shall be wound up upon the first to
occur of the following:
(1) At the time specified in the articles of organization or a written operating
agreement;
(2) Upon the happening of events specified in the articles of organization or a
written operating agreement;
(3) At a time approved by all the members;
(4) Subject to contrary provision in the articles of organization or a written
operating agreement, 90 days after any event of dissociation with respect to any
member (other than an event specified in paragraph (1) of subsection (b) of Code
Section 14-11-601), unless within such 90 day period the limited liability
company is continued by the written consent of all other members or as otherwise
provided in the articles of organization or a written operating agreement; or
(5) Entry of a decree of judicial dissolution under subsection (a) of Code Section
14-11-603.

[5] O.C.G.A. § 14-11-203 (c) sets forth when a limited liability company is formed. It provides:
(c ) A limited liability company is formed when the articles of organization become
effective pursuant to Code Section 14-11-206.
(d) The Secretary of State's filing of the articles of organization is conclusive proof that
the organizers satisfied all conditions precedent to formation, except in a proceeding by
the state to cancel or revoke the formation.

DeLong & Caldwell, LLC, did not alter the identity, the nature, or the legal status of the LLC.

While O.C.G.A. §14-11-210(a)(1) authorizes amending articles of organization, including the change of its name, the statute does not *require* that the name be changed after a member withdraws. O.C.G.A. §14-11-207(b) provides:

> (b) This chapter does not control the use of fictitious or trade names. Issuance of a name under this chapter means that the name is distinguishable for filing purposes on the records of the Secretary of State pursuant to paragraph (2) of subsection (a) of this Code section. Issuance of a limited liability company name does not affect the commercial availability of the name.

Hence, the change to the trade name, DeLong & Caldwell, LLC, had no effect upon the LLC's continued existence under Georgia law. The members of the LLC could have named the LLC *anything,* so long as the name did not exceed the 80 character limitation prescribed by the Georgia Limited Liability Company Act. The remaining members' failure to file with the Georgia Secretary of State an amendment to the LLC's organizational articles to reflect the change in the LLC's membership affected neither its status as a limited liability company under Georgia law, nor the members' protection from individual liability afforded by the Georgia Limited Liability Company Act. See, Milk v. Total Pay and HR Solutions, 280 Ga. App. 449, 634 S.E.2d 208 (Ga. App. 2006). As the Court stated in Milk: ". . . the formation of a

-8-

LLC as a legal entity separate from its members is predicated on the public filing of the LLC's articles of organization, . . .*See*, O.C.G.A. §§ 14-11-203(c), (d); 14-11-206(e). 280 Ga. App. 453, fn. 4, 634 S.E.2d 212.[6]   The evidence reveals that the only change in the LLC was the identity of its members and the trade name which it adopted.  It continued to operate as, and to hold itself out to the public as being a Georgia limited liability company.

Accordingly, the Trustee has failed to demonstrate that the Bankruptcy Court's refusal to extend joint and several liability for the Trustee's judgment to DeLong & Caldwell, LLC was clearly erroneous, and its appeal should be denied.

**2.    Liability May Not Be Extended To Michael A. Caldwell, Individually.**

Mr. Caldwell was never named a party to the Trustee's action. He was never served with process in the case.  He filed no Answer submitting himself to the Court's

---

[6] Indeed, even if Mr. DeLong and Mr. Caldwell had decided to dissolve the limited liability company after Mr. Wisebram's departure, this in itself would not strip either of the individual lawyers of the protections against liability for the other's debts, nor for the debts of the dissolved LLC. As the Court noted in *Milk:* "Dissolution, standing alone, does not cause a LLC to cease to exist as a legal entity separate from its members or automatically render members personally liable for LLC debts." *See* O.C.G.A. §§ 14-11-602 to 14-11-611 (discussing process of dissolution, winding up, and termination of a LLC). Cf. O.C.G.A. § 14-2-1405 *cmt*. ("[D]issolution proceedings do not have any of the characteristics of common law dissolution, which treated the corporate dissolution as analogous to the death of a natural person and abated lawsuits, vested equitable title to corporate property in the shareholders, imposed the fiduciary duty of trustees on directors who had custody of corporate assets, and revoked the authority of the registered agent."); *Fulton Paper Co. v. Reeves,* 212 Ga.App. 314, 315-318(2), 441 S.E.2d 881 (1994) (physical precedent only) (corporate officer could not be held personally liable for debt when corporation continued to exist as a corporate entity after administrative dissolution).

jurisdiction. Accordingly, the Bankruptcy Court never has had jurisdiction over Mr. Caldwell, and fundamental concepts of due process prohibit his being found individually liable for anything in this matter.

Even if the Trustee had properly joined Mr. Caldwell as a party in the adversary proceeding, neither federal nor Georgia fraudulent conveyance law provide any basis for extending liability to Mr. Caldwell. He never represented Terry Manufacturing Company or Rudolph Terry. He never received fees from Terry Manufacturing Company. He never had any interest in, or right to any of the fees that Mr. DeLong and Mr. Terry received from Terry Manufacturing Company. No partnership existed through which vicarious liability might be imposed upon him.

The Trustee's contention that a "*de facto* partnership" was created when neither Mr. DeLong nor Mr. Caldwell amended the LLC's organization articles to reflect that the name had been changed finds no support in Georgia law. Georgia's Limited Liability Company Act, O.C.G.A. §14-11-314, provides:

> . . . The failure of a limited liability company to observe formalities relating to the exercise of its powers or the management of its business and affairs is not a ground for imposing personal liability on a member, manager, agent, or employee of the limited liability company for liabilities of the limited liability company.

O.C.G.A. §8-14-6(b) further provides:

> (b) But any association formed under any other statute of this state, or

-10-

any statute adopted by authority, other than the authority of this state, is not a partnership under this chapter, unless such association would have been a partnership in this state prior to the adoption of this chapter; but this chapter shall apply to limited partnerships except insofar as the statutes relating to such partnerships are inconsistent with this chapter.

The mere fact that Mr. Caldwell shared membership in the LLC with Mr. DeLong provides no basis for imposing liability for the judgment upon him.

Georgia's Limited Liability Company statute provides in O.C.G.A. §14-3-303:

> (a) A person who is a member, manager, agent, or employee of a limited liability company is not liable, solely by reason of being a member, manager, agent, or employee of the limited liability company, under a judgment, decree, or order of a court, or in any other manner, for a debt, obligation, or liability of the limited liability company, whether arising in contract, tort, or otherwise, or for the acts or omissions of any other member, manager, agent, or employee of the limited liability company, whether arising in contract, tort, or otherwise. . . .

The Trustee never alleged or proved any facts or circumstances prescribed by Georgia's law as requirements for establishing the existence of a partnership by estoppel.[7] Both Terry brothers testified that they were barely aware of and never even

---

[7] O.C.G.A. §§ 14-8-16(a) provides:

When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.

-11-

took into account the business entity in which Mr. DeLong practiced law when they hired Mr. DeLong and Mr. Thomas to represent them in the Commercial Factors litigation. They specifically stated that they were represented by Mr. DeLong and Mr. Thomas, not a partnership of attorneys. [T. 407, ln 5-11; T. 501, ln 20-25; T. 502, ln 1-23]  There can be no partnership by estoppel.[8]

Thus the District Court correctly decided that Mr. Caldwell cannot individually be found liable for any part of the Trustee's judgment.

## <u>CONCLUSION</u>

The Bankruptcy Court's decision that neither DeLong & Caldwell, LLC, nor Mr. Caldwell individually is liable in this matter is correct and must be upheld.

Respectfully submitted THIS 3RD DAY OF January, 2008.


_____s/ Earnest H. DeLong_____
/s/ Earnest H. DeLong, Jr.
Georgia Bar. No. 217300

DeLong, Caldwell & Bridgers, LLC
3100 Centennial Tower

---

[8] *See,* <u>Antonic Rigging and Erecting of Missouri, Inc. v. Foundry East Ltd. Partnership, 773 F.Supp. 420, 431-2 ( S.D. Ga.,1991)</u> (Under Georgia law, general partnership by estoppel was not created by limited partner's participation in partnership's business, absent evidence of reliance by creditor; although creditor allegedly relied on general partner's representations that limited partner would invest additional money in partnership, creditor was informed that general partner and limited partner merely had option to arrange financing, and public representations concerning limited partner's activities as general partner occurred after creditor entered into contract with partnership).

101 Marietta Street
Atlanta, Georgia 30303
404/979-3150

<u>Certificate of Service</u>

I certify that I have on this 3rd day of January, 2008, electronically filed the foregoing Reply of Appellant Earnest H. DeLong To Brief of Appellee with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record who have consented to electronic notification and have served a copy on opposing counsel by depositing a copy of same in the U.S. Mail with adequate postage affixed therto and addressed as follows:

        Brent B. Barrier
        Catherine E. Lasky
        Phelps Dunbar LLP
        365 Canal Street
        Suite 2000
        New Orleans, LA 70130

                                  s/ Earnest H. DeLong

-13-